## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[1]<br><br>       Debtor.<br><br>Employer Tax I.D. No. 80-0138721 | Chapter 11<br><br>Case No. 19-11781 (___) |
| In re:<br><br>CORNUCOPIA OIL & GAS COMPANY, LLC,<br><br>       Debtor.<br><br>Employer Tax I.D. No. 27-3879914 | Chapter 11<br><br>Case No. 19-11782 (___) |
| In re:<br><br>CORSAIR OIL & GAS LLC,<br><br>       Debtor.<br><br>Employer Tax I.D. No. 82-4808012 | Chapter 11<br><br>Case No. 19-11783 (___) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Furie Operating Alaska, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order, substantially in the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

form attached hereto as **Exhibit A** (the "Order"), pursuant to section 105(a) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors rely upon the *Declaration of Scott M. Pinsonnault in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration").[2] In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these Chapter 11 Cases and the Motion in this district is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules, and Rule 1015-1 of the Local Rules.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

## BACKGROUND

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in these Chapter 11 Cases.

8. A description of the Debtors' businesses, capital structure, and the circumstances leading to these Chapter 11 Cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

10. The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of Furie Operating Alaska, LLC. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of Furie Operating Alaska, LLC.) substantially as follows:

"An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Furie Operating Alaska, LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Furie Operating Alaska, LLC, Case No. 19-11781 (____), should be consulted for all matters affecting this case."

11. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (____) |
| Debtors. | (Jointly Administered) |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

**BASIS FOR RELIEF REQUESTED**

12. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Each Debtor is a wholly-owned direct or indirect subsidiary of Brutus AG (*f/k/a* Deutsche Oel & Gas AG), and substantially all of the assets and properties of each Debtor are operated by Furie Operating Alaska, LLC under a joint operating agreement. The Debtors, therefore, are "affiliates" within the

4

meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13. Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

14. Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes. *See, e.g., In re Sportco Holdings, Inc.*, Case No. 19-11299 (LSS) (Bankr. D. Del. June 11, 2019) [Docket No. 38]; *In re ExGen Texas Power, LLC,* Case No. 17-12377 (BLS) (Bankr. D. Del. Nov. 8, 2017) [Docket No. 43]; *In re Rent-A-Wreck of America,* Case No. 17-11592 (LSS) (Bankr. D. Del. July 28, 2017) [Docket No. 25]*; In re Modular Space Holdings, Inc.,* Case No. 16-12825 (KJC) (Bankr. D. Del. Dec. 22, 2016) [Docket No. 66]; *In re ProNerve Holdings, LLC,* Case No. 15-10373 (KJC) (Bankr. D. Del. Feb. 26, 2015) [Docket No. 30]; *In re Entegra Power Grp. LLC,* Case No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) [Docket No. 36]; *In re Source Home Entm't, LLC,* Case No. 14-11553 (KG) (Bankr. D. Del. Jun. 24, 2014) [Docket No. 35]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

**NOTICE**

15. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the DIP Agent; (d) counsel to the Prepetition Agents; (e) counsel to the Melody

Lenders; (f) the Internal Revenue Service; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (b) granting such other and further relief as the Court deems appropriate.

Dated: August 9, 2019  
       Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

 /s/Matthew P. Ward  
Matthew P. Ward (DE Bar No. 4471)  
Ericka F. Johnson (DE Bar No. 5024)  
1313 North Market Street, Suite 1200  
Wilmington, Delaware 19801  
Telephone: (302) 252-4320  
Facsimile: (302) 252-4330  
Email:    matthew.ward@wbd-us.com  
             ericka.johnson@wbd-us.com

-and-

McDERMOTT WILL & EMERY LLP  
Timothy W. Walsh (*pro hac vice* pending)  
Darren Azman (*pro hac vice* pending)  
Riley T. Orloff (*pro hac vice* pending)  
340 Madison Avenue  
New York, New York 10173-1922  
Telephone: (212) 547-5400  
Facsimile: (212) 547-5444  
Email:    twwalsh@mwe.com  
             dazman@mwe.com  
             rorloff@mwe.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[2]<br><br>Debtor.<br><br>Employer Tax I.D. No. 80-0138721 | Chapter 11<br><br>Case No. 19-11781 (___) |

| | |
|---|---|
| In re:<br><br>CORNUCOPIA OIL & GAS COMPANY, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 27-3879914 | Chapter 11<br><br>Case No. 19-11782 (___) |

| | |
|---|---|
| In re:<br><br>CORSAIR OIL & GAS LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 82-4808012 | Chapter 11<br><br>Case No. 19-11783 (___) |

**ORDER DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion

---

[2] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DM_US 159658001-5.091621.0012

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of Furie Operating Alaska, LLC, *et al.*, Case No. 19-11781 (___).

3. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-11781 (___)<br><br>(Jointly Administered) |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

4. The Clerk of this Court shall make a docket entry in each Chapter 11 Case (except that of Furie Operating Alaska, LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Furie Operating Alaska, LLC, et al., and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Furie Operating Alaska, LLC, Case No. 19 -11781 (___), should be consulted for all matters affecting this case."

5. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

4

9. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any Debtor shall file such proof of claim in the Chapter 11 Case of each Debtor to which such claim relates.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

Dated: _____, 2019
Wilmington, DE

                                                                        UNITED STATES BANKRUPTCY JUDGE