## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 14** |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS, (B) APPROVING PROCEDURES FOR STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AN AUCTION FOR, AND HEARING TO APPROVE, THE SALE OF THE DEBTORS' ASSETS, (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (E) APPROVING CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for the entry of an order (this "**Bidding Procedures Order**"): (i) authorizing and approving the Bidding Procedures, in connection with the sale of the Assets, (ii) authorizing the Debtors to grant the Bid Protections in accordance with the terms and conditions set forth in the Bidding Procedures, (iii) scheduling the Auction and the Sale Hearing to consider approval of the proposed Sale, (iv) authorizing and approving the Noticing Procedures, (v) approving the Assumption and Assignment Procedures, and (vi) granting related relief, in each case, as more fully described in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

and the Court having found that the relief set forth herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT**:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).  Venue of the Chapter 11 Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors' proposed notice of the Motion, the Bidding Procedures, the Bidding Procedures Hearing and the proposed entry of this Order are (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules

2

and (iii) adequate and sufficient under the circumstances of the Chapter 11 Cases, and no other or further notice is required, except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the Bidding Procedures and Bid Protections) has been afforded to (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the DIP Agent; (d) counsel to the Prepetition Agents; (e) counsel to the Melody Lenders; (f) the Internal Revenue Service; and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1 (m) (the "**Notice Parties**").

D.      The Bidding Procedures in the form attached hereto as **Exhibit 1** are fair, reasonable and appropriate, are designed to maximize creditor recoveries from a sale of the Assets and permit the Debtors to comply with their obligations under the DIP Credit Agreement and the DIP Orders (as defined in the DIP Credit Agreement).

E.      The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and thereby: (i) approve of the Bidding Procedures, (ii) authorize procedures for approval of any Bid Protections, (iii) set the dates of the Bid Deadline, Auction (if needed), Sale Hearing and other deadlines set forth in the Bidding Procedures, (iv) approve the Noticing Procedures and the forms of notice and (v) approve the Assumption and Assignment Procedures and the forms of relevant notice.  Such compelling and sound business justification, which was set forth in the Motion, the First Day Declaration and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

F.      The Bidding Procedures comply with the requirements of Local Rule 6004-(l)(c).

G.      The form and manner of notice to be delivered pursuant to the Noticing Procedures and the Assumption and Assignment Procedures (including the Sale Notice attached hereto as **Exhibit 2** and the Potential Assumption and Assignment Notice attached hereto as **Exhibit 3**) are reasonably calculated to provide each Contract Counterparty to the Potentially Assumed Contracts with proper notice of the potential assumption and assignment of such Potentially Assumed Contracts by the Successful Bidder(s) or any of their known proposed assignees (if different from the Successful Bidder) and the requirement that each such Contract Counterparty assert any objection to the proposed Cure Claims prior to the Assumption and Assignment Objection Deadline or otherwise be barred from asserting claims arising from events occurring following assumption and assignment of such Potentially Assumed Contracts.

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Motion is hereby granted, to the extent set forth herein.[3]

2.      All objections to the Motion solely as it relates to the relief requested therein that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits.

3.      The Bidding Procedures, in substantially the form attached hereto as **Exhibit 1**, are approved and fully incorporated into this Order and the Debtors are authorized, but not directed, to act in accordance therewith.  The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

---

[3] Notwithstanding anything to the contrary herein, the consummation of the Sale is subject to entry of a separate sale order.

4.      Subject to entry of the Stalking Horse Approval Order (if any) and final Court approval at the Sale Hearing, the Debtors are authorized to enter into a stalking horse purchase agreement with a Stalking Horse Bidder prior to the Bid Deadline.

5.      The schedule of events set forth below relating to the Bidding Procedures is hereby approved in its entirety:

| | |
|---|---|
| **Within three (3) Business Days after entry of the Bidding Procedures Order** | • Deadline for Debtors to file and serve Sale Notice |
| **October 9, 2019** | • Deadline for Debtors to file and serve Potential Assumption and Assignment Notice |
| **4:00 p.m. (prevailing Eastern Time) on October 23, 2019** | • Assumption and Assignment Objection Deadline |
| **5:00 p.m. (prevailing Eastern Time) on October 25, 2019** | • Deadline for the Debtors to file and serve (i) a Stalking Horse Supplement (if any) or (ii) form of purchase agreement <br> • Deadline for the Debtors to file and serve the proposed form of Sale Order |
| **Ten (10) calendar days after service of a Stalking Horse Supplement (if any)** | • Stalking Horse Objection Deadline (if any) |
| **4:00 p.m. (prevailing Eastern Time) on November 8, 2019** | • Stalking Horse Adequate Assurance Objection Deadline (if any) |
| **12:00 p.m. (prevailing Eastern Time) on November 7, 2019** | • Bid Deadline |
| **10:00 a.m. (prevailing Eastern Time) on November 12, 2019** | • Auction (if necessary), to be held at the offices of McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173 |
| **12:00 p.m. (prevailing Eastern Time) on the first calendar day after the Auction is completed** | • Deadline for Debtors to file and serve Notice of Auction Results |
| **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** | • Sale Objection Deadline <br> • Adequate Assurance Objection Deadline (as to any Successful Bidder *other than* the Stalking Horse, if any) |
| **10:00 a.m. (prevailing Eastern Time) on November 20, 2019** | • Sale Hearing |

DM_US 162588056-8.091621.0012

| The later of (i) January 6, 2020 or (ii) such later date as may be agreed to by the Debtors and the DIP Agent | • Sale Closing |
|---|---|

6.    <u>Noticing Procedures</u>.  The Noticing Procedures as set forth in this Order and the Motion, including the form of Sale Notice attached hereto as **Exhibit 2**, is hereby approved. Within three Business Day after entry of this Order, the Debtors shall serve the Sale Notice by first-class mail upon: (i) the Notice Parties; (ii) counsel for any statutory committee appointed in the Chapter 11 Cases; (iii) all entities known to have expressed an interest in a transaction with respect to the purchase of the Assets; (iv) all known taxing authorities to which the Debtors are subject; (v) all entities known or reasonably believed to have asserted a Lien on any of the Assets; (vi) all counterparties to the Debtors' executory contracts and unexpired leases; (vii) those entities and individuals appearing on the Debtors' creditor matrix; and (viii) all federal and state agencies that regulate any portion of the Debtors' business (the "**Sale Notice Parties**").  On or about the same date, the Debtors will publish the Sale Notice on the Case Information Website.  Service of the Sale Notice on the Sale Notice Parties in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing.  No other or further notice is required.

7.    <u>Bid Deadline</u>.  As further described in the Bidding Procedures, the Bid Deadline shall be at **12:00 p.m. (prevailing Eastern Time) on November 7 2019.**

8.    <u>Auction</u>.  The Auction shall be conducted openly and all creditors may attend, provided that they notify the Debtors at least two (2) business days before the auction that they wish to attend.  In the event the Debtors receive, on or before the Bid Deadline, one or more Qualified Bids, an Auction shall be conducted at the offices of McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 at **10:00 a.m. (prevailing Eastern Time) on November 12, 2019**, or such later time on such day or such other place as the Debtors shall notify

6

all Qualified Bidders, as well as all creditors who have notified the Debtors that they wish to attend. The Debtors shall also promptly file a notice on the docket of any change in the date or place of the auction. The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.

9.  <u>Cancellation of Auction</u>. If the Debtors receive no more than one (1) Qualified Bid, the Debtors, in their sole discretion, shall (i) notify all Potential Bidders and the Bankruptcy Court in writing that (a) the Auction is cancelled and (b) such Qualified Bid is the Successful Bid, and (ii) seek authority at the Sale Hearing to consummate the Sale transactions with such Qualified Bidder contemplated by its Qualified Bidder Purchase Agreement.

10.  <u>Sale Objections</u>. Objections to the Sale must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** and (d) be served on (1) proposed counsel for the Debtors, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19081 (Attn: Matthew P. Ward and Ericka F. Johnson) and McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 (Attn: Timothy W. Walsh and Riley T. Orloff ), (2) counsel to the DIP Agent and Prepetition Term Loan Administrative Agent, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, (3) counsel to any statutory committee appointed in the Chapter 11 Cases, and (4) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian; Juliet.M.Sarkessian@usdoj.gov) (collectively, the "**Objection Notice Parties**").

11.  <u>Sale Hearing</u>. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom No. 2, 824 North Market Street, 6th Floor, Wilmington,

Delaware 19801, at **10:00 a.m. (prevailing Eastern Time) on November 20, 2019** or such other date and time that the Court may later direct: *provided, however*, that the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by filing a notice on the Court's docket.

12.    <u>Stalking Horse Bidder and Bid Protections</u>.  The Debtors, in consultation with the DIP Agent, the Prepetition Agents (as defined in the DIP Orders), and the Official Committee of Unsecured Creditors (if any) (the "**Committee**" and together with the DIP Agent and the Prepetition Agents, the "**Consultation Parties**"), may select a Stalking Horse Bidder for substantially all of the Debtors' Assets or any grouping or subset of the Debtors' Assets.  If the Debtors seek to designate a Stalking Horse Bidder and/or provide Bid Protections for any Stalking Horse Bidder, the Debtors shall file a supplement to the sale motion (a "**Stalking Horse Supplement**") seeking approval of the same; *provided that*, for the avoidance of doubt, if the Stalking Horse Bidder is a parent or an affiliate of the Debtors (direct or indirect), such Stalking Horse Bidder shall not be entitled to the Bid Protections.  The Debtors shall serve the Stalking Horse Supplement on the Objection Notice Parties and all other parties requesting notice pursuant to Bankruptcy Rule 2002 by overnight mail with no less than ten (10) calendar days' notice of the objection deadline and with no further notice being required, except as set forth in the last sentence of this paragraph.  The Stalking Horse Supplement must (i) set forth the Stalking Horse Bid and the proposed Bid Protections, (ii) disclose whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid and, if the Stalking Horse Bidder is an entity formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entity, (iii) contain an exhibit consisting of the purchase agreement finalized with the Stalking Horse Bidder, (iv) contain a proposed form of Stalking Horse

DM_US 162588056-8.091621.0012

Approval Order, (v) be supported by sufficient evidence for the Court to make a determination that designation of the Stalking Horse Bidder and approval of the Bid Protections are actually necessary to preserve the value of the Debtors' estates, (vi) include the list of assumed Potentially Assumed Contracts submitted with the Stalking Horse Bid, and (vii) provide information as to whom requests for additional adequate assurance should be directed.   The Debtors shall contemporaneously also cause the Stalking Horse Supplement to be published on the Case Information Website and serve the Stalking Horse Supplement and Adequate Assurance Information for the Stalking Horse Bidder on (i) each Contract Counterparty for a contract designated by the Stalking Horse Bidder for assumption and assignment, and (ii) each Contract Counterparty to any known Contract that may later be designated by the Stalking Horse Bidder for assumption and assignment, in each case by overnight mail or electronic mail.

13.    Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Bid shall (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof (d) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, and (e) be served on the Objection Notice Parties within **ten (10) calendar days after the service of the Stalking Horse Supplement**.

14.    If a timely Stalking Horse Objection is filed, the Debtors will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid on or before November 6, 2019.  If no timely Stalking Horse Objection is filed and served with respect to the Stalking Horse Bid, upon the expiration of the objection deadline, the Debtors will submit the Stalking Horse Approval Order to the Court, which may

enter such order without a hearing, including with respect to any Bid Protections set forth in the Stalking Horse Supplement.[4]

15.    <u>Credit Bid</u>.  The DIP Secured Parties shall be deemed Qualified Bidders and the DIP Agent (acting on the instructions of the DIP Lenders) shall have the right to credit bid the DIP Obligations, in accordance with the DIP Documents and subject to the Carve-Out, the DIP Orders, the New Side Letter (as defined in the DIP Order), and the Prepetition Intercreditor Agreement (as defined in the DIP Order), up to the full amount of the DIP Obligations in any sale contemplated by the Bidding Procedures pursuant to section 363(k) of the Bankruptcy Code; *provided*, that if the DIP Agent (on behalf of the DIP Secured Parties) submits a bid for any of the Assets, the DIP Agent shall cease being a Consultation Party as set forth in the Bidding Procedures.  Each of the Prepetition Secured Parties shall be deemed Qualified Bidders and shall not be required to comply with the Bid Requirements set forth in the Bidding Procedures, including, without limitation, the requirement to submit any Required Bid Documents, and (i) the Prepetition Term Loan Administrative Agent (acting on instructions of the Required Lenders under the Prepetition Term Loan Agreement) shall have the right to credit bid up to the full amount of the Prepetition Term Loan Obligations, in accordance with the Prepetition Term Loan Documents and subject to the Carve-Out and the New Side Letter, and (ii) the Prepetition Tax Credit Administrative Agent (as defined in the DIP Orders) shall have the right to credit bid up to the full amount of the Prepetition Tax Credit Obligations (as defined in the DIP Orders), in accordance with the Prepetition Tax Credit Documents (as defined in the DIP Orders) and subject to the Carve-Out, in each case subject to section 363(k) of the Bankruptcy Code, the challenge rights set forth in paragraph SS of the Final DIP Order, and the terms and conditions set forth in the DIP Documents and the Prepetition

---

[4] For the avoidance of doubt, no determination is made in this Order with regards to authorizing any bid protections.

DM_US 162588056-8.091621.0012

Intercreditor Agreement; *provided that*, (x) if either the DIP Agent (on behalf of the DIP Secured Parties) or the Prepetition Term Loan Administrative Agent (on behalf of the Prepetition Term Loan Secured Parties) submits a bid for any of the Assets, the DIP Agent shall cease being a Consultation Party as set forth in the Bidding Procedures and (y) if the Prepetition Tax Credit Administrative Agent (on behalf of the Prepetition Tax Credit Secured Parties) submits a bid for any of the Assets, the Prepetition Tax Credit Administrative Agent shall cease being a Consultation Party as set forth in the Bidding Procedures.

16.     Assumption and Assignment Procedures.    The assumption and assignment procedures set forth in the Motion and as modified by this Order (the "**Assumption and Assignment Procedures**"), including the form of Potential Assumption and Assignment Notice attached hereto as **Exhibit 3**, are hereby approved.

17.     On or before October 9, 2019, the Debtors shall file with the Court, and cause to be published on the Case Information Website, the Potential Assumption and Assignment Notice and the Executory Contract List.  If it is discovered that an Potentially Assumed Contract should have been included on the Executory Contract List but was not, or in the event that the Debtors seek to modify a Cure Claim, the Debtors will promptly file with the Court a revised Executory Contract List, and serve the same on the affected Contract Counterparties, with notice of the deadline to object to assumption and assignment of such Potentially Assumed Contract, or to object to any modified Cure Claim, which deadline shall be no less than fourteen (14) calendar days after service of such notice on the affected Contract Counterparties.

18.     Simultaneously with the filing of the Executory Contract List (or any revised Executory Contract List) with the Court, the Debtors shall also serve the Potential Assumption and Assignment Notice and the Executory Contract List on each Contract Counterparty and all other

parties requesting notice pursuant to Bankruptcy Rule 2002, via first class mail or electronic mail (if such electronic email address is known to the Debtors).  The Successful Bidder shall promptly provide Adequate Assurance Information to any Contract Counterparty that requests it from the contacts provided on the Potential Assumption and Assignment Notice.

19.    <u>Objection Deadlines</u>.  Any Contract Counterparty may file an objection to the calculation of Cure Claims with respect to the Contract Counterparty's Potentially Assumed Contracts, or to the assumption and assignment of the Contract Counterparty's Potentially Assumed Contracts (any such objection, an "**Assumption and Assignment Objection**").  All Assumption and Assignment Objections filed by Contract Counterparties listed on the Executory Contract List (or any revised Executory Contract List) with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Claims the Contract Counterparty believes is required to cure defaults under the relevant Potentially Assumed Contract, (d) be filed by no later than **4:00 p.m. (prevailing Eastern Time) on October 23, 2019** (the "**Assumption and Assignment Objection Deadline**") and (e) be served on the Objection Notice Parties.

20.    <u>Resolution of Assumption and Assignment Objections</u>.  If a Contract Counterparty files a timely Assumption and Assignment Objection by the Assumption and Assignment Objection Deadline and such objection is not resolved among the parties prior to the Sale Hearing, the Court will hear and determine such objection at the Sale Hearing.

21.    <u>Failure to File Timely Assumption and Assignment Objection</u>.  If a Contract Counterparty fails to file with the Court and serve on the Assumption and Assignment Objection Notice Parties a timely Assumption and Assignment Objection, the Contract Counterparty shall be

forever barred from asserting any such objection with regard to the assumption or assignment of its Potentially Assumed Contract, and notwithstanding anything to the contrary in the Potentially Assumed Contract, or any other document, the Cure Claims set forth in the Potential Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Potentially Assumed Contract under section 365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of the Sale, whether known or unknown, due or to become due, accrued, absolute, contingent or otherwise, and the Contract Counterparty shall be forever barred from asserting any additional cure or other amounts with respect to such Potentially Assumed Contract against the Debtors, the Successful Bidder or the property of any of them; provided, however, that a Contract Counterparty shall not be barred from seeking additional amounts on account of any defaults occurring between the service of the Potential Assumption and Assignment Notice and the assumption of the Potentially Assumed Contract.

22.     In the event that the Debtors file a Stalking Horse Supplement, objections of any Contract Counterparty related solely to the adequate assurance of future performance provided by the Stalking Horse Bidder (any such objection, a "**Stalking Horse Adequate Assurance Objection**"), must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed by **no later than 4:00 p.m. (prevailing Eastern Time) on November 8, 2019** (the "**Stalking Horse Adequate Assurance Objection Deadline**") and (e) be served on the Objection Notice Parties.

23.     By no later than noon on the calendar day after the Debtors have selected the Successful Bid(s) and Alternate Bid(s), the Debtors shall file the Notice of Auction Results with

13

the Court, which shall identify the Successful Bidder(s) and Alternate Bidder(s), and if any of the same are entities formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entities; the amount of the Successful Bid(s) and the Alternate Bid(s); shall include the list of assumed Potentially Assumed Contracts submitted with the Successful Bidder(s)' Qualified Bid and the Alternative Bidder(s)' Qualified Bid; and shall provide information as to whom requests for additional adequate assurance should be directed. The Debtors shall contemporaneously also cause the Notice of Auction Results to be published on the Case Information Website and serve the Notice of Auction Results and, if the Successful Bidder is not the Stalking Horse Bidder, Adequate Assurance Information for the Successful Bidder on (i) each Contract Counterparty for a contract designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, and (ii) each Contract Counterparty to any known Contract that may later be designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, in each case by overnight mail or electronic mail. Objections of any Contract Counterparty related solely to the adequate assurance of future performance provided by the Successful Bidder, if the Successful Bidder is not the Stalking Horse Bidder (any such objection, an "**Adequate Assurance Objection**"), must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed by **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** (the "**Adequate Assurance Objection Deadline**") and (e) be served on the Objection Notice Parties.

24.     The Contract Counterparties shall not use any Adequate Assurance Information for any purpose other than to (i) evaluate whether adequate assurance requirements under Bankruptcy Code section 365(f)(2)(B) and, if applicable, Bankruptcy Code section 365(b)(3), have been

satisfied, and (ii) to support any objection to adequate assurance filed by the Contract Counterparty. The Debtors shall provide Adequate Assurance Information to applicable Contract Counterparties on a public basis with any confidential information redacted. The Contract Counterparties wishing to receive confidential Adequate Assurance Information shall enter into a nondisclosure agreement in form and substance reasonably acceptable to (x) the Debtors and (y) the Successful Bidder(s), as applicable.

25.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

26.     Compliance with the notice provisions set forth herein shall constitute sufficient notice of the Debtors' proposed sale of the Debtors' assets free and clear of liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f) and otherwise, and except as set forth in this Order, no other or further notice of the sale shall be required to be provided by the Debtors.

27.     The Sale Hearing may be continued, from time to time, without further notice to creditors or parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing and/or by notice filed with the Clerk of the Court, including but not limited to in the hearing agenda for such hearing.

28.     No Qualified Bidder or any other person or entity, other than a Stalking Horse Bidder (if any) authorized to receive Bid Protections by further order of this Court, shall be entitled to any expense reimbursement, break-up fee, termination fee or other similar fee or payment in connection with the Sale or any other form of bid protections.

29.     Except as otherwise provided in this Order or the Bidding Procedures, the Debtors further reserve the right as they may reasonably determine to be in the best interests of their estates

(in consultation with the Consultation Parties) to: (a) determine which bidders are Qualified Bidders; (b) determine which bid are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal; (d) employ and announce at the Auction additional procedural rules for conducting such auction (e.g., the amount of time allotted to submit Subsequent Bids (as defined in the Bidding Procedures)); provided, that such rules are not inconsistent with this Order, the Bankruptcy Code, the Bankruptcy Rules, or any order of the Court entered in connection herewith and are disclosed to all Qualified Bidders; (e) extend the deadlines set forth herein; and/or (f) continue or cancel the Auction and/or Sale Hearing.

30.    All persons or entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the terms and conditions of the Assets, the Auction and any transaction contemplated herein.

31.    The Debtors shall serve a copy of this Order, with all attachments, no later than five (5) Business Days after this Order is entered, on: (i) the U.S. Trustee; (ii) counsel for any statutory committee appointed in the Chapter 11 Cases; (iii) all entities known to have expressed an interest in a transaction with respect to the purchase of the Assets; (iv) counsel to the DIP Agent and Prepetition Term Loan Administrative Agent; (v) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; and (vi) all parties who have requested notice under Bankruptcy Rule 2002.

32.    This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

DM_US 162588056-8.091621.0012

33.    Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h), 6006(d), 7062 or 9014) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

34.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

35.    Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with and satisfaction of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and no other or further notice of the Motion or the entry of this Order shall be required, except as set forth herein.

36.    To the extent any provisions of this Order shall be inconsistent with the Motion or the Bidding Procedures, the terms of this Order shall control.

37.    The Court shall retain jurisdiction over any matters related to or arising from the implementation or interpretation of this Order.

DM_US 162588056-8.091621.0012

# EXHIBIT 1

<u>Bidding Procedures</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 14** |

## BIDDING PROCEDURES

The above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the jointly administered chapter 11 cases (collectively, the "**Chapter 11 Cases**") currently pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**") are authorized by the Court to conduct a sale of all or substantially all of the Debtors' assets.  On **September [--], 2019**, the Court entered the *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Procedures for Stalking Horse Bid Protections, (C) Scheduling an Auction For, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures and (F) Granting Related Relief* [Docket No. ___] (the "**Bidding Procedures Order**") pursuant to which the Court, among other things, approved these Bidding Procedures (these "**Bidding Procedures**") to be employed to solicit and evaluate bids for the purchase of all or substantially all of the Debtors' assets and/or equity interests (the "**Assets**").[2]

These Bidding Procedures describe, among other things, (i) the Assets offered for sale, (ii) the manner in which bidders and bids may become Qualified Bidders and Qualified Bids (each as defined below), respectively, (iii) the procedures for conduct of the Auction (as defined below), if necessary, (iv) the procedures for selection of the Successful Bidder(s) and Alternate Bidder(s) (each as defined below) and (v) the procedures for approval of the sale of the Assets to the Successful Bidder(s) by the Court.

1.      **Submissions to the Debtors.**

All submissions to the Debtors required to be made under these Bidding Procedures must be directed to each of the following persons unless otherwise provided (collectively, the "**Bid Notice Parties**"):

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order, or it not defined therein, then in Sale Motion.

DM_US 162588056-8.091621.0012

a.  **Debtors**.  c/o Furie Operating Alaska, LLC, 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503 (Attn: d.elder@furiealaska.com).

b.  **Debtors' Counsel**.  McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173 (Attn: Timothy W. Walsh and Riley T. Orloff; twwalsh@mwe.com, rorloff@mwe.com); and Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew P. Ward and Ericka F. Johnson; matthew.ward@wbd-us.com, ericka.johnson@wbd-us.com).

c.  **Debtors' Interim Chief Operating Officer**.  Ankura Consulting Group, LLC, 1775 Sherman Street, Suite 2775, Denver, CO 80203 (Attn: Scott M. Pinsonnault; scott.pinsonnault@ankura.com).

d.  **Debtors' Investment Banker**. Seaport Global Securities LLC, 400 Poydras Street, Suite 3100, New Orleans, LA 70130 (Attn: Michael Schmidt and Lucas Hohnstein: mschmidt@seaportglobal.com, lhohnstein@seaportglobal.com).

e.  **Counsel to the DIP Agent and Prepetition Term Loan Administrative Agent.** Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad Husnick; chusnick@kirkland.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: George Klidonas; george.klidonas@kirkland.com).

f.  **The Office of the United States Trustee for the District of Delaware**.  844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian; Juliet.M.Sarkessian@usdoj.gov).

g.  **Counsel to the Melody Lenders**.  Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Abhilash M. Raval and Lauren C. Doyle; araval@milbank.com, ldoyle@milbank.com).

h.  **Counsel to the McGinty Road Lender**.  Stinson LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402 (Attn: Adam M. Nathe; adam.nathe@stinson.com).

i.  **Counsel to the Prepetition Tax Credit Administrative Agent.**  Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3900, Dallas, TX 75201 (Attn: William L. Wallander and Bradley R. Foxman; bwallander@velaw.com, bfoxman@velaw.com).

2.  **Participation Requirements**

A.  **Interested Parties.**

Unless otherwise ordered by the Court for cause shown, to participate in the bidding process described herein (the "**Bidding Process**"), each interested person or entity (each an "**Interested Party**") must deliver the following documents (the "**Preliminary Bid Documents**") (unless previously delivered) to the Debtors, if determined to be necessary by the Debtors in their discretion, following reasonable consultation with the DIP Agent, the Prepetition Agents (as

2

defined in the DIP Orders), and the Official Committee of Unsecured Creditors (if any) (the "**Committee**" and together with the DIP Agent and the Prepetition Agents, the "**Consultation Parties**") (such discretion, including consultation with the Consultation Parties, the "**Permitted Discretion**"); *provided that*, (x) if either the DIP Agent (on behalf of the DIP Secured Parties) or the Prepetition Term Loan Administrative Agent (on behalf of the Prepetition Term Loan Secured Parties) submits a bid for any of the Assets, both the DIP Agent and Prepetition Term Loan Administrative Agent shall cease being Consultation Parties as set forth in the Bidding Procedures and (y) if the Prepetition Tax Credit Administrative Agent (on behalf of the Prepetition Tax Credit Secured Parties) submits a bid for any of the Assets, the Prepetition Tax Credit Administrative Agent shall cease being a Consultation Party as set forth in the Bidding Procedures; *provided further* that, if any of the DIP Secured Parties or the Prepetition Secured Parties seek to participate in the Bidding Process, such parties shall not be required to deliver the Preliminary Bid Documents:

> i.      an executed confidentiality agreement substantially in form and substance acceptable to the Debtors;

> ii.      a statement and other factual support demonstrating, to the Debtors' satisfaction, that the Interested Party has a bona fide interest in purchasing any or all of the Assets;

> iii.      a description of the nature and extent of any due diligence the Interested Party wishes to conduct and the date in advance of the Bid Deadline (as defined below) by which such due diligence will be completed; and

> iv.      sufficient information to allow the Debtors, in their sole discretion, to determine that the Interested Party has the financial wherewithal and any required internal corporate, legal or other authorizations to close the sale transaction.[3]

If the Debtors determine in their Permitted Discretion that an Interested Party's desire to become a Potential Bidder is solely on account of a *bona fide* interest in purchasing any or all of the Assets, such Interested Party will be deemed a "**Potential Bidder**" and the Debtors will deliver to such Potential Bidder (a) a form of purchase agreement and (b) access to the Debtors' confidential electronic data room concerning the Assets (the "**Data Room**"), which access may be limited by the Debtors in their Permitted Discretion.

---

[3] This information may include, but is not limited to, current audited financial statements of the Interested Party (or such other form of financial disclosure acceptable to the Debtors in their Permitted Discretion) or, if the Interested Party is an entity formed for the purpose of acquiring any or all of the Assets, (A) current audited financial statements of the equity holder(s) (the "**Equityholder(s)**") of the Interested Party (or such other form of financial disclosure acceptable to the Debtors in their Permitted Discretion), (B) a written commitment acceptable to the Debtors in their Permitted Discretion that the Equityholder(s) are responsible for the Interested Party's obligations in connection with the Bidding Process and (C) copies of any documents evidencing any financing commitments necessary to consummate the transaction.

3

## B.      Due Diligence.

Until the Bid Deadline, in addition to granting access to the Data Room, the Debtors will provide Potential Bidders with reasonable  due diligence access  and additional information, as may be reasonably requested by a Potential Bidder.  If any Potential Bidder is (or is affiliated with) a competitor, customer, or vendor of the Debtors, the Debtors may withhold any information or due diligence access from such Potential Bidder that the Debtors determine is sensitive, proprietary or otherwise not appropriate for disclosure.  Only Potential Bidders will be eligible to receive due diligence information from the Debtors.

**All due diligence requests must be directed to:**

**Seaport Global Securities LLC, 400 Poydras Street, Suite 3100, New Orleans, LA 70130 (Attn: Michael Schmidt and Lucas Hohnstein: mschmidt@seaportglobal.com, lhohnstein@seaportglobal.com).**

Each Potential Bidder will comply with all reasonable requests for additional information and due diligence access by the Debtors or their advisors regarding such Potential Bidder and its contemplated transaction.  Failure by a Potential Bidder to comply with reasonable requests for additional information and due diligence access may be a basis for the Debtors to determine, in their Permitted Discretion, that a bid made by such Qualified Bidder is not a Qualified Bid.  Unless otherwise determined by the Debtors in their Permitted Discretion, in consultation with the Consultation Parties, the availability of due diligence, information and access to a Potential Bidder will cease immediately if (i) the Potential Bidder does not become, or the Debtors determine in their Permitted Discretion that the Potential Bidder is not likely to become, a Qualified Bidder, (ii) the Potential Bidder violates the terms of its confidentiality agreement, (iii) the Debtors become aware that the information set forth on the Preliminary Bid Documents is inaccurate or misleading or of any other reason to doubt such Potential Bidder's ability to close its contemplated transaction, or (iv) the Bidding Process is terminated in accordance with its terms.  After the Bid Deadline (as defined below), the Debtors shall have no obligation to furnish any additional information to, or otherwise facilitate any additional due diligence by, any Potential Bidder.

## C.      Bid Deadline

A Potential Bidder who desires to be deemed a Qualified Bidder (as defined below) must deliver the Required Bid Documents (as defined below) via email (in .pdf or similar format) so as to be ***actually received by*** the Bid Notice Parties on or before 12:00 p.m. (prevailing Eastern Time) on November 7, 2019 (the "**Bid Deadline**"); *provided*, *however*, that any DIP Secured Party or Prepetition Secured Party seeking to credit bid in accordance with these Bidding Procedures and the Bidding Procedures Order shall not be subject to the Bid Deadline.

The Debtors, with the consent of the DIP Agent, in consultation with the other Consultation Parties, and without the need for further Court approval, may extend the Bid Deadline by a reasonable period of time once or successively if the Debtors believe (in their Permitted Discretion) that such extension would further the goal of attaining the highest or otherwise best offer for the Debtors' assets.  The Debtors shall promptly notify all Potential Bidders of any such extension.

D. **Bid Requirements**

Each offer, solicitation or proposal by a Potential Bidder must satisfy each of the following conditions to be deemed a "**Qualified Bid**,'' and for the Potential Bidder to be deemed a "**Qualified Bidder**," unless any such conditions that are not satisfied are waived by the Debtors in their Permitted Discretion, all bids must include the following items (collectively, the "**Required Bid Documents**"):

i. <u>Irrevocable</u>. Each bid must be accompanied by an executed letter stating that the bidder's offer is irrevocable until consummation of a transaction involving the Assets identified in such bid and that such bidder agrees to serve as an Alternate Bidder (as defined herein) in accordance with these Bidding Procedures.

ii. <u>Executed Agreement</u>. Each bid must be set forth in a duly authorized and executed purchase agreement, which purchase agreement must be based on the form purchase agreement provided by Seaport, marked to show any revisions, including, among other things, the purchase price for the Assets identified in such Bid, together with all exhibits and schedules.[4]

iii. <u>Financial Wherewithal</u>. Each Potential Bidder must provide written evidence acceptable to the Debtors (in their Permitted Discretion) demonstrating financial wherewithal, operational ability and corporate authorization to consummate the proposed transaction. Such information should include, *inter alia*, the following;

1. contact names and numbers for verification of financing sources;

2. evidence of the Potential Bidder's internal resources and proof of unconditional debt funding commitments from a recognized banking institution;

3. The Potential Bidder's current financial statements (audited if they exist) or other similar financial information;

4. a description of the Potential Bidder's pro forma capital structure; and

5. any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors, in consultation with the Consultation Parties, demonstrating that such Bidder has the ability to close the proposed transaction.

---

[4] Form purchase agreement will be circulated to Potential Bidders in advance of the Bid Deadline.

iv.    <u>Committed Financing</u>. Each Potential Bidder must provide written evidence of a firm commitment for financing to consummate the proposed transaction, or other evidence of ability to consummate the proposed transaction without financing, that is satisfactory to the Debtors (in their Permitted Discretion).

v.    <u>Additional Requirements</u>.  A bid will be considered a Qualified Bid only if the bid:

1.    identifies the legal name of the purchaser (including any Equityholder(s), if the purchaser is an entity formed for the purpose of consummating the proposed transaction), and full disclosure of any affiliates;

2.    states that the Bid is for all of the Debtors' Assets (a "**Full Bid**") or, if the Bid is a "**Partial Bid**", identifies the Assets subject to such Bid;

3.    is not materially more burdensome, less favorable or more conditional than the terms of the Stalking Horse Bid (as defined below), if any,  as determined by the Debtors in their sole discretion;

4.    identifies all executory contracts and unexpired leases of which the Potential Bidder seeks assignment from the Debtors, if any;

5.    is not conditioned on (i) obtaining financing or (ii) the outcome of unperformed due diligence;

6.    is not conditioned on the receipt of any third party approvals or consents (excluding required Court approval and required governmental, licensing or regulatory approval or consent, if any), including without limitation board of director approval;

7.    with respect to any governmental, licensing or regulatory approvals or consents, includes a description of all such approvals or consents that are required to consummate the proposed transaction (including any antitrust approval or clearance related to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as amended), together with evidence satisfactory to the Debtors in their Permitted Discretion of the ability of the bidder to obtain such approvals or consents in a timely manner, as well as a description of any material contingencies or other conditions that will be imposed upon, or that will otherwise apply to, the obtainment or effectiveness of any such approvals or consents;

8.    is accompanied by a cash deposit by wire transfer to an escrow agent selected by the Debtors (the "**Deposit Agent**") in an amount equal to 10% of the cash purchase price set forth in connection with such Bid (any such deposit, a "**Good Faith Deposit**");

9.      indicates that the bidder will not seek any transaction or break- up fee, expense reimbursement, or similar type of payment (other than if such bid is selected to be a Stalking Horse Bid and subject to the provisions of Part 3 below);

10.     provides for a commitment to close as soon as practicable, but in no event later than January 6, 2020, that being the date which is one hundred fifty (150) calendar days after the Petition Date.

11.     sets forth the representatives that are authorized to appear and act on behalf of the bidder in connection with the proposed transaction;

12.     fully discloses the identity of each entity that will be bidding for the Assets or otherwise financing such Bid (including through the issuance of debt in connection with such Bid), including full disclosure of any connections to or agreements with the Debtors, affiliates of the Debtors, direct or indirect holders of equity interests of the Debtors, the Stalking Horse Bidder (if any) or any other known, potential, or prospective Potential Bidder, and a summary of any such financing;

13.     indicates that the bidder agrees not to seek any substantial contribution administrative expense claims under section 503(b) of the Bankruptcy Code related to bidding for the Assets;

14.     if the bid contemplates the assumption and assignment of any contracts or leases, includes evidence of the bidder's ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of such bidder's ability to perform in the future the contracts and leases proposed in its bid to be assumed by the Debtors and assigned to the bidder, in a form that will permit the Debtors to disseminate immediately such evidence to the counterparties to such executory contracts and leases (the "**Adequate Assurance Information**");

15.     constitutes a good faith, *bona fide* offer to effectuate the proposed transaction; and

16.     is received on or before the Bid Deadline (as such deadline may be extended in accordance with these Bidding Procedures).

### E.      Non-Conforming Bids

The Debtors shall have the right, in their Permitted Discretion, to deem a bid a Qualified Bid even if such bid does not conform to one or more of the requirements above or does not include one or more Required Bid Documents.  If the Debtors receive a bid prior to the Bid Deadline that is not a Qualified Bid, the Debtors may, in their Permitted Discretion, provide the bidder with the opportunity to remedy any deficiencies following the Bid Deadline but not later than one Business Day prior to the Auction.  If any bid is determined by the Debtors not to be a Qualified Bid, and

the applicable bidder fails to remedy such bid in accordance with these Bidding Procedures, the Debtors shall promptly instruct the Deposit Agent to return such bidder's Good Faith Deposit.

F.    **Credit Bid**

Each of the DIP Secured Parties shall be deemed Qualified Bidders and the DIP Agent (acting on the instructions of the DIP Lenders) shall have the right to credit bid the DIP Obligations, in accordance with the DIP Documents and subject to the Carve-Out, the DIP Orders, the New Side Letter, and the Prepetition Intercreditor Agreement, up to the full amount of the DIP Obligations owed to such party in any sale contemplated by the Bidding Procedures pursuant to section 363(k) of the Bankruptcy Code; *provided* that such credit bid must be ***actually received by*** the Bid Notice Parties prior to the commencement of the Auction (as defined below); and *provided further* that ,if the DIP Agent (on behalf of the DIP Secured Parties) submits a bid for any of the Assets, the DIP Agent shall cease being a Consultation Party as set forth in the Bidding Procedures. Each of the Prepetition Secured Parties shall be deemed Qualified Bidders and shall not be required to comply with the Bid Requirements set forth herein, including, without limitation, the requirement to submit any Required Bid Documents, and (i) the Prepetition Term Loan Administrative Agent (acting on instructions of the Required Lenders under the Prepetition Term Loan Agreement) shall have the right to credit bid up to the full amount of the Prepetition Term Loan Obligations, in accordance with the Prepetition Term Loan Documents and subject to the Carve-Out and the New Side Letter, and (ii) the Prepetition Tax Credit Administrative Agent (as defined in the DIP Orders) shall have the right to credit bid up to the full amount of the Prepetition Tax Credit Obligations (as defined in the DIP Orders), in accordance with the Prepetition Tax Credit Documents (as defined in the DIP Orders) and subject to the Carve-Out, in each case subject to section 363(k) of the Bankruptcy Code, the challenge rights set forth in paragraph SS of the Final DIP Order, and the terms and conditions set forth in the DIP Documents and the Prepetition Intercreditor Agreement; *provided* that such credit bid must be ***actually received by*** the Bid Notice Parties prior to the commencement of the Auction (as defined below); and *provided further* that (x) if either the DIP Agent (on behalf of the DIP Secured Parties) or the Prepetition Term Loan Administrative Agent (on behalf of the Prepetition Term Loan Secured Parties) submits a bid for any of the Assets, the DIP Agent shall cease being a Consultation Party as set forth in the Bidding Procedures and (y) if the Prepetition Tax Credit Administrative Agent (on behalf of the Prepetition Tax Credit Secured Parties) submits a bid for any of the Assets, the Prepetition Tax Credit Administrative Agent shall cease being a Consultation Party as set forth in the Bidding Procedures.

G.    **Deemed Acknowledgements and Representations**

By submission of its bid, each Qualified Bidder shall be deemed to acknowledge and represent that it (i) has had an opportunity to conduct any and all due diligence regarding the Assets that are the subject of the Auction prior to making any such bids, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder(s), the purchase agreement(s) with such Successful Bidder(s).

8

Without the written consent of the Debtors, in their Permitted Discretion, a Qualified Bidder may not amend, modify or withdraw its Qualified Bid, except for proposed amendments to increase the amount or otherwise improve the terms of its Qualified Bid, during the period that such Qualified Bid is required to remain irrevocable.

### H.    Distribution and Evaluation of Qualified Bids

All Qualified Bids will be considered by the Debtors; bids other than Qualified Bids will not be considered.  The Debtors may in their Permitted Discretion evaluate bids on any grounds, including, but not limited to:

  i.    the amount of the purchase price, including non-cash consideration, set forth in the Bid;

  ii.    the value to be provided to the Debtors under the Bid, including the net economic effect upon the Debtors' estates;

  iii.    any benefit to the Debtors' bankruptcy estates from any assumption of liabilities or waiver of liabilities, including the release or replacement of letters of credit;

  iv.    the transaction structure and execution risk, including conditions to and certainty of closing; termination provisions; availability of financing and financial wherewithal to meet all commitments; and required governmental  or other approvals;

  v.    the anticipated timing to closing and whether such timing is consistent with the Debtors' adherence to the Approved Budget;

  vi.    the impact on employees and employee claims against the Debtors;

  vii.    the presence of any governmental, licensing, regulatory or other approvals or consents in a bid, and the anticipated timing or likelihood of obtaining such approvals or consents;

  viii.    the impact on trade and other creditors; and

  ix.    any other factors the Debtors may reasonably deem relevant consistent with their fiduciary duties.

For the avoidance of doubt, that a bid is contingent upon obtaining any governmental, licensing, regulatory or other approvals or consents in a bid, and the anticipated timing or likelihood of obtaining such approvals or consents, may be grounds for the Debtors, in their Permitted Discretion, to determine that such bid (i) is not a Qualified Bid or (ii) is not higher or otherwise better than any other Qualified Bid; *provided* that the Debtors shall not exercise their Permitted Discretion with respect to such approvals or consents with discriminatory intent.

9

**3.      Stalking Horse Bidder (if any) and Bid Protections**

The Debtors, in consultation with the Consultation Parties, may select a Qualified Bidder to serve as the minimum bid for substantially all of the Debtors' assets or any grouping or subset of the Debtors' assets (such Qualified Bidder, a "**Stalking Horse Bidder**" and, such Qualified Bidder's Qualified Bid, a "**Stalking Horse Bid**").

If the Debtors seek to designate a Stalking Horse Bidder and/or provide a break-up fee or expense reimbursement (collectively, "**Bid Protections**") for any Stalking Horse Bidder, the Debtors shall file a supplement to the sale motion (a "**Stalking Horse Supplement**") seeking approval of the same.  The Debtors shall serve the Stalking Horse Supplement on the Objection Notice Parties and all other parties requesting notice pursuant to Bankruptcy Rule 2002 by overnight mail with no less than ten (10) calendar days' notice of the objection deadline and with no further notice being required, except as set forth in the last sentence of this paragraph.  The Stalking Horse Supplement must (i) set forth the Stalking Horse Bid and the proposed Bid Protections, (ii) disclose whether the Stalking Horse Bidder has any connection to the Debtors other than those that arise from the Stalking Horse Bid and, if the Stalking Horse Bidder is an entity formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entity, (iii) contain an exhibit consisting of the purchase agreement finalized with the Stalking Horse Bidder, (iv) contain a proposed form of Stalking Horse Approval Order, (v) be supported by sufficient evidence for the Court to make a determination that designation of the Stalking Horse Bidder and approval of the Bid Protections are actually necessary to preserve the value of the Debtors' estates, (vi) include the list of assumed Potentially Assumed Contracts submitted with the Stalking Horse Bid, and (vii) provide information as to whom requests for additional adequate assurance should be directed.  The Debtors shall contemporaneously also cause the Stalking Horse Supplement to be published on the Case Information Website and serve the Stalking Horse Supplement and Adequate Assurance Information for the Stalking Horse Bidder on (i) each Contract Counterparty for a contract designated by the Stalking Horse Bidder for assumption and assignment and (ii) each Contract Counterparty to any known Contract that may later be designated by the Stalking Horse Bidder for assumption and assignment, in each case by overnight mail or electronic mail.

Parties in interest may object to the designation of a Stalking Horse Bidder or any of the terms of such Stalking Horse Bid (each, a "**Stalking Horse Objection**") within ten (10) calendar days after service of the Stalking Horse Supplement (the "**Stalking Horse Objection Deadline**").  If a timely Stalking Horse Objection is filed, the Debtors will schedule a hearing (the "**Stalking Horse Hearing**") regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid on or before November 6, 2019.  In the absence of a Stalking Horse Objection, upon the expiration of the Stalking Horse Objection Deadline, the Debtors will submit the Stalking Horse Approval Order to the Court, which may enter such order without a hearing.

Subject to the entry of the Stalking Horse Approval Order and final Court approval at the Sale Hearing, in the event that the Debtors select one or more Stalking Horse Bidder(s) in accordance with these Bidding Procedures, the Debtors shall be fully authorized, but not obligated, in an exercise of their business judgment (in consultation with the Consultation Parties) to offer Bid Protections to such Stalking Horse Bidder(s), payable if the Debtors consummate a sale

10

pursuant to a Qualified Bid other than the Stalking Horse Bid (if the assets subject to such sale are those to which such Stalking Horse Bid relates).  To the extent payable, any Bid Protections would be paid out of the proceeds of the sale to which they relate.

**4.**    **Auction**

**A.**    **Scheduled Time and Date of the Auction**

One or more auctions for the Assets (the "**Auction**") may be held in accordance with these Bidding Procedures and upon notice to all Qualified Bidders that have submitted Qualified Bids. The Auction, if held, is scheduled to be conducted at the offices of McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 at **10:00 a.m. (prevailing Eastern Time) on November 12, 2019**, or such later time or other location as designated by the Debtors in a notice filed on the docket of the Court and published on the Debtors' case information website (located at **https://cases.primeclerk.com/furieoperatingalaska** (the "**Case Information Website**") (please see the Sale Tab for sale-related documents).

If no more than one Qualified Bid is submitted by the Bid Deadline with respect to the Assets or any lot of assets, or if in the judgment of the Debtors an alternative transaction is in the best interest of the Estate, the Debtors may, in consultation with the Consultation Parties, elect to cancel the Auction with respect to such assets and, as applicable, seek approval of the transactions contemplated in the Bid at the Sale Hearing (as defined below).

If any Partial Bids shall be deemed a Successful Bid at the conclusion of the Auction, the collective bid composed of each such Partial Bid for the applicable assets (the "**Highest Collective Partial Bid**") shall be treated as a Full Bid.  Any Qualified Bidder that submitted a Full Bid shall have the right to increase its bid so as to match or exceed the amount of the Highest Collective Partial Bid, including by making a collective bid with one or more Qualified Bids from Qualified Bidders that are not included in the Highest Collective Partial Bid after the conclusion of any Auction for the above referenced assets.

If any Qualified Bidders that submitted a Full Bid matches the Highest Collective Partial Bid, then the Debtors shall conduct an Auction for the Assets with such Qualified Bidders (including the Highest Collective Partial Bid).  At the conclusion of the Auction for the Assets, if the bid submitted by a Stalking Horse Bidder (if any) or any other Qualified Bidders that submitted a Full Bid is equal to the amount of the Highest Collective Partial Bid, then such bid submitted by the Stalking Horse Bidder or any other Qualified Bidders that submitted a Full Bid may, in the Debtors' Permitted Discretion consistent with the Debtors' evaluation of Qualified Bids as set forth herein, be determined to be the Successful Bid.

**B.**    **Participants and Attendees**

Principals, representatives or agents of the Debtors, the DIP Agent, the Prepetition Agents, the Committee (if appointed), and any Qualified Bidder that has submitted a Qualified Bid (and the legal and financial advisors to each of the foregoing) will be entitled to attend the Auction. Any other creditor of the Debtors will be permitted to attend the Auction upon advance notice by such creditor of at least two (2) Business Days to the Debtors.  Only Qualified Bidders will be

entitled to make any subsequent bids at the Auction. Each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or the sale of any of the Assets as described herein, (b) has reviewed, understands and accepts these Bidding Procedures, (c) has consented to the jurisdiction of the Court and (d) intends to consummate its Qualified Bid if it is selected as the Successful Bid. Each Qualified Bidder participating in the Auction shall appear in person at the Auction or through a duly authorized representative.

### C.    Auction Procedures

At least two (2) calendar days prior to the Auction, the Debtors will (a) notify each Qualified Bidder that has timely submitted a Qualified Bid that its bid is a Qualified Bid and (b) provide all Qualified Bidders, the Committee and the DIP Agent with (i) copies of the Qualified Bid or combination of Qualified Bids that the Debtors believe is the highest or otherwise best offer for each Bid Asset (the "**Starting Bid(s)**"), (ii) an explanation of how the Debtors value the Starting Bid(s) and (iii) a list identifying all of the Qualified Bidders and their respective Qualified Bids.

The Debtors, in their Permitted Discretion, may employ and announce at the Auction additional procedural rules for conducting such auction (e.g., the amount of time allotted to submit Subsequent Bids (as defined below)); *provided*, that such rules are (a) not inconsistent with the Bidding Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, or any order of the Court entered in connection herewith and (b) disclosed to all Qualified Bidders.

Bidding at the Auction will begin with the Starting Bid(s) and continue, in one or more rounds of bidding in the presence of all parties at the Auction, so long as during each round at least one subsequent bid (a "**Subsequent Bid**") is submitted by a Qualified Bidder that (a) improves upon such Qualified Bidder's immediately prior Qualified Bid and (b) the Debtors determine (in their Permitted Discretion) that such Subsequent Bid is (i) for the first round, a higher or otherwise better offer than the Starting Bid and (ii) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (as defined below), in each case taking into account other Qualified Bids for other Assets. The Debtors, in their Permitted Discretion, may determine appropriate minimum bid increments or requirements for each round of bidding.

After the first round of bidding and between each subsequent round of bidding, the Debtors will determine, in their Permitted Discretion, and announce the bid or bids that they believe to be the highest or otherwise best offer or combination of offers (the "**Leading Bid**"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge and confirmation of the Leading Bid.

For the purpose of evaluating Subsequent Bids, the Debtors may require, in their Permitted Discretion, a Qualified Bidder submitting a Subsequent Bid to submit, as part of its Subsequent Bid, additional evidence (in the form of financial disclosure or credit-quality support information or enhancement acceptable to the Debtors in their Permitted Discretion) demonstrating such Qualified Bidder's ability to close the proposed transaction.

DM_US 162588056-8.091621.0012

The Debtors shall maintain a transcript of all bids made and announced at the Auction, including the Starting Bid(s), all Subsequent Bid(s), the Leading Bid(s), the Alternate Bid(s) (as defined below) and the Successful Bid(s).

**5.**     **Selection of Successful Bid(s)**

Prior to the conclusion of the Auction, the Debtors shall (in each case in their Permitted Discretion) (a) review and evaluate each bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale transaction, (b) determine and identify, in their Permitted Discretion, the highest or otherwise best offer or collection of offers (the "**Successful Bid(s)**"), (c) determine and identify, in their Permitted Discretion the next highest or otherwise best offer or collection of offers (the "**Alternate Bid(s)**'') and (d) notify all Qualified Bidders participating in the Auction, prior to its adjournment, of the identity of the party or parties that submitted the Successful Bid(s) (the "**Successful Bidder(s)**"), the amount and other material terms of the Successful Bid(s), the identity of the party or parties that submitted the Alternate Bid(s) (the "**Alternate Bidder(s)**") and the amount and other material terms of the Alternate Bid(s).  No additional bids may be considered after the Auction is closed.

By no later than noon on the calendar day following the selection of the Successful Bid(s) and Alternate Bid(s), the Debtors shall file a notice of the results of the Auction (the "**Notice of Auction Results**") with the Court and cause such notice to be published on the Case Information Website, which shall constitute definitive proof that the Debtors have closed the Auction.  The Notice of Auction Results shall identify the Successful Bidder(s) and Alternate Bidder(s), and if any of the same are entities formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entities; the amount of the Successful Bid(s) and the Alternate Bid(s); shall include the list of assumed Potentially Assumed Contracts submitted with the Successful Bidder(s)' Qualified Bid and the Alternative Bidder(s)' Qualified Bid; and shall provide information as to whom requests for additional adequate assurance should be directed.

Within two (2) Business Days after the completion of the Auction (or as soon as reasonably practicable thereafter), the Successful Bidder(s) and the applicable Debtors shall complete and execute all agreements, instruments and other documents necessary to consummate the applicable sale transaction(s) (subject to entry of the Sale Order (if any)) or otherwise contemplated by the applicable Successful Bid(s).

**6.**     **The Sale Hearing**

The hearing to consider the proposed Sale Order (if any) (the "**Sale Hearing**") shall be held at **10:00 a.m. (prevailing Eastern Time) on November 20, 2019** before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court for the District of Delaware, Courtroom No. 2, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801.

The Sale Hearing may be adjourned by the Debtors by an announcement of the adjourned date at a hearing before the Court and/or by filing a notice on the Court's docket.  At the Sale Hearing, the Debtors will seek the Court's approval of the Successful Bid(s) and, in their Permitted Discretion, the Alternate Bid(s).

The Debtors' presentation to the Court of the Successful Bid(s) and Alternate Bid(s) will not constitute the Debtors' acceptance of such bid(s), which acceptance will only occur upon approval of such bid(s) by the Court. Following the Court's entry of the Sale Order (if any) approving such bid(s), the Debtors and the Successful Bidder(s) shall proceed to consummate the transaction(s) contemplated by the Successful Bid(s), in all cases within the milestones set in the DIP Credit Agreement. If the Debtors and the Successful Bidder(s) fail to consummate the proposed transaction(s), then the Debtors shall file a notice with the Court advising of such failure. Upon the filing of such notice with the Court, the Alternate Bid(s) will be deemed to be the Successful Bid(s) and the Debtors will be authorized but not directed, in their Permitted Discretion, to effectuate the transaction(s) with the Alternate Bidder(s) subject to the terms of the Alternate Bid(s) of such Alternate Bidder(s) without further order of the Court. If such failure to consummate the sale is the result of a breach by the Successful Bidder(s) (such bidder(s), the "**Breaching Bidder(s)**") of its (their) purchase agreement(s), the Debtors reserve the right to seek all available remedies from the Breaching Bidder(s), subject to the terms of the applicable purchase agreement(s).

7.    <u>**Return of Good Faith Deposit**</u>

The Good Faith Deposits of all Qualified Bidders will be held in escrow by the Deposit Agent and will not become property of the Debtors' bankruptcy estates unless released from escrow pursuant to the terms of the applicable escrow agreement or pursuant to further order of the Court. The Deposit Agent will retain the Good Faith Deposits of the Successful Bidder(s) and the Alternate Bidder(s) until the closing of the transaction(s) contemplated by the Successful Bid(s) or the Alternate Bid(s), as applicable, in accordance with Section 6 above, except as otherwise ordered by the Court. The Good Faith Deposits (and all interest accrued thereon) of the other Qualified Bidders will be returned within four Business Days after the entry of the Sale Order (if any). At the closing of the transaction contemplated by the Successful Bid(s), the Successful Bidder(s) will receive a credit in the amount of its Good Faith Deposit (plus all interest accrued thereon). All remaining Good Faith Deposits (and all interest accrued thereon) held by the Deposit Agent will be released by the Deposit Agent four (4) Business Days after the closing of the transaction(s) contemplated by the Successful Bid(s); *provided*, the Deposit Agent will retain the Good Faith Deposit of a Breaching Bidder pending a ruling by the Court as to the amount of damages owed, if any, by such Breaching Bidder to the Debtors.

8.    <u>**As Is, Where Is**</u>

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates, except as provided in any agreement with respect to the transaction(s) approved by the Court.

9.    <u>**Free and Clear of Any and All Interests**</u>

The Debtors will seek an order approving the sale of all of the Debtors' right, title and interest in and to the Assets subject thereto shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "**Interests**") to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale of the Assets with the same validity and priority

as such Interests applied against the Assets, without modification of the DIP Lenders' right to be repaid in cash from such proceeds pursuant to the DIP Orders and other DIP Documents.

**10.    Reservation of Rights of the Debtors**

Except as otherwise provided in these Bidding Procedures or the Bidding Procedures Order, the Debtors reserve the right, in their Permitted Discretion, to:

    i.     determine which Interested Party is a Potential Bidder;

    ii.     determine which bidder is a Qualified Bidder;

    iii.     determine which bid is a Qualified Bid;

    iv.     determine which Qualified Bid is a Starting Bid;

    v.     determine which Qualified Bid is the highest or otherwise best offer for the Assets and which is the next highest or otherwise best offer;

    vi.     reject any bid that the Debtors deem to be (a) inadequate or insufficient, (b) not in conformity with the requirements of these Bidding Procedures or the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules or (c) contrary to the best interests of the Debtors and their estates;

    vii.     cancel the Auction;

    viii.     extend the deadlines set forth herein; and

    ix.     implement additional procedural rules that the Debtors determine will better promote the goals of the Bidding Process and discharge the Debtors' fiduciary duties.

Nothing in these Bidding Procedures shall require the Debtors' board of directors to take any action, or to refrain from taking any action, with respect to these Bidding Procedures, to the extent that the Debtors' board of directors determines, or based on the advice of counsel, that taking such action, or refraining from taking such action, as applicable, is required to comply with applicable law or its fiduciary duties under applicable law.

DM_US 162588056-8.091621.0012

## Exhibit 2

**Form of Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 14 & ___** |

### NOTICE OF SALE, BIDDING PROCEDURES, AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on August 9, 2019 (the "**Petition Date**").

**PLEASE TAKE FURTHER NOTICE** that, on August 9, 2019, the Debtors filed a motion (the "**Sale Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the proposed sale of substantially all of the Debtors' assets (the "**Sale**"), subject to the submission of higher or otherwise better offers in an auction process (the "**Auction**"), (b) the form and manner of notice related to the Sale and (c) procedures for the assumption and assignment of contracts and leases in connection with the Sale.

**PLEASE TAKE FURTHER NOTICE** that, on September [--], 2019, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale and the Auction.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

### Contact Persons for Parties Interested in Submitting a Bid

The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in making an offer to purchase the Assets must comply strictly with the Bidding

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order, or it not defined therein, then in Sale Motion.

[3] To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

Procedures.  Only Qualified Bids will be considered by the Debtors, in accordance with the Bidding Procedures.

**Any interested bidder should contact, as soon as practicable:**

**Seaport Global Securities LLC, 400 Poydras Street, Suite 3100, New Orleans, LA 70130 (Attn: Michael Schmidt: mschmidt@seaportglobal.com).**

## Obtaining Additional Information

Copies of the Sale Motion, the Bidding Procedures and the Bidding Procedures Order, as well as all related exhibits, including all other documents filed with the Clerk of the Court, are available free of charge on the Debtors' case information website, located at **https://cases.primeclerk.com/furieoperatingalaska** (please see the Sale Tab for sale-related documents).  For more information on the Debtors' business or their products, refer to the First Day Declaration [Docket No. 2].

## Important Dates and Deadlines[4]

(i)     **Deadline to File Proposed Form of Order**.  The deadline for the Debtors to file a proposed form of Sale Order is **5:00 p.m. (prevailing Eastern Time) on October 25, 2019**.

(ii)    **Designation of Stalking Horse Bidder (if any)**.  In the event that the Debtors decide to seek to designate a Stalking Horse Bidder and/or court approval of Bid Protections, the Debtors shall file a Stalking Horse Supplement with the Court **on or before 5:00 p.m. (prevailing Eastern Time) on October 25, 2019** and request a hearing on the Stalking Horse Supplement **on or before November 6, 2019**.

(iii)   **Deadline to File Proposed Form of Purchase Agreement**.  If the Debtors do not file a Stalking Horse Supplement on or before 5:00 p.m. (prevailing Eastern Time) on October 25, 2019, the Debtors shall file a proposed form of purchase agreement on or before **5:00 p.m. (prevailing Eastern Time) on October 25, 2019**.

(iv)    **Stalking Horse Objection Deadline (if any)**. The deadline to file an objection with the Court to the Stalking Horse Supplement shall be **ten (10) calendar days after the service of the Stalking Horse Supplement** (the "**Stalking Horse Objection Deadline**").  If no objections are filed prior to the Stalking Horse Objection Deadline, the Court may enter an order approving the relief requested therein without a hearing.

---

[4] The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

(v)  **Assumption and Assignment Objections Deadline**.  The deadline to file an objection with the Court to the proposed assumption and assignment of an Assumed Contract (an "**Assumption and Assignment Objection**"), including any objection relating to the Cure Claim, is **4:00 p.m. (prevailing Eastern Time) on October 23, 2019** (the "**Assumption and Assignment Objection Deadline**").

(vi)  **Stalking Horse Adequate Assurance Objection Deadline (if any).**  In the event that the Debtors file a Stalking Horse Supplement requesting authority to designate a Stalking Horse Bidder, the deadline to file an objection with the Court relating to the adequate assurance of the Stalking Horse Bidder's (if any) future ability to perform under an Assumed Contract (a "**Stalking Horse Adequate Assurance Objection**") is **4:00 p.m. (prevailing Eastern Time) on November 8, 2019** (the "**Stalking Horse Adequate Assurance Objection Deadline**").

(vii)  **Bid Deadline**.  The deadline to submit a Qualified Bid is **12:00 p.m. (prevailing Eastern Time) on November 7, 2019.**

(viii)  **Auction**.  In the event that the Debtors timely receive a Qualified Bid in addition to the Qualified Bid of a Stalking Horse Bidder (if any) and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction for the Assets.  The Auction, if one is held, will commence at **10:00 a.m. (prevailing Eastern Time) on November 12, 2019** at the offices of McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173.  **All creditors who wish to attend the auction must provide written notification of the same to counsel to the Debtors, who are listed at the bottom of this notice, by not later than November 8, 2019.**

(ix)  **Notice of Auction Results**.  By **no later than 12:00 p.m. (prevailing Eastern Time) on the first calendar day after the Debtors have selected the Successful Bid(s) and Alternate Bid(s)**, the Debtors shall file the Notice of Auction Results with the Court, which shall identify the Successful Bidder(s) and Alternate Bidder(s), and if any of the same are entities formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entities; the amount of the Successful Bid(s) and the Alternate Bid(s).  The Debtors shall contemporaneously also cause the Notice of Auction Results to be published on the Case Information Website and serve the Notice of Auction Results and, if the Successful Bidder is not the Stalking Horse Bidder, Adequate Assurance Information for the Successful Bidder on (i) each Contract Counterparty for a contract designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, and (ii) each Contract Counterparty to any known Contract that may later be designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, in each case by overnight mail or electronic mail.

DM_US 162588056-8.091621.0012

(x) **Adequate Assurance Objection Deadline**. In the event that any of the Successful Bidder(s) are not the Stalking Horse Bidder(s) (if any), the deadline to file an objection with the Court to the adequate assurance of future performance provided by such Successful Bidder(s) (other than a Stalking Horse Bidder) (any such objection, an "**Adequate Assurance Objection**"), must is **no later than the Sale Hearing** (the "**Adequate Assurance Objection Deadline**").

(xi) **Auction and Sale Objections Deadline**. The deadline to file an objection with the Court to the Sale, and all objections relating to the Stalking Horse Bidder (if any), the conduct of the Auction or the Sale (collectively, the "**Sale Objections**") is **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** (the "**Sale Objection Deadline**").

(xii) **Sale Hearing**. A hearing (the "**Sale Hearing**") to consider the proposed Sale will be held before the Court at **10:00 a.m. (prevailing Eastern Time) on November 20, 2019**, or such other date as determined by the Court, at 824 North Market Street, Wilmington, Delaware 19801.

## Filing Objections

Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than **the Sale Objection Deadline** and (d) be served on (1) proposed counsel for the Debtors, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19081 (Attn: Matthew P. Ward and Ericka F. Johnson; matthew.ward@wbd-us.com, ericka.johnson@wbd-us.com); and McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 (Attn: Timothy W. Walsh and Riley T. Orloff; twwalsh@mwe.com, rorloff@mwe.com), (2) counsel to the DIP Agent and Prepetition Term Loan Administrative Agent, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad Husnick; chusnick@kirkland.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: George Klidonas; george.klidonas@kirkland.com), and (3) counsel to any statutory committee appointed in the Chapter 11 Cases, and (4) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian; Juliet.M.Sarkessian@usdoj.gov).

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*Any party or entity who fails to timely make an objection to the Sale on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any objection to the Sale, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

## NO SUCCESSOR LIABILITY

*The Debtors will request that the Court approve the Sale of the Debtors' assets free and clear of, among other things, any claim arising from any conduct of the Debtors prior to*

*the closing of the Sale, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale; and that, as a result of the Sale, the Successful Bidder will not be a successor to any of the Debtors by reason of any theory of law or equity, and the Successful Bidder will have no liability, except as expressly provided in the Purchase Agreement, for any liens, claims, encumbrances and other interests against or in any of the Debtors under any theory of law, including successor liability theories.*

[Remainder of This Page Intentionally Left Blank]

5

Dated: _____, 2019                Respectfully submitted,

Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/* _____
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:      matthew.ward@wbd-us.com
             ericka.johnson@wbd-us.com

-and-

MCDERMOTT WILL & EMERY LLP
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email:      twwalsh@mwe.com
             dazman@mwe.com
             rorloff@mwe.com

*Counsel to the Debtors and*
*Debtors in Possession*

DM_US 162588056-8.091621.0012

## Exhibit 3

**Form of Potential Assumption and Assignment Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 14 & ___** |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on August 9, 2019 (the "**Petition Date**").

**PLEASE TAKE FURTHER NOTICE** that, on August 9, 2019, the Debtors filed a motion (the "**Sale Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the proposed sale of substantially all of the Debtors' assets (the "**Sale**"), subject to the submission of higher or otherwise better offers in an auction process (the "**Auction**"), (b) the form and manner of notice related to the Sale and (c) procedures for the assumption and assignment of contracts and leases in connection with the Sale (the "**Assumption and Assignment Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, on September [--], 2019, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale, the Auction, and the Assumption and Assignment Procedures.

**PLEASE TAKE FURTHER NOTICE** that, upon the closing of the Sale, the Debtors intend to assume and assign to the Successful Bidder the Potentially Assumed Contracts. A schedule listing the potential Potentially Assumed Contracts (the "**Executory Contract List**") is attached hereto and may also be accessed free of charge on the Debtors' case information website, located at **https://cases.primeclerk.com/furieoperatingalaska** (please see the Sale Tab for sale-related documents). In addition, the "**Cure Claims**," if any, necessary for the assumption and assignment of the Potentially Assumed Contracts are set forth on the Executory Contract List. ***Each Cure Claim listed on the Executory Contract List represents all liabilities of any nature***

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order, or it not defined therein, then in Sale Motion.

*that the Debtors believe they have arising under an Assumed Contract prior to the closing of the Sale, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale.  If you believe your Cure Claim is listed with an incorrect amount on the Executory Contract List, you must object in accordance with the procedures described in this Notice.*

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A CONTRACT COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT.**  Subject to the terms of the Assumption and Assignment Procedures, the Debtors or the Successful Bidder may, at any time prior to the closing of the Sale, (a) designate a Contract on the attached Executory Contract List as an Assumed Contract or as a Contract that will not be assumed and assigned to the Successful Bidder (an "**Excluded Contract**"), (b) add a Contract to the Executory Contract List or (c) modify the previously-stated Cure Claims associated with any Proposed Assumed Contract.  The Assumption and Assignment Procedures further provide that any Contract Counterparty whose Contract is added to the Executory Contract List after the date hereof, or whose previously-stated Cure Claim is modified, will in each case receive notice thereof and an opportunity to file an Assumption and Assignment Objection which deadline shall be no less than fourteen (14) calendar days after service of such notice on the affected Contract Counterparties.  **The assumption and assignment of the Contracts on the Executory Contract List is not guaranteed and is subject to approval by the Court and the Debtors' or the Successful Bidder's right to not designate a Contract on the Executory Contract List as an Assumed Contract.**

## Obtaining Additional Information

Copies of the Sale Motion, the Bidding Procedures and the Bidding Procedures Order, as well as all related exhibits, including all other documents filed with the Clerk of the Court, are available free of charge on the Debtors' case information website, located at **https://cases.primeclerk.com/furieoperatingalaska** (please see the Sale Tab for sale-related documents).

Upon request by a counterparty under any Contract to the Debtors' counsel listed at the end of this notice, counsel to the Successful Bidder shall provide, by electronic mail, the Adequate Assurance Information (as defined in the Bidding Procedures).

## Important Dates and Deadlines[3]

(i)    **Designation of Stalking Horse Bidder (if any)**.  In the event that the Debtors decide to seek to designate a Stalking Horse Bidder and/or court approval of Bid Protections, the Debtors shall file a Stalking Horse Supplement with the Court **on or before 5:00 p.m. (prevailing Eastern Time) on October 25, 2019** and request a hearing on the Stalking Horse Supplement **on or before November 6, 2019**.  The Stalking Horse

---

[3] The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

2

Supplement will be published on the Case Information Website and, along with Adequate Assurance Information for the Stalking Horse Bidder, served on (i) each Contract Counterparty for a contract designated by the Stalking Horse Bidder for assumption and assignment and (ii) each Contract Counterparty to any known Contract that may later be designated by the Stalking Horse Bidder for assumption and assignment, in each case by overnight mail or electronic mail.

(ii)    **Stalking Horse Objection Deadline (if any)**. The deadline to file an objection with the Court to the Stalking Horse Supplement shall be **ten (10) calendar days after the service of the Stalking Horse Supplement** (the "**Stalking Horse Objection Deadline**"). If no objections are filed prior to the Stalking Horse Objection Deadline, the Court may enter an order approving the relief requested therein without a hearing.

(iii)    **Assumption and Assignment Objections Deadline**. The deadline to file an objection with the Court to the proposed assumption and assignment of an Assumed Contract (an "**Assumption and Assignment Objection**"), including any objection relating to the Cure Claim, is **4:00 p.m. (prevailing Eastern Time) on October 23, 2019** (the "**Assumption and Assignment Objection Deadline**").

(iv)    **Stalking Horse Adequate Assurance Objection Deadline (if any).** In the event that the Debtors file a Stalking Horse Supplement requesting authority to designate a Stalking Horse Bidder, the deadline to file an objection with the Court relating to the adequate assurance of the Stalking Horse Bidder's (if any) future ability to perform under an Assumed Contract (a "**Stalking Horse Adequate Assurance Objection**") is **4:00 p.m. (prevailing Eastern Time) on November 8, 2019** (the "**Stalking Horse Adequate Assurance Objection Deadline**").

(v)    **Auction**. In the event that the Debtors timely receive a Qualified Bid in addition to the Qualified Bid of a Stalking Horse Bidder (if any) and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction for the Assets. The Auction, if one is held, will commence at **10:00 a.m. (prevailing Eastern Time) on November 20, 2019** at the offices of McDermott Will & Emery LLP, 340 Madison Avenue, New York, New York 10173.

(vi)    **Notice of Auction Results**. By **no later than 12:00 p.m. (prevailing Eastern Time) on the first calendar day after the Debtors have selected the Successful Bid(s) and Alternate Bid(s)**, the Debtors shall file the Notice of Auction Results with the Court, which shall identify the Successful Bidder(s) and Alternate Bidder(s), and if any of the same are entities formed for the purpose of consummating the proposed transaction, then the identity of the equity holders of such entities; the amount of the Successful Bid(s) and the Alternate Bid(s). The Debtors shall

3

contemporaneously also cause the Notice of Auction Results to be published on the Case Information Website and serve the Notice of Auction Results and, if the Successful Bidder is not the Stalking Horse Bidder, Adequate Assurance Information for the Successful Bidder on (i) each Contract Counterparty for a contract designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, and (ii) each Contract Counterparty to any known Contract that may later be designated by the Successful Bidder(s) or the Alternative Bidder(s) for assumption and assignment, in each case by overnight mail or electronic mail.

(vii)   **Adequate Assurance Objection Deadline**. In the event that any of the Successful Bidder(s) are not the Stalking Horse Bidder(s) (if any), the deadline to file an objection with the Court to the adequate assurance of future performance provided by such Successful Bidder(s) (other than a Stalking Horse Bidder) (any such objection, an "**Adequate Assurance Objection**"), is **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** (the "**Adequate Assurance Objection Deadline**").

(viii)  **Auction and Sale Objections Deadline**.  The deadline to file an objection with the Court to the Sale, and all objections relating to the Stalking Horse Bidder (if any), the conduct of the Auction or the Sale (collectively, the "**Sale Objections**") is **12:00 p.m. (prevailing Eastern Time) on November 15, 2019** (the "**Sale Objection Deadline**").

(ix)    **Sale Hearing**.  A hearing (the "**Sale Hearing**") to consider the proposed Sale will be held before the Court at **10:00 a.m. (prevailing Eastern Time) on November 20, 2019**, or such other date as determined by the Court, at 824 North Market Street, Wilmington, Delaware 19801.

<u>**Filing Assumption and Assignment Objections**</u>

Pursuant to the Assumption and Assignment Procedures, there are three separate objection deadlines.  An Assumption and Assignment Objection, which is an objection to the proposed assumption and assignment of an Assumed Contract, including any objection relating to the Cure Claim, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Claim that the Contract Counterparty believes is required to cure defaults under the relevant Assumed Contract, (d) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Assumption and Assignment Objection Deadline**, and (e) be served at the same time on (1) proposed counsel for the Debtors, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19081 (Attn: Matthew P. Ward and Ericka F. Johnson; matthew.ward@wbd-us.com, ericka.johnson@wbd-us.com); and McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 (Attn: Timothy W. Walsh and Riley T. Orloff; twwalsh@mwe.com, rorloff@mwe.com), (2) counsel to the DIP Agent and Prepetition Term Loan Administrative Agent, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad Husnick; chusnick@kirkland.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022

(Attn: George Klidonas; george.klidonas@kirkland.com), and (3) counsel to any statutory committee appointed in the Chapter 11 Cases, and (4) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian; Juliet.M.Sarkessian@usdoj.gov) (the "**Objection Notice Parties**").

In the event that the Debtors' file a Stalking Horse Supplement requesting authority to designate a Stalking Horse Bidder, a Stalking Horse Adequate Assurance Objection, which is an objection to the adequate assurance of the Stalking Horse Bidder's (if any) future ability to perform under an Assumed Contract, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Stalking Horse Adequate Assurance Objection Deadline**, and (e) be served on the Objection Notice Parties.

In the event that any of the Successful Bidder(s) are not the Stalking Horse Bidder(s) (if any), an Adequate Assurance Objection, which is an objection to the adequate assurance of future performance provided by such Successful Bidder(s) (other than a Stalking Horse Bidder), must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Adequate Assurance Objection Deadline**, and (e) be served on the Objection Notice Parties.

Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Sale Objection Deadline** and (d) be served on the Objection Notice Parties.

## <u>CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION</u>

*Any Contract Counterparty to an Assumed Contract who fails to timely make an objection to the proposed assumption and assignment of such contract or lease on or before the Assumption and Assignment Objection Deadline or, if applicable, the Adequate Assurance Objection Deadline, in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order and this Notice shall be deemed to have consented to the Cure Claims set forth in the Potential Assumption and Assignment Notice and forever barred from asserting any objection or claims against the Debtors, the Successful Bidder(s), or the property of any such parties, relating to the assumption and assignment of such contract or lease, including asserting additional Cure Claims with respect to such contract or lease. Notwithstanding anything to the contrary in such contract or lease, or any other document, the Cure Claims set forth in the Potential Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assumed Contract under section 365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of the Sale, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise.*

*Any party or entity who fails to timely make an objection to the Sale on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order shall be forever*

5

***barred from asserting any objection to the Sale, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.***

[*Remainder of This Page Intentionally Left Blank*]

6

Dated: _____, 2019
      Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/* _____
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:(302) 252-4320
Facsimile: (302) 252-4330
Email:    matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com

-and-

MCDERMOTT WILL & EMERY LLP
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:(212) 547-5400
Facsimile: (212) 547-5444
Email:    twwalsh@mwe.com
          dazman@mwe.com
          rorloff@mwe.com

*Counsel to the Debtors and
Debtors in Possession*

**Dated: September 26th, 2019
Wilmington, Delaware**

7

**LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE**