**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS)<br>(Jointly Administered) |
| Debtors. | **Hearing Date: October 25, 2019 at 10:00 a.m. (ET)**<br>**Obj. Deadline:  October 15, 2019 at 4:00 p.m. (ET)** |

**NOTICE OF MOTION OF THE DEBTORS FOR ENTRY OF AN AGREED ORDER
AUTHORIZING THE DEBTORS TO REJECT EXECUTORY CONTRACTS AND
UNEXPIRED *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on September 30, 2019, the above-captioned debtors and

debtors in possession (the "Debtors") filed with the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court") the *Motion of the Debtors for Entry of an Agreed*

*Order Authorizing the Debtors to Reject Executory Contracts and Unexpired Nunc Pro Tunc to*

*the Petition Date* (the "Consent Motion") contemporaneously herewith.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Consent Motion will be

held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, United

States Bankruptcy Court for District of Delaware (the "Court"), 824 North Market Street, 6th

Floor, Courtroom No. 2, Wilmington, DE 19801, on **October 25, 2019 at 10:00 a.m.**

**(prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Consent

Motion must be in writing, filed with the Clerk of the Court, 824 North Market Street, 3rd Floor,

Wilmington, Delaware 19801, and served upon and received by the undersigned attorneys for the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

Debtors and any person or entity with a particularized interest in the subject matter of the Consent Motion on or before **October 15, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE THAT IF NO OBJECTIONS TO THE CONSENT MOTION ARE TIMELY FILED, SERVED AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE CONSENT MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: September 30, 2019
      Wilmington, Delaware

      **WOMBLE BOND DICKINSON (US) LLP**

      */s/    Ericka F. Johnson*
      Matthew P. Ward (DE Bar No. 4471)
      Ericka F. Johnson (DE Bar No. 5024)
      1313 North Market Street, Suite 1200
      Wilmington, Delaware 19801
      Telephone:    (302) 252-4320
      Facsimile:    (302) 252-4330
      Email:      matthew.ward@wbd-us.com
               ericka.johnson@wbd-us.com

      -and-

      **MCDERMOTT WILL & EMERY LLP**

      Timothy W. Walsh (admitted *pro hac vice*)
      Darren Azman (admitted *pro hac vice*)
      Riley T. Orloff (admitted *pro hac vice*)
      340 Madison Avenue
      New York, New York 10173-1922
      Telephone:    (212) 547-5400
      Facsimile:    (212) 547-5444
      Email:      twwalsh@mwe.com
               dazman@mwe.com
               rorloff@mwe.com

      *Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS)<br>(Jointly Administered) |
| Debtors. | **Hearing Date: October 25, 2019 at 10:00 a.m. (ET)**<br>**Obj. Deadline: October 15, 2019 at 4:00 p.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN AGREED ORDER AUTHORIZING
THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") hereby move the Court (the "Consent Motion") pursuant to section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order: (a) authorizing the Debtors to reject certain remaining executory contracts (the "Executory Contracts") and unexpired leases (the "Unexpired Leases" and together with the Executory Contracts and all as reflected on Exhibit 1 to the Agreed Order (as defined below), the "Contracts") effective *nunc pro tunc* to the Petition Date (as defined below) and (b) providing related relief required to effectuate the foregoing. In support of this Consent Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Consent Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

3.      The statutory bases for the relief requested herein are Bankruptcy Code section 365(a) and Bankruptcy Rule 6006.

4.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Consent Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5.      On August 9, 2019 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by each filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.  The Chapter 11 Cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      No trustee, examiner or committee of creditors has been appointed in the Chapter 11 Cases.

8.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Pinsonnault in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is incorporated herein by reference.[1]

---

[1] Capitalized terms not defined herein shall have the meanings provided to them in the First Day Declaration.

## RELIEF REQUESTED

9.      By this Consent Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Agreed Order"), (i) authorizing the Debtors to reject the Contracts listed on **Exhibit 1** to the Agreed Order, which are not subject to assumption and assignment under the proposed Sale, effective as of the date set forth in **Exhibit 1** to the Agreed Order, and (ii) granting such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF

A.      The Court Should Authorize the Rejection of the Contracts under Section 365(a) of the Bankruptcy Code as a Reasonable Exercise of the Debtors' Business Judgment

10.     Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). Courts generally authorize debtors to assume or reject executory contracts and unexpired leases where the debtors appropriately exercise their "business judgment." *See, e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

11.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. The "business judgment" test merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Trans World Airlines*, 261

B.R. 103, 121 (Bankr. D. Del. 2003) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849-50); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7-8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under Bankruptcy Code section 365 requires consideration of the benefit to the debtor's estate).

12.     With respect to rejection of executory contracts or unexpired leases, Bankruptcy Code section 365(a) enables debtors, for the benefit of the estate, to relieve themselves of future performance obligations under burdensome agreements.  *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) (stating that Bankruptcy Code section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (internal citations omitted)).

13.     The Debtors, in their sound business judgment, have determined that rejection of the Contracts is in the best interest of the Debtors' estates.  Because the Debtors have significantly reduced operations, they no longer have a need for the Contracts and have not been conducting any business or performing under the Contracts since the Petition Date.

B.     The Court Should Approve the Rejection of the Contracts
       Effective *Nunc Pro Tunc* to the Petition Date

14.     The Debtors seek approval of an effective rejection date for the Contracts *nunc pro tunc* to the Petition Date.  Courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting *nunc pro tunc* relief when doing so promotes the purposes of section 365(a).  *See, e.g.*, *Thinking Machines Corp. v Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion

- 4 -

filing date); *see also Pac. Shore Dev., LLC v. At Home Corp. (In re At Home Copr.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (same); *In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases *nunc pro tunc* to petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate").

15.     The Debtors are entitled to *nunc pro tunc* relief here because the Debtors and the Contract counterparties have not been conducting any business or performing under the Contracts since the Petition Date.  Additionally, both the Debtors and Contract counterparties agree to the requested relief.

## REQUEST FOR WAIVER OF STAY

16.     The Debtors seek a waiver of any stay of the effectiveness of the order approving this Consent Motion. Pursuant to Fed. R. Bankr. P. 6004(h), "[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." As set forth above, obtaining the relief requested herein as soon as possible is necessary to assist the Debtors' reorganization efforts.  Accordingly, to the extent Fed. R. Bankr. P. 6004(h) is applicable, the relief requested herein is appropriate under the circumstances and under Fed. R. Bankr. P. 6004(h).

## RESERVATION OF RIGHTS

17.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval, assumption, or rejection of any agreement, contract, or lease

under Bankruptcy Code section 365 other than those leases and contracts that are subject to this Consent Motion.  This Consent Motion should not be construed as a determination that any leases, sublease or executory contracts listed herein, or otherwise, is an executory contract.  As set forth above, the Debtors reserve their rights to adjourn this Consent Motion or to remove Contracts from Exhibit 1 to the Agreed Order with respect to any such Contracts that are deemed to be necessary with respect to the transition of the Debtors' business prior to the closing of the Sale.

18.    Nothing contained herein is intended or should be construed as a request or authorization to assume or reject any agreements under Bankruptcy Code section 365 other than those leases and contracts that are subject to this Consent Motion, a waiver of any party's rights to assert that any other party is in breach or default of any agreement, or an admission that any contract is integrated with any other contract or lease.

## NOTICE

19.    Notice of this Consent Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Agent; (c) counsel to the Prepetition Agents; (d) counsel to the Melody Lenders; (e) counsel to the McGinty Lender; (f) counsel to the Contract counterparties; (g) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

20.    No prior request for the relief requested herein has been made to this or any other court.

- 6 -

WHEREFORE, the Debtors respectfully request that the Court enter the Agreed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court deems appropriate.

Dated: September 30, 2019
      Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

 */s/     Ericka F. Johnson*
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 252-4320
Facsimile:    (302) 252-4330
Email:      matthew.ward@wbd-us.com
            ericka.johnson@wbd-us.com
-and-

**MCDERMOTT WILL & EMERY LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:    (212) 547-5400
Facsimile:    (212) 547-5444
Email: twwalsh@mwe.com
      dazman@mwe.com
      rorloff@mwe.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

<u>Agreed Order</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) (Jointly Administered) |
| Debtors. | **Re: Docket No. ____** |

## AGREED ORDER AUTHORIZING THE DEBTORS TO REJECT
## CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
## *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the *Motion of the Debtors for Entry of an Agreed Order Authorizing the Debtors to Reject Executory Contracts and Unexpired Leases* Nunc Pro Tunc *to the Petition Date* (the "Consent Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and this Court having found that it has jurisdiction to consider the Consent Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Consent Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Consent Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Consent Motion and having determined that the legal and factual bases set forth in the Consent Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Consent Motion.

withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Consent Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Code section 365(a) and Bankruptcy Rule 6006, the Debtors are authorized to reject the Contracts identified on **<u>Exhibit 1</u>** attached hereto. The rejection of the Contracts shall be effective as set forth in **<u>Exhibit 1</u>**.

3.      Within two (2) business days after entry of this Order, the Debtors shall serve this Order on the counterparties to the Contracts.

4.      Each Contract counterparty may file a claim based on the rejection of such Contract in accordance with any claims bar date that may be established by this Court.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity or amount of any particular claim against the Debtors; (b) a waiver of the Lessee's or any other Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Consent Motion; (e) a waiver of the Debtors' right to seek assumption, assumption and assignment, or rejection of additional contracts or leases; or (f) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

6.      The rejection of the Contracts authorized in this Order complies with the requirements of Bankruptcy Rule 6006(f).

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      Notice of the Consent Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Rules are satisfied by such notice.

9.      Notwithstanding the applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Order.

## **EXHIBIT 1**

Rejected Contracts

| Non-Debtor Counterparty | Non-Debtor Counterparty Notice Address | Description of Contract or Lease and Nature of Debtor's Interest | Effective Date of Rejection |
|---|---|---|---|
| Chugach Electric Association | 5601 Electron Drive Anchorage, AK 99518 | Natural Gas Exchange Agreement dated as of March 9, 2017 | 8/9/2019 |