**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: November 20, 2019 at 10:00 a.m. (ET)<br>Obj. Deadline: November 13, 2019 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

Furie Operating Alaska, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby submit this motion (the "Motion") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), granting an extension of the period of time to assume or reject unexpired leases (the "Unexpired Leases") of non-residential real property for an additional ninety (90) days, from December 9, 2019 (the "Assumption/Rejection Deadline"), through and including March 9, 2020,[2] without prejudice to the right of the Debtors to seek further extensions with the consent of the affected counterparties to the Unexpired Leases, as provided by Bankruptcy Code section 365(d)(4)(B)(ii).

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Assumption/Rejection Deadline automatically extends such deadline until such time as the Court rules on this Motion.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 365(d)(4)(B).

4. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On August 9, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Pinsonnault in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is incorporated herein by reference. Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

- 3 -

7. These Chapter 11 Cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. No trustee, examiner, or other committee has been appointed in these Chapter 11 Cases.

9. On September 26, 2019, the Court entered that certain *Order (A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Approving Procedures for Stalking Horse Bid Protections, (C) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (D) Approving the Form and Manner of Notice Thereof, (E) Approving Contract Assumption and Assignment Procedures and (F) Granting Related Relief* [Docket No. 185] (the "Bidding Procedures Order") pursuant to which the Court approved the Debtors' proposed bidding procedures (the "Bidding Procedures") for a sale all or substantially all of the Debtors' assets, including some or all of the Unexpired Leases.

## THE UNEXPIRED LEASES

10. The Debtors are parties to a number of leases that may be characterized as "unexpired" under the Bankruptcy Code (individually, an "Unexpired Lease," collectively, the "Unexpired Leases"). The Unexpired Leases may include surface lease agreements, state oil and gas leases, and certain other leases. Certain of these Unexpired Leases pertain to oil and gas interests, which generally consist of an interest in the oil and gas in place under a parcel of real property and the exclusive right to explore, drill, produce, and otherwise capture such oil and gas from the land. Through a written lease, owners of these interests lease or otherwise convey the exclusive right to capture oil and gas. As such, these Unexpired Leases are sources of revenue and

are therefore highly valuable assets of the Debtors' estates and are integral to the continued operation of the Debtors' businesses as well as the Debtors' continued marketing and sale efforts.

11. Pending their decision to assume and assign or reject each Unexpired Lease, the Debtors intend to perform all of their undisputed obligations arising from and after the Petition Date, in a timely fashion, to the extent required by section 365(d)(4) of the Bankruptcy Code, including the payment of postpetition rent obligations. The Debtors believe it is premature to assume and assign or reject the Unexpired Leases at this time because the Debtors are continuing to market and negotiate sales for the equity of substantially all of their assets. The Debtors are attempting to expedite their sale process, but have filed this Motion out of an abundance of caution because the sale process may not be complete prior to the Debtors' current deadline to assume or reject the Unexpired Leases.

12. More specifically, the Debtors' decision regarding whether to assume, assume and assign, or reject any particular Unexpired Lease depends on potential purchasers' decisions regarding whether these Unexpired Leases will be assumed and assigned in connection with the sale of substantially all of the Debtors' assets. The Debtors, in consultation with their advisors and potential purchasers, have been working diligently to review and analyze the Unexpired Leases. Due to the size and complexity of the Debtors' businesses and the ongoing process of marketing and selling substantially all of the Debtors' assets, the Debtors require more time to determine which Unexpired Leases will be assumed and assigned as a part of the Debtors' sale process and which will be rejected. To ensure that the Debtors maintain flexibility with respect to the Unexpired Leases as the sale process continues, the Debtors seek a 90-day extension of the Assumption/Rejection Deadline.

## BASIS FOR REQUESTED RELIEF

13. Section 365(d)(4) of the Bankruptcy Code provides both a 120-day window—and a discretionary 90-day extension—for the assumption or rejection of an unexpired nonresidential lease:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of

   (i) the date that is 120 days after the date of the order for relief; or

   (ii) The date of the entry of an order confirming the plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

   (ii) if the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

14. Courts consider the following nonexclusive factors to determine whether "cause" exists for purposes of a section 365(d)(4) extension:

   a. whether the debtor is paying for the use of the property;

   b. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

   c. whether the lease is the debtor's primary asset;

   d. whether the debtor has had sufficient time to formulate a plan of reorganization;

   e. the complexity of the case facing the debtor; and

   f. the number of leases the debtor must evaluate.

*See In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *see also In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to

consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72); *South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtors' cases and the number of leases the debtors must evaluate).

15. Courts in this district have consistently recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code. *See, e.g., Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Centers*, No. 96–26, CIV. A. 96–553–SLR, 1997 WL 538785 (D. Del. Aug. 13, 1997). As the United States Court of Appeals for the Third Circuit has stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs.*, 989 F.2d at 689; *see also Coleman Oil Co.v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n.5 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

16. Cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases. A number of factors weigh in favor of granting the requested extension.

17. **First**, pending the Debtors' decision to assume or reject the Unexpired Leases, the Debtors intend to perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by Bankruptcy Code section 365(d)(3). The Debtors are currently paying and will continue to pay the postpetition rent obligations that arise under the Unexpired Leases in the ordinary course of business. As such, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice or otherwise affect the

substantive rights of the lessors under the Unexpired Leases. *See, e.g, In re Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 854–55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

18. **Second**, many of the Unexpired Leases are an integral part of the Debtors' businesses and valuable to the estate. As previously stated, many of the Unexpired Leases are competitive oil and gas leases, which provide the Debtors with highly valuable control of, and access to, their oil and gas assets. In addition, many of the Unexpired Leases are sources of revenue and support the Debtors' exploration and production businesses. The Unexpired Leases are, therefore, some of the most important assets of the Debtors' estates. The Debtors are currently pursuing a sale of their equity or substantially all of their assets, which may require assigning certain Unexpired Leases to a potential buyer. The Unexpired Leases may, therefore, be critical components of the Debtors' planned sale process. The requested 90-day extension will, accordingly, enable the Debtors to make a fully informed decision regarding this crucial facet of their business operations.

19. **Third**, the Debtors' chapter 11 cases are large and complex. Since the Petition Date, the Debtors and their advisors have been required to focus on a number of activities that are critically important to the Debtors' chapter 11 cases including, among other things:

    (a)     stabilizing the Debtors' business operations in order to maximize the value of the Debtors' estates;

    (b)     negotiating and obtaining approval of the Debtors' debtor-in-possession financing and postpetition use of cash collateral to address the Debtors' liquidity needs;

  (c)  preparing the Debtors' schedules of assets and liabilities and statements of financial affairs, a process that included compiling information from books, records, and documents relating to thousands of claims, assets, and contracts from each entity in these chapter 11 cases; and

  (d)  coordinating with the U.S. Trustee and unsecured creditors to provide requested information on a variety of issues, including with respect to all of the Debtors' first day motions and various other causes of action.

Additionally, the Unexpired Leases may interrelate with the Debtors' other contractual agreements and legal obligations, and it is imperative that the Debtors have sufficient time to fully evaluate each Unexpired Lease. The Debtors may not know precisely which of the Unexpired Leases will form a basis of their go-forward operations until after the conclusion of their marketing process. Given the number of Unexpired Leases and lacking knowledge of the conclusion of the marketing process, the Debtors have not had the opportunity to assess fully their assignment and assumption and rejection options with respect to their entire pool of Unexpired Leases.

  20.  ***Fourth***, the Debtors have been working in good faith to execute a chapter 11 strategy that maximizes stakeholder recoveries. The Debtors and their advisors continue to work with their stakeholders, including the DIP Agent and Prepetition Term Loan Agent, and the DIP Notice Parties, regarding the progression of the marketing process and to resolve a claims investigation. As the Debtors progress this marketing process forward, the Debtors request a 90-day extension of the deadline to assume or reject the Unexpired Leases.

  21.  The Debtors' decision whether to assume or reject the Unexpired Leases is critical to the Debtors' efforts to maximize the value of their estates and maintain the integrity of their sale process. If the Debtors were compelled at this time to make a premature decision, they might be forced to prematurely reject the Unexpired Leases, which could lead to large and unwarranted claims against their estates if the Unexpired Leases would otherwise have been assumed and assigned as a part of the Debtors' sale process. The Debtors eventual decision whether to assume

or reject each Unexpired Lease should be based on the maximum amount of information available, and the Debtors respectfully request that they be given sufficient time to fully analyze the value of such leases to the Debtors' estates.

22.     Accordingly, the Debtors submit that cause exists for the Court to extend the Assumption/Rejection Deadline an additional 90 days, through and including March 9, 2020.

## RESERVATION OF RIGHTS

23.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as:  (a) an assumption or rejection of any of the Unexpired Leases under section 365(a) of the Bankruptcy Code;(b) an admission by the Debtors that a particular instrument is or is not a true lease or an Unexpired Lease; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim, contract, or lease is of a type specified or defined in this Motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

## NOTICE

24.     The Debtors have provided notice of this Application to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the DIP Agent; (d) counsel to the Prepetition Agents; (e) counsel to the Melody

Lenders; (f) counsel to the McGinty Lender; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; (h) the non-Debtor parties to the Unexpired Leases.  The Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

25. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Dated: November 5, 2019
       Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/    Ericka F. Johnson
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 252-4320
Facsimile:    (302) 252-4330
Email:        matthew.ward@wbd-us.com
               ericka.johnson@wbd-us.com

-and-

**MCDERMOTT WILL & EMERY LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:   (212) 547-5400
Facsimile:    (212) 547-5444
Email:        twwalsh@mwe.com
               dazman@mwe.com
               rorloff@mwe.com

*Counsel to the Debtors and Debtors in Possession*