**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11781 (LSS)<br>(Jointly Administered)<br><br>**Obj. Deadline: December 23, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: January 13, 2019 at 10:00 a.m. (ET)** |

**DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(e) AND
328(a) FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
OF STOEL RIVES LLP AS SPECIAL ALASKA COUNSEL TO THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Furie Operating Alaska, LLC ("Furie") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this application (the "Application"), pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form of **Exhibit A** attached hereto (the "Order"), authorizing the Debtors to retain and employ Stoel Rives LLP ("Stoel Rives" or the "Firm") as special Alaska counsel to the Debtors *nunc pro tunc* to the Petition Date (as defined below) on the terms set forth in the engagement letter, dated July 12, 2018 (the "Engagement Letter" attached hereto as **Exhibit D** (as periodically adjusted as of December 1, 2018). In support of this Application, the Debtors submit (i) the declaration of Tina M. Grovier, a partner

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

at Stoel Rives (the "Grovier Declaration"), a copy of which is attached hereto as **Exhibit B**, and (ii) the declaration of Scott M. Pinsonnault (the "Pinsonnault Declaration"), a copy of which is attached hereto as **Exhibit C**. In further support of the Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code sections 327(e), 328(a), and 330, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On August 9, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M.*

2

*Pinsonnault in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>"), which is incorporated herein by reference.  Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

7. These Chapter 11 Cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. No trustee, examiner, or other committee has been appointed in these Chapter 11 Cases.

## **SPECIFIC BACKGROUND**

9. Furie first engaged Stoel Rives in 2011 and has used the firm as its primary legal counsel for a number of years since then.  The services provided by the Firm include assistance with both local, Alaska law matters (where the Debtors' principal place of business is located), and specialized legal services relating to Furie's natural gas exploration and production business, including, among other things, assistance with tax credit financing, title opinions, gas sales agreements, oil and gas law, permitting, and environmental and regulatory compliance needs.  A complete list of the 26 separate matters (including certain "General" matters) that the Firm has opened for Furie is included in the Grovier Declaration.   The Debtors continue to require Stoel Rives' assistance with a range of local Alaska law and specialized matters.

## **RELIEF REQUESTED**

10. By this Application, the Debtors seek authorization to continue to employ Stoel Rives as their special Alaska counsel pursuant to Bankruptcy Code section 327(e), effective *nunc pro tunc* to the Petition Date.

3

## STOEL RIVES' QUALIFICATIONS

11.    Stoel Rives is one of the leading providers of legal services in Alaska. With more than a dozen attorneys in its Anchorage office and support from more than 350 attorneys firm-wide, Stoel Rives provides a broad range of services to the Debtors and its other Alaska clients, including expertise in the areas of environmental compliance and litigation; commercial litigation; tax and tax credit financing; real property and title opinions; and oil & gas law. Members of the Firm also have a deep knowledge of the Debtors' businesses and history that make the Firm especially qualified to assist the Debtors with their non-bankruptcy legal needs.

## SERVICES TO BE PROVIDED

12.    The legal services that Stoel Rives is expected to perform include, but are not limited to, the following legal services (listed in generally descending order from those expected to be the most to the least time intensive):

- Assistance with Local, State and Federal Regulatory and Permitting matters
- Assistance with Alaska Real Property and Oil & Gas Law, including providing Title Opinions and assistance with Gas Sales Agreements
- Assistance with State and Local Tax and royalty matters, including tax appeals
- Assistance with Alaska State and Federal Court Litigation, including the Shelf Litigation
- Local Counsel assistance with Financing matters
- Assistance with Alaska general corporate matters
- Advice regarding Employment Law matters

13.    The services described above are essential for the Debtors to operate their businesses and administer their estates.

## PROFESSIONAL COMPENSATION

14.    As set forth more fully in the Engagement Letter, Stoel Rives intends to apply for compensation from the Debtors for professional services rendered on an hourly basis. The Firm will also seek reimbursement of expenses incurred in connection with this representation. The

payment of Stoel Rives' fees and expenses by the Debtors will be subject to the Court's approval and the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedure or order of the Court.

15. A description of Stoel Rives' hourly fee structure is included within the Engagement Letter. As noted in the Engagement Letter, the Firm's rates are subject to periodic adjustment, which occurs effective as of December 1 each year. The hourly billing rates for Stoel Rives' attorneys and paralegals performing substantial work for the Debtors at the time of the 2018 engagement letter, for the first eleven months of 2019, and effective as of December 1, 2019 were and are as follows:

| Time Keeper Category | 2018 (Date of Engagement Letter) | 2019 (through November 30) | From and after December 1, 2019 |
|---|---|---|---|
| Most Senior Attorneys | $685 | $715 | $760 |
| Most Junior Associates | $300 | $320 | $345 |
| Paraprofessionals | $220-$230 | $230-$240 | $240-$250 |

Stoel Rives believes that these rates and this rate structure are appropriate and not significantly different from (a) the rates that Stoel Rives charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Stoel Rives will perform for the Debtors during these Chapter 11 Cases. If the Debtors' cases remaining pending in November 2020, Stoel Rives will provide notice to the Debtors, the United States Trustee, and the Court of the Firm's rate increases effective as of December 1, 2020. Stoel Rives has included itemized responses to the questions posed by section D(1) of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines") in the Grovier Declaration.

16. Consistent with Stoel Rives' policy regarding its other clients, and as set forth in more detail in the Grovier Declaration, Stoel Rives will charge for all other services provided and for other charges and disbursements incurred in the rendition of such services. These charges and disbursements include, among other things, costs for photocopying, telephone calls, travel, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

17. The Debtors submit that the engagement and retention of Stoel Rives on the terms and conditions set forth herein and in the Engagement Letter is necessary and in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and should be approved.

## NO DUPLICATION OF SERVICES

18. The Court has previously authorized the Debtors to retain: (a) McDermott Will & Emery LLP as bankruptcy counsel to the Debtors; (b) Womble Bond Dickinson (US) LLP as bankruptcy co-counsel to the Debtors; (c) Ankura Consulting Group, LLC to provide interim management services to the Debtors; (d) Seaport Global Securities LLC as investment banker to the Debtors; and (e) Prime Clerk LLC as administrative advisor and claims and noticing agent. The Debtors are committed to minimizing duplication of services. To that end, Stoel Rives and the Debtors' other professionals will coordinate their efforts to avoid the duplication of services.

## BASIS FOR RELIEF REQUESTED

19. Bankruptcy Code section 327(e) provides that a debtor, subject to court approval, may:

> employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

20. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 403 (Bankr. D. Del. 2005).

21. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (Bankr. D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand."); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand"). Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . . ." *Woodworkers Warehouse*, 323 B.R. at 406. In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

22. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth in the Grovier Declaration, Stoel Rives does not hold or represent any interest adverse to the Debtors on any matters in which it is to be engaged.

23. Here, the retention of Stoel Rives as special Alaska counsel for the Debtors, pursuant to Bankruptcy Code section 327(e), is important to ensuring the success of these Chapter 11 Cases. In light of Stoel Rives' experience, Stoel Rives is well-positioned to represent the Debtors with respect to the matters for which it is being retained. Therefore, the Debtors believe that Stoel Rives' retention is in the best interests of the Debtors' estates, and satisfies all other applicable standards for retention under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

24. In connection with their request for *nunc pro tunc* relief, the Debtors note that they originally proposed to engage Stoel Rives as one of their "ordinary course professionals". In response to concerns raised by the Office of the United States Trustee about the amount of work performed by the Firm, however, the Debtors and Stoel Rives concluded that the Firm should be retained pursuant to this Application under section 327(e), rather than under the Debtors' ordinary course professionals motion. The Firm has cooperated with the Debtors and their bankruptcy counsel in filing of this Application as soon as practicable following the decision not to include Stoel Rives in the ordinary course professionals motion.

## NOTICE

25. The Debtors have provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the DIP Agent; (d) counsel to the Prepetition Agents; (e) counsel to the

8

Melody Lenders; (f) counsel to the McGinty Lender; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

### NO PRIOR REQUEST

26. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain Stoel Rives at special Alaska counsel effective *nunc pro tunc* to the Petition Date and grant such other relief as the Court deems appropriate.

Dated: December 9, 2019

/s/ *Scott M. Pinsonnault*
Scott M. Pinsonnault
Interim Chief Operating Officer
Furie Operating Alaska, LLC