

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

Laurie Selber Silverstein
Judge

824 N. Market Street
Wilmington, DE 19801
(302) 252-2900

December 27, 2019

**Via CM/ECF Notification:**

Matthew P. Ward
Ericka F. Johnson
Womble Bond Dickinson LLP
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801

Alessandra Glorioso
Dorsey & Whitney LLP
300 Delaware Avenue Suite 1010
Wilmington, DE 19801

Mark D. Collins
Richards, Layton & Finger, P.A.
One Rodney Square 920 North King Street
Wilmington, Delaware 19801

Ricardo Palacio
Ashby & Geddes, P.A
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Alan M. Root
Archer & Greiner, P.C.
300 Delaware Ave., Suite 1100
Wilmington, DE 19801

Re: Furie Operating Alaska, LLC, et al., Case No. 19-11781 (LSS)

Dear Counsel:

This letter is to follow up on the hearing on the below motions:

1) Amended Motion of Bruce Webb and The Webb Family Trust (A) Seeking Authority and Standing to Pursue Derivative Claims, If Any, (B) Requesting an Extension of the Challenge Deadline, and (C) Requesting Conversion of Cases to Chapter 7, or, Alternatively, Appointment of Chapter 11 Trustee [Docket No. 283]

2) Motion of Certain Royalty and Working Interest Holders for Entry of an Order (I) Determining Nature of Certain Claims and (II) if Necessary, Granting Leave, Standing and Authority to Prosecute and, if Appropriate, Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 285].

Furie Operating Alaska, LLC- Case No. 19-11781
December 27, 2019
Page 2

As discussed, my chambers will reach out to schedule argument at a mutually convenient time. If there is not a mutually convenient time before January 13, 2020, we will hold argument on that day assuming there is time after the sale hearing. I ask that counsel keep chambers informed of the status of the sale hearing.

To make argument more helpful, I am reiterating some of the thoughts I stated at the conclusion of the hearing. My thoughts stem from the following passage in *In re HH Liquidation, LLC*, 590 B.R. 211, 284 (Bankr. D. Del. 2018) (internal citations omitted) (emphasis added):

> The Committee is neither a member nor an assignee. Under the plain language of the statute, the Committee has no standing to bring a breach of fiduciary duty claim. The Court's ruling in *In re Golden Guernsey Dairy, LLC*, is not to the contrary. Unlike a Chapter 7 trustee, which is empowered by statute to act as "the sole representative of the estate with the authority to sue and be sued," a creditors committee is a collection of unsecured creditors. **Its rights to assert derivative claims are limited to the derivative standing of its members**, none of whom have standing as creditors of a Delaware LLC to assert derivative claims of breach of fiduciary duty on behalf of the company.

I question the position set forth in the bolded language as I have never thought of a Committee as being, in essence, merely the sum of its parts. Questions/thoughts that spring to mind include:

1. *CML V, LLC v. Bax*, 6 A.3d 238, 242 (Del. Ch. 2010), *aff'd* 28 A.3d 1037 (Del. 2011) and 6 Del. C. § 18-1002 do not address an LLC bringing its own causes of action.
2. Is *CML V, LLC v. Bax*, 6 A.3d 238, 242 (Del. Ch. 2010), *aff'd* 28 A.3d 1037 (Del. 2011) being imported correctly into the bankruptcy context?
3. If *Bax* does not prevent a Committee or a creditor from bringing the debtor/LLC/estate causes of action, do creditors get more rights in bankruptcy than outside of bankruptcy. If so, why should that be the case?
4. The debtor/LLC's causes of action come into the estate (11 U.S.C. § 541) when a bankruptcy petition is filed. What is the nature of the estate?
5. In a chapter 11 case, the debtor-in-possession (as distinct from the debtor) is the entity with the right to bring the debtor/LLC's causes of action, now property of the estate (11 U.S.C. §§ 323, 1107).
6. If the debtor-in-possession commences a debtor/LLC's cause of action, does it do so as an estate representative? Could it be argued that the debtor-in-possession is somehow bringing the estate cause of action on a derivative basis?
7. What does it mean to be a trustee? an estate representative?

Furie Operating Alaska, LLC- Case No. 19-11781
December 27, 2019
Page 3

8. Am I empowered to approve another estate representative to bring the estate's causes of action when the debtor is a debtor-in-possession?
9. If I do so, is that estate representative bringing the claim derivatively?
10. Is there an argument that a chapter 11 trustee can't bring a debtor/LLC's cause of action because it would be brought derivatively? an § 1123(b)(3)(B) representative? an examiner, or an examiner with expanded powers? a chapter 7 trustee if the case is converted?
11. What does it mean to bring a claim derivatively in the bankruptcy context?
12. Do we think of derivative standing correctly in the bankruptcy context, or have we imported it into bankruptcy incorrectly? Compare to my thoughts in *In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 287 n 160 (Bankr. D. Del. 2017).
13. How do the Third Circuit's two *Cybergenics* decisions fit into this analysis, if at all? See my analysis in a different context in *In re Pursuit Capital Management, LLC*, 595 B.R. 631 (Bankr. D. Del. 2018).
14. Is there a difference between what a statutory estate representative can do and what a non-statutory estate representative can do? Should there be?
15. How does the internal affairs doctrine jive with *HH Liquidation*?
16. Can the internal affairs doctrine make Delaware's LLC statute irrelevant for claims other than breach of fiduciary duty claims, or for claims asserted against defendants who are not officers or directors?
17. Do *HH Liquidation* and the two Delaware bankruptcy cases agreeing with it apply to claims other than breach of fiduciary duty claims or claims asserted against defendants who are not officers or directors?
18. If *Bax* means that a Committee or creditors cannot bring a Debtor/LLC/ estate's causes of action against a lender, how does this impact first day hearings, particularly relief requested in DIP financing motions?

Of course, my questions may prompt further questions. If parties wish to file any further written submissions, please come to an agreement regarding timing and file no later than two days before argument.

Very truly yours,

*Laurie Selber Silverstein*
Laurie Selber Silverstein

LSS/cmb