IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11781 (LSS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 186<br><br>Requested Hearing Date: 2/20/2020 at 2:00 p.m. (EST)<br>Requested Objection Deadline: At the hearing |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE FORBEARANCE AGREEMENT TO DEBTOR-IN-POSSESSION CREDIT AGREEMENT PURSUANT TO THE FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING ON A SUPER-PRIORITY, SENIOR SECURED BASIS, (B) USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS, AND (III) MODIFYING THE AUTOMATIC STAY**

The debtors and debtors in possession (the "Debtors") file this *Motion for Entry of an Order Approving the Forbearance Agreement to Debtor-In-Possession Credit Agreement* (the "Motion") pursuant to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis, (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders, and (III) Modifying the Automatic Stay* [ECF No. 186] (the "Final DIP Order")[2] entered on September 26, 2019 by the United States Bankruptcy Court for the District of Delaware (this "Court").

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Final DIP Order and DIP Forbearance Agreement, as applicable.

attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to enter into that certain *Forbearance Agreement to Debtor-In-Possession Credit Agreement*, dated as of February 17, 2020 (the "DIP Forbearance Agreement"), modifying that certain *Debtor-in-Possession Credit Agreement*, dated as of August 14, 2019 (the "DIP Credit Agreement").  A copy of the DIP Forbearance Agreement is attached to the Order as **Exhibit 1**.

2.  Due to the exigent need for approval of the DIP Forbearance Agreement, the Debtors will be filing a motion to shorten contemporaneously herewith (the "Motion to Shorten") to request that the Court schedule a hearing (the "Hearing") to hear any objections to the DIP Forbearance Agreement and consider entry of the Order on February 20, 2020 at 2:00 p.m. (prevailing Eastern Time), before the Honorable Laurie Selber Silverstein at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.  The Debtors' Motion to Shorten also requests that objections not need to be in writing, and instead may be presented orally at the Hearing.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a) and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

6. On August 14, 2019, the Debtors entered into the DIP Credit Agreement.

7. On September 26, 2019, the Court entered the Final DIP Order, allowing the Debtors to obtain postpetition financing pursuant to the terms and conditions of the DIP Credit Agreement.

8. Paragraph Q of the Final DIP Order (Amendment of DIP Documents) provides that any material amendment, restatement, modification, or supplement to the DIP Documents, including the DIP Credit Agreement, may only be made pursuant to an order of this Court, upon notice and a hearing.

9. On February 6, 2020, the DIP Agent delivered to the Debtors that certain *Letter re: Notice of Events of Default; Reservation of Rights*, dated as of that date, notifying the Debtors that certain Events of Default have occurred and are continuing.

10. Subject to Bankruptcy Court approval, the Debtors, the DIP Agent, and the DIP Lenders have entered into the DIP Forbearance Agreement.

11. Pursuant to the DIP Forbearance Agreement, the DIP Lenders agree, solely with respect to the Specified Defaults, to forbear from exercising all of their default-related rights and remedies against the Debtors while the Debtors pursue confirmation of an amended plan of reorganization that will provide for the acquisition of new equity interests by Kachemak Exploration LLC. In exchange, the Debtors agree to, among other things, operate in accordance with the New Approved Budget (as defined below), amend certain covenants and reporting

WBD (US) 48670304v2

requirements contained in the DIP Credit Agreement, and reaffirm the releases and exculpations provided under the DIP Credit Agreement and Final DIP Order.

13. For the avoidance of doubt, the DIP Forbearance Agreement does **not** provide for the disbursement of additional DIP funds, and the Debtors will **not** be incurring any additional indebtedness pursuant to the DIP Forbearance Agreement.

## BASIS FOR RELIEF

**I.     Entry Into the DIP Forbearance Agreement Is in the Debtors' Best Interests.**

13. Entry into the proposed DIP Forbearance Agreement is in the best interests of the Debtors and their estates, and is essential to the completion of these Chapter 11 Cases. The Debtors are working diligently to bring these Chapter 11 Cases to a successful conclusion. Contemporaneously with the DIP Forbearance Agreement, the Debtors filed the *Debtors' Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Settlements Between the Debtors, the Lender Parties, the Buyer, the Webb Litigants, and the RWIO Litigants* (the "Webb/RWIO Settlement Motion"), and the *Debtors' Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Settlement Between the Debtors and APC* (the "APC Settlement Motion" and, together with the Webb/RWIO Settlement Motion, the "Settlement Motions"), which motions will resolve the main litigation obstacles to the successful completion of these Chapter 11 Cases. The DIP Forbearance Agreement will provide the Debtors with the additional time and financial leeway necessary to pursue confirmation of an amended plan of reorganization that will embody the terms of the Settlement Agreements and the Acquisition by Foreclosure Agreement and maximize the value of the Debtors' estates for all stakeholders.

Accordingly, the Debtors respectfully submit that approval of the DIP Forbearance Agreement is in the best interests of the Debtors and all other interested parties.

14. Section 364 of the Bankruptcy Code governs a debtor's ability to secure postpetition financing. 11 U.S.C. § 364. Under section 364 of the Bankruptcy Code, a court may authorize a debtor to obtain postpetition secured credit, so long as the debtor demonstrates that its decision to enter into a postpetition secured credit agreement represents a sound exercise of the debtor's business judgment and such agreement does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code. *See, e.g.*, *In re Farmland Indus., Inc.*, 294 B.R. 855, 886 (Bankr. W.D. Mo. 2003) ("Business judgments should be left to the board room and not to this Court"); *In re Trans World Airlines, Inc.*, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (approving a postpetition loan and receivables facility because such facility "reflect[ed] sound and prudent business judgment"). The business judgment rule is not an onerous standard and may be satisfied "as long as the proposed action *appears* to enhance the debtor's estate." *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 463–64 (B.A.P. 8th Cir. 2003) (citation omitted) (emphasis in original, text modifications removed); *see also In re AbitibiBowater*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (the business judgment standard is "not a difficult standard to satisfy").

15. The Debtors respectfully submit that their entry into the DIP Forbearance Agreement is a sound exercise of their business judgment and warrants Court approval. Most importantly, the DIP Forbearance Agreement will allow the Debtors to seek to confirm a chapter 11 plan, while preserving the rights of the DIP Lenders that made the Debtors' sale process possible. Furthermore, the DIP lenders are not seeking any additional fees, or increase in interest rates under the DIP Forbearance Agreement, nor will the modifications to the variance reporting covenants impose any meaningful burden on the estates. Accordingly, the Debtors submit that the

entry into the DIP Forbearance Agreement is a sound exercise of their business judgment, and respectfully request that the Court grant this motion and authorize the Debtors to enter into the DIP Forbearance Agreement.

**II.     Waiver of the Stay Period Under Bankruptcy Rule 6004(h) Is Appropriate.**

16.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that there is no reason to delay the effectiveness of the order approving this motion. The forbearance and amendments within the DIP Forbearance Agreement are immediately necessary to provide the Debtors with runway to pursue confirmation of a plan of reorganization and emerge from chapter 11. Entry into the DIP Forbearance Agreement is inextricably tied to the Settlement Agreements, and a requirement for the parties thereto. In addition, the DIP Forbearance Agreement does not require the payment of any additional fees or the burden of any additional debt. Accordingly, waiver of the 14-day stay period under Bankruptcy Rule 6004(h) is appropriate.

**UPDATED AND APPROVED BUDGET**

17.    The Debtors have prepared an updated budget for approval in connection with approval of the DIP Forbearance Agreement, a copy of which is attached to the DIP Forbearance Agreement as **Exhibit B** (the "New Approved Budget"). The New Approved Budget has been approved by the DIP Agent and DIP Lenders. Contingent upon the effectiveness of the DIP Forbearance Agreement, the New Approved Budget will become the "Approved Budget" (as defined in the DIP Documents).

**NOTICE**

18. The Debtors have provided notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Prepetition Agents; (iii) counsel to the Melody Lenders; (iv) counsel to the McGinty Road Lender; (v) counsel to the Buyer; (vi) the Internal Revenue Service; and (vii) all parties that have filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided. To the extent that, upon review of the Motion to Shorten, the Court determines that further notice is warranted, the Debtors will provide such other or further notice required pursuant to the order granting the Motion to Shorten.

**NOTICE**

19. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: February 18, 2020
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Ericka F. Johnson
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
S. Alexander Faris (DE Bar No. 6278)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
        ericka.johnson@wbd-us.com
        alexander.faris@wbd-us.com

-AND-

**MCDERMOTT WILL & EMERY LLP**
Timothy W. Walsh (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:  (212) 547-5400
Facsimile:  (212) 547-5444
Email:  twwalsh@mwe.com
        rorloff@mwe.com

*Counsel for the Debtors and Debtors in Possession*