## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 14, 185, 528 & 565** |

## NOTICE OF (I) PROPOSED SALE APPROVAL ORDER AND
## (II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
## OR UNEXPIRED LEASES AND CURE AMOUNT

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on August 9, 2019 (the "**Petition Date**").

**PLEASE TAKE FURTHER NOTICE** that, on August 9, 2019, the Debtors filed a motion (the "**Sale Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the proposed sale of substantially all of the Debtors' assets, subject to the submission of higher or otherwise better offers in an auction process, (b) the form and manner of notice related thereto and (c) procedures for the assumption and assignment of contracts and leases in connection with the sale (the "**Assumption and Assignment Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, on September 26, 2019, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the sale, the Auction, and the Assumption and Assignment Procedures.

**PLEASE TAKE FURTHER NOTICE** that, on February 21, 2020, the Court entered an order (the "**Sale Authorization Order**") authorizing, among other things, the Debtors' entry into that certain *Acquisition by Foreclosure Agreement* dated as of February 17, 2020 (the "**AFA**"), by and among the Debtors and Kachemak Exploration LLC, a Delaware limited liability company (the "**Acquirer**"). The Acquirer is a newly formed entity controlled by Melody Capital Partners, L.P. ("**Melody Capital**") and GFR Holdings, LLC, (together with Melody Capital, the "**Shareholders**"). Melody Capital is an affiliate of Melody Capital Partners FDB Credit Fund,

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order, or it not defined therein, then in Sale Motion.

LLC, Melody Capital Partners Onshore Credit Fund, L.P., Melody Capital Partners Offshore Credit Mini-Master Fund, L.P., and Melody Special Situations Offshore Credit Mini-Master Fund, L.P., each of which is a DIP Lender and Prepetition Term Loan Lender.

**PLEASE TAKE FURTHER NOTICE** that, upon the closing of the transactions set forth in the AFA, which include the sale of Equity Interests (as defined in the AFA) upon the effective date of a confirmed plan of reorganization (collectively, the "**Transaction**"), the Debtors intend to assume and assign to the reorganized Debtors the Potentially Assumed Contracts. A schedule listing the potential Potentially Assumed Contracts (the "**Executory Contract List**") is attached hereto and may also be accessed free of charge on the Debtors' case information website, located at **https://cases.primeclerk.com/furieoperatingalaska** (please see the Sale Tab for sale-related documents). In addition, the "**Cure Claims**," if any, necessary for the assumption and assignment of the Potentially Assumed Contracts are set forth on the Executory Contract List. *Each Cure Claim listed on the Executory Contract List represents all liabilities of any nature that the Debtors believe they have arising under an Assumed Contract prior to the closing of the Transaction, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Transaction. If you believe your Cure Claim is listed with an incorrect amount on the Executory Contract List, you must object in accordance with the procedures described in this Notice.*

**PLEASE TAKE FURTHER NOTICE** that this *Notice of (I) Proposed Sale Approval Order and (II) Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* is being served to notify all parties in interest (i) of entry of the Sale Authorization Order, (ii) that the deadlines set with respect to the Assumption and Assignment Procedures have been adjourned and reset to the dates set forth herein, and (iii) of the Debtors' intention to seek additional findings of fact and relief sought with respect to the Transaction, the Sale Motion, and the Assumption and Assignment Procedures in the proposed sale approval order attached hereto (the "**Proposed Sale Approval Order**") at the Sale Hearing (as defined below) .

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A POTENTIAL PARTY IN INTEREST IN THE CHAPTER 11 CASES OR HAVE BEEN IDENTIFIED AS A CONTRACT COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT**.

**IF YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A CONTRACT COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT**, subject to the terms of the Assumption and Assignment Procedures, the Debtors or the Acquirer may, at any time prior to the closing of the Transaction, (a) designate a Contract on the attached Executory Contract List as an Assumed Contract or as a Contract that will not be assumed and assigned to the Acquirer (an "**Excluded Contract**"), (b) add a Contract to the Executory Contract List or (c) modify the previously-stated Cure Claims associated with any Proposed Assumed Contract. The Assumption and Assignment Procedures further provide that any Contract Counterparty whose Contract is added to the Executory Contract List after the date hereof, or whose previously-stated Cure Claim is modified, will in each case receive notice thereof and an opportunity to file an Assumption and Assignment Objection which deadline shall be no less than fourteen (14) calendar days after service of such notice on the affected Contract Counterparties. **The assumption and assignment of the Contracts on the Executory Contract**

**List is not guaranteed and is subject to approval by the Court and the Debtors' or the Acquirer's right to not designate a Contract on the Executory Contract List as an Assumed Contract.**

### Obtaining Additional Information

Copies of the Sale Motion, the Bidding Procedures Order, the Sale Authorization Order, the Proposed Sale Approval Order, and the AFA, as well as all related exhibits, including all other documents filed with the Clerk of the Court, are available free of charge on the Debtors' case information website, located at **https://cases.primeclerk.com/furieoperatingalaska** (please see the Sale Tab for sale-related documents).

Upon request by a counterparty under any Contract to the Debtors' counsel listed at the end of this notice, counsel to the Acquirer shall provide, by electronic mail, the Adequate Assurance Information (as defined in the Bidding Procedures).

### Important Dates and Deadlines

(i)     **Assumption and Assignment Objection Deadline**. The deadline to file an objection with the Court to the proposed assumption and assignment of an Assumed Contract (an "**Assumption and Assignment Objection**"), including any objection relating to the Cure Claim, was **4:00 p.m. (prevailing Eastern Time) on October 23, 2019** (the "**Assumption and Assignment Objection Deadline**").

(ii)    **Adequate Assurance Objection Deadline.**  The deadline to file an objection with the Court relating to the adequate assurance of the Acquirer's future ability to perform under an Assumed Contract (an "**Adequate Assurance Objection**") is **12:00 p.m. (prevailing Eastern Time) on March 2, 2020** (the "**Adequate Assurance Objection Deadline**").

(iii)   **Sale Objection Deadline**. The deadline to file an objection with the Court to the proposed findings of fact and relief sought in the Proposed Sale Approval Order (a "**Sale Objection**") is **12:00 p.m. (prevailing Eastern Time) on March 2, 2020** (the "**Sale Objection Deadline**").

(iv)    **Sale Hearing**. A hearing (the "**Sale Hearing**") to consider the Proposed Sale Approval Order will be held before the Court at **2:00 p.m. (prevailing Eastern Time) on March 4, 2020**, or such other date as determined by the Court, at 824 North Market Street, Wilmington, Delaware 19801.

### Filing Adequate Assurance and Sale Objections

An Adequate Assurance Objection, which is an objection to the adequate assurance of the Acquirer's future ability to perform under an Assumed Contract, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, (d) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Adequate Assurance Objection**

**Deadline**, and (e) be served at the same time on (1) proposed counsel for the Debtors, Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19081 (Attn: Matthew P. Ward and Ericka F. Johnson; matthew.ward@wbd-us.com, ericka.johnson@wbd-us.com); and McDermott Will & Emery LLP, 340 Madison Ave., New York, New York 10173 (Attn: Timothy W. Walsh and Riley T. Orloff; twwalsh@mwe.com, rorloff@mwe.com), (2) counsel to the DIP Agent and Prepetition Term Loan Administrative Agent, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: Chad Husnick and Benjamin Rhode; chusnick@kirkland.com; benjamin.rhode@kirkland.com); Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn: George Klidonas; george.klidonas@kirkland.com), (3) counsel to Melody Capital and the Acquirer, Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Abhilash M. Raval and Lauren C. Doyle; araval@milbank.com, ldoyle@milbank.com), and (4) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801 (Attn: Juliet Sarkessian; Juliet.M.Sarkessian@usdoj.gov) (the "**Objection Notice Parties**").

Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Clerk of the Court, 824 North Market Street, Wilmington, Delaware 19801, by no later than the **Sale Objection Deadline** and (d) be served on the Objection Notice Parties.

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*Any Contract Counterparty to an Assumed Contract who fails to timely make an objection to the proposed assumption and assignment of such contract or lease on or before the Assumption and Assignment Objection Deadline or, if applicable, the Adequate Assurance Objection Deadline, in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order and this Notice shall be deemed to have consented to the Cure Claims set forth in the Potential Assumption and Assignment Notice and forever barred from asserting any objection or claims against the Debtors, the Acquirer, or the property of any such parties, relating to the assumption and assignment of such contract or lease, including asserting additional Cure Claims with respect to such contract or lease. Notwithstanding anything to the contrary in such contract or lease, or any other document, the Cure Claims set forth in the Potential Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assumed Contract under section 365(b) of the Bankruptcy Code arising out of or related to any events occurring prior to the closing of the Transaction, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise.*

*Any party or entity who fails to timely make an objection to the Transaction on or before the Sale Objection Deadline shall be forever barred from asserting any objection to the Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances and other interests.*

*[Remainder of This Page Intentionally Left Blank]*

Dated: February 21, 2020
     Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Ericka F. Johnson*
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:    matthew.ward@wbd-us.com
          ericka.johnson@wbd-us.com

-and-

MCDERMOTT WILL & EMERY LLP
Timothy W. Walsh (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email:    twwalsh@mwe.com
          rorloff@mwe.com

*Counsel to the Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

(Potentially  Assumed Contracts)

| LastName | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode | Country |
|---|---|---|---|---|---|---|---|---|
| ACS Long Distance; ACS Internet LLC d/b/a | | | | | | | | |
| Alaska Communications | Attn: General Counsel | 600 Telephone Avenue | | | Anchorage | AK | 99503 | |
| Advanced Drilling Solutions LLC | Attn: General Counsel | 4906 Ambassador Caffery | Building H, Suite 800 | | Lafayette | LA | 70508 | |
| AIM Alaska LLC | Attn: General Counsel | 8160 Greenwood Street | | | Anchorage | AK | 99518 | |
| Air Pollution Testing Inc | Attn: General Counsel | 5530 Marshall Street | | | Arvada | CO | 80002 | |
| Alaska Electric and Energy Cooperative Inc | Attn: General Counsel | 3977 Lake Street | | | Homer | AK | 99603 | |
| Alaska Electric and Energy Cooperative Inc | Attn: General Manager | 3977 Lake Street | | | Homer | AK | 99603 | |
| Alaska Pipeline Company | Attn: Gas Supply | 3000 Spenard Road | | | Anchorage | AK | 99503 | |
| Alaska Pipeline Company | Attn: General Counsel | 3000 Spenard Road | | | Anchorage | AK | 99519 | |
| Alaska Pipeline Company | Attn: President | 3000 Spenard Road | | | Anchorage | AK | 99503 | |
| Alaskan Seismic Ventures | Attn: General Counsel | 4430 Mitzie Court | | | Wasilla | AK | 99654 | |
| Alaskan Seismic Ventures LLC | Attn: General Counsel | 4430 Mitzie Court | | | Wasilla | AK | 99654 | |
| All American Oilfield Associates LLC | Attn: Pete Dickinson | 14896 Kenai Spur Highway | Suite 203 | | Kenai | AK | 99611 | |
| Ally Financial | Attn: General Counsel | Ally Detroit Center | 500 Woodward Avenue | | Detroit | MI | 48226 | |
| American Petroleum Tankers LLC | Attn: Robert Kurz | 9487 Regency Square Boulevard | | | Jacksonville | FL | 32225 | |
| American Petroleum Tankers LLC | Attn: R. Stephen Wilson | 1102 SW Massachusetts St | | | Seattle | WA | 98134-1030 | |
| Ankura Consulting Group LLC | Attn: General Counsel | 2000 K Street NW | 12th Floor | | Washington | DC | 20006 | |
| Apache Alaska Corporation | c/o Apache corporation | Attn: President or General Counsel | 2000 Post Oak Boulevard | Suite 100 | Houston | TX | 77056 | |
| Aspen Specialty Insurance Company | Attn: General Counsel | 175 Capital Boulevard | Suite 300 | | Rocky Hill | CT | 06067 | |
| Aspen Specialty Insurance Company | 590 Madison Ave | 7th Floor | | | New York | NY | 10022 | |
| ASRC Energy Services Alaska Inc | Attn: Joseph Hegna | 3900 C Street | Suite 701 | | Anchorage | AK | 99503 | |
| ASRC Energy Services E & P Technology Inc | Attn: Jeremy Parker | 3900 C Street | Suite 701 | | Anchorage | AK | 99503 | |
| Aurora Gas LLC | Attn: J. Edward (Ed) Jones | 1400 W Benson Blvd | | | Anchorage | AK | 99503 | |
| Aurora Gas LLC | Attn: J. Edward (Ed) Jones | 4645 Sweetwater Boulevard | Suite 200 | | Sugar Land | TX | 77479 | |
| Baker Hughes Oilfield Operations Inc | Attn: General Counsel | 17021 Aldine Westfield Road | | | Houston | TX | 77073 | |
| Baker Hughes Oilfield Operations LLC | Attn: Contracts Administration | 17021 Aldine Westfield Road | | | Houston | TX | 77073 | |
| Baker Petrolite Corporation | Attn: General Counsel | 12645 W Airport Blvd | | | Sugar Land | TX | 77478 | |
| Baker Petrolite Corporation | Attn: General Counsel | 17021 Aldine Westfield Road | | | Houston | TX | 77073 | |
| Baker Petrolite LLC | Attn: Contracts Administration | 17021 Aldine Westfield | | | Houston | TX | 77073 | |
| Berkshire Hathaway Homestate Insurance Co. | PO Box 31361 | | | | Omaha | NE | 68131-0361 | |
| BJ Services Company USA | Attn: General Counsel | 4601 Westway Park Blvd. | | | Houston | TX | 77092 | |
| BlueCrest Alaska Operating LLC | Attn: John Martineck, Chief Operating Officer | 1320 South University Drive | Suite 825 | | Fort Worth | TX | 76107 | |
| BlueCrest Alaska Operating LLC | Attn: John M. Martineck | 1320 South University Drive | Suite 825 | | Fort Worth | TX | 76107 | |
| BlueCrest Alaska Operating LLC | Attn: Larry W. Burgess | 1320 South University Drive | Suite 825 | | Fort Worth | TX | 76107 | |
| Bluecrest Alaska Operating LLC | Attn: Mike Carne, Corporate Controller | 1320 South University Drive | Suite 825 | | Fort Worth | TX | 76107 | |
| BOS Solutions Inc | Attn: Rick Garland | 10343 Sam Houston Park Drive | Suite 120 | | Houston | TX | 77064 | |
| Briley & Associates | Attn: General Counsel | 1577 C Street | Suite 101 | | Anchorage | AK | 99501 | |
| Bruce D. Webb | 7420 Solarset Circle | | | | Anchorage | AK | 99501 | |
| Buccaneer Alaska Operations LLC | Attn: Andy Rike | 215 Fidalgo Avenue 100 | | | Kenai | AK | 99611 | |
| C&D Production Specialist Co Inc | Attn: General Counsel | PO Box 1489 | | | Larose | LA | 70373 | |
| Cameron International Corporation | Attn: Mark Kerschion | 600 East 57th Place | Suite A | | Anchorage | AK | 99518 | |
| Carr Riggs & Ingram LLC | Attn: General Counsel | 2 Riverway | 15th Floor | | Houston | TX | 77056 | |
| CEESI Measurement Solutions Inc | Attn: General Counsel | 54043 County Rd. 37 | | | Nunn | CO | 80648 | |
| Chugach Electric Association Inc | Attn: Lee Thibert | 5601 Electron Drive | | | Anchorage | AK | 99518 | |
| CISPRI | Attn: General Manager | PO Box 7314 | | | Nikiski | AK | 99635 | |
| CISPRI Services LLC | Attn: General Counsel | 51377 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| Coffman Engineers Inc | Attn: General Counsel | 800 F Street | | | Anchorage | AK | 99501 | |
| Command Performance LLC | 15863 Childress Drive | | | | Lindale | TX | 75771 | |
| Comprator GmbH | Attn: General Counsel | Siebenmorgenstrasse 5 | | | Korntal, Munchingen | | 70825 | Germany |
| ConocoPhillips Alaska Inc | Attn: President or General Counsel | 700 G Street | | | Anchorage | AK | 99501 | |
| Cook Inlet Energy LLC | c/o Hart Energy | 1616 S. Voss Road | Suite 1000 | | Houston | TX | 77057 | |
| Cook Inlet Energy LLC | c/o Hart Energy | Attn: President or General Counsel | 1616 S. Voss Road | Suite 1000 | Houston | TX | 77057 | |
| Cook Inlet Natural Gas Storage Alaska LLC | Attn: CINGSA Operators | PO Box 190989 | | | Anchorage | AK | 99519 | |

| LastName | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode | Country |
|---|---|---|---|---|---|---|---|---|
| Cook Inlet Regional Citizens Advisory Council | Attn: General Counsel | 8195 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| Cook Inlet Spill Prevention and Response Inc | Attn: General Manager | 51377 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| Cook Inlet Spill Prevention and Response Inc | Attn: President or Genereal Counsel` | 51377 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| Cosmo Oil of USA Inc | Attn: President or General Counsel | 1800 West Loop South # 1810 | Suite 550 | | Houston | TX | 77027 | |
| Cosmo Oil of USA Inc | Attn: Shingo Matsuo | 1800 West Loop South | Suite 1810 | | Houston | TX | 77027 | |
| Cruz Construction Inc | Attn: Craig Thompson | 7000 East Palmer-Wasilla Highway | | | Palmer | AK | 99645 | |
| Danny S. Davis | 5005 Riverway | Suite 440 | | | Houston | TX | 77056 | |
| David W. Elder | 18153 Bal Harbour | | | | Houston | TX | 77058 | |
| Delta Western Inc | Attn: President or General Counsel | 420 L Street, Suite 101 | | | Anchorage | AK | 99501 | |
| Deutsche Oel & Gas AG | Attn: General Counsel | Gerokstrasse 33 | | | Stuttgart | | 70184 | Germany |
| Dowland-Bach Corporation | Attn: General Counsel | 6130 Tuttle Place | | | Anchorage | AK | 99507 | |
| Drilling Services of America Inc | Attn: Charlet Champagne | PO Box 580 | | | Carencro | LA | 70520 | |
| Eaton Oil Tools Inc | Attn: Edward Eaton | PO Box 1050 | | | Broussard | LA | 70518 | |
| Emerald Alaska | c/o NRC Alaska, LLC | Attn: General Counsel | 425 Outer Springer Loop Road | | Palmer | AK | 99645 | |
| Energy Capital Partners Mezanine Opportunities Fund A, LP | as ECP Administrative Agent | Attn: Nazar Massouh | 51 JFK Parkway, Suite 200 | | Short Hills | NJ | 07078 | |
| Energy Capital Partners Mezzanine (Alaska Midstream Co-invest) II LP | Attn: General Counsel | 51 John F. Kennedy Parkway | Suite 200 | | Short Hills | NJ | 07078 | |
| Energy Capital Partners Mezzanine (Alaska Midstream Co-invest) LP | Attn: General Counsel | 51 John F. Kennedy Parkway | Suite 200 | | Short Hills | NJ | 07078 | |
| Energy Capital Partners Mezzanine Opportunities Fund A LP | Attn: Andy Singer | 12680 High Bluff Drive | Suite 400 | | San Diego | CA | 92130 | |
| Energy Capital Partners Mezzanine Opportunities Fund A LP | Attn: General Counsel | 12680 High Bluff Drive | Suite 400 | | San Diego | CA | 92130 | |
| Energy Capital Partners Mezzanine Opportunities Fund A LP | Attn: General Counsel | 51 John F. Kennedy Parkway | Suite 200 | | Short Hills | NJ | 07078 | |
| Energy Capital Partners Mezzanine Opportunities Fund A LP | Attn: Trent J. Kososki | 51 JFK Parkway | Suite 200 | | Short Hills | NJ | 07078 | |
| Energy Capital Partners Mezzanine Opportunities Fund B LP | Attn: General Counsel | 12680 High Bluff Drive | Suite 400 | | San Diego | CA | 92130 | |
| Energy Capital Partners Mezzanine Opportunities Fund LP | Attn: General Counsel | 51 John F. Kennedy Parkway | Suite 200 | | Short Hills | NJ | 07078 | |
| Exploitation Technologies LLC | Attn: General Counsel | 63 Champions Bend Circle | | | Houston | TX | 77069 | |
| Expro Americas LLC | Attn: General Counsel | 738 Highway 6 South | Suite 1000 | | Houston | TX | 77079 | |
| FireStar Oilfield Services | Attn: President or General Counsel | 1301 Huffman Rd | | | Anchorage | AK | 99515 | |
| First Insurance Funding | Attn: General Counsel | 450 Skokie Boulevard | Suite 1000 | | Northbrook | IL | 60062-3709 | |
| First Insurance Funding | Attn: General Counsel | 450 Skokie Boulevard | Suite 1000 | | Northbrook | IL | 60062-7917 | |
| Flint Hills Resources Alaska LLC | Attn: Gene Bell | 1100 H&H Lane | | | North Pole | AK | 99705 | |
| Flint Hills Resources Alaska LLC | Attn: Pat Hallett | 1076 Ocean Dock Road | | | Anchorage | AK | 99501 | |
| Forcenergy Inc | Attn: General Counsel | 310 K Street | Suite 700 | | Anchorage | AK | 99501 | |
| Forest Oil Corporation | Attn: General Counsel | 310 K Street | Suite 700 | | Anchorage | AK | 99501-3560 | |
| Fugro Chance Inc; Fugro GeoServices Inc; Fugro-McClelland Marine Geosciences Inc | Attn: Wade Jumonville | 200 Dulles Drive | | | Lafayette | LA | 70506 | |
| GCI Communication | Attn: Mark Johnson | 11260 Old Seward Highway | Suite 105 | | Anchorage | AK | 99515 | |
| Geoservices Inc | Attn: General Counsel | 1325 South Dairy Ashford Road | | | Houston | TX | 77077 | |
| Global Diving & Salvage Inc | Attn: General Counsel | 3840 West Marginal Way Southwest | | | Seattle | WA | 98106 | |
| Gyrodata Inc | Attn: Steve Mullin, Marketing Director | 23000 Northwest Lake Drive | | | Houston | TX | 77095 | |
| Halliburton Energy Services Inc | Attn: General Counsel | 3000 North Sam Houston Parkway East | | | Houston | TX | 77032 | |
| Hanover Insurance Company | c/o McGriff, Seibels & Williams of Texas, Inc. | Attn: General Counsel | 818 Town & Country Boulevard   Suite 500 | | Houston | TX | 77024 | |
| Hanover Insurance Company | Attn: General Counsel | 440 Lincoln Street | | | Worcester | MA | 01653 | |
| Hilcorp Alaska LLC | Attn: Chris Myers | 3800 Centerpoint Drive | Suite 100 | | Anchorage | AK | 99519-6247 | |

| LastName | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode | Country |
|---|---|---|---|---|---|---|---|---|
| Hilcorp Alaska LLC | Attn: General Counsel | 3800 Centerpoint Drive | Suite 1400 | | Anchorage | AK | 99503 | |
| Hilcorp Alaska LLC | Attn: Stanley W. Golis | 3800 Centerpoint Drive | Suite 100 | | Anchorage | AK | 99519-6247 | |
| Homer Electric Association Inc | Attn: General Counsel | 3977 Lake Street | | | Homer | AK | 99603 | |
| Industrial & Oilfield Services Inc | Attn: Jacob Landry | PO Box 247 | | | Erath | LA | 70533 | |
| Jacobs Technology Inc | Attn: General Counsel | 1999 Bryan Street | Suite 1200 | | Dallas | TX | 75201 | |
| Kadmas Limited; Offshore Drilling Solutions LLC; Nordic Overseas Drilling and Services GmbH | Attn: General Counsel | 114 The Strand | | | Griza | | | Malta |
| Kay Rieck | Taj Grandeur Residences | Crescent Road West | Palm Jumeirah | | Dubai | | | United Arab Emirates |
| Kenai Beluga Pipeline LLC | Attn: Edmund Jaroch, Vice President and Pipeline Manager | 3800 Centerpoint Drive | Suite 1400 | | Anchorage | AK | 99503 | |
| Kenai Beluga Pipeline LLC | Attn: General Counsel | 3800 Centerpoint Drive | Suite 1400 | | Anchorage | AK | 99503 | |
| Kenai Beluga Pipeline LLC | Attn: Pipeline Manager | 3800 Centerpoint Drive | Suite 1400 | | Anchorage | AK | 99503 | |
| Key Energy Services LLC | Attn: Contract Administration | 1301 McKinney | Suite 1800 | | Houston | TX | 77010 | |
| Key Energy Services LLC | Attn: General Counsel | 1301 McKinney | Suite 1800 | | Houston | TX | 77010 | |
| Kuukpik Drilling | Attn: General Counsel | 582 East 36th Avenue | Suite 600 | | Anchorage | AK | 99503 | |
| Landy Bennett Blumstein LLP | Attn: General Counsel | 701 West Eight Avenue | Suite 1200 | | Anchorage | AK | 99501 | |
| Lawrence Berry | 5005 Riverway | Suite 440 | | | Houston | TX | 77056 | |
| Lloyds of London Syndicate #1036 | c/o Underwriters at Lloyd's London | One Lime Street | | | London | | EC3M 7HA | United Kingdom |
| Lloyd's Register Drilling Integrity Services Inc | Attn: Johnny Benoit | 1330 Enclave Parkway | Suite 200 | | Houston | TX | 77077 | |
| LMJ Consulting | c/o Lauchie Johnson | 4300 B Street | Suite 308 | | Anchorage | AK | 99503 | |
| M&H Enterprises Inc d/b/a M&H Energy Services | Attn: General Counsel | 19450 Highway 249 | Suite 600 | | Houston | TX | 77070 | |
| M.A. (Tony) Nunes | ATTN: GENERAL COUNSEL | 1001 MCKINNEY STREET | SUITE 1600 | | HOUSTON | TX | 77002 | |
| MagTec Alaska LLC | Attn: General Counsel | 43385 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| MagTec Alaska LLC | Attn: Will Galloway | 43385 Kenai Spur Highway | | | Kenai | AK | 99611 | |
| Marathon Alaska Production LLC | Attn: Mark Tomai | PO Box 1949 | | | Kenai | AK | 99611 | |
| Maritime Helicopters | Attn: General Counsel | 3520 FAA Road | | | Homer | AK | 99603 | |
| Matanuska Electric Association, Inc. | Attn: Chief Executive Officer | 163 E. Industrial Way | | | Palmer | AK | 99645 | |
| Matanuska Electric Association, Inc. | 163 E. Industrial Way | | | | Palmer | AK | 99645 | |
| McGriff Seibels & Williams of Texas Inc | Attn: General Counsel | 818 Town & Country Boulevard | Suite 500 | | Houston | TX | 77024 | |
| McGriff Seibels & Williams of Texas Inc | Attn: General Counsel | 818 Town & Country Boulevard | Suite 500 | | Houston | TX | 77024-4549 | |
| McLane Consulting Inc | Attn: Stan A. McLane | PO Box 468 | | | Soldotna | AK | 99669 | |
| M-I LLC | Attn: General Counsel | 5950 North Course Drive | | | Houston | TX | 77072 | |
| Michael A (Tony) Nunes | Attn: General Counsel | 2601 South Broadway | | | La Porte | TX | 77571 | |
| Michael L. Foster & Associates Inc | Attn: General Counsel | 13135 Old Glenn Highway | Suite 200 | | Eagle River | AK | 99577 | |
| Municipality of Anchorage | d/b/a Municipal Light & Power | Attn: Anna Henderson, General Manager | 1200 East 1st Avenue | | Anchorage | AK | 99501 | |
| Municipality of Anchorage | d/b/a Municipal Light & Power | 1201 East 1st Avenue | | | Anchorage | AK | 99501 | |
| Nabors Alaska Drilling Inc | Attn: General Counsel | 301 East 92nd Avenue | Suite 2 | | Anchorage | AK | 99515 | |
| National Union Fire Insurance Company of Pittsburgh | c/o AIG | 22427 Network Place | | | Chicago | IL | 60673-1224 | |
| NC Machinery Co | Attn: General Counsel | 6450 Arctic Boulevard | | | Anchorage | AK | 99518 | |
| Nordic Calista Services | Attn: General Counsel | 219 East International Airport Road | Suite 200 | | Anchorage | AK | 99518 | |
| Nordic Overseas Drilling & Services GmbH | Attn: General Counsel | Am Baumwall 3 | | | Hamburg | | 20459 | Germany |
| Northern Lights Center LLC | Attn: General Counsel | 814 West Northern Lights Boulevard | | | Anchorage | AK | 99517 | |
| Northrim Bank | Attn: General Counsel | 3111 C Street | | | Anchorage | AK | 99503 | |
| Norton Rose Fulbright US LLP | Attn: General Counsel | 2200 Ross Avenue | Suite 3600 | | Dallas | TX | 75201-7932 | |
| NRC Alaska LLC | Attn: General Counsel | 425 Outer Springer Loop Road | | | Palmer | AK | 99645 | |
| O'Brien's Response Management LLC | Attn: Director of Contracts | 818 Town & Country Boulevard | Suite 200 | | Houston | TX | 77024 | |
| Ocean Marine Services LLC | Attn: General Counsel | PO Box 7070 | | | Nikiski | AK | 99635 | |
| Ocean Marine Services LLC | Attn: Kelly McNeil | PO Box 7070 | | | Nikiski | AK | 99635 | |
| Offshore Energy Services Inc | Attn: General Counsel | Samuel A Broussard | PO Box 53508 | | Lafayette | LA | 70505 | |
| Offshore Systems Kenai | Attn: General Counsel | PO Box 8505 | | | Nikiski | AK | 99635 | |
| Offshore Systems Kenai | Attn: Judene Van Cleave | PO Box 8505 | | | Nikiski | AK | 99635 | |

| LastName | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode | Country |
|---|---|---|---|---|---|---|---|---|
| Pacific Energy Alaska Operating LLC | Attn: General Counsel | 111 West Ocean Boulevard | Suite 1240 | | Long Beach | CA | 90802 | |
| Pacific Energy Alaska Operating LLC | Attn: General Counsel | 301 K ST | | | ANCHORAGE | AK | 99501 | |
| Pacific Energy Resources Ltd | Attn: General Counsel | 1065 West Pier East | | | Long Beach | CA | 90802 | |
| Peak Oilfield Service Company LLC | Attn: General Counsel | 5015 Business Park Blvd. | Suite 4000 | | Anchorage | AK | 99503 | |
| Petrotechnical Resources of Alaska LLC | Attn: General Counsel | 3601 C Street | Suite 1424 | | Anchorage | AK | 99503 | |
| Pollard E Line Services | Attn: General Counsel | 42260 Kenai Spur Highway | PO Box 1481 | | Kenai | AK | 99611 | |
| Pollard Wireline Inc | Attn: General Counsel | PO Box 1360 | | | Kenai | AK | 99611 | |
| Prodigy Alaska LLC | Attn: General Counsel | 433 East Las Colinas Boulevard | Suite 800 | | Irving | TX | 75039 | |
| Prodigy Alaska LLC | Attn: VP Land | 433 East Las Colinas Boulevard | Suite 800 | | Irving | TX | 75039 | |
| Production Testing Services Inc | Attn: General Counsel | 1463 Highway 6 South | | | Houston | TX | 77077 | |
| QBE International Markets | Attn: General Counsel | 1300 Post Oak Boulevard | Suite 700 | | Houston | TX | 77056-3043 | |
| QBE Specialty Insurance Company | Attn: General Counsel | 55 Water Street | | | New York | NY | 10041 | |
| Reed Smith LLP | Attn: David Hryck | 599 Lexington Avenue | | | New York | NY | 10022-7650 | |
| Reed Smith LLP | Attn: General Counsel | 599 Lexington Avenue | | | New York | NY | 10022-7650 | |
| Ruby Investments Inc | Attn: General Counsel | 3000 C Street | Suite 105 | | Anchorage | AK | 99503 | |
| Ryder Scott Company LP | Attn: Dean C. Rietz, President | 1100 Louisiana | Suite 4600 | | Houston | TX | 77002-5294 | |
| Safeway Services | Attn: General Counsel | N19 W24200 Riverwood Drive | | | Waukesha | WI | 53188 | |
| Schlumberger Technology Corporation | Attn: General Counsel | 1325 South Dairy Ashford | Room 4828 A | | Houston | TX | 77077 | |
| Seaport Global Securities LLC | Attn: General Counsel | 400 Poydras Street | Suite 3100 | | New Orleans | LA | 70130 | |
| Shamrock Management LLC d/b/a Shamrock Energy Solutions | Attn: General Counsel | 4800 Highway 311 | | | Houma | LA | 70360 | |
| Shelf Drilling Offshore Resources Limited II | Attn: General Counsel | Jumeirah Business Center 3 Floor 26 | Jumeirah Lake Towers Cluster Y | PO Box 212201 | Dubai | | | United Arab Emirates |
| Sierra Hamilton LLC | Attn: General Counsel | 900 Threadneedle | Suite 150 | | Houston | TX | 77079 | |
| Sierra Pine Resources International Inc | Attn: General Counsel | 110 Cypress Station Drive | Suite 105 | | Houston | TX | 77090 | |
| Sierra Pine Resources International Inc | Attn: Jason Ganer | 110 Cypress Station Drive | Suite 105 | | Houston | TX | 77090 | |
| Smith International Inc. | Attn: General Counsel | 1310 Rankin Road | | | Houston | TX | 77073 | |
| SolstenXP Inc | Attn: Steve Lewis, Drilling Manager | 406 West Fireweed Lane | | | Anchorage | AK | 99503 | |
| Southside Classic Leasing LLC | Attn: General Counsel | 1135 Fm 518 Road | | | Kemah | TX | 77565-3130 | |
| Sparrows Offshore LLC | Attn: General Counsel | 60143 Camp Village Road | | | Slidell | LA | 70460 | |
| Spartan Offshore Drilling LLC | Attn: General Counsel | 516 J.F. Smith Avenue | | | Slidell | LA | 70460 | |
| Spartan Offshore Drilling, LLC | Miller Hahn, PLLC | Attn: Allan C. Crane, Esq. | One Canal Place | 365 Canal Street, Suite 860 | New Orleans | LA | 70130 | |
| Spartan Offshore Drilling, LLC | Morris, Nichols, Arsht & Tunnell LLP | Attn: Matthew B. Harvey, Esq. | 1201 North Market Street, 16th Floor | | Wilmington | DE | 19801 | |
| Spartan Offshore Drilling, LLC | Paul Butler | 516 JF Smith Ave. | | | Slidell | LA | 70460 | |
| State of Alaska | Dept. of Law | 1031 W. 4th Ave., Ste. 200 | | | Anchorage | AK | 99501 | |
| State of Alaska Department of Environmental Conservation | Attn: Air Permits Program | 610 University Avenue | | | Fairbanks | AK | 99709-3643 | |
| State of Alaska Department of Natural Resources | Attn: Commissioner | 550 West Seventh Avenue | Suite 1400 | | Anchorage | AK | 99501 | |
| State of Alaska Department of Natural Resources | Division of Oil and Gas | Attn: Director | 550 West 7th Avenue | Suite 800 | Anchorage | AK | 99501-3560 | |
| State of Alaska Department of Revenue | Attn: General Counsel | PO Box 110400 | | | Juneau | AK | 99811-0400 | |
| State of Alaska Oil & Gas Conservation Commission | Attn: General Counsel | 333 West 7th Avenue | | | Anchorage | AK | 99501 | |
| Stokes & Spiehler Offshore Inc | Attn: C. Mark Stringer | 110 Rue Jean Lafitte | | | Lafayette | LA | 70508 | |
| Superior Energy Services LLC | Attn: Ed Smith | 1001 Louisiana Street | Suite 2900 | | Houston | TX | 77002 | |
| Tailing International LLC | Attn: Trey Forstall | PO Box 7215 | | | Metarie | LA | 70010 | |
| Tailing LLC | Attn: General Counsel | PO Box 7215 | | | Metarie | LA | 70010 | |
| Tailing LLC | Attn: Trey Forstall | PO Box 7215 | | | Metarie | LA | 70010 | |
| Taylor Fire Protection Services LLC | Attn: Rick Taylor | 725 W Wasair Drive #1A | | | Wasilla | AK | 99654 | |
| Taylor Mineral LLC | Attn: General Counsel | 1 Allen Center | 3400 Penthouse | 500 Dallas Street, Suite 3450 | Houston | TX | 77002 | |
| Taylor Minerals LLC | Attn: General Counsel | 1 Allen Center | 3400 Penthouse | 500 Dallas Street, Suite 3450 | Houston | TX | 77002 | |
| Taylor Minerals LLC | Attn: General Counsel | One Allen Center, 3400 Penthouse | 500 Dallas Street | Suite 3450 | Houston | TX | 77002 | |
| Team Industrial Services Inc | Attn: Jane Griffel | 53341 Sandy Lane | PO Box 533 | | Kenai | AK | 99611 | |
| Terrasond Limited | Attn: General Counsel | 1617 South Industrial Way | | | Palmer | AK | 99645 | |
| Tesco Corporation (US) | Attn: General Counsel | 11330 Brittmoore Park Drive | | | Houston | TX | 77041 | |

| LastName | Address1 | Address2 | Address3 | Address4 | City | State | PostalCode | Country |
|---|---|---|---|---|---|---|---|---|
| Tesoro Maritime Company | Attn: Eric Haugstad | 19100 Ridgewood Parkway | | | San Antonio | TX | 78259 | |
| Tom Hord | 948 BROOKLDALE DR. | | | | BOYNTON BEACH | FL | 33435-6101 | |
| Total Safety US Inc | Attn: General Counsel | 30 McDonald Blvd. | Suite 100 | | Aston | PA | 19014 | |
| Total Safety US Inc | Attn: General Counsel | 3151 Briarpark Dr Ste 500 | | | Houston | TX | 77042-3810 | |
| TransMontaigne Product Services Inc | Attn: Dudley Tarlton | PO Box 5660 | | | Denver | CO | 80217-5660 | |
| Tripoint Alaska LLC | Attn: General Counsel | 1104 Highway 93 North | | | Scott | LA | 70583 | |
| Udelhoven Oilfield System Services Inc | Attn: General Counsel | 184 East 53rd Avenue | | | Anchorage | AK | 99518 | |
| United States Department of Homeland Security; Secretary of Homeland Security, Jeh Johnson; U.S. Customs and Border Protection; Commissioner Gil Kerlikowski | c/o United States Attorney's Office | Attn: Richard L. Pomeroy, Esq. | 222 West 7th Avenue | Room 253, #9 | Anchorage | AK | 99513 | |
| Waters Petroleum, LLC | Attn: Douglas L. Waters | 4824 Potter Crest Circle | | | Anchorage | AK | 99516 | |
| Watson Company Inc | Attn: General Counsel | 3705 Arctic Boulevard | Suite 125 | | Anchorage | AK | 99503 | |
| Weatherford International Inc | Attn: General Counsel | 515 Post Oak Boulevard | Suite 600 | | Houston | TX | 77027 | |
| Weaver Brothers Inc | Attn: General Counsel | PO Box 2229 | | | Kenai | Ak | 99611 | |
| Wild Well Control Inc | Attn: General Counsel | 2202 Oil Center Court | | | Houston | TX | 77073 | |
| Wolfepak Inc | Attn: General Counsel | 2901 South First Street | | | Abilene | TX | 79605 | |
| XTO Energy Inc | Attn: Scott A. Griffith | 52260 Wik Road | | | Kenai | AK | 99611 | |
| Zurich American Insurance Company | Attn: General Counsel | 1299 Zurich Way | | | Schaumburg | IL | 60173 | |
| Zurich American Insurance Company | c/o Zurich North America | Attn: Management Solutions Group | 1001 Summit Boulevard | | Atlanta | GA | 30319 | |

# **EXHIBIT B**

(Proposed Sale Approval Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781  (LSS) |
| Debtors. | (Jointly  Administered) |
| | **Re: Docket Nos. 14, 185, & 565** |

## SECOND ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THAT CERTAIN ACQUISITION BY FORECLOSURE AGREEMENT WITH KACHEMAK EXPLORATION, LLC, (B) AUTHORIZING THE PARTIES TO PERFORM THEIR OBLIGATIONS IN CONNECTION THEREWITH AND (C) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] filed on August 9, 2019 [Docket No. 14] of the debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), for, *inter alia*, entry of an order, pursuant to sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006(a), and Local Rules 2002-1, 6004-1, and 9013-1, (I)(A) approving bid procedures for the sale of the Debtors' assets, (B) approving stalking horse bid protections, (C) scheduling an auction for, and hearing to approve, the sale of the Debtors' assets, (D) approving the form and manner of notice thereof, (E) approving contract assumption and assignment procedures, and (F) granting related relief and (II)(A) approving the sale of the Debtors' assets free and clear of liens, claims, interests and encumbrances, (B) authorizing the assumption and assignment of executory contracts and unexpired leases and (C) granting related relief; and this Court (as defined below) having entered an order on September 26, 2019 [Docket No. 185], (the "**Bidding Procedures Order**") approving

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503

the Bidding Procedures in connection with the Sale of all or substantially all of the Debtors' Assets and attached as **Exhibit 1** to the Bidding Procedures Order (the "**Bidding Procedures**"), including, among other things, the proposed form of notice of the Sale Hearing; and this Court having held a hearing on February 21, 2020 and having entered the *Order Authorizing the Debtors to Enter Into That Certain Acquisition by Foreclosure Agreement with Kachemak Exploration LLC* [Docket No. 565] on February 21, 2020 (the "**First Order**") and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this order (the "**Second Order**") constituting a final order within the meaning of 28 U.S.C. § 158(a); and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing to consider the relief set forth herein on [March 4, 2020] (the "**Hearing**"), at which time all interested parties were offered an opportunity to be heard regarding (i) the Motion, (ii) that certain Acquisition by Foreclosure Agreement dated February 17, 2020, between and among Cornucopia Oil & Gas Company, LLC, Corsair Oil & Gas LLC and Furie Operating Alaska, LLC, as sellers (the "**Sellers**"), and the Acquirer [2] (together with all exhibits, schedules, annexes thereto and all other Definitive

---

[2] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Bidding Procedures Order or the Acquisition by Foreclosure Agreement, as each such term has been defined, *infra*, as applicable.

Documents, the "**Acquisition by Foreclosure Agreement**," or the "**AFA**"), and the transactions

(the "**Transaction**") contemplated by the Acquisition by Foreclosure Agreement; and the Court

having found that the relief requested herein is in the best interests of the Debtors, their creditors,

their estates, and other parties in interest; and the Court having reviewed and considered any

objections to the relief set forth herein (collectively, the "**Objections**")[3]; and any such Objections

having been withdrawn or overruled for the reasons set forth on the record at the Hearing; and

based upon (i) the *Declaration of Scott M. Pinsonnault in Support of Entry of an Order (A)*

*Declaring the Acquirer as the Successful Bidder, (B) Authorizing the Debtors to Enter Into That*

*Certain Acquisition Agreement With the Successful Bidder, (C) Authorizing the Parties to Perform*

*Their Obligations in Connection Therewith; and (D) Granting Related Relief* [Docket No. 540]

(the "**Pinsonnault Declaration**"), (ii) the *Declaration of Lucas Hohnstein in Support of Entry of*

*an Order (A) Declaring the Acquirer as the Successful Bidder, (B) Authorizing the Debtors to*

*Enter Into That Certain Acquisition Agreement With the Successful Bidder, (C) Authorizing the*

*Parties to Perform Their Obligations in Connection Therewith; and (D) Granting Related Relief*

[Docket No. 541], and (iii) the evidence proffered or adduced at the Hearing, and the arguments

of Counsel made on the record at the Hearing; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor,

> **Background**

> A.    The findings and conclusions set forth herein constitute the Court's findings of fact

and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding

---

[3] Such Objections include, *inter alia*, objections, joinders or responses filed by (i) *Certain Royalty and Working Interest Owners* [Docket No. 229]; (ii) *Alaska Pipeline Company* [Docket No. 297]; (iii) *Clear Creek Independent School District* [Docket No. 363]; (iv) *Melody Lenders* [Docket No. 393]; (v) *Certain Overriding Royalty Interest Owners* [Docket No. 433], and any other objection related to the AFA, including any exhibit attached thereto, the Transaction, the Bidding Procedures, the Bidding Procedures Order, or this Second Order.

pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, or to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.       On August 9, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "**Court**") commencing these Chapter 11 Cases.

C.       These Chapter 11 Cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).

D.       The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

E.       No trustee, examiner, or other committee has been appointed in these Chapter 11 Cases.

F.       As part of the Debtors' efforts to realize the highest and best value for their businesses, the Court entered the Bidding Procedures Order that established Bidding Procedures for a sale or other transaction involving the Debtors' businesses and scheduled various dates relating to the Auction. Pursuant to the Bidding Procedures Order, the Debtors established December 2, 2019[4] as the deadline for the submission of bids, December 5, 2019 as the date for the Auction, and December 12, 2019[5] as the original date on which the Court would hold the Hearing to approve the Successful Bidder.

---

[4] As extended to December 4, 2019 by that certain *Notice of Extended Deadline to Submit Qualified Bids* [Docket No. 339].

[5] As adjourned to January 13, 2020 by that certain *Notice of Adjournment of Sale Hearing* [Docket 429]; as adjourned again to January 27, 2020 by that certain *Notice of Adjournment of Omnibus Hearing* [Docket No. 458]; as cancelled by that certain *Notice of Second Amended Agenda* [Docket No. 492]; as rescheduled for February 11, 2020. See that certain *Notice of Agenda of Matters Scheduled for Hearing* [Docket No. 515]; and, as adjourned to February [   ] 2020 by [   ].

**Debtors' Marketing and Sale Process**

G.    The Debtors' marketing and sales process with respect to the Assets afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets. The Debtors and their professionals conducted a thorough marketing and sale process with respect to the Assets in a fair, good faith, and non-collusive manner reasonably calculated to produce the highest or otherwise best offer for the Assets in accordance with, and have otherwise complied in all respects with, the Bidding Procedures and the Bidding Procedures Order. Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Assets, and more specifically, the Equity Interests.

H.    The solicitation of bids and the Auction were conducted fairly and in good faith, without collusion, and in accordance with the Bidding Procedures Order.

I.    Following the Auction, the Debtors selected HEX, L.L.C. ("**HEX**") as the Successful Bidder with a Bid for $15,000,010.00 (the "**HEX Purchase Price**") as set forth in the *Notice of Auction Results* [Docket No. 377] dated December 6, 2019 (the "**Initial Auction Notice**"). HEX failed to meet the conditions of its Bid, including without limitation, the requirement to provide a Good Faith Deposit in the amount of 10% of the HEX Purchase Price and evidence of committed financing by January 10, 2020.

J.    After several weeks of negotiations with HEX to try to reach acceptable documentation with respect to the HEX Bid, the Debtors determined, in the exercise of their fiduciary duties, that HEX was no longer a Qualified Bidder and that HEX was in default with respect to its Bid.

K.     As set forth in the Pinsonnault Declaration, the Debtors notified HEX of certain defaults under its Bid on December 27, 2019 and January 29, 2020.

L.     On February 17, 2020, the Acquirer by and through its shareholders Melody Capital Partners FDB Credit Fund, LLC, Melody Capital Partners Onshore Credit Fund, L.P., Melody Capital Partners Offshore Credit Mini-Master Fund, L.P., Melody Special Situations Offshore Credit Mini-Master Fund, L.P. and any of their affiliated or other entities managed by Melody Capital Partners, LP (collectively, the "**Melody Lenders**", and together with Melody Capital Partners, L.P., "**Melody**") and GFR Holdings, LLC, Vanco Oil & Gas Corp and their respective affiliates (collectively, "**GFR**" and together with Melody, the "**Shareholders**") submitted to the Debtors an executed AFA subject to the conditions set forth therein, including, without limitation, (i) entry of this Second Order and (ii) approval and implementation of the various settlements and stipulations appended thereto as Exhibits C through K (collectively, the "**Settlements & Stipulations**").

M.     The Debtors' board of managers, in consultation with the Debtors' management and professional advisors, reviewed the AFA and determined that the AFA maximizes value, provides greater consideration for the Debtors' estates, including on account of the Settlements & Stipulations, and a necessary path toward consummation of a chapter 11 plan, and that it would be in the best interests of the Debtors and their estates to designate the Acquirer as the Successful Bidder.

N.     As set forth in the Pinsonnault Declaration, on February 18, 2020 the Debtors notified HEX of the Debtors' decision to declare a default under the HEX Bid and pursue an alternate transaction, and thereafter amended the Initial Auction Notice to designate the Acquirer

as the Successful Bidder for the Equity Interests in accordance with the Bidding Procedures Order [Docket No. 528] (the "**Amended Auction Notice**").

O.      On February 20, 2020 HEX filed that certain *Notice of Alternative Offer* [Docket No. 553] (the "**HEX Offer**").

P.      On February 20, 2020 this Court held a hearing to consider, *inter alia*, the Motion, the Amended Auction Notice and the HEX Offer. The Court, after affording all parties an opportunity to be heard, and after considering the testimony and evidence presented, entered the First Order on February 21, 2020, thus authorizing the Debtors to enter into the AFA with the Acquirer.

Q.      The AFA submitted by the Acquirer constitutes the highest or otherwise best offer for the Equity Interests, and the Debtors' determination that the AFA, including each of the Settlements & Stipulations set forth therein maximizes value for the benefit of the Debtors' estates and constitutes the highest or otherwise best offer for the Equity Interests, constitutes a valid and sound exercise of the Debtors' business judgment (exercised in consultation with the Prepetition Tax Credit Administrative Agent as the Consultation Party).

R.      The AFA provides fair and reasonable terms for the acquisition of the Equity Interests, and reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the Equity Interests. Approval of the Motion and the AFA, and, subject to the occurrence of the Effective Date of the Plan, the prompt consummation of the Transaction contemplated thereby through the Plan, will maximize the value of each of the Debtors' estates and are in the best interests of the Debtors, their chapter 11 estates, their creditors, and other parties in interest.

S.      The Debtors, the Acquirer and the Acquirer's Shareholders, and each of the parties who have signed the Settlements and Stipulations, as applicable, negotiated and finalized in good faith and at arm's length the AFA, including without limitation the Plan Term Sheet and each of the Settlements and Stipulations, as applicable, to consummate the Transaction through the Plan in accordance with the terms of the Plan Term Sheet and the other exhibits to the AFA.

**Hearings**

T.      The Court conducted a hearing on February 20, 2020 at which time the Court considered the evidence and testimony presented, and the statements and argument of counsel in support of granting the relief requested in the Motion and authorized the Debtors' entry into the AFA.

U.      The Court conducted the Hearing on March 4, 2020 at which time the Court considered (i) the evidence and testimony presented, and the statements and argument of counsel in support of granting the relief requested in the Motion and (ii) final approval of the Debtors' entry into the AFA.

V.      Any objections to the Motion or the relief requested herein that have not been adjourned, withdrawn, or resolved are overruled in all respects on the merits.

**Sound Business Purpose**

W.      The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for entry into the AFA in accordance with the requirements of section 363(b) of the Bankruptcy Code.

X.      Approval of the Debtors' entry into the AFA pursuant to section 363 of the Bankruptcy Code is necessary and appropriate to preserve the value of the Debtors' businesses.

Y.     The proposed Transaction consummated pursuant to the Plan, upon the terms and conditions set forth in the AFA, is the best alternative available to the Debtors for recovering value for the benefit of the Debtors' estates. The Transaction contemplated by the AFA maximizes the value of the Equity Interests because the Equity Interests are being acquired as part of a going concern business, and the continuity and remaining goodwill value associated with the Equity Interests are being preserved.

Z.     Neither the AFA, including without limitation, the Plan Term Sheet and the Settlements and Stipulations, nor the Transaction contemplated thereunder constitutes a *sub rosa* chapter 11 plan. The AFA and the Transaction is expressly subject to entry of an order approving the solicitation of votes on the Plan and an order confirming the Plan. Notwithstanding any terms of the Acquisition Foreclosure Agreement, or any of its exhibits, including the Plan Term Sheet, nothing in this Order approves any provision of any chapter 11 plan, and the rights of all parties in interest in these cases to object to the confirmation of the plan contemplated under the Plan Term Sheet, or to any provision included in such plan, or to any other plan that may be proposed in these cases, is fully reserved.

**Fair Purchase Price**

AA.     The total consideration to be provided by the Acquirer under the AFA is the highest or otherwise best offer received by the Debtors and constitutes (i) fair value, (ii) fair, full, and adequate consideration, (iii) reasonably equivalent value, and (iv) reasonable market value for the Equity Interests for purposes of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and any other applicable laws of the United States, any state, territory, or possession thereof or the District of Columbia.

BB.    The terms of the AFA and the Transaction contemplated therein are fair and reasonable under the circumstances of the Debtors' businesses and these Chapter 11 Cases.

**Notice of the Motion**

CC.    As evidenced by the affidavits of service, notices and publication previously filed with this Court [Docket No. [__], [__], [__]], and based upon representations of counsel at the Hearing, notice (the "**Notice**") was adequate and sufficient under the circumstances and provided sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Hearing, the AFA, the First Order, this Second Order, and the proposed Transaction. Notice was provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 9007, 9008, and 9014, and Local Rules 2002-1 and 6004, including to: (i) the U.S. Trustee; (ii) all entities known to have expressed an interest in a transaction with respect to the purchase of the Equity Interests; (iii) counsel to the DIP Agent; (iv) counsel to the Prepetition Agents; (v) counsel to the Melody Lenders; (vi) counsel to the McGinty Lender; (vii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (viii) the Contract Counterparties; (ix) HEX; (x) all counterparties to the Potentially Assumed Contracts[6] and (xi) all parties who have requested notice under Bankruptcy Rule 2002. The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the AFA, this Second Order, and the proposed Transaction, each as required by the Bidding Procedures Order. The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding

---

[6] For the avoidance of doubt, the counterparties to the Potentially Assumed Contracts includes those counterparties listed on Exhibit A to the *Notice of Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 206], as amended [Docket No. 207, 253].

Procedures Order, the Auction, the Hearing, the AFA, this Second Order, or the proposed Transaction is or shall be required.

DD.    A reasonable opportunity to object and be heard with respect to the AFA, the Transaction, the Motion, and the relief requested herein, including but not limited to the assumption and/or assumption and assignment of the Potentially Assumed Contracts and the amounts of the Cure Claims, has been afforded to all interested parties, including the Notice Parties and the Contract Counterparties.

**No Fraudulent Intent**

EE.    The terms and conditions set forth in the AFA and all ancillary documents filed therewith or described therein are fair and reasonable under the circumstances and were not entered into with the intent to nor for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws. None of the Debtors or the Acquirer is entering into the AFA, the ancillary documents filed therewith or described therein or proposing to consummate the Transaction, fraudulently or for the purpose of statutory or common law fraudulent conveyance or fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof or the District of Columbia or any other applicable jurisdiction.

FF.    The Debtors, their management and their boards of directors or equivalent governing bodies and the Acquirer, and its Shareholders, management, board of directors or equivalent governing body, officers, directors, employees, agents, members, managers and representatives actively participated in the process and respectively acted in good faith. The AFA between the Acquirer and the Sellers was negotiated and entered into based upon arm's-length bargaining, with representation by counsel and other advisors, without collusion or fraud, without

reference to any agreement among bidders, and in accordance with the Bidding Procedures Order and in good faith as that term is used in sections 363(m) and 364(e) of the Bankruptcy Code. The Acquirer is entering into the AFA in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and the relevant law interpreting such provision, and is therefore entitled to the full protection of section 363(m) and 363(e) of the Bankruptcy Code with respect to its entry into the AFA and the Transaction. Neither the Sellers nor the Acquirer have engaged in any conduct that would cause or permit the AFA or the proposed Transaction to be avoided or that would give rise to money damages pursuant to section 363(n) of the Bankruptcy Code. The Acquirer has not violated section 363(n) of the Bankruptcy Code via any action or inaction.

GG.    None of the Acquirer or any Shareholder is an "insider" of any Debtor, as that term is defined in section 101(31) of the Bankruptcy Code, and nothing herein, the AFA or any other Definitive Document (nor any step or transaction contemplated thereby or hereby), shall cause any Shareholder to be treated as or deemed an "insider", as that term is defined in section 101(31) of the Bankruptcy Code, prior to the Effective Date of the Plan. No Shareholder shall be deemed an insider of the Debtors for purposes of determining whether it may vote on any chapter 11 plan. No common identity of directors, officers, members, managers or controlling stockholders exists between the Acquirer or the Shareholders and the Debtors. No Shareholder is a director, officer, or person in control of, or in partnership with, any Debtor.

**Corporate or Limited Liability Company Authority**

HH.    Upon entry of this Second Order, the Debtors have full corporate or other power and authority to enter into the AFA.

II.    Upon entry of this Second Order and subject to confirmation of the Plan, the Debtors have (i) full corporate or other power and authority to perform all of their obligations under the AFA, (ii) all of the corporate and other power and authority necessary to consummate the Transaction contemplated by the AFA, and (iii) all of the corporate and other power and authority necessary to consummate the Settlements and Stipulations and take all actions necessary to authorize, approve, execute, and deliver the AFA and to consummate the Transaction contemplated by the AFA. No consents or approvals, other than the occurrence of the Effective Date of the Plan and those expressly provided for herein, in the AFA, the Plan Term Sheet, or the Plan are required for the Debtors to consummate the Transaction. The Acquirer is entitled to exercise all rights it has under the AFA or in connection with the Transaction including, without limitation, any right to terminate the AFA or any Definitive Document, and any right to enforce or seek remedies in connection therewith or with any breach.

### Statutory Predicates

JJ.    The statutory authorization for the relief granted herein is found in section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Bankruptcy Rules 2002-1 and 6004-1.

### Retention of Jurisdiction

KK.    It is necessary and appropriate for the Court to retain jurisdiction to, *inter alia*, interpret and enforce the terms and provisions of the First Order, this Second Order and the AFA, and to adjudicate, if necessary, disputes or claims relating thereto.

### IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.    The relief described herein is granted.

2.    All objections relating to the Debtors' entry into the AFA or entry of this Second Order have either been resolved as set forth herein or in the AFA or are hereby overruled.

3.      The Alternate Bid is deemed withdrawn.

4.      Kachemak Exploration LLC is hereby approved as the Acquirer under the AFA.

5.      In addition to the authority granted in the First Order, the Debtors are hereby authorized, but not directed, to enter into the AFA with the Acquirer and, subject to the occurrence of the Effective Date of the Plan, to transfer the Equity Interests to the Acquirer upon and subject to the terms and conditions set forth in any chapter 11 plan confirmed by this Court.

6.      Subject to the occurrence of the Effective Date of the Plan, each of the Debtors is hereby authorized and directed to perform, consummate, and implement the AFA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transaction, and to take any and all further actions as may be necessary or appropriate to the performance of its obligations as contemplated by the AFA, including without limitation the Plan Term Sheet and the Settlements and Stipulations, this Second Order, or to perform its obligations under the AFA or any related agreements.

7.      The Escrow Letter is hereby approved. Each of the Debtors, and the Acquirer are hereby authorized to enter into and perform, consummate, and implement the Escrow Letter, together with all additional instruments and documents that may be reasonably necessary or desirable to implement such letter and to take any and all further actions as may be necessary or appropriate to the performance of its obligations as contemplated thereby, or to perform its obligations thereunder or any related agreements.

8.      The Debtors are authorized and directed to disburse or return, as applicable, and only in accordance with the AFA, the Bid Procedures Order, the Escrow Agreement and the Escrow Letter, the Good Faith Deposit submitted by the Acquirer.

9.      The Amended Seaport Engagement Letter is hereby approved.  Each of the Debtors and Seaport are hereby authorized to enter into and perform, consummate, and implement the Amended Seaport Engagement Letter, together with all additional instruments and documents that may be reasonably necessary or desirable to implement such letter and to take any and all further actions as may be necessary or appropriate to the performance of its obligations as contemplated thereby, or to perform its obligations thereunder or any related agreements; provided however, that nothing changes the provisions of the Order of this Court approving the retention of Seaport Global Securities entered at Docket No. 153 (the "Seaport Retention Order"), and to the extent there is any conflict between the provisions of the Seaport Retention Order and the Amended Seaport Engagement Letter, the terms of the Seaport Retention Order shall control.

10.     The terms and provisions of the AFA and all related documents necessary to consummate the Transaction, together with the terms and provisions of this Second Order, shall be binding in all respects upon the Debtors, their estates, their creditors, and all parties in interest, including any and all successors and assigns (including, without limitation, any trustee or examiner appointed under the Bankruptcy Code); *provided, however*, that the terms and provisions of the AFA and all such related documents shall only be binding on the Prepetition Tax Credit Administrative Agent to the extent set forth in a written document executed by the Prepetition Tax Credit Administrative Agent in its discretion.  The Acquirer shall be entitled to enforce the terms of the AFA and all related documents necessary to consummate the Transaction without the need for any further order of this Court, except as set forth therein, and the automatic stay is hereby vacated and deemed lifted with respect to any such enforcement by Acquirer (including, without limitation, the sending of any notice or the termination and enforcement of the AFA or any related document or agreement in accordance with its terms).

11.    Subject to Paragraph 12 of this Second Order, the Cure Claims set forth in the Potential Assumption and Assignment Notice shall constitute the only amounts due to the Contract Counterparties under Potentially Assumed Contracts as of the date hereof, and no other defaults exist and no other amounts are due on account of any facts occurring prior to the date hereof.

12.    Subject to the Effective Date of the Plan and the Settlements and Stipulations, entry of this Second Order shall resolve (i) the objections located at Docket No. 229 and Docket No. 417 (the "**RWIO Objections**") filed by Giza Holdings, LLC, Taylor Minerals, LLC, Allen Lawrence Berry, the 2007 Allen Lawrence Berry Trust, and Danny Davis (the "**RWIOs**") and (ii) the objections located at Docket No. 297 and Docket No. 414 (the "**APC Objections**" and, together with the RWIO Objections, the "**Cure Objections**") filed by Alaska Pipeline Company ("**APC**" and, together with the RWIOs, the "**Objectors**") relating to the proposed assumption and/or assumption and assignment of the Potentially Assumed Contracts to which the Objectors are a party. Subject to the Effective Date of the Plan and the Closing of the Transaction, (a) to the extent provided in section 365 of the Bankruptcy Code, any provision in any of the Potentially Assumed Contracts that prohibits or conditions the assignment of such Potentially Assumed Contracts or allows the Counterparty to such Potentially Assumed Contracts to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such of the Potentially Assumed Contracts, constitutes an unenforceable anti- assignment provision, which is void and of no force and effect, (b) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and or assumption and assignment to the Acquirer of each of the Potentially Assumed Contracts have been satisfied, and (c) subject to and effective upon the Effective Date of the Plan and the Closing of the Transaction, the Potentially Assumed Contracts shall from and following the Closing remain in

full force and effect notwithstanding any provision in any of the Potentially Assumed Contracts that prohibits, restricts, or conditions such assignment or transfer (including but not limited to any consents to assign).

13.     Upon payment of the Cure Claims pursuant to the terms of the AFA, no default or other obligations arising or accruing prior to the date hereof shall exist under any Potentially Assumed Contract, and each Counterparty is forever barred, estopped, and permanently enjoined from (a) declaring a default by the Debtors or the Acquirer under any such Potentially Assumed Contract based on acts or occurrences arising prior to or existing as of the date hereof, (b) raising or asserting against the Debtors or the Acquirer, or the property of either of them, any assignment fee, default, breach, or claim of pecuniary loss, or condition to assignment, arising under or related to any of the Potentially Assumed Contracts based on acts or occurrences arising prior to or existing as of the date hereof, or (c) taking any other action against the Acquirer as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Potentially Assumed Contract based on acts or occurrences arising prior to or existing as of the date hereof. Each Counterparty hereby is also forever barred, estopped, and permanently enjoined from (y) asserting against the Debtors or the Acquirer, or the property of any of them, any default or claim arising out of any indemnity or other obligation or warranties for acts or occurrences arising prior to or existing as of the date hereof and (z) imposing or charging against Acquirer or its affiliates any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtors' assumption and/or assignment to Acquirer of any Potentially Assumed Contract. Subject to the terms and conditions of the AFA, and upon the Effective Date of the Plan and the Closing, the Acquirer or Debtors, as applicable in accordance with the AFA, shall, to the extent of any Potentially Assumed Contract to be assumed or assumed and assigned, have (a) to

the extent necessary, cured or provided adequate assurance of cure of, any default existing prior to the Effective Date of the Plan and the Closing under the Potentially Assumed Contract within the meaning of sections 365(b)(l)(A) and 365(f)(2)(A) of the Bankruptcy Code and (b) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the Effective Date of the Plan and the Closing, within the meaning of sections 365(b)(l)(B) and 365(f)(2)(B) of the Bankruptcy Code.

14.    To the furthest extent permitted by law, any party that may have had the right to consent to the assumption and/or assignment of any of the Potentially Assumed Contract is deemed to have consented to such assumption and/or assignment for purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code if such party failed to timely object to the assumption or assignment of such Potentially Assumed Contract in accordance with the Bidding Procedures Order, and the Acquirer shall be deemed to have demonstrated adequate assurance of future performance with respect to such Potentially Assumed Contract pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code. Any Counterparty to any of the Potentially Assumed Contracts designated to be assumed and/or assumed and assigned to the Reorganized Debtors or the Acquirer, as applicable, who has not timely filed and served an objection in accordance with the Bidding Procedures Order shall be barred from objecting, or asserting monetary or non-monetary defaults, with respect to any such Potentially Assumed Contract, whether or not such Potentially Assumed Contract is ultimately assumed and/or assumed and assigned by the Reorganized Debtors, or the Acquirer, as applicable, in accordance with the Plan.

15.    Any provision in any Potentially Assumed Contract that prohibits or conditions the assignment of such Potentially Assumed Contract or allows the Counterparty to such Potentially

Assumed Contract to impose any penalty, fee, increase in payment, profit sharing arrangement or other condition on renewal or extension, or to modify any term or condition upon the assignment of such Potentially Assumed Contract, constitutes an unenforceable anti-assignment provision that is void and of no force and effect in connection with the Transaction. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption and/or assumption and assignment, as applicable, of the Potentially Assumed Contract by the Debtors, the Reorganized Debtors, or the Acquirer, as applicable, have been satisfied.

16.    From the date of the entry of this Second Order, the Debtors (with the consent of the Acquirer) may settle objections to the assumption and/or assumption and assignment of any Potentially Assumed Contract, including to proposed Cure Claims, without any further notice to or action by any party or order of the Court (including by paying any agreed Cure Claims with the consent of the Acquirer), *provided that,* the Debtors shall seek Court approval on notice to assume the current Alaska Pipeline Company contract on terms and conditions set forth in the settlement agreement annexed as Exhibit F to the AFA and such other terms as are acceptable to the Prepetition Term Loan Administrative Agent, DIP Agent, Acquirer, Melody and GFR.

17.    Nothing in this Second Order, the Motion, the Bidding Procedures Order, any Applicable Assumption and Assignment Notice, or any other notice or document is or shall be deemed an admission by the Debtors that any contract is an executory contract or must be assumed and/or assigned pursuant to the AFA or in order to consummate the Transaction.

18.    The assumption and/or assumption and assignment of the Potentially Assumed Contracts will not be effectuated and no Cure Claim, if any, shall be due if the Effective Date of the Plan does not occur and/or Closing does not occur and the AFA is terminated. Notwithstanding anything to the contrary, the Acquirer may elect to assume or reject any executory contract or

unexpired lease from the list of Potentially Assumed Contracts and/or may remove any contract or lease designated as a Key Contract under the AFA from the list of Key Contracts to be assumed or assumed and assigned, as applicable, in which case neither the Acquirer nor the Debtors nor the Reorganized Debtors shall have any obligation to assume or assume and assign such contract or lease, and no Cure Claim shall be due or payable by the Acquirer, the Debtors or the Reorganized Debtors.

19.     The Debtors are hereby authorized to (a) take such corporate action as may be necessary to implement the provisions of the AFA and any other document executed by the Debtors in connection therewith and (b) execute and file any necessary document with any appropriate secretary of state.

20.     Notwithstanding anything to the contrary in the First Order, this Second Order, the AFA or the Definitive Documents, upon the effective date of a plan effectuating the Transaction described in the AFA, (i) with respect to any claim for fees, costs, or expenses accrued on or after February 1, 2020 and prior to May 29, 2020, each professional shall not be entitled to assert any such claim against the Debtors, the Reorganized Debtors, or the Acquirer in excess of amounts budgeted for such professional in the New Budget and (ii) each professional waives its right to assert any such claim against the Reorganized Debtors or the Acquirer; *provided that* without limiting the Acquirers' right to terminate the AFA for, among other things, and without limitation, failure to comply with the New Budget or the occurrence of the Outside Date, if the AFA or DIP Forbearance Agreement are not terminated, the Acquirer, the DIP Agent and the Debtors agree to work in good faith to attempt to negotiate a revised budget for professional fees in the event of (a) material litigation (other than the resolution of certain claims contemplated as Conditions

Precedent under the AFA) or (b) the effective date of a plan of reorganization does not occur on or before May 29, 2020, for the period on and after May 29, 2020.

21.     The Court retains jurisdiction, even after the closing of the Chapter 11 Cases (to the greatest extent allowed by applicable law), with respect to all matters arising from or related to the enforcement of this Second Order, including, without limitation, the authority to do the following:

(a)     interpret, implement, and enforce the terms and provisions of this Second Order, the AFA, and any other agreement executed in connection therewith;

(b)     resolve any disputes arising under or related to the AFA or the Second Order; and

(c)     adjudicate any and all remaining issues concerning the Debtors' right and authority to assume and/or assume and assign Potentially Assumed Contracts to the Reorganized Debtors or the Acquirer and resolve any objections to Cure Claims or any other objections by non-Debtor counterparties to any additional contracts or leases that the Acquirer may elect, in accordance with the AFA and the Bidding Procedures Order, to become Potentially Assumed Contracts and determine the Acquirer's rights and obligations with respect to such assignment and the existence of any default under any Potentially Assumed Contract; *provided that*, for the avoidance of doubt, any jurisdiction retained under this subsection (c) shall be non-exclusive.

22.     The provisions of this Second Order are non-severable and mutually dependent.

23.     Other than the professionals retained by the Debtors pursuant to orders of this Court, as modified by the terms of the AFA, including without limitation, the Amended Seaport Engagement Letter, the DIP Forbearance Agreement and the New Budget, no brokers were

involved in the negotiation of the AFA, and no brokers' commissions shall be due to any person or entity in connection with the Transaction. The Acquirer is not obligated to pay any fee or commission or like payment to any broker, finder, or financial advisor as a result of the consummation of the Transaction.

24.     Nothing in this Second Order or the AFA releases, nullifies, precludes or enjoins the enforcement of any valid police or regulatory liability to a governmental unit to which the Acquirer may be subject to as the post-sale owner or operator of any Asset after the date of entry of this Second Order. Nothing in this Second Order or the AFA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Second Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Second Order or to adjudicate any defense asserted under this Second Order.

25.     The AFA and any related agreements, documents, or instruments may be modified, amended, or supplemented by the parties thereto, with the consent of the Acquirer, Melody, GFR, the DIP Agent and the Prepetition Term Loan Administrative Agent, in accordance with the terms thereof and, without further order of the Court, so long as any such modification, amendment, or supplement does not have an adverse effect in any material respect on the Debtors' estates. All modifications, amendments, and supplements to the AFA and any related agreements, documents, or instruments shall be filed with the Court and served on the U.S. Trustee.

26.     The failure specifically to include any particular provisions of the AFA in the First Order or this Second Order shall not diminish or impair the efficacy of such provision, it being the

intent of the Court that the AFA and each and every provision, term, and condition thereof be authorized and approved in its entirety.

27.     Notwithstanding anything to the contrary contained herein, nothing in the AFA or this Second Order shall impact any rights, property, interests, claims or defenses that may exist under applicable nonbankruptcy law solely with respect to any valid overriding royalty interests in the Oil and Gas Leases operated by the Debtors (and/or successors and assigns) belonging to ProAK, LLC, Northern Lights Royalties, LP, Northern Lights Royalties II, LP, Northern Lights Royalties III, LP, Northern Lights Royalties IV, LP and Shawn Bartholomae (collectively, the "ProAK Group"), and all such rights, property, interests, claims and defenses, if any, are retained and preserved by the ProAK Group. Notwithstanding the foregoing, the rights, property, interests, claims or defenses that may exist under applicable nonbankruptcy law in this paragraph do not include the ability to challenge this Second Order or the Transaction approved thereby.

28.     Notwithstanding anything to the contrary herein or in the AFA, (i) consummation of the Transaction is subject to the approval, confirmation, and occurrence of the Effective Date of the Plan, and (ii) except to the extent that the Prepetition Tax Credit Administrative Agent agrees otherwise in a written document signed by the Prepetition Tax Credit Administrative Agent in its discretion, all rights of the Prepetition Tax Credit Administrative Agent are reserved, including, without limitation, the right to object to the Plan, any treatment of the Prepetition Tax Credit Agreement Administrative Agent's debt, or the consummation of the Transaction on any grounds.

29.     To the extent that there is any inconsistency between this Second Order and the AFA, the terms of this Second Order shall govern.

30.     For avoidance of doubt this Second Order shall supplement and not supersede the

First Order and all of the terms of the First Order are fully incorporated herein.

WBD (US) 48702945v1