**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FURIE OPERATING ALASKA, LLC, *et al.*,[1] | Case No. 19-11781 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 25, 2020 at 2:00 p.m. (ET)**<br>**Obj. Deadline: March 18, 2020 at 4:00 p.m. (ET)** |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
EXTENDING THE EXCLUSIVITY PERIODS FOR THE FILING OF
A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCE THEREOF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
hereby move (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code
(the "Bankruptcy Code"), for the entry of an order substantially in the form attached hereto as
**Exhibit A** (the "Proposed Order") extending the periods during which the Debtors have the
exclusive right to file a chapter 11 plan (the "Exclusivity Period") by sixty-five (65) days,
through and including May 13, 2020, and to solicit acceptances thereof (the "Exclusive
Solicitation Period") by forty-five (45) days, through and including June 29, 2020, respectively.[2]
In further support of the Motion, the Debtors, by and through their undersigned counsel,
respectfully state as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie
Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012).
The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern
Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusivity Period
and Exclusive Solicitation Period automatically extends such deadlines until such time as the Court rules on this
Motion.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested herein is Bankruptcy Code section 1121(d).

4.      This is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5.      On August 9, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases is set forth in detail in the *Declaration of Scott M. Pinsonnault in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "First Day Declaration"),[3] which is incorporated herein by reference.

7.      These Chapter 11 Cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their business and

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declaration.

DM_US 166098543-4.091621.0014

manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. No trustee, examiner, or other committee has been appointed in these Chapter 11 Cases.

9. On November 5, 2019, the Debtors filed the *Motion of the Debtors for Entry of an Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptance Thereof* [Docket No. 260]. On November 18, 2019, the Court entered an *Order Extending the Exclusivity Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereof* [Docket No. 289], extending the Debtors' Exclusivity Period and Exclusive Solicitation Period through and including March 9, 2020 and May 5, 2020, respectively. Since that time, the Debtors have actively engaged in formulating, negotiating, and drafting a chapter 11 plan.

10. On February 17, 2020, Kachemak Exploration LLC ("Kachemak") submitted to the Debtors that certain *Acquisition by Foreclosure Agreement*, dated February 17, 2020, between and among the Debtors, as sellers, and Kachemak, as acquirer (the "Acquisition by Foreclosure Agreement"). Under the Acquisition by Foreclosure Agreement, Kachemak will acquire the new equity interests in the reorganized Debtors issued pursuant to a chapter 11 plan. On February 21, after a hearing held February 20, 2020, the Court entered an *Order Authorizing the Debtors to Enter Into That Certain Acquisition by Foreclosure Agreement With Kachemak Exploration LLC* [Docket No. 565], authorizing the Debtors' entry into the Acquisition by Foreclosure Agreement. The Debtors now intend to consummate the transaction contemplated by the Acquisition by Foreclosure Agreement through the Plan (defined below).

DM_US 166098543-4.091621.0014

11.     On February 26, 2020, the Debtors filed their *Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors & Kachemak as Co-Proponents* [Docket No. 585] (the "Plan") and *Disclosure Statement for Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors & Kachemak as Co-Proponents* [Docket No. 586] (the "Disclosure Statement").

12.     On February 27, 2020, the Court entered an Order [Docket No. 589] scheduling a hearing for approval of the Disclosure Statement for March 25, 2020.

## RELIEF REQUESTED

13.     The Debtors respectfully request, pursuant to Bankruptcy Code section 1121(d), (i) a sixty-five (65) day extension of the Exclusivity Period through and including May 13, 2020; and (ii) a forty-five (45) day extension of the Exclusive Solicitation Period through and including June 29, 2020, without prejudice to any party in interest's rights to seek to reduce or increase such periods in accordance with Bankruptcy Code section 1121(d).  The Debtors' Exclusivity Period and Exclusive Solicitation Period (collectively, hereinafter the "Exclusivity Periods") are currently set to expire on March 9, 2020 and May 5, 2020, respectively.

## BASIS FOR RELIEF

14.     Pursuant to Bankruptcy Code section 1121(d), the Court may extend exclusive periods "for cause."  *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180- day period referred to in this section.").  However, the 120-day period "may not be extended beyond a date that is 18 months after the [petition] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [petition] date."  *Id*. §§ 1121(d)(2)(A), (B).  The Bankruptcy Code neither defines "cause" for purposes of section 1121(d), nor establishes formal criteria for

- 4 -

an extension of the exclusive periods.  The legislative history of Bankruptcy Code section 1121 indicates, however, that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231- 32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

15.    In exercising its broad discretion to determine whether "cause" exists, a bankruptcy court should be guided by a variety of factors.  *See In re Borders Grp., Inc*., 460 B.R. 818, 821−22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp*., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc*., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity).  These factors are not exhaustive and include, without limitation:

i.      the size and complexity of the debtor's case;

ii.     the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

iii.    the existence of good faith progress towards reorganization;

iv.     the fact that the debtor is paying its bills as they become due;

v.      whether the debtor has demonstrated reasonable prospects for filing a viable plan;

vi.     whether the debtor has made progress in negotiations with its creditors;

vii.    the amount of time which has elapsed in the case;

viii.     whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

ix.      whether an unresolved contingency exists.

*See, e.g., In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus. Inc.*, 87 B.R. at 834; *Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity); *accord In re Express One*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed cause to extend exclusive period based upon certain of the nine factors).  The above factors are not the exclusive bases for the exercise of the Court's discretion to extend exclusive periods.  *See Adelphia Commc'ns*, 352 B.R. at 586-87.

16.    Not all factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods.  *See Express One*, 194 B.R. at 100 (finding only some of the factors relevant in determining whether cause exists to extend exclusivity); *see also In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997) ("When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward.  And that is a practical call that can override a mere toting up of the factors.").

17.    Congress incorporated these exclusivity periods into the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might

- 6 -

be caused by the filing of multiple competing plans. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. As detailed above, the Debtors have been working with their lenders to form a consensual chapter 11 plan, and have filed the Plan and Disclosure Statement before the expiration of the present Exclusivity Period.

## CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS

18.     Cause exists to grant the Debtors' requested extensions of the Exclusivity Periods. The extensions are necessary and appropriate for the Debtors to have the opportunity contemplated by the Bankruptcy Code to confirm the Plan. As set forth below, the requested extensions are appropriate, in the best interest of the Debtors' stakeholders, and consistent with the intent and purpose of chapter 11.

### A.     The Chapter 11 Cases are Large and Complex

19.     The Debtors' Chapter 11 Cases are both sizeable and complex. The Debtors operate in a highly regulated industry. Moreover, the process of drafting the Plan proved to be time consuming and labor intensive, requiring input from and negotiation with the Debtors' prepetition lenders, Kachemak, and various other interested parties. Moreover, the Debtors have also been focused on resolving contentious litigation, which is a prerequisite for consummating any restructuring transaction. Indeed, the Acquisition by Foreclosure Agreement is contingent upon the Debtors entering, and the Court approving, various settlement agreements that were also heavily negotiated. Given the size and complexity of these Chapter 11 Cases and the effort required to prepare the Plan, there is sufficient cause for the Court to extend the Exclusivity Periods.

DM_US 166098543-4.091621.0014

**B.      Substantial Good Faith Progress Has Been Made Toward Achieving the Objectives of Chapter 11**

20.      The Debtors have administered their Chapter 11 Cases efficiently and economically, and now believe they are on the brink of confirming a chapter 11 plan.  Since the previous extension, the Debtors were able to successfully negotiate and enter into the Acquisition by Foreclosure Agreement, which, in turn, has paved the way for the resolution of these Chapter 11 Cases.  The Debtors have also been hard at work negotiating and drafting the Plan and Disclosure Statement that were recently filed.  The Debtors are confident that they will be able to solicit votes on the Plan within the timeframe proposed in the Disclosure Statement motion [Docket No. 588].  Thus, with potential plan confirmation just months away, the Debtors submit that substantial progress has been made in these Chapter 11 Cases.  An extension is therefore necessary to ensure this progress continues.

**C.      The Debtors Need Sufficient Time to Solicit Votes on the Plan**

21.      In the past several weeks, the Debtors have made enormous strides toward resolving these Chapter 11 Cases.  These efforts have culminated with the filing of the Plan and Disclosure Statement.  Allowing the expiration of the Exclusivity Period at this critical stage would serve only to interfere with the progress of the Chapter 11 Cases and introduce chaos into the process.  The Debtors submit that all parties in interest will benefit from avoiding a situation where there is more than one plan being considered for confirmation simultaneously.  For this reason, the Exclusivity Periods should be extended.

DM_US 166098543-4.091621.0014

**D.    The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands**

22.    The Debtors' conduct in these Chapter 11 Cases, particularly in connection with the Plan and Disclosure Statement, demonstrates that the Debtors are acting in a fair and transparent manner.  They are not seeking an extension of the Exclusivity Periods to delay the administration of these Chapter 11 Cases or to pressure their creditors unfairly.  Indeed, the Plan and Disclosure Statement are the product of extensive cooperation between the Debtors and key stakeholders.  The Debtors and their lenders have worked together closely to try to reach consensus, which is reflected in the Plan and Disclosure Statement.

**E.    The Debtors Are Paying Their Debts as They Come Due and Have the Ability to Continue to Do So**

23.    Bankruptcy courts considering an extension of exclusivity also may assess a debtor's liquidity and ability to pay costs and expenses of administration.  *Adelphia Commc'ns*, 352 B.R. at 587.  The Debtors have timely paid quarterly fees to the United States Trustee, and all other administrative obligations in the ordinary course of business.  In addition, the Acquisition by Foreclosure Agreement provides the Debtors with sufficient liquidity to continue paying administrative expenses through plan confirmation.

**F.    The Requested Extension Is in the Best Interests of the Debtors' Estates and Will Not Prejudice Creditors**

24.    The Debtors' requested extension is intended to allow the Debtors to confirm the proposed consensual Plan in the most cost-efficient manner possible manner.  Given the limited extension requested and the circumstances described herein, the extension aligns with the intent and purpose of Bankruptcy Code section 1121 and should be granted.

DM_US 166098543-4.091621.0014

## CONCLUSION

25.     For the reasons stated herein, the requested extension of the Exclusivity Periods is warranted and necessary to afford the Debtors a meaningful opportunity to confirm the Plan. Accordingly, the Debtors should be afforded a full, fair, and reasonable opportunity to solicit votes on, and hopefully confirm, the Plan.  The Exclusivity Periods should therefore be extended as requested.

## NOTICE

26.     Notice of the Motion will be given to the following parties or, in lieu thereof, to their counsel:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Prepetition Agents; (iii) counsel to the Melody Lenders; (iv) counsel to the McGinty Road Lender; (v) counsel to the Acquirer; (vi) the Internal Revenue Service; and (vii) all parties that have filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court

DM_US 166098543-4.091621.0014

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as the Court deems appropriate.

Dated: March 5, 2020
　　　　Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

 /s/    *Ericka F. Johnson*
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:　　(302) 252-4320
Facsimile:　　(302) 252-4330
Email:　　　　matthew.ward@wbd-us.com
　　　　　　　ericka.johnson@wbd-us.com
-and-

**McDermott Will & Emery LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:　　(212) 547-5400
Facsimile:　　(212) 547-5444
Email:　　　　twwalsh@mwe.com
　　　　　　　dazman@mwe.com
　　　　　　　rorloff@mwe.com

*Counsel to the Debtors and Debtors in Possession*

DM_US 166098543-4.091621.0014