# Exhibit E

Limited Liability Company Operating Agreement for HEX Cook Inlet LLC

[See attached.]

Execution Copy

# LIMITED LIABILITY COMPANY
# OPERATING AGREEMENT
# OF
# HEX Cook Inlet LLC,

## An Alaska Limited Liability Company

## Dated as of May 20, 2020

HEX Cook Inlet **LLC, an Alaska Limited Liability Company**

## OPERATING AGREEMENT

This Operating Agreement (the "Agreement") is made and entered into and effective as of this **20th** day of **May**, 2020, by and among HEX L.L.C., an Alaska limited liability company, and Rogue Wave AK LLC, an Alaska limited liability company, (hereinafter referred to collectively as the "Members") and HEX Cook Inlet LLC, an Alaska Limited Liability Company (hereinafter referred to as the "LLC").

## RECITALS

A limited liability company named HEX Cook Inlet LLC was formed under the laws of the State of Alaska (hereinafter referred to as the "LLC").

The Articles of Organization were filed on May 11, 2020 with the Alaska Department of Commerce, Community and Economic Development (hereinafter referred to as "Articles of Organization").

In consideration of the covenants and the promises made herein, the parties hereby agree as follows:

## SECTION 1: DEFINITIONS

1.1   "Agreement" means this Limited Liability Company Operating Agreement, as amended.

1.2   "Articles of Organization" means the Articles of Organization which were filed on May 11, 2020 with the Alaska Department of Commerce, Community and Economic Development for the purpose of forming this LLC.

1.3   "Code" means the Internal Revenue Code of 1986, as amended.

Execution Copy

1.4  "Capital Account" means the amount of a Member's Capital Contribution, as adjusted, including but not limited to increases due to profits or additional contributions and decreases due to losses and distributions.

1.5  "Capital Contribution" means any contribution of value, including but not limited to cash, property, assets, etc., by a Member to the capital of the LLC.

1.6  "Capital Interest" means a Member's right to Capital Contributions and any rights to a return of Capital Contributions.

1.7  "Financial Interest" means a right to share in the profits, losses, incomes, expenses, or other monetary items and to receive distributions and allocations from the LLC but does not include any Capital Contributions or any rights to a return of Capital Contributions.

1.8  "GAAP" means generally accepted accounting principles as in effect in the United States from time to time.

1.9  "LLC" means HEX Cook Inlet LLC, an Alaska Limited Liability Company under the laws of the State of Alaska.

1.10  "LLC Interest" means an ownership interest in the LLC, which includes the Financial Interest, the right to vote, the right to participate in management, and the right to obtain information concerning the LLC and any other rights granted to a Member under the Articles of Organization or this Agreement.

1.11  "Member" means any person or entity who owns any interest in this LLC, is a party to this agreement, and is accepted as a member pursuant to this Agreement but does not include any person who holds only a Financial Interest as a result of an involuntary transfer or assignment or a transfer or assignment in violation of this Agreement.

1.12  "Property" means any and all assets, in whole or in part, of the LLC, both tangible and intangible.

1.13  "Statute" means the Alaska Limited Liability Company Act, as amended.

## SECTION 2: FORMATION

2.1  <u>Formation of the LLC</u>.   The LLC was formed pursuant to the laws of the State of Alaska by filing the Articles of Organization with the Alaska Department of Commerce, Community and Economic Development.

2.2  <u>Name</u>.   The name of the LLC is "HEX Cook Inlet LLC." The Members shall operate the business of the LLC under such name or use such other names as the Members deem necessary provided that such names do not violate the statute.

Execution Copy

2.3   Principal Office. The LLC's principal place of business will be located at 2000 Atwood drive, Anchorage AK 99517 or any other location as determined by the Members.   If the principal office is located outside the state of organization, and the LLC has one or more business offices in the state of organization, the Members shall fix and designate a principal business office in the state of organization. Branch or subordinate offices may be established at any time and at any place as the Members may determine.

2.4   Term.

The LLC will continue to exist until terminated or dissolved in accordance with its Articles of Organization or this Agreement.

2.5   Business Purpose.

The purposes of the LLC are to engage in oil and natural gas exploration, development and production and to engage in any other business or activity that is necessary and proper to accomplish the above purposes.

2.6   Registered Agent. The LLC's registered agent will be Candace Hendrix or any other person or entity with an office in the state of organization as determined by the Members.

2.7   Registered Office. The LLC's registered office will be the office of the registered agent located at 2000 Atwood Drive, Anchorage AK 99517 or any other location within the state of organization as determined by the Members.

### SECTION 3: MEMBERSHIP

3.1   Initial Members. The initial Members of the LLC are those persons or entities set forth in this Agreement.

3.2   Additional Members.

Additional persons or entities may be admitted to the LLC as Members, and LLC Interests may be issued to those additional Members, if a majority of LLC Interests of the current Members consent to the admission of the additional Members on such terms and conditions as determined by a majority of LLC Interests of the Members and in accordance with the Articles of Organization and this Agreement. All new Members must sign a copy of this Agreement and agree to be bound by the terms of this Agreement.

3.3   Liability to Third Parties. No Member shall be liable for the debts, obligations, or liabilities of the LLC to a third party unless the Member agrees in writing to be liable.

3.4   Authority. Members have the authority and power to act for or on behalf of, to bind, or to incur any liability on behalf of the LLC as provided in this Agreement.

3.5   Withdrawal. No Member has the right to withdraw from the LLC as a Member except as

provided in this Agreement. However, a Member has the power to withdraw but such withdrawal shall be deemed a breach of this Agreement. If a Member does exercise such power of withdrawal in breach of this Agreement, the Member shall be liable to the LLC and the other Members for all monetary damages as a result of the breach, including but not limited to direct, indirect, incidental, and consequential damages. The LLC and the other Members shall not have the right to prevent the withdrawing Member from withdrawing through the use of an injunction or otherwise.

3.6  Compensation.

A Member may receive compensation for services rendered to the LLC as determined by the Members. The LLC shall reimburse Members for any expense paid by them that is properly an expense of the LLC.

## SECTION 4: CAPITAL ACCOUNTS

4.1  Initial Contributions. The initial Members shall contribute to the LLC the following Capital Contributions and shall receive the following LLC Interests:

|    | Name              | Contribution | LLC Interest |
|----|-------------------|--------------|--------------|
| 1. | HEX L.L.C.        | $4,000       | 80%          |
| 2. | Rogue Wave AK LLC | $1,000       | 20%          |

4.2  Additional Contributions.

Except as specifically set forth in this Agreement, no Member shall be required to make any additional Capital Contributions.

If 80% of the LLC Interests agree that additional contributions are necessary, upon written notice to all Members, each Member shall contribute to the LLC his or her pro rata share, based upon the Member's Capital Account, of the additional contribution.

4.3  Failure to Contribute.

If a Member fails, is unable, or is unwilling to timely provide a required Capital Contribution, then those remaining members who are willing may, but shall not be required to, make a contribution in excess of their proportionate share up to the full amount not contributed by the other member. After such contribution is made, each member's LLC Interest shall be adjusted and determined by dividing the aggregate contributions of all the members since the inception of the LLC into the aggregate contribution of each member. The resulting quotient with respect to each member shall be the adjusted LLC Interest of the member.

Execution Copy

4.4 <u>Capital Accounts</u>. A Capital Account (hereinafter referred to as "Capital Account") shall be established and maintained for each Member. Each Member's Capital Account will be accounted for separately and will be maintained in accordance with GAAP. However, a Member who has more than one LLC Interest shall have only one Capital Account that reflects all of that Member's LLC Interests. If a Member validly transfers his or her LLC Interest, the Capital Account of the transferring Member shall carry over to the transferee Member in accordance with the Code.

4.5 <u>Adjustments to Capital Accounts</u>. Each Member's Capital Account shall be adjusted as follows:

    (a)    Increases. Each Member's Capital Account shall be increased by:

        (1) capital contributions of cash and/or property at its agreed upon fair market value;

        (2) all items of LLC income and gain (including income and gain exempt from tax).

    (b)    Decreases. Each Member's Capital Account shall be decreased by:

        (1) distributions of cash and/or property at its agreed upon fair market value;

        (2) all items of LLC deduction and loss (including deductions and loss exempt from tax).

4.6 <u>Advances by Members</u>. Members may, at any time, advance monies to the LLC. An advance is a loan from the Member to the LLC and shall bear interest at prime interest rate quoted by the Wall Street Journal, adjusted quarterly. An advance is not a Capital Contribution.

4.8 <u>Return of Capital</u>.

No member shall have the right to withdraw or obtain a return of his or her capital contribution except as provided in this Agreement. The return of a member's capital contribution may not be withdrawn in the form of property other than cash except as provided in this Agreement.

### SECTION 5: ALLOCATION OF PROFITS, LOSSES AND DISTRIBUTIONS

5.1 <u>Determination of Profits and Losses</u>.   Profits and losses shall mean net income and net loss as determined by the books and records of the LLC which shall be kept in accordance with GAAP and the Code.

5.2 <u>Allocations</u>. Except as provided in the Code, all items of income, revenues, deductions, gain, and loss shall be allocated pro rata in accordance with a Member's LLC Interest.

HEX Cook Inlet LLC Operating Agreement – Page 5

Execution Copy

5.3   Qualified Income Offset.   Notwithstanding the above, if a Member unexpectedly receives any adjustments, allocations, or distributions described in Treasury Regulations § 1.704-1(b)(2)(ii)(d)(4), (5) or (6) or any amendment thereto, or receives an allocation of loss which produces a negative capital account for any Member while any other Member has a positive capital account, then items of LLC income shall be specially allocated to such Member until the deficit Capital Account is eliminated. This paragraph is intended to constitute a "qualified income offset" within the meaning of Treasury Regulation § 1.704-1(b)(2)(ii)(d).

5.4   Minimum Gain Chargeback.   Notwithstanding the above, if there is a net decrease in LLC "minimum gain" during a taxable year, each Member shall be specially allocated, before any other allocation, items of income and gain for such taxable year (and, if necessary, subsequent years) in proportion to each Member's share of the net decrease in LLC "minimum gain" as determined in accordance with Treasury Regulation § 1.704-2(g)(2). This paragraph is intended to comply with the "minimum gain chargeback" provisions of Treasury Regulation § 1.704-2(f).

5.5   Section 704(c) Allocation.   Notwithstanding the above, to the extent that Code § 704(c) is applicable to any item of income, gain, loss, and deduction with respect to any property (other than cash) that has been contributed by a Member and which is required to be allocated to such Member for income tax purposes, the item shall be allocated to such Member in accordance with Code § 704(c).

5.6   Distributions. Distribution of LLC assets and property shall be made at such times and in such amounts as the Members determine subject to any restrictions in this Agreement. Distributions shall be made among the Members in proportion to a Member's Capital Account.

### SECTION 6: MANAGEMENT

6.1   Management. The LLC shall be managed by the Members who shall be responsible for the management of the LLC's business and affairs.

6.2   Place of Member Meetings. Meetings of Members may be held at any place within the United States designated by the Members and stated in the notice of the meeting. If no place is so specified, Members' meetings shall be held at the LLC's principal office.

6.3   Annual Member Meeting. An annual meeting of Members may be held on January 31 of each year at the LLC's principal office provided, however, that should such day fall upon a legal holiday, then the annual meeting of Members shall be held at the same time and place on the next day thereafter which is a full business day. At the annual meeting, any proper business may be transacted. The date of the annual meeting may be postponed up to thirty (30) days by a majority of the membership interests.

Execution Copy

6.4    Special Member Meetings. A special meeting of the Members may be called at any time by one or more Members holding Interests which, in the aggregate, constitute not less than fifty percent (50%) of the LLC Interests. A request for a special meeting of the Members shall be in writing, specifying the time and place of the meeting, and the general nature of the business proposed to be transacted. The notice shall be delivered in accordance with paragraphs 6.5 and 6.6 below.

6.5    Notice of Members' Meetings. All notices of meetings of Members shall be sent or otherwise given in accordance with paragraph 6.6 below and not less than ten (10) nor more than sixty (60) days before the date of the meeting being noticed. The notice shall specify the place, date, and hour of the meeting, and (a) in the case of a special meeting, the general nature of the business to be transacted, or (b) in the case of the annual meeting, those matters which are intended to be presented for action by the Members. If a proposal contains (i) a contract or transaction in which a Member has a direct or indirect Financial Interest, (ii) an amendment of the Articles of Organization, (iii) a reorganization of the LLC, or (iv) a voluntary dissolution of the LLC, the notice shall state the general nature of such proposal.

6.6    Manner of Giving Notice; Affidavit of Notice. Notice of any meeting of Members shall be given either personally, by first class mail, facsimile, telegraphic, or other written communication, charges prepaid, addressed to each Member at the address of each Member appearing on the books of the LLC or more recently given by the Member to the LLC for the purpose of notice. Notice shall be deemed to have been given at the time when delivered personally, deposited in the mail, or sent by facsimile, telegram, or other means of written communication. If any notice addressed to a Member at the address of such Member appearing on the books of the LLC is returned to the LLC by the United States Postal Service marked to indicate that the United States Postal Service is unable to deliver the notice to the Member at such address, all future notices or reports shall be deemed to have been duly given without further mailing if the same shall be available to the Member upon written demand of the Member at the principal office of the LLC for a period of one (1) year from the date of the giving of such notice. An affidavit of the mailing or other means of giving any notice of any Members' meeting shall be executed by the Member giving such notice, and shall be filed and maintained in the books and records of the LLC.

6.7    Conduct of Member Meetings. All meetings of the Members shall be presided over by the chairman of the meeting who shall be designated by a majority of the Members at the meeting, voting by LLC Interests. The chairman of the meeting shall determine the order of business and the procedures to be followed at the meeting.

6.8    Member Quorum.

The presence, in person or by proxy, of the holder(s) of an aggregate of fifty-one percent (51%) or more of the LLC Interests shall constitute a quorum at all meetings of the Members for the transaction of business.

Execution Copy

    6.9    <u>Member Voting</u>.

Each Member shall have a number of votes equal to the percentage LLC Interest held by such Member. However, if a Member is not entitled to vote on a specific matter, then such Member's number of votes and LLC Interest shall not be considered for purposes of determining whether a quorum is present, or whether approval by vote of the Members has been obtained, with respect to such specific matter. An aggregate of fifty-one percent (51%) or more of the LLC Interests shall be required to approve any action, unless a greater or lesser vote is required pursuant to this Agreement or by Statute.

6.10  <u>Adjourned Member Meeting and Notice Thereof</u>. Any Members' meeting, annual or special, regardless of whether a quorum is present, may be adjourned from time to time by the vote of a majority of the LLC Interests represented at such meeting, either in person or by proxy, but in the absence of a quorum, no other business may be transacted at such meeting. When any meeting of Members, either annual or special, is adjourned to another time and place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken, unless a new record date for the adjourned meeting is fixed, or unless the adjournment is for more than five (5) days from the date set for the original meeting, in which case the Members shall set a new record date. Notice of any such adjourned meeting, if required, shall be given to each Member entitled to vote at the adjourned meeting in accordance with paragraphs 6.5 and 6.6 above. At any adjourned meeting, the LLC may transact any business which might have been transacted at the original meeting.

6.11   <u>Waiver of Notice or Consent by Absent Members</u>. The transactions of any meeting of Members, either annual or special, however called and noticed, and whenever held, shall be as valid as if it had occurred at a meeting duly held after regular call and notice, if a quorum be present either in person or by proxy, and if, either before or after the meeting, each person entitled to vote but not present in person or by proxy, signs a written waiver of notice, a consent to the holding of the meeting, or any approval of the minutes thereof. The waiver of notice or consent shall state either the business to be transacted or the purpose of any annual or special meeting of Members. All such waivers, consents and approvals shall be filed with the LLC's books and records. Attendance of a person at a meeting shall constitute a waiver of notice of such meeting, unless such person objects at the beginning of the meeting.

6.12  <u>Member Action by Written Consent without a Meeting</u>. Any action which may be taken at any annual or special meeting of Members may be taken without a meeting and without prior notice, if consent in writing, setting forth the action so taken, are signed by Members holding LLC Interests representing the aggregate number of votes equal to or greater than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all LLC Interests entitled to vote thereon were present and voted. All such consents shall be filed with the LLC's books and records.

6.13 <u>Proxies</u>. Every Member entitled to vote shall have the right to do so either in person or by

Execution Copy

    one or more agents authorized by a written proxy signed by the Member and filed with the LLC. A proxy shall be revocable unless the proxy specifically states that it is irrevocable.

6.14 <u>Voting Trusts</u>. If any Member files a voting trust agreement with the LLC, the LLC shall take notice of its terms and trustee limitations.

6.15 <u>Powers</u>. The Members have general supervision, direction, and control of the business of the LLC. In addition, subject to the provisions of the state of organization's law, any limitations in the Articles of Organization and this Agreement relating to actions requiring approval by all of the Members, the Members may make all decisions and take all actions on behalf of the LLC not otherwise provided for in this Agreement including but not limited to the following:

    (a) select and remove all officers, agents, and employees of the LLC; prescribe any powers and duties for the Officers that are consistent with law, with the Articles of Organization, and with this Agreement; fix the Officers' compensation; and require from the Officers security for faithful service;

    (b) change the principal business office from one location to another; qualify the LLC to do business in any State, territory, dependency, or country; conduct business within or outside the United States; and designate any place within the United States for the holding of any Members' or Managers' meetings;

    (c) borrow money and incur indebtedness on behalf of the LLC, and cause to be executed and delivered for the LLC's purposes, in the LLC name, promissory notes, bonds, debentures, deeds of trust, mortgages, pledges, hypothecations, and other evidences of debt and securities;

    (d) call a meeting, annual or special, of the Members at any time upon notification as set forth in paragraphs 6.5 and 6.6 above;

    (e) enter into, make, and perform contracts and agreements which bind the LLC that are necessary and appropriate in the ordinary course of business of the LLC;

    (f) open and maintain bank and investment accounts and designate authorized persons to sign checks or drafts or give instructions concerning those accounts;

    (g) maintain the assets of the LLC and its subsidiaries;

    (h) collect sums due and owing to the LLC;

    (i) pay the debts and obligations of the LLC;

    (j) acquire, use, and dispose of assets during the ordinary course of business;

6.16 <u>Limitation on Powers</u>. Except by the unanimous written agreement of the Members, a

HEX Cook Inlet LLC Operating Agreement – Page 9

Execution Copy

    Member of the LLC shall not have the authority to:

    (a) enter into any agreement, contract, or commitment on behalf of the LLC which would obligate any Member to find additional capital, to guarantee a loan or to increase a Member's personal liability either to the LLC or to a third party;

    (b) materially alter the business of the LLC, deviate from any approved business plan of the LLC as set forth in this Agreement, or perform any action which would make it impossible to carry on the business of the LLC;

    (c) perform any action that is contrary to this Agreement;

    (d) place title to any LLC asset or property in the name of a nominee or sell, lease, pledge, hypothecate, or grant a security interest in any LLC asset or property, except in the ordinary course of business;

    (e) commingle LLC funds with the funds of any other person or entity;

    (f) confess a judgment against the LLC;

    (g) admit any person as a Member, except as otherwise provided in this Agreement;

    (h) attempt to dissolve the LLC;

6.17 _Standard of Care; Liability_.   Each Member shall exercise such powers and otherwise perform such duties in good faith, in the matters such Member believes to be in the best interests of the LLC, and with such care including reasonable inquiry, using ordinary prudence, as a person in a like position would use under similar circumstances. In performing the duties of a Member, a Member shall be entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, in which case prepared or presented by:

    (a) one or more Officers or employees of the LLC who the Member believes to be reliable and competent in the matters presented;

    (b) counsel, independent accountants, or other persons as to matters which the Member believes to be within such person's professional or expert competence.

### SECTION 7: TRANSFER AND ASSIGNMENT OF LLC INTERESTS

7.1 _Transfer or Assignment of Member's Interest_. Except as otherwise provided in this Agreement, no Member may transfer and/or assign, in whole or in part, his or her LLC Interest at any time. For purposes of this Agreement transfer shall mean sale, exchange,

assignment, alienation, disposition, gift, pledge, hypothecation, encumbrance, or grant of security interest in the LLC Interest.

7.2 Consent to Transfer. No transfer or assignment of an LLC Interest, or any part thereof, will be valid without the express written consent of a majority of the LLC Interests, including the Member proposing to transfer or assign his or her LLC Interest. If a transfer or assignment does obtain the required consent, then the transferee shall be admitted as an additional Member pursuant to this Agreement.

### SECTION 8: BOOKS AND RECORDS

8.1 Maintenance of Books and Records. The LLC shall establish and maintain appropriate books and records of the LLC in accordance with GAAP. There shall be kept at the principal office of the LLC and the registered office of the LLC, if different, the following LLC documents:

(a) a current list of the name and business or residence address of each Member and his or her Capital Contribution and LLC Interest;

(b) a current list of the name and business or residence address of each Manager, if any;

(c) a copy of the Articles of Organization and this Agreement and any amendments thereto;

(d) copies of the LLC's federal, state, and local income tax or information returns, if any, for the past six fiscal years;

(e) copies of the financial statements of the LLC, if any, for the past six fiscal years;

(f) originals or copies of all minutes, actions by written consent, consents to action, and waivers of notice to Members, Member votes, actions and consents; and

(g) any other information required to be maintained by the LLC pursuant to the state of organization's LLC statute.

8.2 Annual Accounting. Within ninety days after the close of each fiscal year of the LLC, the LLC shall cause to be prepared and submitted to each Member a balance sheet and income statement for the preceding fiscal year of the LLC (or portion thereof) in conformity with GAAP and provide to the Members all information necessary for them to complete federal and state tax returns.

8.3 Inspection and Audit Rights. Each Member has the right, upon reasonable request, for purposes reasonably related to the interest of that Member, to inspect and copy during normal business hours any of the LLC books and records. Such right may be exercised by the Member or his or her agent or attorney. Any Member may require a review and/or audit of the books, records, and reports of the LLC.

8.4 Bank Accounts. All funds of the LLC shall be deposited in the LLC's name in such banks as determined by the Members. All checks, drafts, or other orders for payment of money, notes, or other evidences of indebtedness, issued in the name of or payable to the LLC, shall be signed or endorsed by such person or persons and in such manner as, from time to time, shall be determined by the Members.

8.5 Fiscal Year. The LLC's fiscal year shall end on December 31

8.6 Accounting Method.

   For financial reporting purposes, the books and records of the LLC shall be kept on the accrual method of accounting applied in a consistent manner and shall reflect all transactions of the LLC and be appropriate and adequate for the purposes of the LLC.

## SECTION 9: TAXATION

9.1 Tax Year. The LLC's taxable year shall end on December 31.

9.2 Tax Matters Partner. A majority of LLC Interests at a meeting of the Members shall appoint a Tax Matters Partner pursuant to Code § 6231 to represent the LLC. The Tax Matters Partner, on behalf of the LLC, shall oversee the LLC tax affairs in the overall best interests of the LLC and make all elections for federal income tax purposes. The Tax Matters Partner shall have all necessary federal and state income and information tax returns prepared and filed on behalf of the LLC. The determination of the Tax Matters Partner as to adjustments to the financial reports, books, records, and returns of the LLC, in the absence of fraud or gross negligence, shall be final and binding upon the LLC and all of the Members.

## SECTION 10: INDEMNIFICATION

10.1 Definitions: Agents, Proceedings, and Expenses. For the purposes of this Agreement, "Agent" means any person who is or was a Member, Manager, Officer, employee, or other agent of this LLC; "Proceeding" means any threatened, pending or completed action or proceeding, whether civil, criminal, administrative, or investigative; and "Expenses" means any and all costs, fees, and expenses including but not limited to court costs and attorney's fees.

10.2 Actions Other Than by the LLC. The LLC shall indemnify and hold harmless any person or Agent who was or is a party, or is threatened to be made a party, to any Proceeding (other than an action by or in the right of this LLC) by reason of the fact that such person is or was an Agent of this LLC, against expenses, judgments, fines, settlements, and other amounts actually and reasonably incurred in connection with such Proceeding, if that person acted in good faith and in a manner that person reasonably believed to be in the best interests of this LLC, and, in the case of a criminal proceeding, had no reasonable cause to believe his or her conduct was unlawful. The termination of any Proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not,

of itself, create a presumption that the person did not act in good faith and in a manner which the person reasonably believed to be in the best interests of this LLC or that the person had reasonable cause to believe that his or her conduct was unlawful.

10.3 Actions by the LLC.

(a) LLC shall indemnify any person or Agent who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action by or in the right of this LLC to procure a judgment in its favor by reason of the fact that the person is or was an Agent of this LLC, against expenses actually and reasonably incurred by that person or Agent in connection with the defense or settlement of that action if that person or Agent acted in good faith, in a manner that person or Agent believed to be in the best interests of this LLC, and with such care, including reasonable inquiry, as an ordinary prudent person in a like position would use under similar circumstances.

(b) No indemnification, however, shall be made under this Section: (i) with respect to any claim, issue, or matter as to which that person or Agent shall have been adjudged to be liable to this LLC in the performance of that person's or Agent's duty to the LLC, unless the court in which that action was brought shall determine upon application that the person or Agent is fairly and reasonably entitled to indemnity for the expenses which the court shall determine; (ii) for amounts paid in settling or otherwise disposing of a threatened or pending action, with or without court approval; or (iii) for expenses incurred in defending a threatened or pending action which is settled or otherwise disposed of without court approval.

10.4 Successful Defense by Agent. To the extent that an Agent of this LLC has been successful on the merits in defense of any Proceeding, the agent shall be indemnified against expenses actually and reasonably incurred by the Agent in connection with the Proceeding.

10.5 Required Approval. Any indemnification under this Section shall be made by the LLC only if authorized upon a determination by a majority vote of the LLC Interests of Members.

10.6 Advance of Expenses. Expenses incurred in defending any Proceeding may be advanced by the LLC before the final disposition of the Proceeding upon receipt of an undertaking by or on behalf of the Agent to repay the amount of the advance unless it shall be determined ultimately that the Agent is entitled to be indemnified.

10.7 Other Contractual Rights. Nothing contained in this Section shall affect any right to indemnification to which Agents of this LLC or any subsidiary may be entitled by contract, by vote of the Members, as a matter of law or equity, or otherwise.

10.8 Insurance. The LLC may, upon a determination by the Members, purchase and maintain insurance on behalf of any Agent of the LLC against any liability which might be asserted against or incurred by the Agent in such capacity, or which might arise out of the Agent's status as such, regardless of whether the LLC would have the power to indemnify the Agent against that liability.

Execution Copy

10.9 <u>Amendment to Alaska Laws</u>. In the event that Alaska law regarding indemnification of members, managers, directors, officers, employees, and other agents of an LLC, as in effect at the time of adoption of this Agreement, is subsequently amended in any way that increases the scope of permissible indemnification beyond that set forth herein, the indemnification authorized by this Section shall be deemed to be coextensive with the maximum afforded by the state of organization's law as so amended.

## SECTION 11
## TERMINATION AND DISSOLUTION

11.1 <u>Dissolution</u>. The LLC shall be dissolved upon the occurrence of any of the following events:

(a) the expiration of the period fixed in the Articles of Organization;

(b) the written consent of a majority (or all) of the LLC Interests;

(c) the death, withdrawal, resignation, expulsion, bankruptcy or dissolution of a Member, or the occurrence of any other event which terminates the Member's continued membership in the LLC, unless the business of the LLC is continued by the consent of a majority (or all) of the remaining LLC Interests within ninety (90) days of the happening of that event.

11.2 <u>Notice of Winding Up</u>. Upon the occurrence of any of the events specified above, the LLC shall execute and file a Notice of Winding Up, if required, with the Department of Commerce, Community and Economic Development of the State of Alaska.

11.3 <u>Conduct of Business</u>. Upon the occurrence of any of the events specified above, a majority of the members (excluding those members who caused the dissolution event) shall appoint one or more of the Members to act as liquidator and wind up all LLC business and affairs. However, the LLC shall continue to exist until Articles of Dissolution have been filed with the Department of Commerce, Community and Economic Development of the State of Alaska or until a decree dissolving the LLC has been entered by a court of competent jurisdiction.

11.4 <u>Distribution of Net Proceeds</u>. Upon the occurrence of any of the events specified above and the completion of winding up all LLC business and affairs, the assets of the LLC shall be promptly liquidated and distributed in the following order:

(a) to the payment of creditors, excluding Members, in the order of priority as provided by law;

(b) to the payment of loans or advances made by the Members;

(c) to the Members in proportion to their Capital Accounts after adjustments for all

      allocations of net profits and net loss.

      Where the distribution consists both of cash and noncash assets, the cash shall be distributed first, in descending order, to the above categories. With respect to the noncash assets, which distribution values are to be based on the fair market value of the noncash asset as determined in good faith by the liquidator, the liquidator may sell the noncash assets and distribute the cash proceeds or distribute the assets in kind, in descending order, to the above categories.

11.5  <u>Termination</u>. The LLC shall be terminated upon the distribution of all assets. The Members shall cause the LLC to file Articles of Dissolution with the Department of Commerce, Community and Economic Development of the State of Alaska or take any other actions necessary to terminate the LLC.

## SECTION 12: AMENDMENTS

12.1  <u>Amendments by Members</u>.

      Subject to the rights of the Member to adopt, amend, alter, or repeal this Agreement, this Agreement may be adopted, amended, altered, or repealed by a vote of a majority of the Membership Interests.

## SECTION 13: GENERAL PROVISIONS

13.1  <u>Entire Agreement/Modification</u>. This Agreement contains the entire understanding of the parties with respect to the subject matter of the agreement, and it supersedes all prior understandings and agreements, whether written or oral, and all prior dealings of the parties with respect to the subject matter hereof. This Agreement, in whole or in part, cannot be changed, modified, extended, or discharged orally and no waiver of compliance with any provision or condition hereof and no consent provided for herein shall be effective unless evidenced by an instrument in writing duly executed by the party against whom enforcement of any waiver, change, modification, extension, or discharge is sought. Further, no consent or waiver, express or implied, to or of any breach or default shall constitute a consent or waiver to or of any other breach.

13.2  <u>Partition</u>. Each Member agrees that he or she has no right, and irrevocably waives any and all such rights, to have the assets of the LLC partitioned, or to file a complaint, or institute and maintain any proceeding at law or equity to have the assets of the LLC partitioned.

13.3  <u>Further Actions</u>. Each of the Members agrees to execute, acknowledge, and deliver such additional documents, and take such further actions, as may reasonably be required from time to time to carry out each of the provisions and the intent of this Agreement, and every agreement or document relating hereto, or entered into in connection herewith.

Execution Copy

13.4 <u>Severability</u>. If any provision of this Agreement or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

13.5 <u>Successor and Assigns</u>. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, legal representatives, and assigns. This Agreement may not be assigned by any party without the express written consent of the other parties.

13.6 <u>Notices</u>. All notices, requests, demands, and other communications made hereunder shall be in writing and shall be deemed duly given if delivered or sent by telex, facsimile, or registered or certified mail, postage prepaid, as follows, or to such other address or person as the party may designate by notice to the other party hereunder:

HEX L.L.C.
2000 Atwood Drive
Anchorage, AK 99507

Rogue Wave AK LLC
5613 Yukon Charlie Loop
Anchorage AK 99502

13.7 <u>Attorney's Fees</u>. In the event of any litigation, arbitration or other dispute arising as a result of or by reason of this Agreement, the prevailing party in any such litigation, arbitration or other dispute shall be entitled to, in addition to any other damages assessed, its reasonable attorney's fees, and all other costs and expenses incurred in connection with settling or resolving such dispute.

13.8 <u>Arbitration</u>.

Any dispute, claim, or controversy arising out of this Operating Agreement will be settled by arbitration in Anchorage, Alaska. Such arbitration shall be conducted in accordance with the rules of the American Arbitration Association. The party requesting arbitration shall serve upon the other party a notice demanding arbitration and a description of the issue or issues to be arbitrated. Any award issued as a result of the arbitration may be entered as a final judgment or order in any court of competent jurisdiction and enforced accordingly. Notwithstanding this provision, the aggrieved party shall be entitled to injunctive and/or equitable relief in a court of competent jurisdiction. All costs and expenses of the arbitration, including reasonable attorney's fees, shall be allocated among the parties as determined by the arbitrator.

13.9 <u>Construction</u>. Throughout this Agreement, the masculine, feminine, or neuter genders shall be deemed to include the masculine, feminine, and neuter and the singular, the plural, and vice versa. The section headings of this Agreement are for convenience of reference only and do not form a part hereof and do not in any way modify, interpret, or

construe the intentions of the parties.

13.10  **Execution and Counterparts.** This Agreement may be executed in several counterparts each of which shall be deemed to be an original, and all such counterparts when taken together shall constitute one and the same instrument.

13.11  **Governing Law.** This agreement shall be governed by, and interpreted in accordance with the laws of the State of Alaska. The parties hereby agree that any legal action or proceeding shall be brought in the courts of the State of Alaska. The parties further agree to submit to the jurisdiction of the State of Alaska and consent to the service of process in accordance with applicable procedures and rules of said jurisdiction.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of this 20th day of May 2020.

HEX Cook Inlet LLC, an Alaska Limited Liability Company

By: _____
Title: President/CEO

HEX L.L.C.                                   ROGUE WAVE AK LLC

_____         _____
John L. Hendrix                          Richard Dusenbery

construe the intentions of the parties.

13.10 <u>Execution and Counterparts</u>. This Agreement may be executed in several counterparts each of which shall be deemed to be an original, and all such counterparts when taken together shall constitute one and the same instrument.

13.11 <u>Governing Law</u>. This agreement shall be governed by, and interpreted in accordance with the laws of the State of Alaska. The parties hereby agree that any legal action or proceeding shall be brought in the courts of the State of Alaska. The parties further agree to submit to the jurisdiction of the State of Alaska and consent to the service of process in accordance with applicable procedures and rules of said jurisdiction.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of this 20th day of May 2020.

HEX Cook Inlet LLC, an Alaska Limited Liability Company

By: _____

Title: _____


HEX L.L.C.                                          ROGUE WAVE AK LLC

_____                              _____
John L. Hendrix                                     Richard Dusenbery