**Exhibit F**

Schedule of Retained Causes of Action

[See attached.]

Article IV.P of the Plan provides as follows:

> Unless any Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, in accordance with section 1123(b) of the Bankruptcy Code, the Plan, and the Litigation Trust Documents, the Debtors shall convey to the Litigation Trust on the Effective Date all Causes of Action constituting Litigation Trust Assets and the Reorganized Debtors shall retain any other remaining Causes of Action. The Litigation Trust and the Reorganized Debtors (as applicable) may enforce all rights to pursue, commence, litigate, prosecute, compromise, or otherwise settle, as appropriate, any and all such Causes of Action, whether arising before or after the Petition Date, which shall vest in the Litigation Trust or the Reorganized Debtors (as applicable) pursuant to the terms of the Plan. For the avoidance of doubt, and notwithstanding anything herein to the contrary, no retained Causes of Action, which if brought would or could materially and adversely impact the Reorganized Debtors or Acquirer or result in any liability (including for third-party costs) against the Reorganized Debtors or Acquirer, shall be transferred to the Litigation Trust.
>
> The Litigation Trust or the Reorganized Debtors (as applicable) may enforce all rights to pursue, commence, litigate, prosecute, compromise, or settle, as appropriate, any and all such Causes of Action, whether arising before or after the Petition Date, and the Litigation Trust's and the Reorganized Debtors' rights (as applicable) to pursue, commence, litigate, prosecute, compromise, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors, the Litigation Trust, or the Reorganized Debtors will not pursue any and all available Causes of Action against it. The Debtors, the Litigation Trust, and the Reorganized Debtors expressly reserve all rights to pursue, commence, litigate, prosecute, compromise, or settle any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan**. Unless any Cause of Action against an Entity is expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, the Litigation Trust and the Reorganized Debtors (as applicable) expressly reserves all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of Confirmation or Consummation.
>
> The Litigation Trust and the Reorganized Debtors (as applicable) each reserves and shall retain the foregoing Causes of Action (as applicable) notwithstanding the rejection or repudiation of any Executory Contract or Unexpired Lease during the Chapter 11 Cases or pursuant to the Plan. The Litigation Trust and Reorganized Debtors (as applicable) shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, or to decline

to do any of the foregoing, without the consent or approval of any third party or any further notice to or action, order, or approval of the Bankruptcy Court, provided that any such action shall not give rise to any liability or cost to the Acquirer, the Reorganized Debtors, or the Litigation Trust, as applicable. For the avoidance of doubt, the Litigation Trust's rights, authority, and discretion set forth herein shall be limited to those Causes of Action constituting Litigation Trust Assets and the Reorganized Debtors' rights, authority, and discretion set forth herein shall be limited to those Causes of Action that do not constitute Litigation Trust Assets.

"Litigation Trust Assets" means all assets of the Estates vested in the Litigation Trust including those assets set forth in the definition of Litigation Trust Assets in Article I.A.104 of the Plan as follows:

"*Litigation Trust Assets*" means (I) on the Effective Date, all assets of the Estates vested in the Litigation Trust, which shall include (a) the Working Capital Cash, (b) Claims and Causes of Action on the Schedule of Retained Causes of Action to be transferred to the Litigation Trust that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, against: (i) Alecto, Ltd.; (ii) Advanced Capital Funding, LLC; (iii) Advanced Drilling Solutions, LLC; (iv) Offshore Management Holdings, LLC; (v) Deutsche Oel & Gas S.A.; (vi) Brutus AG (f/k/a Deutsche Oel & Gas, AG); (vii) Kay Rieck; (viii) entities owned and/or controlled by Kay Rieck (other than the Debtors); (ix) any family members of Kay Rieck; (x) Rieck Oil & Gas; (xi) Theodor van Stephoudt; (xii) Reed Smith LLP; (xiii) Netherlands Sewell & Associates, Inc.; (xiv) Michael A. "Tony" Nunes (including any law firm for which Mr. Nunes worked and any other lawyers associated with him, including James A. Cogan and Cogan & Partners, LLP and any successor); (xv) Thomas E. Hord; (xvi) entities owned and/or controlled by Thomas E. Hord (other than the Debtors); (xvii) Damon Kade; (xviii) Nordic Overseas Drilling & Services, GmbH; (xix) Kadmas, Limited; (xx) Offshore Drilling Solutions, Ltd.; (xxi) Doy Dugan; (xxii) entities owned and/or controlled by Doy Dugan (other than Debtors); (xxiii) Shelf Drilling, Ltd. and its affiliates and subsidiaries, including Shelf Drilling Offshore Resources Limited II; (xxiv) Spartan Offshore Drilling, LLC and/or any of its affiliates or subsidiaries; (xxv) Jan Torsten Schmeiling; (xxvi) Andreas Sasdi; (xxvii) Matthias Mooseman; (xxviii) Marco Quacken; (xxix) Natalia Snezina; (xxx) Furie Oil & Gas, LLC; (xxxi) all entities named consecutively Furie Oil & Gas I through Furie Oil & Gas, XVIII; (xxxii) Furie Operating, LLC; (xxxiii) Helena Oil & Gas; (xxxiv) Helena Energy, LLC; (xxxv) Tanks-A-Lot, Inc.; (xxxvi) Furie Petroleum Company, LLC; (xxxvii) entities owned and/or controlled by Furie Petroleum Company, LLC (other than the Debtors); (xxxviii) Sierra Pine Resources International; (xxxix) Bruce Ganer; (xl) any Entity identified in a Plan Supplement as Non-Released Party; and (xli) with respect to each of the foregoing Entities in clauses (i) through (xl), such Entity and its current and former Affiliates, and such Affiliates' current and former Affiliates, directors, managers, officers, principals, equity holders, (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors and assigns, subsidiaries, Affiliates, and

managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such, and any applicable insurance companies and insurance policies applicable to Claims against the foregoing; and (c)(i) copies of all corporate, partnership, limited liability company, financial, income, and franchise tax and legal records of the Debtors that relate to the foregoing Litigation Trust Assets consistent with and subject to **Article IV.L.3** and (ii) copies of all books, records, documents, instruments, and files associated with the foregoing Litigation Trust Assets subject to **Article IV.L.3,** and (II) after the Effective Date, all assets held from time to time by the Litigation Trust; *provided that*, notwithstanding anything to the contrary in this provision, the Plan, or the Litigation Trust Documents, the Litigation Trust Assets shall not include Claims or Causes of Action (a) against the Released Parties, or (b) which if brought would or could materially and adversely impact the Reorganized Debtors or Acquirer or result in any liability (including for third-party costs) against the Reorganized Debtors or Acquirer, and such Claims or Causes of Action shall not be transferred to the Litigation Trust.

Notwithstanding and without limiting the generality of Article IV.P of the Plan, the following **Schedule F-1** through **Schedule F-6** attached hereto include specific claims or causes of action expressly preserved.  The following claims will be retained by the Litigation Trust and the Reorganized Debtors, as applicable, including: (a) claims or causes of action against or related to the Non-Released Parties; (b) claims related to contracts and leases; (c) claims related to insurance policies; (d) claims related to deposits, adequate assurance posting, and other collateral postings; (e) claims related to liens; (f) claims, defenses, cross-claims, and counter-claims related to litigation and possible litigation; (g) claims related to accounts receivable and accounts payable; (h) claims related to tax refunds; (i) claims related to potential avoidance of prepetition transfers under section 547 of the Bankruptcy Code; and (j) claims related to environmental matters.

**The Causes of Action set forth on the List of Retained Causes of Action including, without limitation, Schedule F-1 through Schedule F-6, are non-exclusive and are not intended to be a comprehensive list of all retained Causes of Action.  The Litigation Trust and the Reorganized Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement the List or Schedules of Retained Causes of Action at any time with additional Causes of Action in accordance with the Plan.  Failure to include any Cause of Action herein at anytime shall not be a bar nor have any impact on the Litigation Trust's or Reorganized Debtors' rights to bring any Causes of Action not otherwise released pursuant to the Plan.**

*[Remainder of page intentionally left blank.]*

## List of Retained Causes of Action

**A. All Claims Against the Non-Released Parties**

The Litigation Trust expressly reserves all claims and Causes of Action, regardless of whether such Claims or Causes of Action are specifically identified herein, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity, against: (i) Alecto, Ltd.; (ii) Advanced Capital Funding, LLC; (iii) Advanced Drilling Solutions, LLC; (iv) Offshore Management Holdings, LLC; (v) Deutsche Oel & Gas S.A.; (vi) Brutus AG (f/k/a Deutsche Oel & Gas, AG); (vii) Kay Rieck; (viii) entities owned and/or controlled by Kay Rieck (other than the Debtors); (ix) any family members of Kay Rieck; (x) Rieck Oil & Gas; (xi) Theodor van Stephoudt; (xii) Reed Smith LLP; (xiii) Netherlands Sewell & Associates, Inc.; (xiv) Michael A. "Tony" Nunes (including any law firm for which Mr. Nunes worked and any other lawyers associated with him, including James A. Cogan and Cogan & Partners, LLP and any successor); (xv) Thomas E. Hord; (xvi) entities owned and/or controlled by Thomas E. Hord (other than the Debtors); (xvii) Damon Kade; (xviii) Nordic Overseas Drilling & Services, GmbH; (xix) Kadmas, Limited; (xx) Offshore Drilling Solutions, Ltd.; (xxi) Doy Dugan; (xxii) entities owned and/or controlled by Doy Dugan (other than Debtors); (xxiii) Shelf Drilling, Ltd. and its affiliates and subsidiaries, including Shelf Drilling Offshore Resources Limited II; (xxiv) Spartan Offshore Drilling, LLC and/or any of its affiliates or subsidiaries; (xxv) Jan Torsten Schmeiling; (xxvi) Andreas Sasdi; (xxvii) Matthias Mooseman; (xxviii) Marco Quacken; (xxix) Natalia Snezina; (xxx) Furie Oil & Gas, LLC; (xxxi) all entities named consecutively Furie Oil & Gas I through Furie Oil & Gas, XVIII; (xxxii) Furie Operating, LLC; (xxxiii) Helena Oil & Gas; (xxxiv) Helena Energy, LLC; (xxxv) Tanks-A-Lot, Inc.; (xxxvi) Furie Petroleum Company, LLC; (xxxvii) entities owned and/or controlled by Furie Petroleum Company, LLC (other than the Debtors); (xxxviii) Sierra Pine Resources International; (xxxix) Bruce Ganer; (xl) any Entity identified in a Plan Supplement as Non-Released Party; and (xli) with respect to each of the foregoing Entities in clauses (i) through (xl), such Entity and its current and former Affiliates, and such Affiliates' current and former Affiliates, directors, managers, officers, principals, equity holders, (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors and assigns, subsidiaries, Affiliates, and managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such, and any applicable insurance companies and insurance policies applicable to Claims against the foregoing; *provided* that notwithstanding anything to the contrary in this provision, the Plan, or the Litigation Trust Documents, the Litigation Trust Assets shall not include Claims or Causes of Action (a) against the Released Parties, or (b) which if brought would or could materially and adversely impact the Reorganized Debtors or Acquirer or result in any liability (including for third-party costs) against the Reorganized Debtors or Acquirer.

**B. Claims Related to Contracts and Leases**

**Schedule F-1** includes contracts and leases to which one or more Debtors are a party. Unless otherwise specifically released by or vested in the Litigation Trust pursuant to the Plan, the

Debtors expressly reserve the claims or Causes of Actions, based in whole or in part upon any and all contracts and leases to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, regardless of whether such contract or lease is included on **Schedule F-1**, including without limitation all contracts and leases that are assumed pursuant to the Plan or were previously assumed by the Debtors.  The claims and Causes of Actions reserved include, without limitation, claims and Causes of Action against charterers, vendors, suppliers of goods or services, customers, or any other parties, unless such claims or Causes of Action were previously released through the Plan or separate written agreement executed by the Debtors:  (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for breach of contract, wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) for environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) for counterclaims and defenses related to any contractual obligations; (h) for any turnover actions arising under section 542 or 543 of the Bankruptcy Code; (i) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims; and (j) for demurrage claims due from charterers.  Each Schedule G of the Schedules filed by the Debtors in the Chapter 11 Cases, as the same may be amended from time to time, is hereby incorporated by reference into **Schedule F-1** as if fully set forth therein.  The Debtors further incorporate by reference the *Rejected Contracts and Lease List* filed as Exhibit G-2 to the Plan Supplement.

### C. Claims Related to Insurance Policies

**Schedule F-2** includes insurance contracts and policies to which one or more Debtors are a party.  Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan, the Debtors expressly reserve all claims and Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Reorganized Debtor is a party or pursuant to which any Debtor or Reorganized Debtor has any rights whatsoever, regardless of whether such contract or policy is included on **Schedule F-2**, including claims and Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.  Each Part 11 of each Debtor's Schedule A/B of the Schedules filed in the Chapter 11 Cases, as the same may be amended from time to time, is hereby incorporated by reference into this **Schedule F-2** as if fully set forth herein. Exhibit C to the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered Into Prepetition And Satisfy Prepetition Obligations Related Thereto, Including Broker Fees, (B) Renew, Supplement, Or Purchase Insurance Policies, (C) Honor Prepetition Insurance Premium Financing Agreement, and (D) Renew Insurance Premium Financing Agreement In The Ordinary Course of Business; (II) Authorizing Banks To Honor And Process Checks and*

*Electronic Transfer Requests Related Thereto; And (III) Granting Related Relief* [Docket No. 6] is hereby incorporated into **Schedule F-2** as if fully set forth therein.

### D. Claims Related to Deposits, Adequate Assurance Postings, and Other Collateral Postings

**Schedule F-3** includes Entities to whom the Debtors have paid or given a security deposit, adequate assurance payment, or any other type of deposit or collateral. Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan or the Debtors, the Debtors expressly reserve all claims and Causes of Action based in whole or in part upon any and all postings of deposits, security deposits, adequate assurance postings, or any other type of deposit or collateral posting, regardless of whether such posting of security deposit, adequate assurance payment, or any other type of deposit or collateral is included on **Schedule F-3**. Exhibit C to the *Debtors' Motion for Interim And Final Orders (A) Prohibiting Utility Companies From Discontinuing, Altering, Or Refusing Service, (B) Deeming Utility Companies To Have Adequate Assurance of Payment, And (C) Establishing Procedures For Resolving Requests for Additional Assurance* [Docket No. 4] is hereby incorporated by reference into **Schedule F-3** as if fully set forth herein. Each Part 2 of each Debtor's Schedule A/B of the Schedules filed in the Chapter 11 Cases, as may be amended from time to time, is hereby incorporated by reference into **Schedule F-3** as if fully set forth therein.

### E. Claims and Causes of Action Related to Liens

Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan or the *Final Order (I) Authorizing The Debtors To (A) Obtain Postpetition Financing On A Super-Priority, Senior Secured Basis, (B) Use Cash Collateral, (II) Granting Adequate Protection To Prepetition Lenders, And (III) Modifying the Automatic Stay* [Docket No. 186], the Debtors expressly reserve all claims and Causes of Action based in whole or in part upon any and all liens regardless of whether such lien is specifically identified herein. Each Debtor's Schedule D of the Schedules filed in the Chapter 11 Cases, as may be amended from time to time, is hereby incorporated by reference as if fully set forth herein.

### F. Claims, Defenses, Cross-Claims and Counter-Claims Related to Litigation and Potential Litigation

**Schedule F-4** sets forth Entities that are party to or that the Debtors believe may become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial. Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan, the Debtors expressly reserve all claims and Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity is included on **Schedule F-4**. Each of the following is hereby incorporated by reference into **Schedule F-4** as if fully set forth therein: each Part 11 of each Debtor's Schedule A/B of the Schedules filed in the Chapter 11 Cases, as may be amended from time to time.

### G. Causes of Action Related to Accounts Receivable and Accounts Payable

**Schedule F-5** sets forth certain Entities that have recently or that currently owe money to the Debtors. Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve all of their rights with respect to claims and Causes of Action against or related to all Entities that owe or that may in the future owe money to the Debtors or the Reorganized Debtors, regardless of whether such entity is expressly identified into **Schedule F-5**. Furthermore, the Debtors expressly reserve all of their rights with respect to claims and Causes of Action against or related to all Entities who assert or may assert that the Debtors or Reorganized Debtors, as applicable, owe money to them, including, without limitation, all Entities listed on Schedules D and E/F of each of the Schedules filed by the Debtors in the Chapter 11 Cases, which are hereby incorporated by reference into **Schedule F-5** as if fully set forth herein. Further, each Part 3 of each Debtor's Schedule A/B of the Schedules filed in the Chapter 11 Cases, as may be amended from time to time, is hereby incorporated by reference as if fully set forth herein.

### H. Causes of Action Related to Tax Refunds

**Schedule F-6** includes Entities that have recently or that currently owe money to the Debtors for, or related, to taxes paid. Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan, the Debtors expressly reserve all claims and Causes of Action against or related to all Entities that owe or that may in the future owe money related to tax refunds to the Debtors or Reorganized Debtors, regardless of whether such Entity is included on **Schedule F-6**. Each Part 11 of each Debtor's Schedule A/B of the Schedules filed in the Chapter 11 Cases, as may be amended from time to time, is hereby incorporated by reference into **Schedule F-6** as if fully set forth therein. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Reorganized Debtors owe taxes to them.

### I. Causes of Action Related to Potential Avoidance of Prepetition Transfers Under Section 547 of the Bankruptcy Code

Unless otherwise released by or vested in the Litigation Trust pursuant to the Plan, the Debtors and the Reorganized Debtors, as applicable, expressly reserve their rights with respect to all Claims and Causes of Action against or related to all Entities for the avoidance and recovery of preferential transfers pursuant to section 547 of the Bankruptcy Code, regardless of whether such Claims or Causes of Action are specifically identified herein.

### J. Causes of Action Related to Environmental Matters

Unless otherwise released by the Plan, the Debtors expressly reserve any and all Causes of Action related to environmental matters, including, without limitation, any Causes of Action arising out of environmental or contaminant exposure matters, including but not limited to liabilities related to decommissioning and plugging and abandonment, against landlords, lessors, environmental consultants, environmental agencies, suppliers of environmental services or goods,

or any other interested parties thereto, regardless of whether such Claims or Causes of Action are specifically identified herein.

## Schedule F-1

## Claims Related to Contracts and Leases

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | DESCRIPTION |
|--------|--------------|----------------------|-------------|
|        |              |                      |             |

## Schedule F-2

## Claims Related to Insurance Policies

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |

## Schedule F-3

**Claims Related to Deposits, Adequate Assurance Posing, and Other Collateral Postings**

| DEBTOR | SECURITY HOLDER | ADDRESS | DESCRIPTION |
|---|---|---|---|
|  |  |  |  |

## Schedule F-4

### Claims, Defenses, Cross-Claims, and Counter-Claims
### Related to Litigation and Possible Litigation

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | CLAIM DESCRIPTION | JURISDICTION (IF APPLICABLE) |
|---|---|---|---|---|
| FURIE OPERATING ALASKA, LLC AND CORNUCOPIA OIL & GAS COMPANY, LLC | ADVANCED DRILLING SOLUTIONS, LLC | 4906 AMBASSADOR CAFFERY PL. LAFAYETTE, LA 70508 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | DEUTSCHE OEL & GAS S.A. | C/O MICHAEL J. VENDITTO REED SMITH LLP 599 LEXINGTON AVENUE NEW YORK, NY 10022 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) AND CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS DRILLING OPERATIONS (2011-2018) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | BRUTUS AG (F/K/A DEUTSCHE OEL & GAS, AG | C/O MICHAEL J. VENDITTO REED SMITH LLP 599 LEXINGTON AVENUE NEW YORK, NY 10022 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS DRILLING OPERATIONS (2011-2018), INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018), | N/A |

DM_US 168833606-4.091621.0014

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | CLAIM DESCRIPTION | JURISDICTION (IF APPLICABLE) |
|---|---|---|---|---|
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | KAY RIECK | C/O MICHAEL J. VENDITTO REED SMITH LLP 599 LEXINGTON AVENUE NEW YORK, NY 10022 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018), CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS DRILLING OPERATIONS (2011-2018), CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS SALES TO HELENA AND/OR AURORA GAS, LLC (2015-2017), AND CLAIMS OR CAUSES OF ACTION RELATED TO THE ATTEMPTED TRANSFER OF ALASKA TAX CREDITS (2016) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | MICHAEL A. "TONY" NUNES (INCLUDING ANY LAW FIRM FOR WHICH MR. NUNES WORKED AND ANY OTHER LAWYERS ASSOCIATED WITH HIM, INCLUDING JAMES A. COGAN AND COGAN & PARTNERS, LLP AND ANY SUCCESSOR | PIGMAN WALTHER WITTMANN LLC 1001 MCKINNEY STREET, SUITE 1600 HOUSTON, TX 77002-6421 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | THOMAS E. HORD | 912 FOREST RD. CLEAR LAKE SHORES, TX 77565 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |

14

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | CLAIM DESCRIPTION | JURISDICTION (IF APPLICABLE) |
|---|---|---|---|---|
| FURIE OPERATING ALASKA, LLC AND CORNUCOPIA OIL & GAS COMPANY, LLC | NORDIC OVERSEAS DRILLING & SERVICES, GMBH | MARIE-CURIE-STRAßE 10, 72555 METZINGEN GERMANY<br><br>OR<br><br>AM BAUMWELL 3, 20459 HAMBURG GERMANY | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |
| FURIE OPERATING ALASKA, LLC AND CORNUCOPIA OIL & GAS COMPANY, LLC | KADMAS, LIMITED | | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |
| FURIE OPERATING ALASKA, LLC AND CORNUCOPIA OIL & GAS COMPANY, LLC | OFFSHORE DRILLING SOLUTIONS, LTD. | | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | SHELF DRILLING, LTD. AND ITS AFFILIATES AND SUBSIDIARIES, INCLUDING SHELF DRILLING OFFSHORE RESOURCES LIMITED II | C/O SARAH GILLSTROM PERKINS COIE 1029 W. 3RD AVE. SUITE 300 ANCHORAGE, AK 99501 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE RANDOLPH YOST TRANSACTIONS (2015-2018) AND CLAIMS OR CAUSES OF ACTION RELATED TO THE ALASKA ACTION AND THE LIEN AVOIDANCE ACTION | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE |

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | CLAIM DESCRIPTION | JURISDICTION (IF APPLICABLE) |
|---|---|---|---|---|
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | HELENA ENERGY, LLC ("HELENA") | 3705 ARCTIC BLVD #1717, ANCHORAGE, AK 99503 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS SALES TO HELENA AND/OR AURORA GAS, LLC (2015-2017) | N/A |
| FURIE OPERATING ALASKA, LLC, CORNUCOPIA OIL & GAS COMPANY, LLC, AND CORSAIR OIL & GAS, LLC | SIERRA PINE RESOURCES INTERNATIONAL, INC. ("SPRI") | BRUCE GANER 110 CYPRESS STATION DR., SUITE 105 HOUSTON, TX 77090 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' GAS DRILLING OPERATIONS (2011-PRESENT) | N/A |
| FURIE OPERATING ALASKA, LLC AND CORNUCOPIA OIL & GAS COMPANY, LLC | SÜDDEUTSCHE AKTIENBANK AG | C/O DUSTIN HUBBARD CLA (CLIFTONLARSON ALLEN LLP) 8390 EAST CRESCENT PARKWAY SUITE 300 GREENWOOD VILLAGE, CO 80111-2814 | CLAIMS OR CAUSES OF ACTION RELATED TO DEBTORS' BUSINESS DEALINGS AND/OR OPERATIONS, INCLUDING, WITHOUT LIMITATION, CLAIMS OR CAUSES OF ACTION RELATED TO THE ATTEMPTED TRANSFER OF ALASKA TAX CREDITS (2016) | N/A |

## Schedule F-5

**Claims Related to Accounts Receivable and Accounts Payable**

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | DESCRIPTION |
|--------|--------------|----------------------|-------------|
|        |              |                      |             |

## Schedule F-6

## Claims Related to Tax Refunds

| DEBTOR | COUNTERPARTY | COUNTERPARTY ADDRESS | DESCRIPTION |
|--------|--------------|----------------------|-------------|
|        |              |                      |             |