**Exhibit C**

Litigation Trust Agreement


[See attached.]

## LITIGATION TRUST AGREEMENT

This LITIGATION TRUST AGREEMENT is made this [●] day of June, 2020 (this "Agreement"), by and among Cornucopia Oil & Gas Company, LLC (the "Company"), Corsair Oil & Gas LLC ("Corsair") and Furie Operating Alaska, LLC ("Furie" and, together with the Company and Corsair, the "Company Parties"), as settlors, and [●][1], as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee"), and creates and establishes the Litigation Trust (the "Litigation Trust") referenced herein in order to facilitate the implementation of *The Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code*, dated May 6, 2020 (as the same may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof and including the Plan Supplement, the "Plan"). Each Company Party and the Litigation Trustee are sometimes referred to herein individually as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on August 9, 2019 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on June [●], 2020, the Bankruptcy Court entered its order confirming the Plan (the "Confirmation Order"); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "Effective Date"), for (a) the creation and establishment of the Litigation Trust for the benefit of the holders of Litigation Trust Interests set forth on **Schedule 1** attached hereto (together with their respective successors and assigns, each such holder, a "Litigation Trust Beneficiary," and collectively, the "Litigation Trust Beneficiaries"), (b) the automatic transfer to the Litigation Trust of the Litigation Trust Assets, as well as the rights and powers of each Company Party in such Litigation Trust Assets, free and clear of all Claims and Interests, (c) the prosecution and settlement of the Claims and Causes of Action on the Schedule of Retained Causes of Action that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity to be transferred to the Litigation Trust by the Litigation Trustee (collectively, the "Litigation Claims") and the distribution of the proceeds therefrom to the Litigation Trust Beneficiaries, in accordance with the Plan, the Confirmation Order and this Agreement and (d) the winding down of the Chapter 11 Cases and the Estates;

WHEREAS, the Allowed Prepetition Term Loan Claim amount of each of the Litigation Trust Beneficiaries is set forth on **Schedule 1** hereto; and

WHEREAS, the Litigation Trust is intended to qualify as (a) a "liquidating trust" pursuant to the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder ("Treasury Regulations"), including Treasury Regulation section 301.7701-4(d),

---

[1]    **Note to Draft**: To be selected by the DIP Agent and the Prepetition Term Loan Agent.

created for the primary purpose of liquidating the Litigation Trust Assets transferred to it, with no objective to continue or engage in the conduct of a trade or another business, except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust and (b) as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC; and

WHEREAS, the Litigation Trust shall not be deemed a successor in interest of the Company Parties for any purpose other than as specifically set forth in the Plan, the Confirmation Order or this Agreement, and upon the transfer by the Company Parties of the Litigation Trust Assets to the Litigation Trust, neither the Company Parties nor the Reorganized Debtors will have a reversionary or further interest in or with respect to the Litigation Trust Assets or the Litigation Trust; and

WHEREAS, the Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Litigation Trust as provided herein.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS; RULES OF INTERPRETATION

For all purposes of this Agreement, capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I.B of the Plan are incorproated herein *mutatis mutandis*.

## ARTICLE II
## ESTABLISHMENT OF THE LITIGATION TRUST

2.1    Establishment of the Litigation Trust and Appointment of the Litigation Trustee.

(a)    The Company Parties and the Litigation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Litigation Trust Beneficiaries, which shall be known as the "[Furie] Litigation Trust," on the terms set forth herein, for the primary purpose of liquidating the Litigation Trust Assets transferred to it. In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit.

(b)    The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date.

(c)    The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order and this Agreement.

(d)      The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth herein.

(e)      The Litigation Trustee is, and any successor trustee serving from time to time hereunder shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the IRC.

(f)      The Litigation Trustee may serve without bond.

(g)      Subject to the terms of this Agreement, any action by the Litigation Trustee that affects the interests of more than one Litigation Trust Beneficiary shall be binding and conclusive on all Litigation Trust Beneficiaries even if such Litigation Trust Beneficiaries have different or conflicting interests; provided, that any such action shall not disproportionately adversely affect any single or group of Litigation Trust Beneficiaries vis a vis any other single or group of Litigation Trust Beneficiaries.

(h)      For the avoidance of doubt, (i) the Litigation Trustee is not and shall not be deemed an officer, director, or fiduciary of any of the Reorganized Debtors or their respective subsidiaries and (ii) none of the Company Parties or Reorganized Debtors is or shall be deemed a fiduciary or agent of the Litigation Trust, and such parties owe no duties or obligations to the Litigation Trust except as are expressly set forth in the Plan, the Confirmation Order, this Agreement or other future written agreement between such Persons and the Litigation Trust.

2.2      Transfer of the Litigation Trust Assets.

(a)      Pursuant to the Plan, as of the Effective Date, in partial satisfaction of all Allowed Prepetition Term Loan Claims, the Company Parties and the Estates shall irrevocably transfer, assign and deliver, and shall be deemed to have transferred, assigned and delivered, to the Litigation Trust, without recourse, all of their respective rights, title and interest in the Litigation Trust Assets, free and clear of all liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) for the benefit of the Litigation Trust Beneficiaries, including, without limitation, all attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary privileges or immunity (collectively, the "Transferred Privileges") in respect of the Litigation Claims that, prior to the Effective Date, belonged to the Company Parties or the Estates pursuant to applicable federal, state and other law, which shall vest in the Litigation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Litigation Trustee and the Litigation Trust Beneficiaries; provided that the Litigation Trust may not intentionally waive any Transferred Privileges in respect of records, documents, or information related to the Litigation Trust Assets without first providing to the Reorganized Debtors reasonable advance written notice and an opportunity to protect their respective rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.  The Reorganized Debtors may not make disclosure in a manner that would effectuate a waiver of any Transferred Privileges in respect of records, documents or information related to the Litigation Trust Assets without first providing to the Litigation Trustee reasonable advance written notice and an opportunity to protect the Litigation Trust's rights with respect to any subsequent disclosure and

the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.

(b)     Notwithstanding anything to the contrary contained herein, nothing in this Agreement shall operate as a waiver of any privileges held and retained by the Reorganized Debtors.  In no event shall any part of the Litigation Trust Assets revert to or be distributed to the Company Parties; *provided*, *however*, the foregoing shall not prohibit the Litigation Trust, pursuant to the terms and conditions of this Agreement, from making distributions to any Litigation Trust Beneficiary that is or becomes a successor in interest to any one or more of the Company Parties (including, as applicable, any successor in interest to any one or more of the Reorganized Debtors). The Litigation Trust's receipt of the Transferred Privileges shall be without waiver in recognition of the joint/successorship interest in prosecuting claims on behalf of the Company Parties or the Estates.

(c)     From and after the Effective Date, the Parties shall provide reasonable access to copies of the Company Parties' and Reorganized Debtors' records and information relating to the Litigation Trust Assets, including electronic records or documents, copies of which shall be provided by the Company Parties or the Reorganized Debtors, as applicable, to the Litigation Trust and its advisors, at the cost and expense of the Litigation Trust, all in compliance with applicable law.  Following the Effective Date, the Parties shall use their reasonable best efforts to enter into a written agreement, in the form attached hereto as Exhibit A (the "Common Interest Agreement"), memorializing the common legal interest that exists among the Parties and their respective creditors, including, for the avoidance of doubt, the Prepetition Term Loan Lenders.  For the avoidance of doubt, the failure of the Parties to enter into the Common Interest Agreement shall not operate to waive any common legal interests that exist among the Parties and their respective creditors or otherwise constitute a breach of this Agreement.

(d)     At the reasonable request and upon reasonable advance written notice of the Litigation Trustee, the Company Parties, the Reorganized Debtors and any party under their control shall, at the cost and expense of the Litigation Trust: (i) execute and deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) take, or cause to be taken, such further actions necessary to evidence or effectuate the transfer of the Litigation Trust Assets to the Litigation Trust.  Notwithstanding anything to the contrary herein, nothing contained in this Agreement shall restrict the Company Parties' or the Reorganized Debtors' ability to use any such instruments, documents, books, and records of the Company Parties or the Reorganized Debtors.

(e)     On the Effective Date, and at the reasonable request and upon reasonable advance written notice of the Litigation Trustee, the Company Parties, the Reorganized Debtors and any party under the control of such parties shall promptly transfer or make readily available to the Litigation Trustee and its advisors all records, documents, information, and work product in respect of the Litigation Claims (including all electronic records, documents, information and work product) (the "Litigation Claims Materials") in the possession of the Debtors, the Estates, or the Reorganized Debtors.  The Reorganized Debtors shall preserve all Litigation Claims Materials until the earlier of (i) such time as the Litigation Trustee notifies the Reorganized Debtors in writing that such records are no longer required to be preserved or (ii) the Termination Date (as defined herein) (the "Preservation Termination Date").  Following the occurrence of the

4

Preservation Termination Date, upon the Reorganized Debtor's written request (a "Document Return/Destruction Request"), the Litigation Trust, in its discretion, shall either return to the Reorganized Debtors or destroy all copies of the Litigation Claims Materials in its possession, custody, or control including copies retained by the Litigation Trustee and the Litigation Trust Professionals; *provided* that the Litigation Trust and the Litigation Trust Professionals may retain copies of the Litigation Claims Materials (A) that are stored on their respective IT backup and disaster recovery systems until the ordinary course deletion thereof or (B) as required by law or the Litigation Trust's or the Litigation Trust Professionals' respective document retention policies. Within 30 days of the Litigation Trust's receipt of a Document Return/Destruction Request, the Litigation Trustee shall certify in writing to the Company Parties and Reorganized Debtors that the Litigation Trust has complied with the obligations in the foregoing sentence.

(f)    The Company Parties, the Reorganized Debtors and any party under the control of such Parties shall take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request in order to permit the Litigation Trustee to investigate, prosecute, protect and preserve all Litigation Claims; *provided* that the Reorganized Debtors shall be reimbursed by the Litigation Trust for any reasonable and documented out-of-pocket expenses in connection with such cooperation.

(g)    If at any point the Litigation Trustee disputes the Reorganized Debtors' decision to withhold Litigation Claims Materials, the Litigation Trustee shall notify the Reorganized Debtors of such dispute in writing.  If the parties are unable to agree, either Party shall be entitled to submit the dispute to the Bankruptcy Court on no less than seven (7) days' written notice to the other Parties, or such shorter period as approved by the Bankruptcy Court, for a determination of whether the Reorganized Debtors may withhold any such Litigation Claims Materials.  Until such time as the matter is resolved by the Bankruptcy Court, the Reorganized Debtors may continue to withhold any such Litigation Claims Materials pending the outcome of such dispute.

(h)    All of the proceeds received by the Litigation Trust from the pursuit of any Litigation Claims, net of any amounts payable out of any such proceeds to any Litigation Trust Professional pursuant to a contingency fee arrangement (such amounts, "Contingency Fees") and which are payable under such agreement only upon collection of any such proceeds (such proceeds net of any Contingency Fees, the "Litigation Trust Proceeds") shall be added to the Litigation Trust Assets and held as a part thereof (and title thereto shall be vested in the Litigation Trust).

(i)    For all federal, state and local income tax purposes, all parties (including, without limitation, the Company Parties, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust in accordance with Section 7.1.

(j)    Such transfers pursuant to the Plan shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.

(k)    Notwithstanding the foregoing or anything in the Plan, for purposes of section 553 of the Bankruptcy Code, the transfer of the Litigation Claims to the Litigation Trust

shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer nor shall the transfer of the Litigation Claims to the Litigation Trust diminish, but shall fully preserve, any defenses a defendant would have if such Litigation Claims had been retained by the Company Parties.

2.3     Funding of the Litigation Trust; Payment of Fees and Expenses.

(a)     The Litigation Trust shall be funded with the Working Capital Cash and the proceeds of the Causes of Action on the Schedule of Retained Causes of Action consistent with the Plan (other than those that are to be released pursuant to the Webb Settlement and RWIO Settlement), which shall be used to administer the Litigation Trust Assets and pay the reasonable, documented, out-of-pocket fees, expenses and costs of the Litigation Trust, including, without limitation, reasonable, documented, out-of-pocket fees and expenses incurred by advisors or professionals retained by the Litigation Trustee (collectively, the "Litigation Trust Professionals").

(b)     The Litigation Trustee may incur any reasonable and necessary expenses in connection with the performance of its duties under the Plan, the Confirmation Order and this Agreement, including in connection with retaining Litigation Trust Professionals or entering into agreements pursuant to Section 4.6 and Section 4.7. All reasonable, documented, out-of-pocket fees, expenses, and costs of the Litigation Trust shall be paid by, and solely be the obligation of, the Litigation Trust. In accordance with and subject to Sections 2.3(a) and 2.3(b) hereof, all reasonable, documented, out-of-pocket fees, expenses and costs of the Litigation Trust, including, without limitation, all reasonable, documented, out-of-pocket fees and expenses incurred by Litigation Trust Professionals, shall be paid by the Litigation Trust from the Litigation Trust Assets.

(c)     Any failure or inability of the Litigation Trust to obtain funding for the Litigation Trust will not affect the enforceability of the Litigation Trust.

2.4     Title to the Litigation Trust Assets. The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 is being made for the sole benefit, and on behalf, of the Litigation Trust Beneficiaries. Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Company Parties', the Estates' and the Litigation Trust Beneficiaries' rights, title and interest in the Litigation Trust Assets, and no other Person shall have any interest, legal, beneficial or otherwise, in the Litigation Trust or the Litigation Trust Assets upon the assignment and transfer of such assets to the Litigation Trust.

2.5     Nature and Purpose of the Litigation Trust.

(a)     Purpose. The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions of this Agreement, shall implement the Plan with respect to all Company Parties on behalf, and for the benefit, of the Litigation Trust Beneficiaries. The Litigation Trust shall (i) serve as a mechanism for prosecuting all Litigation Claims, monetizing the Litigation Trust Assets and distributing the Litigation Trust Proceeds in a timely fashion for the benefit of the Litigation Trust Beneficiaries in accordance with the Plan, the Confirmation Order and this Agreement, (ii) liquidate and administer the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), with no objective to

continue or engage in the conduct of a trade or any other business, except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust and (iii) wind down the Chapter 11 Cases and the Estates.  The primary purpose of the Litigation Trust is to, in an expeditious and orderly manner, monetize and convert the Litigation Trust Assets to Cash and make timely distributions to holders of Allowed Prepetition Term Loan Claims in accordance with the Plan with no objective to continue or engage in the conduct of, or to further, any trade or business.  The Litigation Trustee shall be obligated to make continuing reasonable efforts to timely resolve all claims related to or comprising the Litigation Claims and not unreasonably prolong the duration of the Litigation Trust.  The liquidation of the Litigation Claims may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims or Causes of Action or otherwise, in accordance with the Plan, the Confirmation Order and this Agreement.

(b)    Relationship.  This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee or the Litigation Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order and this Agreement.

(c)    No Waiver of Claims.  In accordance with section 1123(b)(3) of the Bankruptcy Code and subject to the terms and conditions of the Plan, including, for the avoidance of doubt, Article IV.P. of the Plan, the Litigation Trustee may enforce all rights to commence and pursue, as appropriate, any and all Litigation Claims after the Effective Date.  No Person or Entity may rely on the absence of a specific reference in the Plan to any Litigation Claim against it as any indication that the Litigation Trustee will not pursue any and all Litigation Claims against such Person or Entity.  Unless any Litigation Claims against a Person or Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court (including the Confirmation Order), including as set forth in Article VIII.B and VIII.C of the Plan with respect to the Released Parties, the Litigation Trustee expressly reserves all Litigation Claims for later adjudication, resolution or settlement and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Litigation Claims upon, after or as a consequence of the Confirmation Order.  For the avoidance of doubt, the Litigation Claims shall not include any Claims against any Released Parties.

(d)    Relationship to and Incorporation of the Plan.  The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Agreement incorporates the provisions thereof by reference.  To that end and subject to the provisions of the Plan, including, for the avoidance of doubt, Article IV.L. of the Plan, the Litigation Trustee shall have full power and authority to take any action consistent with the provisions of the Plan and the Confirmation Order, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust,

and to seek any orders from the Bankruptcy Court solely in furtherance of this Agreement. As among the Litigation Trust, the Litigation Trustee, the Litigation Trust Beneficiaries, the Reorganized Debtors, and the Company Parties, if any provisions of this Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, each such document shall have controlling effect in the following rank order: the Confirmation Order, this Agreement and the Plan.

2.6    <u>Appointment as Representative</u>.    Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Litigation Trustee shall be the duly appointed representative of the Estates and, as such, to the extent provided herein, the Litigation Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution, resolution and settlement of the Litigation Claims. To the extent that any of the Litigation Claims cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Claims shall be deemed to have been retained by the Company Parties and the Reorganized Debtors (other than for tax purposes) and the Litigation Trustee shall be deemed to have been designated as a representative of the Company Parties to the extent provided herein pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Litigation Claims on behalf of the Company Parties, the Reorganized Debtors, and the Estates for the benefit of the Litigation Trust Beneficiaries. Notwithstanding the foregoing, all Litigation Trust Proceeds shall be distributed to the Litigation Trust Beneficiaries consistent with the provisions of the Plan, Confirmation Order, and this Agreement. For the avoidance of doubt, any of the Litigation Claims subject to this <u>Section 2.6</u> shall be treated by the Parties for U.S. federal, state and local income tax purposes as a disposition of the Litigation Claims by the Company Parties as described in <u>Section 2.2</u>.

2.7    <u>Valuation of the Litigation Trust Assets</u>.    As soon as reasonably practicable following the establishment of the Litigation Trust, the Litigation Trustee shall, in consultation with the Litigation Trust Beneficiaries, determine the value of the Litigation Trust Assets transferred to the Litigation Trust, based on the good-faith determination of the Litigation Trustee, and the Litigation Trustee shall apprise, in writing, the Litigation Trust Beneficiaries of such valuation. The valuation shall be used consistently by all Parties (including the Litigation Trustee and the Litigation Trust Beneficiaries) for all federal income tax purposes. The Litigation Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any Litigation Trust Professionals retained in connection therewith.

### ARTICLE III
### <u>LITIGATION TRUST INTERESTS</u>

3.1    <u>Litigation Trust Interests</u>.    On the date hereof, the Litigation Trust shall issue that percentage of the Litigation Trust Interests to each Litigation Trust Beneficiary, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, as is set forth next to such Litigation Trust Beneficiary's name on **Schedule 1** hereto (such percentage, the "**Ratable Share Percentage**"). The Litigation Trust Beneficiaries shall be entitled to distributions from the Litigation Trust Proceeds in accordance with the terms of the Plan, the Confirmation Order, and this Agreement including, without limitation, Section 4.5(a) below. The beneficial interests in the

Litigation Trust will be represented by book entries on the books and records of the Litigation Trust. The Litigation Trust will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

3.2     Interests Beneficial Only. The ownership of the beneficial interests in the Litigation Trust shall not entitle the Litigation Trust Beneficiaries to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

3.3     Transferability of Litigation Trust Interests. The Litigation Trust Interests shall be freely negotiable and transferable, in whole or in part, to the extent provided herein and under applicable federal and state securities laws. Any transfer of Litigation Trust Interests, in whole or in part, shall be recorded on the books and records of the Litigation Trust. The Litigation Trustee may request from any proposed transferor any information or representations and warranties regarding the transfer of Litigation Trust Interests which the Litigation Trustee deems necessary in order to determine that such transfer would not constitute a violation of applicable federal and state securities laws. The transferor or transferee of Litigation Trust Interests shall be responsible for any reasonable, documented expenses incurred by the Litigation Trustee in connection with the processing of any such transfer. The Litigation Trustee shall update **Schedule 1** hereto to reflect any transfer of Litigation Trust Interests, and shall deliver a copy of such updated **Schedule 1** hereto to each of the Litigation Trust Beneficiaries, as promptly as reasonably practicable after the date such transfer is consummated.

3.4     Registry of Beneficial Interests. The Litigation Trustee shall cause to be kept at its office, or at such other place or places as shall be designated by the Litigation Trustee from time to time, a registry of the Litigation Trust Beneficiaries (the "Trust Register"), which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee may prescribe.

3.5     Exemption from Registration. The Parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to the issuance of the Litigation Trust Interests to the Litigation Trust Beneficiaries under the Plan. Subject to Section 3.3, the Litigation Trustee may amend this Agreement in accordance with Article IX hereof to make such changes as are deemed necessary or appropriate, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, the Trust Indenture Act of 1939, as amended, or the Investment Company Act of 1940, as amended (the "Investment Company Act"). The Litigation Trust Interests shall not have consent or voting rights or otherwise confer on the Litigation Trust Beneficiaries any rights similar to the rights of a shareholder of a corporation in respect of any actions taken or to be taken by the Litigation Trustee in connection with the Litigation Trust.

3.6     Effect of Death, Incapacity or Bankruptcy. The death, incapacity or bankruptcy of any Litigation Trust Beneficiary during the term of the Litigation Trust shall not (a) operate to

terminate the Litigation Trust, (b) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to an accounting, (c) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof, or (d) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries under this Agreement.

3.7    Change of Wiring Instructions.  Any Litigation Trust Beneficiaries may, after the Effective Date, select alternative wire instructions by providing notice to the Litigation Trustee identifying such alternative wire instructions.  Such notification shall be effective only upon receipt by the Litigation Trustee.  Absent actual receipt of such notice by the Litigation Trustee, the Litigation Trustee shall not recognize any such change of wire instructions.

3.8    Absolute Owners.  The Litigation Trustee may deem and treat any Litigation Trust Beneficiary reflected as the owner of a Litigation Trust Interest on the applicable Trust Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof, for federal and state income tax purposes and for all other purposes whatsoever.

3.9    Standing.  No Litigation Trust Beneficiary shall have standing to direct the Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Litigation Trust Assets.

## ARTICLE IV
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE

4.1    Role of the Litigation Trustee.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order and this Agreement, the Litigation Trustee shall (i) receive, manage, supervise and protect the Litigation Trust Assets upon its receipt of same on behalf of and for the benefit of the Litigation Trust Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise the Litigation Claims; (iii) prepare and file all required tax returns and pay all taxes and all other obligations of the Litigation Trust; (iv) liquidate and convert the Litigation Trust Assets to Cash and make timely distributions to the Litigation Trust Beneficiaries in accordance with Section 4.5; (v) wind down the Chapter 11 Cases and the Estates and resolve any Disputed Claims to the extent necessary or appropriate; and (vi) have all such other responsibilities as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court.  The Litigation Trustee shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets, and such decisions and duties shall be carried out in accordance with the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court.  In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to prosecute, settle or otherwise resolve the Litigation Claims and to make timely distributions of any Litigation Trust Proceeds realized therefrom and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

4.2    Fiduciary Duties.    The Litigation Trustee shall have fiduciary duties to the Litigation Trust Beneficiaries; *provided*, *however*, that the Litigation Trustee shall not owe fiduciary obligations to any defendants of or adverse parties to the Litigation Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trustee's obligations are to maximize the value of the Litigation Trust Assets, including the Litigation Claims.

4.3    Authority to Prosecute and Settle Litigation Claims.

(a)    Subject to the provisions of this Agreement, the Plan, the Confirmation Order, the Litigation Trustee shall prosecute, pursue, compromise, settle, or abandon any and all Litigation Claims that have not already been resolved as of the Effective Date.  The Litigation Trustee shall have the absolute right to pursue, not pursue, release, abandon, or settle any and all Litigation Claims (including any counterclaims asserted against the Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence.

(b)    To the extent that any action has been taken to prosecute or otherwise resolve any Litigation Claims prior to the Effective Date by the Company Parties, the Litigation Trustee shall be substituted for the Company Parties in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the [Furie] Litigation Trust v. [Defendant]" or "[Furie] Litigation Trust v. [Defendant]."  Without limiting the foregoing, the Litigation Trustee shall take any and all actions necessary or prudent to intervene as plaintiff, movant or additional party, as appropriate, with respect to any applicable Litigation Claim.  For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(c)    Any determinations by the Litigation Trustee with regard to the amount or timing of settlement or other disposition of any Litigation Claims settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust Beneficiaries.

4.4    Liquidation of Litigation Trust Assets.  The Litigation Trustee, in the exercise of its reasonable business judgment, shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, and not unduly prolong the existence of the Litigation Trust.  The Litigation Trustee shall exercise reasonable business judgment and liquidate the Litigation Trust Assets to maximize net recoveries to the Litigation Trust Beneficiaries, *provided*, *however*, that the Litigation Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the methodologies to be employed to maximize such recoveries.  Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all of the Litigation Claims or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination).  The Litigation Trustee may incur any reasonable and necessary expenses in

connection with the liquidation of the Litigation Trust Assets and distribution of the Litigation Trust Proceeds.

4.5    Distributions.

(a)    The Litigation Trustee shall make each distribution of the Litigation Trust Proceeds to the Litigation Trust Beneficiaries in accordance with their respective Ratable Share Percentages. The Melody Claim Amount shall be reduced on a dollar for dollar basis by each cash payment received by any Melody Beneficiary in respect of the New Term Loan Debt. Once the Melody Beneficiaries (including any of their successors and assigns) have received total cash in the amount of the Melody Claim Amount, whether from payments under the New Term Loan Agreement or distributions under this Agreement (the "Melody Payment in Full"), the Melody Lenders shall cease to have an interest in the Litigation Trust or a right to future distributions. For purposes of calculating amounts payable to a Litigation Trust Beneficiary under this Agreement, the issuance of the New Term Loan Debt and Litigation Trust Interests shall be disregarded, and only the receipt of cash payments under the New Term Loan Debt and distributions under this Agreement shall reduce the Melody Claim Amount and the ECP Claim Amounts, as applicable. Distributions from Litigation Trust Proceeds shall be net of any applicable operating expenses incurred by the Litigation Trust and after the Litigation Trust Proceeds are received by the Litigation Trust, and only to the extent that the Litigation Trust has sufficient Litigation Trust Proceeds available to make such distributions in accordance with and to the extent provided for in this Agreement and after any reserves deemed necessary or appropriate by the Litigation Trustee.

(b)    In the reasonable discretion of the Litigation Trustee, and subject to the requirements of Treasury Regulation section 301.7701-4(d) and Revenue Procedure 94-45, 1994-2 C.B. 684 (the "Revenue Procedure"), the Litigation Trustee shall distribute at least annually all Cash on hand (including, but not limited to, the net income and the Litigation Trust Proceeds, if any, from any disposition of Litigation Claims, any Cash received on account of or representing Litigation Trust Proceeds, and treating as Cash for purposes of this Section 4.5 any permitted investments under Section 4.9) in the manner set forth in the Plan; provided, however, that the Litigation Trustee may retain Litigation Trust Proceeds reasonably necessary to fund additional litigation with respect to the Litigation Claims in accordance with Section 2.3 and to satisfy other obligations of the Litigation Trust under the Plan and this Agreement.

(c)    The Litigation Trustee shall make distributions to Litigation Trust Beneficiaries via wire transfer to the bank account of each such Litigation Trust Beneficiary as indicated on the Litigation Trust's records as of the applicable distribution date (which, subject to Section 3.7, for each holder of an Allowed Prepetition Term Loan Claim shall be deemed to be the bank account (i) set forth in any Proof of Claim filed by such holder or (ii) on record with the Prepetition Term Loan Administrative Agent as of the Effective Date, as applicable). Any distribution of Cash by the Litigation Trust shall be made by the Litigation Trustee via wire transfer from a bank account established in the name of the Litigation Trust on or subsequent to the Confirmation Date at a domestic bank selected by the Litigation Trustee (the "Litigation Trust Account"). If any distribution to any holder is returned as undeliverable, no distribution to such holder shall be made unless and until the Litigation Trustee is notified in writing of the then-current bank account of such holder, at which time such distribution shall be made as soon as reasonably practicable after such distribution has become deliverable or has been claimed to such holder

without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the applicable distribution date.  After such date, all "unclaimed property" or interests in property shall revert to the Litigation Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary) for redistribution in accordance with the terms of the Plan and this Agreement, and the claim of any holder to such property or interest in property shall be forever barred.

(d)     The Litigation Trustee may deduct and withhold taxes from amounts otherwise distributable to any Entity, as required by this Agreement, any law, regulation, rule, ruling, directive, treaty or other governmental requirement in accordance with Section 7.3.

(e)     Subject to Sections 4.8, 4.9 and 4.10, and the provisions of this Section 4.5, any non-Cash property of the Litigation Trust may be sold, transferred, abandoned or otherwise disposed of by the Litigation Trustee.  Notice of such sale, transfer, abandonment or disposition shall be provided to the Litigation Trust Beneficiaries pursuant to the reporting obligations provided in Section 4.12.  If, in the Litigation Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Litigation Trustee believes, in good faith, such property has no value to the Litigation Trust, the Litigation Trustee shall have the right to abandon or otherwise dispose of such property.  Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a Cause of Action against the Litigation Trust, the Litigation Trustee, or any of its directors, officers, employees, consultants, or professionals arising from or related to the disposition of non-Cash property in accordance with this Section 4.5(e).

(f)     Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

4.6     Retention of Counsel and Other Professionals.  The Litigation Trustee, without further order of the Bankruptcy Court but subject to this Section 4.6 in all cases, may employ Litigation Trust Professionals as the Litigation Trustee reasonably deems necessary to aid it in fulfilling its obligations under this Agreement and the Plan, and on whatever reasonable or customary fee arrangement the Litigation Trustee deems appropriate, including contingency fee arrangements, for the liquidation of the Litigation Trust Assets.  Litigation Trust Professionals engaged by the Litigation Trustee shall not be required to file applications in order to receive compensation for services rendered and reimbursement of actual out-of-pocket expenses incurred. Unless an alternative fee arrangement has been agreed to, Litigation Trust Professionals retained by the Litigation Trustee shall be compensated from the Litigation Trust Proceeds.

4.7     Management of Litigation Trust Assets.

(a)     Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof, and over the management and conduct of the Litigation Trust, in each case, as necessary or advisable to enable the Litigation Trustee to

fulfill the intents and purposes of this Agreement. No Person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)    In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in the Plan, the Confirmation Order or this Agreement, the Litigation Trustee will have, in addition to any powers conferred upon the Litigation Trustee by any other provision of this Agreement, the power to take any and all actions as, in the Litigation Trustee's reasonable discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority to (i) pay taxes and other obligations owed by the Litigation Trust or incurred by the Litigation Trustee; (ii) engage and compensate, subject to Sections 2.3 and 4.3, from the Litigation Trust Proceeds, to the extent provided herein, the Litigation Trust Professionals to assist the Litigation Trustee with respect to the Litigation Trustee's responsibilities; (iii) commence or pursue any and all actions involving the Litigation Claims that could arise or be asserted at any time, unless otherwise limited, waived, released, compromised, settled, or relinquished in the Plan, the Confirmation Order, or this Agreement; and (iv) act and implement the Plan, this Agreement, and applicable orders of the Bankruptcy Court (including, as applicable, the Confirmation Order).

4.8    <u>Investment of Cash</u>. The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof, or any income earned by the Litigation Trust shall be limited to the right and power to invest such Litigation Trust Assets only in Cash and U.S. Government securities as defined in section 2(a)(16) of the Investment Company Act; *provided*, *however*, that (a) the scope of any such permissible investments shall be further limited to include only those investments that a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements, or otherwise (including, for the avoidance of doubt, the Revenue Procedure), (b) the Litigation Trustee may retain any Litigation Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and (c) the Litigation Trustee may expend the Litigation Trust Assets (i) as reasonably necessary to meet contingent liabilities and maintain the value of the Litigation Trust Assets during liquidation, (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with liquidating the Litigation Trust Assets), subject in all cases to <u>Section 2.3</u>, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Agreement (including, as applicable, <u>Section 2.3</u>).

4.9    <u>Additional Powers of the Litigation Trustee</u>. In addition to any and all of the powers enumerated above, and except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Litigation Trustee shall be empowered to:

(a)     hold legal title to any and all rights in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust (including any Litigation Trust Proceeds);

(b)     perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code with respect to the Litigation Trust Assets, including the right to assert claims, defenses, offsets, and privileges, subject in all cases to Section 2.2;

(c)     protect and enforce the rights of the Litigation Trust in and to the Litigation Trust Assets by any method deemed reasonably appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law (whether foreign or domestic) and general principles of equity;

(d)     determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(e)     subject to Section 2.2, assert, enforce, release, or waive any privilege (including the Transferred Privileges) or defense on behalf of the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Beneficiaries, as applicable;

(f)     make all payments relating to the Litigation Trust;

(g)     obtain reasonable insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust and the Litigation Trustee under this Agreement (in the form of a directors and officers policy, an errors and omissions policy, or otherwise, all at the sole cost and expense of the Litigation Trust);

(h)     receive, manage, invest, supervise, protect, and liquidate the Litigation Trust Assets, withdraw and make distributions from and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee or the Litigation Trust in the Litigation Trust Account as long as such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and the Revenue Procedure and are merely incidental to its liquidation and dissolution;

(i)     prepare, or have prepared, and file, if necessary, with the appropriate Governmental Unit any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local or foreign tax or information returns required to be filed by the Litigation Trust); pay taxes properly payable by the Litigation Trust; and cause all taxes payable by the Litigation Trust to be paid exclusively out of the Litigation Trust Assets;

(j)     request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(k)     make tax elections by and on behalf of the Litigation Trust, which are deemed by the Litigation Trustee, either independently or with the advice of Litigation Trust

Professionals, to be in the best interest of maximizing the liquidation value of the Litigation Trust Assets;

(l)    investigate, analyze, compromise, adjust, arbitrate, mediate, sue on or defend, pursue, prosecute, abandon, dismiss, exercise rights, powers and privileges with respect to or otherwise deal with and settle, in accordance with the terms set forth in this Agreement, the Litigation Claims and all Causes of Action in favor of or against the Litigation Trust;

(m)    without expanding the scope of the definition of "Litigation Claims", take appropriate actions to recover transfers of any Company Parties' property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(n)    subject to applicable law, seek the examination of any Entity or Person, with respect to the Litigation Claims;

(o)    retain and reasonably compensate for services rendered and expenses incurred by Litigation Trust Professionals to perform such reviews or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's reasonable discretion and to prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

(p)    take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

(q)    take all steps and execute all instruments and documents the Litigation Trustee reasonably deems necessary to effectuate the Litigation Trust;

(r)    liquidate any remaining Litigation Trust Assets, and provide for the distributions therefrom in accordance with the provisions of the Plan, the Confirmation Order and this Agreement;

(s)    take all actions the Litigation Trustee reasonably deems necessary to comply with the Plan, the Confirmation Order, and this Agreement (including all obligations thereunder);

(t)    in the event that the Litigation Trust shall fail or cease to qualify as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), take any and all necessary actions as it shall reasonably deem appropriate to have such assets treated as held by an entity classified as a partnership for federal tax purposes; and

(u)    exercise such other powers as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, any order of the Bankruptcy Court or as otherwise determined by the Litigation Trustee to be reasonably necessary and proper to carry out the obligations of the Litigation Trustee in relation to the Litigation Trust.

4.10    <u>Limitations on Power and Authority of the Litigation Trustee</u>.  Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(c)    cause or permit the Litigation Trust to engage in any trade or business;

(d)    receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business; *provided, however*, that in no event shall the Litigation Trustee receive any investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(e)    receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets; *provided, however*, that in no event shall the Litigation Trustee receive or retain any asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof;

(f)    receive or retain any cash or cash equivalents in excess of the amount reasonably necessary to meet claims and contingent liabilities (including disputed claims) or to maintain the value of the Litigation Trust Assets during liquidation;

(g)    take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof; or

(h)    commence, continue, prosecute, or seek to pursue any Non-Litigation Trust Causes of Action.

4.11    <u>Books and Records</u>.  The Litigation Trustee shall maintain books and records relating to any income realized from the Litigation Trust Assets (including the Litigation Trust Proceeds) and the payment of, costs and expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable him/her/it to make full and proper accounting in respect thereof and in accordance with applicable law.  Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust.  Nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.

4.12    Reports.  The fiscal year of the Litigation Trust shall be the calendar year.  Within 60 days after the end of each calendar year during the term of the Litigation Trust, and within 30 days after the end of each calendar quarter during the term of the Litigation Trust (other than the fourth quarter) and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available, upon request of a Litigation Trust Beneficiary, a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, an unaudited report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed-upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust which, in the judgment of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Litigation Trust Beneficiaries; (iii) a description of the progress of liquidating the Litigation Trust Assets and making distributions to the Litigation Trust Beneficiaries, which description shall include a written report detailing, among other things, the litigation status of the Litigation Claims transferred to the Litigation Trust, any settlements entered into by the Litigation Trust with respect to the Litigation Claims, the Litigation Trust Proceeds recovered to date, and the distributions made by the Litigation Trust to date; and (iv) any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust deemed appropriate to be disclosed by the Litigation Trustee.  In addition, the Litigation Trust shall provide (A) unaudited financial statements to each Litigation Trust Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court) and (B) quarterly reports of any distributions from the Litigation Trust on account of the Litigation Trust Interests to Acquirer.

## ARTICLE V
## THE LITIGATION TRUSTEE GENERALLY

5.1    Independent Litigation Trustee.  The Litigation Trustee, in accordance with the Plan and the Confirmation Order, shall be a professional natural person or financial institution with experience administering other litigation trusts.

5.2    Litigation Trustee's Compensation and Reimbursement.

(a)    Compensation.  The Litigation Trustee shall receive compensation from the Litigation Trust as provided on Exhibit B hereto (the "Litigation Trustee Compensation").  Notice of any modification of the Litigation Trustee's compensation shall be filed with the Bankruptcy Court promptly.

(b)    Expenses.  The Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the Confirmation Order or the Plan, including but not limited to, actual, reasonable and documented fees and disbursements of the Litigation Trustee's legal counsel incurred in connection with the review, execution, and delivery of this Agreement and related documents (collectively, the "Litigation Trustee Expenses" and, together with the Litigation Trustee Compensation, the "Litigation Trustee Fees"); provided that the reimbursement of any Litigation Trustee Expenses exceeding $[●], in the aggregate, shall require the prior approval of the Litigation Trust

Beneficiaries that hold a majority of the outstanding Litigation Trust Interests ("***Litigation Trust Majority Approval***").

(c)     Payment.  The Litigation Trustee Fees shall be paid to the Litigation Trustee without necessity for review or approval by the Bankruptcy Court or any other Person.  Payment of the Litigation Trustee Fees shall be payable from the Litigation Trust Proceeds.

5.3     Resignation.  The Litigation Trustee may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trust Beneficiaries.  Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor satisfying the requirements set out in Section 5.1 and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation by the then current Litigation Trustee, such Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and a hearing, for the appointment of a successor Litigation Trustee satisfying the requirements set out in Section 5.1, during which time the then-serving Litigation Trustee shall be entitled to receive the Litigation Trustee Compensation provided for in Section 5.2(a). Notwithstanding the foregoing, upon the Termination Date, the Litigation Trustee shall be deemed to have resigned, except as otherwise provided for in Section 8.2.

5.4     Removal.

(a)     To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any portion of the Litigation Trustee Fees), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of (i) the time when appointment of a successor Litigation Trustee will become effective in accordance with Section 5.5 or (ii) such date as the Bankruptcy Court otherwise orders.

5.5     Appointment of Successor Litigation Trustee.  In the event of the death or disability (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency or removal of the Litigation Trustee, the Litigation Trust Beneficiaries shall designate a successor Litigation Trustee satisfying the requirements set forth in Section 5.1 upon Litigation Trust Majority Approval.  If the Litigation Trust Beneficiaries are unable to secure Litigation Trust Majority Approval, the Bankruptcy Court will determine the successor Litigation Trustee satisfying the requirements set forth in Section 5.1. Such appointment shall specify the date on which such appointment shall be effective.  Every successor Litigation Trustee appointed hereunder shall, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee.

5.6     Effect of Resignation or Removal.  The death, disability, dissolution, bankruptcy, resignation, incompetency, incapacity or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken

19

by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement, (b) deliver to the Bankruptcy Court (if required) or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee, including any Litigation Claims Materials, and shall not retain any copies of such materials, even for archival purposes, and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

5.7    <u>Confidentiality</u>. The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and for a period of two (2) years following the termination of this Agreement or following such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain or for the gain of any Entity or Person for whom such Litigation Trustee may be employed any non-public information of or pertaining to any Person to which any of the Litigation Claims Materials or Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee (including information contained or reflected in the Litigation Trust Materials), until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any Litigation Trust Professionals in violation of this Agreement; (b) the Litigation Trust is required by law to disclose such information (in which case the Litigation Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Person.

## ARTICLE VI
## LIABILITY AND INDEMNIFICATION

6.1    <u>No Further Liability</u>. The Litigation Trustee and its representatives shall have no liability for any actions or omissions in accordance with this Agreement or with respect to the Litigation Trust unless arising out of such Person's own fraud, willful misconduct or gross negligence. Unless arising out of such Person's own fraud, willful misconduct or gross negligence, in performing its duties under this Agreement, the Litigation Trustee and its representatives (as applicable) shall have no liability for any action taken by such Person in accordance with the advice of the Litigation Trust Professionals retained by the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustee and its representatives may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by such Person to be genuine and shall have no liability for actions taken in reliance thereon. None of the provisions of this Agreement shall require the Litigation Trustee or its representatives to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee and its representatives may rely without inquiry upon writings delivered to such Person pursuant to the Plan or the Confirmation Order that such Person reasonably believes to be genuine and to have been properly given. Notwithstanding the foregoing, nothing in this <u>Section 6.1</u> shall relieve the Litigation Trustee or its representatives from any liability for any actions or omissions arising out of such Person's fraud, willful misconduct or gross negligence.

No termination of this Agreement or amendment, modification or repeal of this <u>Section 6.1</u> shall adversely affect any right or protection of the Litigation Trustee or its designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

      6.2    <u>Indemnification of the Litigation Trustee.</u>

      (a)    From and after the Effective Date, each of the Litigation Trustee, the Litigation Trust, the Litigation Trust Professionals and each of the Litigation Trustee's representatives (each, a "<u>Litigation Trust Indemnified Party</u>" and, collectively, the "<u>Litigation Trust Indemnified Parties</u>") shall be, and hereby is, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, Causes of Action, bonds, covenants, judgments, damages, attorneys' fees, defense costs and other assertions of liability arising out of any such Litigation Trust Indemnified Party's exercise of what such Litigation Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Litigation Trust Indemnified Party reasonably understands to be its duties conferred by the Plan, the Confirmation Order or this Agreement, any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to such Litigation Trust Indemnified Party's own fraud, willful misconduct or gross negligence on and after the Effective Date). The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to: (i) this Agreement; (ii) the services to be rendered pursuant to this Agreement; (iii) any document or information, whether oral or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings by or on behalf of any creditor, in each case except for actions or omissions to act to the extent determined by a Final Order to be due to the Litigation Trust Indemnified Party's own fraud, willful misconduct or gross negligence on and after the Effective Date. The Litigation Trust shall, on demand, advance or pay promptly, at the election of the Litigation Trust Indemnified Party, solely out of the Litigation Trust Assets, on behalf of each Litigation Trust Indemnified Party, attorneys' fees and other expenses and disbursements to which such Litigation Trust Indemnified Party would be entitled pursuant to the foregoing indemnification provision; *provided, however,* that any Litigation Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Litigation Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own fraud, willful misconduct or gross negligence. In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Litigation Trust's expense, subject to the foregoing terms and conditions. The indemnification provided under this <u>Section 6.2</u> shall survive the death, dissolution, resignation or removal, as may be applicable, of the Litigation Trustee or any other Litigation Trust Indemnified Party and shall inure to the benefit of the Litigation Trustee's and each other Litigation Trust Indemnified Party's respective heirs, successors and assigns.

      (b)    The foregoing indemnity in respect of any Litigation Trust Indemnified Party shall survive the termination of such Litigation Trust Indemnified Party from the capacity for which such party is indemnified. Any Litigation Trust Indemnified Party may waive the benefits of indemnification under this <u>Section 6.2</u>, but only by an instrument in writing executed

by such Litigation Trust Indemnified Party.  Termination or modification of this Agreement shall not affect any indemnification rights or obligations set forth herein.

(c)    The rights to indemnification under this Section 6.2 are not exclusive of other rights which any Litigation Trust Indemnified Party may otherwise have at law or in equity, including, without limitation, common law rights to indemnification or contribution.  Nothing in this Section 6.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.  Further, the Litigation Trust hereby agrees: (i) that the Litigation Trust is the indemnitor of first resort (*i.e.*, in the event any Litigation Trust Indemnified Party has the right to receive indemnification from one or more third party, the Litigation Trust's obligations to such Litigation Trust Indemnified Party are primary); (ii) that the Litigation Trust shall be required to pay the full amount of expenses (including attorneys' fees) actually incurred by such Litigation Trust Indemnified Party in connection with any proceeding as to which the Litigation Trust Indemnified Party is entitled to indemnification hereunder in advance of the final disposition of such proceeding from the Litigation Trust Proceeds; (iii) that the Litigation Trust irrevocably waives, relinquishes and releases such third parties from any and all claims by the Litigation Trust against such third parties for contribution, subrogation or any other recovery of any kind in respect thereof; and (iv) no Litigation Trust Indemnified Party shall have the obligation to reduce, offset, allocate, pursue or apportion any indemnification advancement, contribution or insurance coverage among multiple parties owing indemnification obligations to such Litigation Trust Indemnified Party prior to the Litigation Trust's satisfaction of its indemnification obligations hereunder.  For the avoidance of doubt, each Litigation Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Litigation Trust Indemnified Party may incur in connection with enforcing any of its rights under this Article VI.

6.3    Litigation Trust Liabilities.  All liabilities of the Litigation Trust, including, without limitation, indemnity obligations under Section 6.2, will be liabilities of the Litigation Trust as an Entity and will be paid or satisfied solely from the Litigation Trust Assets and paid on a priority basis.  No liability of the Litigation Trust will be payable in whole or in part by any Litigation Trust Beneficiary individually or in the Litigation Trust Beneficiary's capacity as a Litigation Trust Beneficiary, by the Litigation Trustee individually or in the Litigation Trustee's capacity as Litigation Trustee or by any representative, member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Litigation Trust Beneficiary, the Litigation Trustee or their respective affiliates.

## ARTICLE VII
## TAX MATTERS

7.1    Treatment of Litigation Trust Assets Transfer.  For all federal income tax purposes, all parties (including, without limitation, the Company Parties, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether their Claims or Interests are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) as (a) a transfer of the Litigation Trust Assets (subject to any obligations relating to such Litigation Trust Assets) directly to the Litigation Trust Beneficiaries followed by (b) the transfer by the Litigation Trust

Beneficiaries to the Litigation Trust of the Litigation Trust Assets in exchange for Litigation Trust Interests.  Accordingly, the Litigation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Litigation Trust Assets.  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.  All income of the Litigation Trust shall be treated as subject to tax on a current basis.

       7.2      <u>Tax Reporting and Payment</u>.

       (a)      The "taxable year" of the Litigation Trust shall be the "calendar year" as such terms are defined in section 441 of the IRC.  The Litigation Trustee shall file tax returns for the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this <u>Section 7.2</u>.  The Litigation Trustee also will annually, by May 1 of each year, send to each Litigation Trust Beneficiary a separate statement setting forth such holder's share of items of income, gain, loss, deduction or credit (including the receipts and expenditures of the Litigation Trust) as relevant for U.S. federal income tax purposes and will instruct all such Litigation Trust Beneficiaries to use such information in preparing their U.S. federal income tax returns.  The Litigation Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Litigation Trust that is required by any Governmental Unit.

       (b)      Allocations of Litigation Trust taxable income among the Litigation Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (were such Cash permitted to be distributed at such time, and without regard to any restrictions on distributions set forth in the Plan or this Agreement) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all its assets (valued at their tax book value) to the Litigation Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust.  Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Litigation Trust Assets.  The tax book value of the Litigation Trust Assets for purposes of this <u>Section 7.2(b)</u> shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

       (c)      The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

       7.3      <u>Withholding of Taxes</u>.

       (a)      The Litigation Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the IRC or any provision of any state, local or non-U.S. tax law with respect to any payment or distribution to the Litigation Trust Beneficiaries.  Notwithstanding the above, each holder of an Allowed Prepetition Term Loan Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any governmental authority, including income, withholding and other tax obligations, on account of

such distribution.  All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of this Agreement.

(b)    The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement.  As a condition to receive distributions under the Plan, all Litigation Trust Beneficiaries may be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate, including an IRS Form W-9 or, in the case of Litigation Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on an applicable IRS Form W-8.

7.4    Valuation.    The valuation of the Litigation Trust Assets prepared pursuant to Section 2.7 shall be used consistently by all parties (including, without limitation, the Litigation Trust, the Litigation Trustee and the Litigation Trust Beneficiaries) for all federal income tax purposes.  The Litigation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit.

7.5    Expedited Determination of Taxes.    The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

7.6    Foreign Tax Matters.    The Litigation Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Litigation Trustee or the Litigation Trust under non-United States law relating to taxes.  The Litigation Trustee, or any other legal representative of the Litigation Trust, shall not distribute the Litigation Trust Assets or proceeds thereof without having first obtained all certificates required to have been obtained under applicable non-United States law relating to taxes.

## ARTICLE VIII
## TERMINATION OF LITIGATION TRUST

8.1    Termination.    The Litigation Trust shall be dissolved upon the latest to occur of the following events or determinations: (a) all of the Litigation Trust Assets have been distributed pursuant to the Plan and this Agreement; (b) the Litigation Trustee determines that the administration of any remaining Litigation Trust Assets is not likely to yield sufficient additional Litigation Trust Proceeds to justify further pursuit; and (c) the winding down of the Chapter 11 Cases and the Estates; *provided*, *however*, that the Litigation Trust shall be automatically dissolved upon the date that is four years from the Effective Date (the "Outside Date"); *provided, further* that the Litigation Trustee, in consultation with the Litigation Trust Beneficiaries, may seek and obtain from the Bankruptcy Court an extension of the Outside Date for any finite term.  If at any time the Litigation Trustee determines, in reliance upon the advice of the Litigation Trust Professionals (or any one or more of them), that the expense of administering the Litigation Trust so as to make a final distribution to the Litigation Trust Beneficiaries is likely to exceed the value

of the Litigation Trust Assets then remaining in the Litigation Trust, the Litigation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Litigation Trust, (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC and (D) that is unrelated to the Company Parties, the Litigation Trust, the Litigation Trustee, any Litigation Trust Professionals and any insider of any of the foregoing and (iii) dissolve the Litigation Trust (all of the foregoing actions in clauses (i) through (iii) being referred to as the "<u>Dissolution Process</u>"). Such date upon which the Litigation Trust shall finally be dissolved shall be referred to herein as the "<u>Termination Date</u>."

8.2    <u>Continuance of Litigation Trust for Winding Up</u>.  During the Dissolution Process, the Litigation Trustee, solely for the purpose of liquidating and winding up the affairs of the Litigation Trust, shall continue to act as such until its duties have been fully performed.  During the Dissolution Process, the Litigation Trustee shall continue to be entitled to receive the Litigation Trustee Fees called for by <u>Section 5.2(a)</u> and subject to <u>Section 2.3</u>.  Upon distribution of all the Litigation Trust Assets, the Litigation Trustee shall retain the books, records and files that shall have been delivered or created by the Litigation Trustee to the extent not otherwise required to be handled by the Litigation Trustee in accordance with <u>Section 2.2</u>.  At the Litigation Trustee's discretion, but subject in all cases to <u>Section 2.2</u>, all of such records and documents may be destroyed no earlier than two (2) years following the Termination Date as the Litigation Trustee deems appropriate (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations hereunder).  Except as otherwise specifically provided herein, upon the Termination Date, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Litigation Trust Beneficiaries as provided herein, the Litigation Trust Interests shall be cancelled, and the Litigation Trust will be deemed to have dissolved.

## ARTICLE IX
## AMENDMENT AND WAIVER

9.1    Subject to <u>Sections 9.2</u> and <u>9.3</u>, and following the provision of reasonable advance notice to the Reorganized Debtors and the Litigation Trust Beneficiaries, the Litigation Trustee may seek Bankruptcy Court approval of any amendment, supplement or waiver with respect to any provision of this Agreement; <u>provided</u>, <u>however</u>, that in no event shall any Party seek approval of any amendment, supplement, or waiver that would conflict with Article X of the Plan.  Technical amendments to this Agreement may be made, as necessary to clarify this Agreement or enable the Litigation Trustee to effectuate the terms of this Agreement, by the Litigation Trustee, but only following reasonable advance notice to the Litigation Trust Beneficiaries.

9.2    Notwithstanding <u>Section 9.1</u>, no amendment, supplement or waiver of or to this Agreement shall (a) affect the payments or distributions to be made under the Plan, the Confirmation Order or this Agreement, (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust" or (c) be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), unless each Litigation Trust

Beneficiary consents to such amendment, supplement or waiver in writing, and in advance of such amendment supplement or waiver.

9.3    No failure by the Litigation Trust or the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

10.2    <u>Jurisdiction</u>.  Subject to the proviso below, the Parties agree that the Bankruptcy Court shall have jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Litigation Claims and pursue any recoveries in respect of any Litigation Claims.  Each Party to this Agreement hereby irrevocably consents to the jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

10.3    <u>Severability</u>.  In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4    <u>Notices</u>.  Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail, to the receiving party's address below:

(a)    if to the Litigation Trustee, to:

[●]
[●]
[●]

Attn: [●]
Email: [●]

(b)    if to any Litigation Trust Beneficiary, to the last known address of such Litigation Trust Beneficiary according to the Litigation Trustee's records;

(c)    if to the Company Parties, to:



[●]
[●]
[●]
Attn: [●]
Email: [●]

and a copy (which shall not constitute notice) to:

[●]
[●]
[●]
Attn: [●]
Email: [●]

(d)    if to the Reorganized Debtors:



[●]
[●]
[●]
Attn: [●]
Email: [●]

and a copy (which shall not constitute notice) to:

[●]
[●]
[●]
Attn: [●]
Email: [●]

10.5    <u>Headings</u>.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6    <u>Plan and Confirmation Order</u>.  The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and, is subject to the provisions of the Plan and the Confirmation Order.  In the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan, on the other hand, the provisions of this Agreement shall govern and control.  In the event of any direct conflict or inconsistency between any provision in this Agreement, on the one hand, and

the provisions of the Confirmation Order, on the other hand, the provisions of the Confirmation Order shall govern and control.

10.7    <u>Entire Agreement</u>.  This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.8    <u>Successors in Interest</u>.  This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Company Parties, including, but not limited to, the Reorganized Debtors (as limited by the Plan and the Confirmation Order), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof, including, specifically, the terms of <u>Section 2.2</u>.

10.9    <u>Limitations</u>.  Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Litigation Trust Beneficiaries any rights or remedies under or by reason of this Agreement and notwithstanding anything in this Agreement, the Parties hereby acknowledge and agree that nothing herein is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies or treatment (including any releases, exculpation, indemnification, or otherwise) of any Released Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

10.10    <u>Further Assurances</u>.  From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

10.11    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

CORNUCOPIA OIL & GAS COMPANY, LLC, as a settlor

By: _____
Name: [●]
Title: [●]

CORSAIR OIL & GAS LLC, as a settlor

By: _____
Name: [●]
Title: [●]

FURIE OPERATING ALASKA, LLC, as a settlor

By: _____
Name: [●]
Title: [●]

[●], as Litigation Trustee

By: _____
Name: [●]
Title: [●]

STATE OF            )
                        ss.:
COUNTY OF       )

On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of CORNUCOPIA OIL & GAS COMPANY, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF            )
                        ss.:
COUNTY OF       )

On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of CORSAIR OIL & GAS LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF            )
                        ss.:
COUNTY OF       )

On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of FURIE OPERATING ALASKA, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF     )
             ss.:
COUNTY OF    )

    On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of _____ (NAME OF LITIGATION TRUSTEE), personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

        _____
        (signature and office of individual taking acknowledgment)

# **EXHIBIT A**

**Form of Common Interest Agreement**

[To come.]

## **EXHIBIT B**

**Compensation of Litigation Trustee**

[To come.]

## Schedule 1

## Ratable Shares Percentages and Claim Amounts

*I.*    *Ratable Shares Percentages*

    *a.*    *Prior to the Melody Payment in Full*

| Litigation Trust Beneficiaries | Ratable Share Percentage |
|---|---|
| Melody Special Situations Offshore Credit Mini-Master Fund, L.P.; Melody Capital Partners Offshore Credit Mini-Master Fund, L.P.; Melody Capital Partners Onshore Credit Fund, L.P.; Melody Capital Partners FDB Credit Fund, L.P. (including their respective successors and permitted assigns), in each case in their capacity as "Tranche A Lenders" under and as defined in the Prepetition Term Loan Credit Agreement (collectively, the "<u>Melody Beneficiaries</u>")<br><br>*\*All distributions under this Agreement to the Melody Beneficiaries shall be paid to [●]²  for distribution to the Melody Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche A Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | 73.1% |
| Energy Capital Partners Mezzanine Opportunities Fund A, L.P.; Energy Capital Partners Mezzanine Opportunities Fund, L.P.; Energy Capital Partners Mezzanine Opportunities Fund B, L.P. (including their respective successors and permitted assigns), in each case in their capacity as "Tranche A Lenders" under and as defined in the Prepetition Term Loan Credit Agreement (collectively, the "<u>ECP Tranche A Beneficiaries</u>")<br><br>*\*All distributions under this Agreement to the ECP Tranche A Beneficiaries shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche A Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche A Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | 26.9% |

    *b.*    *After the Melody Payment in Full, but prior to payment of the ECP Tranche B Claim Amount in full in cash*

| Litigation Trust Beneficiaries | Ratable Share Percentage |
|---|---|
| "Tranche B Lenders" under and as defined in the Prepetition Term Loan Credit Agreement, including their respective successors and permitted assigns (collectively, the "<u>ECP Tranche B Beneficiaries</u>") | 100% |

---

²    **Note to Melody**: Please provide relevant entity.

| | |
|---|---|
| *All distributions under this Agreement to the ECP Tranche B Beneficiaries shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche B Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche B Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | |

     *c.*     ***After payment of the ECP Tranche B Claim Amount in full in cash***

| Litigation Trust Beneficiaries | Ratable Share Percentage |
|---|---|
| "Tranche C Lenders" under and as defined in the Prepetition Term Loan Credit Agreement, including their respective successors and permitted assigns ("ECP Tranche C Beneficiaries")<br><br>*All distributions under this Agreement to the ECP Tranche C Beneficiaries shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche C Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche C Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | 100% |

**II.**    ***Claim Amounts***

| Litigation Trust Beneficiaries | Claim Amount[3] |
|---|---|
| Melody Beneficiaries | $[47,703,043] ("Melody Claim Amount") |
| ECP Tranche A Beneficiaries | $[17,527,086] ("ECP Tranche A Claim Amount") |
| ECP Tranche B Beneficiaries | $[49,825,828] ("ECP Tranche B Claim Amount") |
| ECP Tranche C Beneficiaries | $[346,899,667] ("ECP Tranche C Claim Amount")<br><br>"ECP Claim Amounts" shall mean the ECP Tranche A Claim Amount, the ECP Tranche B Claim Amount and/or the ECP Tranche C Claim Amount, as the context may require. |

---

[3]    **Note to Draft**: Amount to be updated to reflect interest accrued and unpaid from June 9, 2020 to the day prior to the Effective Date.

Redline of Litigation Trust Agreement

[See attached.]

## LITIGATION TRUST AGREEMENT

This LITIGATION TRUST AGREEMENT is made this [●] day of June, 2020 (this "Agreement"), by and among Cornucopia Oil & Gas Company, LLC (the "Company"), Corsair Oil & Gas LLC ("Corsair") and Furie Operating Alaska, LLC ("Furie" and, together with the Company and Corsair, the "Company Parties"), as settlors, and [●][1], as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee"), and creates and establishes the Litigation Trust (the "Litigation Trust") referenced herein in order to facilitate the implementation of *The Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code*, dated May 6, 2020 (as the same may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof and including the Plan Supplement, the "Plan"). Each Company Party and the Litigation Trustee are sometimes referred to herein individually as a "Party" and, collectively, as the "Parties."

### RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on August 9, 2019 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on June [●], 2020, the Bankruptcy Court entered its order confirming the Plan (the "Confirmation Order"); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "Effective Date"), for (a) the creation and establishment of the Litigation Trust for the benefit of the holders of Litigation Trust Interests set forth on **Schedule 1** attached hereto (together with their respective successors and assigns, each such holder, a "Litigation Trust Beneficiary," and collectively, the "Litigation Trust Beneficiaries"), (b) the automatic transfer to the Litigation Trust of the Litigation Trust Assets, as well as the rights and powers of each Company Party in such Litigation Trust Assets, free and clear of all Claims and Interests, (c) the prosecution and settlement of the Claims and Causes of Action on the Schedule of Retained Causes of Action that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Entity to be transferred to the Litigation Trust by the Litigation Trustee (collectively, the "Litigation Claims") and the distribution of the proceeds therefrom to the Litigation Trust Beneficiaries, in accordance with the Plan, the Confirmation Order and this Agreement and (d) the winding down of the Chapter 11 Cases and the Estates; ¶

**WHEREAS, the Allowed Prepetition Term Loan Claim amount of each of the Litigation Trust Beneficiaries is set forth on Schedule 1 hereto;** and

WHEREAS, the Litigation Trust is intended to qualify as (a) a "liquidating trust" pursuant to the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations

---

[1]    **Note to Draft**: To be selected by the DIP Agent and the Prepetition Term Loan Agent.

promulgated thereunder ("Treasury Regulations"), including Treasury Regulation section 301.7701-4(d), created for the primary purpose of liquidating the Litigation Trust Assets transferred to it, with no objective to continue or engage in the conduct of a trade or another business, except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust and (b) as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC; and

WHEREAS, the Litigation Trust shall not be deemed a successor in interest of the Company Parties for any purpose other than as specifically set forth in the Plan, the Confirmation Order or this Agreement, and upon the transfer by the Company Parties of the Litigation Trust Assets to the Litigation Trust, neither the Company Parties nor the Reorganized Debtors will have a reversionary or further interest in or with respect to the Litigation Trust Assets or the Litigation Trust; and

WHEREAS, the Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Litigation Trust as provided herein.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS; RULES OF INTERPRETATION

For all purposes of this Agreement, capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.  The rules of interpretation set forth in Article I.B of the Plan are incorporated herein *mutatis mutandis.*

## ARTICLE II
## ESTABLISHMENT OF THE LITIGATION TRUST

2.1     Establishment of the Litigation Trust and Appointment of the Litigation Trustee.

(a)     The Company Parties and the Litigation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Litigation Trust Beneficiaries, which shall be known as the "[Furie] Litigation Trust," on the terms set forth herein, for the primary purpose of liquidating the Litigation Trust Assets transferred to it.  In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit.

(b)     The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date.

(c)     The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order and this Agreement.

(d)     The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth herein.

(e)     The Litigation Trustee is, and any successor trustee serving from time to time hereunder shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the IRC.

(f)     The Litigation Trustee may serve without bond.

(g)     Subject to the terms of this Agreement, any action by the Litigation Trustee that affects the interests of more than one Litigation Trust Beneficiary shall be binding and conclusive on all Litigation Trust Beneficiaries even if such Litigation Trust Beneficiaries have different or conflicting interests; provided, that any such action shall not disproportionately adversely affect any single or group of Litigation Trust Beneficiaries vis a vis any other single or group of Litigation Trust Beneficiaries.

(h)     For the avoidance of doubt, (i) the Litigation Trustee is not and shall not be deemed an officer, director, or fiduciary of any of the Reorganized Debtors or their respective subsidiaries and (ii) none of the Company Parties or Reorganized Debtors is or shall be deemed a fiduciary or agent of the Litigation Trust, and such parties owe no duties or obligations to the Litigation Trust except as are expressly set forth in the Plan, the Confirmation Order, this Agreement or other future written agreement between such Persons and the Litigation Trust.

2.2     Transfer of the Litigation Trust Assets.

(a)     Pursuant to the Plan, as of the Effective Date, in partial satisfaction of all Allowed Prepetition Term Loan Claims, the Company Parties and the Estates shall irrevocably transfer, assign and deliver, and shall be deemed to have transferred, assigned and delivered, to the Litigation Trust, without recourse, all of their respective rights, title and interest in the Litigation Trust Assets, free and clear of all liens, Claims, encumbrances and Interests (legal, beneficial or otherwise) for the benefit of the Litigation Trust Beneficiaries, including, without limitation, all attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary privileges or immunity (collectively, the "Transferred Privileges") in respect of the Litigation Claims that, prior to the Effective Date, belonged to the Company Parties or the Estates pursuant to applicable federal, state and other law, which shall vest in the Litigation Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Litigation Trustee and the Litigation Trust Beneficiaries; provided that the Litigation Trust may not intentionally waive any Transferred Privileges in respect of records, documents, or information related to the Litigation Trust Assets without first providing to the Reorganized Debtors reasonable advance written notice and an opportunity to protect their respective rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.  The Reorganized Debtors may not make disclosure in a manner that would effectuate a waiver of any Transferred Privileges in respect of records, documents or information related to the Litigation Trust Assets without first providing to the Litigation Trustee reasonable advance written notice and an opportunity to protect the Litigation Trust's rights with respect to any

subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.

(b)     Notwithstanding anything to the contrary contained herein, nothing in this Agreement shall operate as a waiver of any privileges held and retained by the Reorganized Debtors.  In no event shall any part of the Litigation Trust Assets revert to or be distributed to the Company Parties; *provided*, *however*, the foregoing shall not prohibit the Litigation Trust, pursuant to the terms and conditions of this Agreement, from making distributions to any Litigation Trust Beneficiary that is or becomes a successor in interest to any one or more of the Company Parties (including, as applicable, any successor in interest to any one or more of the Reorganized Debtors).  The Litigation Trust's receipt of the Transferred Privileges shall be without waiver in recognition of the joint/successorship interest in prosecuting claims on behalf of the Company Parties or the Estates.

(c)     From and after the Effective Date, the Parties shall provide reasonable access to copies of the Company Parties' and Reorganized Debtors' records and information relating to the Litigation Trust Assets, including electronic records or documents, copies of which shall be provided by the Company Parties or the Reorganized Debtors, as applicable, to the Litigation Trust and its advisors, at the cost and expense of the Litigation Trust, all in compliance with applicable law.  Following the Effective Date, the Parties shall use their reasonable best efforts to enter into a written agreement, in the form attached hereto as Exhibit A (the "Common Interest Agreement"), memorializing the common legal interest that exists among the Parties and their respective creditors, including, for the avoidance of doubt, the Prepetition Term Loan Lenders.  For the avoidance of doubt, the failure of the Parties to enter into the Common Interest Agreement shall not operate to waive any common legal interests that exist among the Parties and their respective creditors or otherwise constitute a breach of this Agreement.

(d)     At the reasonable request and upon reasonable advance written notice of the Litigation Trustee, the Company Parties, the Reorganized Debtors and any party under their control shall, at the cost and expense of the Litigation Trust: (i) execute and deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed) and (ii) take, or cause to be taken, such further actions necessary to evidence or effectuate the transfer of the Litigation Trust Assets to the Litigation Trust.  Notwithstanding anything to the contrary herein, nothing contained in this Agreement shall restrict the Company Parties' or the Reorganized Debtors' ability to use any such instruments, documents, books, and records of the Company Parties or the Reorganized Debtors.

(e)     On the Effective Date, and at the reasonable request and upon reasonable advance written notice of the Litigation Trustee, the Company Parties, the Reorganized Debtors and any party under the control of such parties shall promptly transfer or make readily available to the Litigation Trustee and its advisors all records, documents, information, and work product in respect of the Litigation Claims (including all electronic records, documents, information and work product) (the "Litigation Claims Materials") in the possession of the Debtors, the Estates, or the Reorganized Debtors.  The Reorganized Debtors shall preserve all Litigation Claims Materials until the earlier of (i) such time as the Litigation Trustee notifies the Reorganized Debtors in writing that such records are no longer required to be preserved or (ii) the Termination

4

Date (as defined herein) (the "Preservation Termination Date").  Following the occurrence of the Preservation Termination Date, upon the Reorganized Debtor's written request (a "Document Return/Destruction Request"), the Litigation Trust, in its discretion, shall either return to the Reorganized Debtors or destroy all copies of the Litigation Claims Materials in its possession, custody, or control including copies retained by the Litigation Trustee and the Litigation Trust Professionals; *provided* that the Litigation Trust and the Litigation Trust Professionals may retain copies of the Litigation Claims Materials (A) that are stored on their respective IT backup and disaster recovery systems until the ordinary course deletion thereof or (B) as required by law or the Litigation Trust's or the Litigation Trust Professionals' respective document retention policies.  Within 30 days of the Litigation Trust's receipt of a Document Return/Destruction Request, the Litigation Trustee shall certify in writing to the Company Parties and Reorganized Debtors that the Litigation Trust has complied with the obligations in the foregoing sentence.

(f)    The Company Parties, the Reorganized Debtors and any party under the control of such Parties shall take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request in order to permit the Litigation Trustee to investigate, prosecute, protect and preserve all Litigation Claims; *provided* that the Reorganized Debtors shall be reimbursed by the Litigation Trust for any reasonable and documented out-of-pocket expenses in connection with such cooperation.

(g)    If at any point the Litigation Trustee disputes the Reorganized Debtors' decision to withhold Litigation Claims Materials, the Litigation Trustee shall notify the Reorganized Debtors of such dispute in writing.  If the parties are unable to agree, either Party shall be entitled to submit the dispute to the Bankruptcy Court on no less than seven (7) days' written notice to the other Parties, or such shorter period as approved by the Bankruptcy Court, for a determination of whether the Reorganized Debtors may withhold any such Litigation Claims Materials.  Until such time as the matter is resolved by the Bankruptcy Court, the Reorganized Debtors may continue to withhold any such Litigation Claims Materials pending the outcome of such dispute.

(h)    All of the proceeds received by the Litigation Trust from the pursuit of any Litigation Claims, net of any amounts payable out of any such proceeds to any Litigation Trust Professional pursuant to a contingency fee arrangement (such amounts, "Contingency Fees") and which are payable under such agreement only upon collection of any such proceeds (such proceeds net of any Contingency Fees, the "Litigation Trust Proceeds") shall be added to the Litigation Trust Assets and held as a part thereof (and title thereto shall be vested in the Litigation Trust).

(i)    For all federal, state and local income tax purposes, all parties (including, without limitation, the Company Parties, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust in accordance with Section 7.1.

(j)    Such transfers pursuant to the Plan shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.

(k)     Notwithstanding the foregoing or anything in the Plan, for purposes of section 553 of the Bankruptcy Code, the transfer of the Litigation Claims to the Litigation Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer nor shall the transfer of the Litigation Claims to the Litigation Trust diminish, but shall fully preserve, any defenses a defendant would have if such Litigation Claims had been retained by the Company Parties.

2.3     Funding of the Litigation Trust; Payment of Fees and Expenses.

(a)     The Litigation Trust shall be funded with the Working Capital Cash and the proceeds of the Causes of Action on the Schedule of Retained Causes of Action consistent with the Plan (other than those that are to be released pursuant to the Webb Settlement and RWIO Settlement), which shall be used to administer the Litigation Trust Assets and pay the reasonable, documented, out-of-pocket fees, expenses and costs of the Litigation Trust, including, without limitation, reasonable, documented, out-of-pocket fees and expenses incurred by advisors or professionals retained by the Litigation Trustee (collectively, the "Litigation Trust Professionals").

(b)     The Litigation Trustee may incur any reasonable and necessary expenses in connection with the performance of its duties under the Plan, the Confirmation Order and this Agreement, including in connection with retaining Litigation Trust Professionals or entering into agreements pursuant to Section 4.6 and Section 4.7.  All reasonable, documented, out-of-pocket fees, expenses, and costs of the Litigation Trust shall be paid by, and solely be the obligation of, the Litigation Trust.  In accordance with and subject to Sections 2.3(a) and 2.3(b) hereof, all reasonable, documented, out-of-pocket fees, expenses and costs of the Litigation Trust, including, without limitation, all reasonable, documented, out-of-pocket fees and expenses incurred by Litigation Trust Professionals, shall be paid by the Litigation Trust from the Litigation Trust Assets.

(c)     Any failure or inability of the Litigation Trust to obtain funding for the Litigation Trust will not affect the enforceability of the Litigation Trust.

2.4     Title to the Litigation Trust Assets.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 is being made for the sole benefit, and on behalf, of the Litigation Trust Beneficiaries.  Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Company Parties', the Estates' and the Litigation Trust Beneficiaries' rights, title and interest in the Litigation Trust Assets, and no other Person shall have any interest, legal, beneficial or otherwise, in the Litigation Trust or the Litigation Trust Assets upon the assignment and transfer of such assets to the Litigation Trust.

2.5     Nature and Purpose of the Litigation Trust.

(a)     Purpose.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions of this Agreement, shall implement the Plan with respect to all Company Parties on behalf, and for the benefit, of the Litigation Trust Beneficiaries.  The Litigation Trust shall (i) serve as a mechanism for

prosecuting all Litigation Claims, monetizing the Litigation Trust Assets and distributing the Litigation Trust Proceeds in a timely fashion for the benefit of the Litigation Trust Beneficiaries in accordance with the Plan, the Confirmation Order and this Agreement, (ii) liquidate and administer the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or any other business, except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust and (iii) wind down the Chapter 11 Cases and the Estates.  The primary purpose of the Litigation Trust is to, in an expeditious and orderly manner, monetize and convert the Litigation Trust Assets to Cash and make timely distributions to holders of Allowed Prepetition Term Loan Claims in accordance with the Plan with no objective to continue or engage in the conduct of, or to further, any trade or business.  The Litigation Trustee shall be obligated to make continuing reasonable efforts to timely resolve all claims related to or comprising the Litigation Claims and not unreasonably prolong the duration of the Litigation Trust.  The liquidation of the Litigation Claims may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims or Causes of Action or otherwise, in accordance with the Plan, the Confirmation Order and this Agreement.

(b)    Relationship.  This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee or the Litigation Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order and this Agreement.

(c)    No Waiver of Claims.  In accordance with section 1123(b)(3) of the Bankruptcy Code and subject to the terms and conditions of the Plan, including, for the avoidance of doubt, Article IV.P. of the Plan, the Litigation Trustee may enforce all rights to commence and pursue, as appropriate, any and all Litigation Claims after the Effective Date.  No Person or Entity may rely on the absence of a specific reference in the Plan to any Litigation Claim against it as any indication that the Litigation Trustee will not pursue any and all Litigation Claims against such Person or Entity.  Unless any Litigation Claims against a Person or Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court (including the Confirmation Order), including as set forth in Article VIII.B and VIII.C of the Plan with respect to the Released Parties, the Litigation Trustee expressly reserves all Litigation Claims for later adjudication, resolution or settlement and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Litigation Claims upon, after or as a consequence of the Confirmation Order.  For the avoidance of doubt, the Litigation Claims shall not include any Claims against any Released Parties.

(d)    Relationship to and Incorporation of the Plan.  The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and

therefore this Agreement incorporates the provisions thereof by reference. To that end and subject to the provisions of the Plan, including, for the avoidance of doubt, Article IV.L. of the Plan, the Litigation Trustee shall have full power and authority to take any action consistent with the provisions of the Plan and the Confirmation Order, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Agreement. As among the Litigation Trust, the Litigation Trustee, the Litigation Trust Beneficiaries, the Reorganized Debtors, and the Company Parties, if any provisions of this Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, each such document shall have controlling effect in the following rank order: the Confirmation Order, this Agreement and the Plan.

2.6 _Appointment as Representative_. Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Litigation Trustee shall be the duly appointed representative of the Estates and, as such, to the extent provided herein, the Litigation Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution, resolution and settlement of the Litigation Claims. To the extent that any of the Litigation Claims cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Claims shall be deemed to have been retained by the Company Parties and the Reorganized Debtors (other than for tax purposes) and the Litigation Trustee shall be deemed to have been designated as a representative of the Company Parties to the extent provided herein pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Litigation Claims on behalf of the Company Parties, the Reorganized Debtors, and the Estates for the benefit of the Litigation Trust Beneficiaries. Notwithstanding the foregoing, all Litigation Trust Proceeds shall be distributed to the Litigation Trust Beneficiaries consistent with the provisions of the Plan, Confirmation Order, and this Agreement. For the avoidance of doubt, any of the Litigation Claims subject to this Section 2.6 shall be treated by the Parties for U.S. federal, state and local income tax purposes as a disposition of the Litigation Claims by the Company Parties as described in Section 2.2.

2.7 _Valuation of the Litigation Trust Assets_. As soon as reasonably practicable following the establishment of the Litigation Trust, the Litigation Trustee shall, in consultation with the Litigation Trust Beneficiaries, determine the value of the Litigation Trust Assets transferred to the Litigation Trust, based on the good-faith determination of the Litigation Trustee, and the Litigation Trustee shall apprise, in writing, the Litigation Trust Beneficiaries of such valuation. The valuation shall be used consistently by all Parties (including the Litigation Trustee and the Litigation Trust Beneficiaries) for all federal income tax purposes. The Litigation Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any Litigation Trust Professionals retained in connection therewith.

## ARTICLE III
## LITIGATION TRUST INTERESTS

3.1 _Litigation Trust Interests_. On the date hereof, the Litigation Trust shall issue **that percentage of** the Litigation Trust Interests to ~~the~~**each** Litigation Trust ~~Beneficiaries~~**Beneficiary,**

in accordance with the terms of the Plan, the Confirmation Order, and this Agreement**, as is set forth next to such Litigation Trust Beneficiary's name on Schedule 1 hereto (such percentage, the "Ratable Share Percentage")**.  The Litigation Trust Beneficiaries shall be entitled to distributions from the Litigation Trust Proceeds in accordance with the terms of the Plan, the Confirmation Order, and this Agreement including, without limitation, Section 4.5(a) below.  The beneficial interests in the Litigation Trust will be represented by book entries on the books and records of the Litigation Trust.  The Litigation Trust will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

3.2    <u>Interests Beneficial Only</u>.  The ownership of the beneficial interests in the Litigation Trust shall not entitle the Litigation Trust Beneficiaries to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

3.3    <u>Transferability of Litigation Trust Interests</u>.  The Litigation Trust Interests shall be freely negotiable and transferable**, in whole or in part,** to the extent provided herein and under applicable federal and state securities laws.  Any transfer of Litigation Trust Interests**, in whole or in part,** shall be recorded on the books and records of the Litigation Trust.  The Litigation Trustee may request from any proposed transferor any information or representations and warranties regarding the transfer of Litigation Trust Interests which the Litigation Trustee deems necessary in order to determine that such transfer would not constitute a violation of applicable federal and state securities laws.  The transferor or transferee of Litigation Trust Interests shall be responsible for any reasonable, documented expenses incurred by the Litigation Trustee in connection with the processing of any such transfer.  **The Litigation Trustee shall update Schedule 1 hereto to reflect any transfer of *Litigation Trust Interests*, and shall deliver a copy of such updated Schedule 1 hereto to each of the Litigation Trust Beneficiaries, as promptly as reasonably practicable after the date such transfer is consummated.**

3.4    <u>Registry of Beneficial Interests</u>.  The Litigation Trustee shall cause to be kept at its office, or at such other place or places as shall be designated by the Litigation Trustee from time to time, a registry of the Litigation Trust Beneficiaries (the "<u>Trust Register</u>"), which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee may prescribe.

3.5    <u>Exemption from Registration</u>.  The Parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.  If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to the issuance of the Litigation Trust Interests to the Litigation Trust Beneficiaries under the Plan.  Subject to <u>Section 3.3</u>, the Litigation Trustee may amend this Agreement in accordance with <u>Article IX</u> hereof to make such changes as are deemed necessary or appropriate, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration or reporting requirements of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, the Trust Indenture Act of 1939, as amended, or the Investment Company Act of 1940, as amended (the "<u>Investment Company Act</u>").  The Litigation Trust Interests shall not have consent or voting rights or otherwise confer on the Litigation Trust Beneficiaries any rights

similar to the rights of a shareholder of a corporation in respect of any actions taken or to be taken by the Litigation Trustee in connection with the Litigation Trust.

      3.6   <u>Effect of Death, Incapacity or Bankruptcy</u>.  The death, incapacity or bankruptcy of any Litigation Trust Beneficiary during the term of the Litigation Trust shall not (a) operate to terminate the Litigation Trust, (b) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to an accounting, (c) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof, or (d) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries under this Agreement.

      3.7   <u>Change of Wiring Instructions</u>.  Any Litigation Trust Beneficiaries may, after the Effective Date, select alternative wire instructions by providing notice to the Litigation Trustee identifying such alternative wire instructions.  Such notification shall be effective only upon receipt by the Litigation Trustee.  Absent actual receipt of such notice by the Litigation Trustee, the Litigation Trustee shall not recognize any such change of wire instructions.

      3.8   <u>Absolute Owners</u>.  The Litigation Trustee may deem and treat any Litigation Trust Beneficiary reflected as the owner of a Litigation Trust Interest on the applicable Trust Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof, for federal and state income tax purposes and for all other purposes whatsoever.

      3.9   <u>Standing</u>.  No Litigation Trust Beneficiary shall have standing to direct the Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Litigation Trust Assets.

## ARTICLE IV
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE

      4.1   <u>Role of the Litigation Trustee</u>.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order and this Agreement, the Litigation Trustee shall (i) receive, manage, supervise and protect the Litigation Trust Assets upon its receipt of same on behalf of and for the benefit of the Litigation Trust Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise the Litigation Claims; (iii) prepare and file all required tax returns and pay all taxes and all other obligations of the Litigation Trust; (iv) liquidate and convert the Litigation Trust Assets to Cash and make timely distributions to the Litigation Trust Beneficiaries in accordance with <u>Section 4.5</u>; (v) wind down the Chapter 11 Cases and the Estates and resolve any Disputed Claims to the extent necessary or appropriate; and (vi) have all such other responsibilities as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court.  The Litigation Trustee shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets, and such decisions and duties shall be carried out in accordance with the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court.  In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to prosecute, settle or otherwise resolve the

10

Litigation Claims and to make timely distributions of any Litigation Trust Proceeds realized therefrom and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

4.2     Fiduciary Duties.    The Litigation Trustee shall have fiduciary duties to the Litigation Trust Beneficiaries; *provided*, *however*, that the Litigation Trustee shall not owe fiduciary obligations to any defendants of or adverse parties to the Litigation Claims in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trustee's obligations are to maximize the value of the Litigation Trust Assets, including the Litigation Claims.

4.3     Authority to Prosecute and Settle Litigation Claims.

(a)     Subject to the provisions of this Agreement, the Plan, the Confirmation Order, the Litigation Trustee shall prosecute, pursue, compromise, settle, or abandon any and all Litigation Claims that have not already been resolved as of the Effective Date.  The Litigation Trustee shall have the absolute right to pursue, not pursue, release, abandon, or settle any and all Litigation Claims (including any counterclaims asserted against the Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence.

(b)     To the extent that any action has been taken to prosecute or otherwise resolve any Litigation Claims prior to the Effective Date by the Company Parties, the Litigation Trustee shall be substituted for the Company Parties in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the [Furie] Litigation Trust v. [Defendant]" or "[Furie] Litigation Trust v. [Defendant]."  Without limiting the foregoing, the Litigation Trustee shall take any and all actions necessary or prudent to intervene as plaintiff, movant or additional party, as appropriate, with respect to any applicable Litigation Claim.  For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(c)     Any determinations by the Litigation Trustee with regard to the amount or timing of settlement or other disposition of any Litigation Claims settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust Beneficiaries.

4.4     Liquidation of Litigation Trust Assets.  The Litigation Trustee, in the exercise of its reasonable business judgment, shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, and not unduly prolong the existence of the Litigation Trust.   The Litigation Trustee shall exercise reasonable business judgment and liquidate the Litigation Trust Assets to maximize net recoveries to the Litigation Trust Beneficiaries, *provided*, *however*, that the Litigation Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the

methodologies to be employed to maximize such recoveries. Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all of the Litigation Claims or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination). The Litigation Trustee may incur any reasonable and necessary expenses in connection with the liquidation of the Litigation Trust Assets and distribution of the Litigation Trust Proceeds.

4.5    Distributions.

(a)    [The Litigation Trustee shall make ~~distributions~~**each distribution** of the Litigation Trust Proceeds to the Litigation Trust Beneficiaries in accordance with ~~the~~ **their respective** Ratable Share Percentages ~~and Claim Amounts set forth on~~ **Schedule 1** ~~hereto~~. The Melody Claim Amount shall be reduced on a dollar for dollar basis ~~on account of any~~**by each** cash ~~distribution~~**payment** received ~~on account of principal pursuant to~~**by any Melody Beneficiary in respect of** the [New Term Loan~~]~~ **Debt**. Once the Melody Beneficiaries **(including any of their successors and assigns)** have received total cash in the amount of the Melody Claim Amount**,** whether ~~on account of~~**from payments under** the [New Term Loan~~] or proceeds of the Litigation Trust Assets~~ **Agreement or distributions under this Agreement (the "Melody Payment in Full")**, the Melody Lenders shall cease to have an interest in the Litigation Trust or a right to future distributions. For purposes of calculating amounts payable to a Litigation Trust Beneficiary under this Agreement, the issuance of the [New Term Loan Debt] and Litigation Trust Interests shall be disregarded**,** and only the receipt of ~~actual~~ cash ~~proceeds from either~~**payments under** the [New Term Loan Debt] ~~or *Litigation Trust Interests* shall be used for purposes of satisfying the Prepetition Term Loan~~ **and distributions under this Agreement shall reduce the Melody** Claim Amount **and the ECP Claim Amounts, as applicable**. Distributions from Litigation Trust Proceeds shall be net of any applicable operating expenses incurred by the Litigation Trust and after the Litigation Trust Proceeds are received by the Litigation Trust, and only to the extent that the Litigation Trust has sufficient Litigation Trust Proceeds available to make such distributions in accordance with and to the extent provided for in this Agreement and after any reserves deemed necessary or appropriate by the Litigation Trustee.]~~2~~

(b)    In the reasonable discretion of the Litigation Trustee, and subject to the requirements of Treasury Regulation section 301.7701-4(d) and Revenue Procedure 94-45, 1994-2 C.B. 684 (the "Revenue Procedure"), the Litigation Trustee shall distribute at least annually all Cash on hand (including, but not limited to, the net income and the Litigation Trust Proceeds, if any, from any disposition of Litigation Claims, any Cash received on account of or representing Litigation Trust Proceeds, and treating as Cash for purposes of this Section 4.5 any permitted investments under Section 4.9) in the manner set forth in the Plan; *provided*, *however*, that the Litigation Trustee may retain Litigation Trust Proceeds reasonably necessary to fund additional litigation with respect to the Litigation Claims in accordance with Section 2.3 and to satisfy other obligations of the Litigation Trust under the Plan and this Agreement.

(c)    The Litigation Trustee shall make distributions to Litigation Trust Beneficiaries via wire transfer to the bank account of each such Litigation Trust Beneficiary as

---

~~2~~    **Note to Draft**: ~~Subject to ongoing review and comment.~~

indicated on the Litigation Trust's records as of the applicable distribution date (which, subject to Section 3.7, for each holder of an Allowed Prepetition Term Loan Claim shall be deemed to be the bank account (i) set forth in any Proof of Claim filed by such holder or (ii) on record with the Prepetition Term Loan Administrative Agent as of the Effective Date, as applicable). Any distribution of Cash by the Litigation Trust shall be made by the Litigation Trustee via wire transfer from a bank account established in the name of the Litigation Trust on or subsequent to the Confirmation Date at a domestic bank selected by the Litigation Trustee (the "Litigation Trust Account"). If any distribution to any holder is returned as undeliverable, no distribution to such holder shall be made unless and until the Litigation Trustee is notified in writing of the then-current bank account of such holder, at which time such distribution shall be made as soon as reasonably practicable after such distribution has become deliverable or has been claimed to such holder without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the applicable distribution date. After such date, all "unclaimed property" or interests in property shall revert to the Litigation Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary) for redistribution in accordance with the terms of the Plan and this Agreement, and the claim of any holder to such property or interest in property shall be forever barred.

(d)    The Litigation Trustee may deduct and withhold taxes from amounts otherwise distributable to any Entity, as required by this Agreement, any law, regulation, rule, ruling, directive, treaty or other governmental requirement in accordance with Section 7.3.

(e)    Subject to Sections 4.8, 4.9 and 4.10, and the provisions of this Section 4.5, any non-Cash property of the Litigation Trust may be sold, transferred, abandoned or otherwise disposed of by the Litigation Trustee. Notice of such sale, transfer, abandonment or disposition shall be provided to the Litigation Trust Beneficiaries pursuant to the reporting obligations provided in Section 4.12. If, in the Litigation Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Litigation Trustee believes, in good faith, such property has no value to the Litigation Trust, the Litigation Trustee shall have the right to abandon or otherwise dispose of such property. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a Cause of Action against the Litigation Trust, the Litigation Trustee, or any of its directors, officers, employees, consultants, or professionals arising from or related to the disposition of non-Cash property in accordance with this Section 4.5(e).

(f)    Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

4.6    Retention of Counsel and Other Professionals. The Litigation Trustee, without further order of the Bankruptcy Court but subject to this Section 4.6 in all cases, may employ Litigation Trust Professionals as the Litigation Trustee reasonably deems necessary to aid it in fulfilling its obligations under this Agreement and the Plan, and on whatever reasonable or customary fee arrangement the Litigation Trustee deems appropriate, including contingency fee arrangements, for the liquidation of the Litigation Trust Assets. Litigation Trust Professionals engaged by the Litigation Trustee shall not be required to file applications in order to receive compensation for services rendered and reimbursement of actual out-of-pocket expenses

incurred.    Unless an alternative fee arrangement has been agreed to, Litigation Trust Professionals retained by the Litigation Trustee shall be compensated from the Litigation Trust Proceeds.

      4.7    <u>Management of Litigation Trust Assets</u>.

      (a)    Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof, and over the management and conduct of the Litigation Trust, in each case, as necessary or advisable to enable the Litigation Trustee to fulfill the intents and purposes of this Agreement.  No Person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

      (b)    In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in the Plan, the Confirmation Order or this Agreement, the Litigation Trustee will have, in addition to any powers conferred upon the Litigation Trustee by any other provision of this Agreement, the power to take any and all actions as, in the Litigation Trustee's reasonable discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority to (i) pay taxes and other obligations owed by the Litigation Trust or incurred by the Litigation Trustee; (ii) engage and compensate, subject to <u>Sections 2.3</u> and <u>4.3</u>, from the Litigation Trust Proceeds, to the extent provided herein, the Litigation Trust Professionals to assist the Litigation Trustee with respect to the Litigation Trustee's responsibilities; (iii) commence or pursue any and all actions involving the Litigation Claims that could arise or be asserted at any time, unless otherwise limited, waived, released, compromised, settled, or relinquished in the Plan, the Confirmation Order, or this Agreement; and (iv) act and implement the Plan, this Agreement, and applicable orders of the Bankruptcy Court (including, as applicable, the Confirmation Order).

      4.8    <u>Investment of Cash</u>.  The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof, or any income earned by the Litigation Trust shall be limited to the right and power to invest such Litigation Trust Assets only in Cash and U.S. Government securities as defined in section 2(a)(16) of the Investment Company Act; *provided*, *however*, that (a) the scope of any such permissible investments shall be further limited to include only those investments that a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements, or otherwise (including, for the avoidance of doubt, the Revenue Procedure), (b) the Litigation Trustee may retain any Litigation Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and (c) the Litigation Trustee may expend the Litigation Trust Assets (i) as reasonably necessary to meet contingent liabilities and maintain the value of the Litigation Trust Assets during liquidation, (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with liquidating the Litigation Trust Assets), subject in all cases

to Section 2.3, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Agreement (including, as applicable, Section 2.3).

4.9    Additional Powers of the Litigation Trustee.  In addition to any and all of the powers enumerated above, and except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Litigation Trustee shall be empowered to:

(a)    hold legal title to any and all rights in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust (including any Litigation Trust Proceeds);

(b)    perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code with respect to the Litigation Trust Assets, including the right to assert claims, defenses, offsets, and privileges, subject in all cases to Section 2.2;

(c)    protect and enforce the rights of the Litigation Trust in and to the Litigation Trust Assets by any method deemed reasonably appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law (whether foreign or domestic) and general principles of equity;

(d)    determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(e)    subject to Section 2.2, assert, enforce, release, or waive any privilege (including the Transferred Privileges) or defense on behalf of the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Beneficiaries, as applicable;

(f)    make all payments relating to the Litigation Trust;

(g)    obtain reasonable insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust and the Litigation Trustee under this Agreement (in the form of a directors and officers policy, an errors and omissions policy, or otherwise, all at the sole cost and expense of the Litigation Trust);

(h)    receive, manage, invest, supervise, protect, and liquidate the Litigation Trust Assets, withdraw and make distributions from and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee or the Litigation Trust in the Litigation Trust Account as long as such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and the Revenue Procedure and are merely incidental to its liquidation and dissolution;

(i)    prepare, or have prepared, and file, if necessary, with the appropriate Governmental Unit any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local or

foreign tax or information returns required to be filed by the Litigation Trust); pay taxes properly payable by the Litigation Trust; and cause all taxes payable by the Litigation Trust to be paid exclusively out of the Litigation Trust Assets;

(j)    request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(k)    make tax elections by and on behalf of the Litigation Trust, which are deemed by the Litigation Trustee, either independently or with the advice of Litigation Trust Professionals, to be in the best interest of maximizing the liquidation value of the Litigation Trust Assets;

(l)    investigate, analyze, compromise, adjust, arbitrate, mediate, sue on or defend, pursue, prosecute, abandon, dismiss, exercise rights, powers and privileges with respect to or otherwise deal with and settle, in accordance with the terms set forth in this Agreement, the Litigation Claims and all Causes of Action in favor of or against the Litigation Trust;

(m)    without expanding the scope of the definition of "Litigation Claims", take appropriate actions to recover transfers of any Company Parties' property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(n)    subject to applicable law, seek the examination of any Entity or Person, with respect to the Litigation Claims;

(o)    retain and reasonably compensate for services rendered and expenses incurred by Litigation Trust Professionals to perform such reviews or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's reasonable discretion and to prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

(p)    take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

(q)    take all steps and execute all instruments and documents the Litigation Trustee reasonably deems necessary to effectuate the Litigation Trust;

(r)    liquidate any remaining Litigation Trust Assets, and provide for the distributions therefrom in accordance with the provisions of the Plan, the Confirmation Order and this Agreement;

(s)    take all actions the Litigation Trustee reasonably deems necessary to comply with the Plan, the Confirmation Order, and this Agreement (including all obligations thereunder);

(t)    in the event that the Litigation Trust shall fail or cease to qualify as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), take any and

all necessary actions as it shall reasonably deem appropriate to have such assets treated as held by an entity classified as a partnership for federal tax purposes; and

(u)    exercise such other powers as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, any order of the Bankruptcy Court or as otherwise determined by the Litigation Trustee to be reasonably necessary and proper to carry out the obligations of the Litigation Trustee in relation to the Litigation Trust.

4.10    _Limitations on Power and Authority of the Litigation Trustee_.  Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(c)    cause or permit the Litigation Trust to engage in any trade or business;

(d)    receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business; _provided, however_, that in no event shall the Litigation Trustee receive any investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(e)    receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets; _provided, however_, that in no event shall the Litigation Trustee receive or retain any asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof;

(f)    receive or retain any cash or cash equivalents in excess of the amount reasonably necessary to meet claims and contingent liabilities (including disputed claims) or to maintain the value of the Litigation Trust Assets during liquidation;

(g)    take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof; or

(h)    commence, continue, prosecute, or seek to pursue any Non-Litigation Trust Causes of Action.

4.11    _Books and Records_.  The Litigation Trustee shall maintain books and records relating to any income realized from the Litigation Trust Assets (including the Litigation Trust Proceeds) and the payment of, costs and expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable

him/her/it to make full and proper accounting in respect thereof and in accordance with applicable law.  Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust.  Nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.

4.12    Reports.  The fiscal year of the Litigation Trust shall be the calendar year.  Within 60 days after the end of each calendar year during the term of the Litigation Trust, and within 30 days after the end of each calendar quarter during the term of the Litigation Trust (other than the fourth quarter) and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available, upon request of a Litigation Trust Beneficiary, a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, an unaudited report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed-upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust which, in the judgment of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Litigation Trust Beneficiaries; (iii) a description of the progress of liquidating the Litigation Trust Assets and making distributions to the Litigation Trust Beneficiaries, which description shall include a written report detailing, among other things, the litigation status of the Litigation Claims transferred to the Litigation Trust, any settlements entered into by the Litigation Trust with respect to the Litigation Claims, the Litigation Trust Proceeds recovered to date, and the distributions made by the Litigation Trust to date; and (iv) any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust deemed appropriate to be disclosed by the Litigation Trustee.  In addition, the Litigation Trust shall provide (A) unaudited financial statements to each Litigation Trust Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court) and (B) quarterly reports of any distributions from the Litigation Trust on account of the Litigation Trust Interests to Acquirer.

## ARTICLE V
## THE LITIGATION TRUSTEE GENERALLY

5.1    Independent Litigation Trustee.  The Litigation Trustee, in accordance with the Plan and the Confirmation Order, shall be a professional natural person or financial institution with experience administering other litigation trusts.

5.2    Litigation Trustee's Compensation and Reimbursement.

(a)    Compensation.  The Litigation Trustee shall receive compensation from the Litigation Trust as provided on Exhibit B hereto (the "Litigation Trustee Compensation").  Notice of any modification of the Litigation Trustee's compensation shall be filed with the Bankruptcy Court promptly.

(b)    <u>Expenses</u>.  The Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the Confirmation Order or the Plan, including but not limited to, actual, reasonable and documented fees and disbursements of the Litigation Trustee's legal counsel incurred in connection with the review, execution, and delivery of this Agreement and related documents (collectively, the "<u>Litigation Trustee Expenses</u>" and, together with the Litigation Trustee Compensation, the "<u>Litigation Trustee Fees</u>"); *provided* that the reimbursement of any Litigation Trustee Expenses exceeding \$[●], in the aggregate, shall require the prior approval of the Litigation Trust Beneficiaries that hold a majority of the outstanding Litigation Trust Interests ("***Litigation Trust Majority Approval***").

(c)    <u>Payment</u>.  The Litigation Trustee Fees shall be paid to the Litigation Trustee without necessity for review or approval by the Bankruptcy Court or any other Person. Payment of the Litigation Trustee Fees shall be payable from the Litigation Trust Proceeds.

5.3    <u>Resignation</u>.  The Litigation Trustee may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trust Beneficiaries.  Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor satisfying the requirements set out in <u>Section 5.1</u> and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation by the then current Litigation Trustee, such Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and a hearing, for the appointment of a successor Litigation Trustee satisfying the requirements set out in <u>Section 5.1</u>, during which time the then-serving Litigation Trustee shall be entitled to receive the Litigation Trustee Compensation provided for in <u>Section 5.2(a)</u>. Notwithstanding the foregoing, upon the Termination Date, the Litigation Trustee shall be deemed to have resigned, except as otherwise provided for in <u>Section 8.2</u>.

5.4    <u>Removal</u>.

(a)    To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any portion of the Litigation Trustee Fees), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of (i) the time when appointment of a successor Litigation Trustee will become effective in accordance with <u>Section 5.5</u> or (ii) such date as the Bankruptcy Court otherwise orders.

5.5    <u>Appointment of Successor Litigation Trustee</u>.  In the event of the death or disability (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency or removal of the Litigation Trustee, the Litigation Trust Beneficiaries shall designate a successor Litigation Trustee satisfying the requirements set forth in <u>Section 5.1</u> upon Litigation Trust Majority Approval.  If the Litigation Trust Beneficiaries are unable to secure Litigation Trust Majority Approval, the Bankruptcy Court will determine the successor Litigation Trustee satisfying the requirements set forth in <u>Section 5.1</u>.  Such appointment shall specify the date on which such

19

appointment shall be effective.  Every successor Litigation Trustee appointed hereunder shall, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee.

5.6    Effect of Resignation or Removal.  The death, disability, dissolution, bankruptcy, resignation, incompetency, incapacity or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee.  In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement, (b) deliver to the Bankruptcy Court (if required) or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee, including any Litigation Claims Materials, and shall not retain any copies of such materials, even for archival purposes, and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

5.7    Confidentiality.  The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and for a period of two (2) years following the termination of this Agreement or following such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain or for the gain of any Entity or Person for whom such Litigation Trustee may be employed any non-public information of or pertaining to any Person to which any of the Litigation Claims Materials or Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee (including information contained or reflected in the Litigation Trust Materials), until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any Litigation Trust Professionals in violation of this Agreement; (b) the Litigation Trust is required by law to disclose such information (in which case the Litigation Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Person.

## ARTICLE VI
## LIABILITY AND INDEMNIFICATION

6.1    No Further Liability.  The Litigation Trustee and its representatives shall have no liability for any actions or omissions in accordance with this Agreement or with respect to the Litigation Trust unless arising out of such Person's own fraud, willful misconduct or gross negligence.  Unless arising out of such Person's own fraud, willful misconduct or gross negligence, in performing its duties under this Agreement, the Litigation Trustee and its representatives (as applicable) shall have no liability for any action taken by such Person in accordance with the advice of the Litigation Trust Professionals retained by the Litigation Trust.  Without limiting the generality of the foregoing, the Litigation Trustee and its representatives may rely without independent investigation on copies of orders of the Bankruptcy Court

reasonably believed by such Person to be genuine and shall have no liability for actions taken in reliance thereon. None of the provisions of this Agreement shall require the Litigation Trustee or its representatives to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee and its representatives may rely without inquiry upon writings delivered to such Person pursuant to the Plan or the Confirmation Order that such Person reasonably believes to be genuine and to have been properly given. Notwithstanding the foregoing, nothing in this Section 6.1 shall relieve the Litigation Trustee or its representatives from any liability for any actions or omissions arising out of such Person's fraud, willful misconduct or gross negligence. No termination of this Agreement or amendment, modification or repeal of this Section 6.1 shall adversely affect any right or protection of the Litigation Trustee or its designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

6.2    Indemnification of the Litigation Trustee.

(a)    From and after the Effective Date, each of the Litigation Trustee, the Litigation Trust, the Litigation Trust Professionals and each of the Litigation Trustee's representatives (each, a "Litigation Trust Indemnified Party" and, collectively, the "Litigation Trust Indemnified Parties") shall be, and hereby is, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, Causes of Action, bonds, covenants, judgments, damages, attorneys' fees, defense costs and other assertions of liability arising out of any such Litigation Trust Indemnified Party's exercise of what such Litigation Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Litigation Trust Indemnified Party reasonably understands to be its duties conferred by the Plan, the Confirmation Order or this Agreement, any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan, applicable law or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to such Litigation Trust Indemnified Party's own fraud, willful misconduct or gross negligence on and after the Effective Date). The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to: (i) this Agreement; (ii) the services to be rendered pursuant to this Agreement; (iii) any document or information, whether oral or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings by or on behalf of any creditor, in each case except for actions or omissions to act to the extent determined by a Final Order to be due to the Litigation Trust Indemnified Party's own fraud, willful misconduct or gross negligence on and after the Effective Date. The Litigation Trust shall, on demand, advance or pay promptly, at the election of the Litigation Trust Indemnified Party, solely out of the Litigation Trust Assets, on behalf of each Litigation Trust Indemnified Party, attorneys' fees and other expenses and disbursements to which such Litigation Trust Indemnified Party would be entitled pursuant to the foregoing indemnification provision; *provided, however*, that any Litigation Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Litigation Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own fraud, willful misconduct or gross negligence. In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Litigation Trust's expense, subject to the foregoing terms and conditions.

The indemnification provided under this <u>Section 6.2</u> shall survive the death, dissolution, resignation or removal, as may be applicable, of the Litigation Trustee or any other Litigation Trust Indemnified Party and shall inure to the benefit of the Litigation Trustee's and each other Litigation Trust Indemnified Party's respective heirs, successors and assigns.

(b)     The foregoing indemnity in respect of any Litigation Trust Indemnified Party shall survive the termination of such Litigation Trust Indemnified Party from the capacity for which such party is indemnified.  Any Litigation Trust Indemnified Party may waive the benefits of indemnification under this <u>Section 6.2</u>, but only by an instrument in writing executed by such Litigation Trust Indemnified Party.  Termination or modification of this Agreement shall not affect any indemnification rights or obligations set forth herein.

(c)     The rights to indemnification under this <u>Section 6.2</u> are not exclusive of other rights which any Litigation Trust Indemnified Party may otherwise have at law or in equity, including, without limitation, common law rights to indemnification or contribution.  Nothing in this <u>Section 6.2</u> will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party. Further, the Litigation Trust hereby agrees: (i) that the Litigation Trust is the indemnitor of first resort (*i.e.*, in the event any Litigation Trust Indemnified Party has the right to receive indemnification from one or more third party, the Litigation Trust's obligations to such Litigation Trust Indemnified Party are primary); (ii) that the Litigation Trust shall be required to pay the full amount of expenses (including attorneys' fees) actually incurred by such Litigation Trust Indemnified Party in connection with any proceeding as to which the Litigation Trust Indemnified Party is entitled to indemnification hereunder in advance of the final disposition of such proceeding from the Litigation Trust Proceeds; (iii) that the Litigation Trust irrevocably waives, relinquishes and releases such third parties from any and all claims by the Litigation Trust against such third parties for contribution, subrogation or any other recovery of any kind in respect thereof; and (iv) no Litigation Trust Indemnified Party shall have the obligation to reduce, offset, allocate, pursue or apportion any indemnification advancement, contribution or insurance coverage among multiple parties owing indemnification obligations to such Litigation Trust Indemnified Party prior to the Litigation Trust's satisfaction of its indemnification obligations hereunder.  For the avoidance of doubt, each Litigation Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Litigation Trust Indemnified Party may incur in connection with enforcing any of its rights under this <u>Article VI</u>.

6.3     <u>Litigation Trust Liabilities</u>.    All liabilities of the Litigation Trust, including, without limitation, indemnity obligations under <u>Section 6.2</u>, will be liabilities of the Litigation Trust as an Entity and will be paid or satisfied solely from the Litigation Trust Assets and paid on a priority basis.  No liability of the Litigation Trust will be payable in whole or in part by any Litigation Trust Beneficiary individually or in the Litigation Trust Beneficiary's capacity as a Litigation Trust Beneficiary, by the Litigation Trustee individually or in the Litigation Trustee's capacity as Litigation Trustee or by any representative, member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Litigation Trust Beneficiary, the Litigation Trustee or their respective affiliates.

# ARTICLE VII
# TAX MATTERS

7.1    <u>Treatment of Litigation Trust Assets Transfer</u>.    For all federal income tax purposes, all parties (including, without limitation, the Company Parties, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether their Claims or Interests are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) as (a) a transfer of the Litigation Trust Assets (subject to any obligations relating to such Litigation Trust Assets) directly to the Litigation Trust Beneficiaries followed by (b) the transfer by the Litigation Trust Beneficiaries to the Litigation Trust of the Litigation Trust Assets in exchange for Litigation Trust Interests.    Accordingly, the Litigation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Litigation Trust Assets.    The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.    All income of the Litigation Trust shall be treated as subject to tax on a current basis.

7.2    <u>Tax Reporting and Payment</u>.

(a)    The "taxable year" of the Litigation Trust shall be the "calendar year" as such terms are defined in section 441 of the IRC.    The Litigation Trustee shall file tax returns for the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this <u>Section 7.2</u>.    The Litigation Trustee also will annually, by May 1 of each year, send to each Litigation Trust Beneficiary a separate statement setting forth such holder's share of items of income, gain, loss, deduction or credit (including the receipts and expenditures of the Litigation Trust) as relevant for U.S. federal income tax purposes and will instruct all such Litigation Trust Beneficiaries to use such information in preparing their U.S. federal income tax returns.    The Litigation Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Litigation Trust that is required by any Governmental Unit.

(b)    Allocations of Litigation Trust taxable income among the Litigation Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (were such Cash permitted to be distributed at such time, and without regard to any restrictions on distributions set forth in the Plan or this Agreement) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all its assets (valued at their tax book value) to the Litigation Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust.    Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Litigation Trust Assets.    The tax book value of the Litigation Trust Assets for purposes of this <u>Section 7.2(b)</u> shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(c)     The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

7.3     <u>Withholding of Taxes</u>.

(a)     The Litigation Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the IRC or any provision of any state, local or non-U.S. tax law with respect to any payment or distribution to the Litigation Trust Beneficiaries.  Notwithstanding the above, each holder of an Allowed Prepetition Term Loan Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution.  All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of this Agreement.

(b)     The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement.  As a condition to receive distributions under the Plan, all Litigation Trust Beneficiaries may be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate, including an IRS Form W-9 or, in the case of Litigation Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on an applicable IRS Form W-8.

7.4     <u>Valuation</u>.  The valuation of the Litigation Trust Assets prepared pursuant to <u>Section 2.7</u> shall be used consistently by all parties (including, without limitation, the Litigation Trust, the Litigation Trustee and the Litigation Trust Beneficiaries) for all federal income tax purposes.  The Litigation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit.

7.5     <u>Expedited Determination of Taxes</u>.  The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

7.6     <u>Foreign Tax Matters</u>.  The Litigation Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Litigation Trustee or the Litigation Trust under non-United States law relating to taxes.  The Litigation Trustee, or any other legal representative of the Litigation Trust, shall not distribute the Litigation Trust Assets or proceeds thereof without having first obtained all certificates required to have been obtained under applicable non-United States law relating to taxes.

## ARTICLE VIII
## TERMINATION OF LITIGATION TRUST

8.1    Termination.  The Litigation Trust shall be dissolved upon the latest to occur of the following events or determinations: (a) all of the Litigation Trust Assets have been distributed pursuant to the Plan and this Agreement; (b) the Litigation Trustee determines that the administration of any remaining Litigation Trust Assets is not likely to yield sufficient additional Litigation Trust Proceeds to justify further pursuit; and (c) the winding down of the Chapter 11 Cases and the Estates; *provided*, *however*, that in no event **the Litigation Trust** shall the Litigation Trust be **automatically** dissolved later than **upon the date that is** four years from the Effective Date.[3] **(the "Outside Date"); *provided, further* that the Litigation Trustee, in consultation with the Litigation Trust Beneficiaries, may seek and obtain from the Bankruptcy Court an extension of the Outside Date for any finite term.**  If at any time the Litigation Trustee determines, in reliance upon the advice of the Litigation Trust Professionals (or any one or more of them), that the expense of administering the Litigation Trust so as to make a final distribution to the Litigation Trust Beneficiaries is likely to exceed the value of the Litigation Trust Assets then remaining in the Litigation Trust, the Litigation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Litigation Trust, (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC and (D) that is unrelated to the Company Parties, the Litigation Trust, the Litigation Trustee, any Litigation Trust Professionals and any insider of any of the foregoing and (iii) dissolve the Litigation Trust (all of the foregoing actions in clauses (i) through (iii) being referred to as the "Dissolution Process").  Such date upon which the Litigation Trust shall finally be dissolved shall be referred to herein as the "Termination Date."

8.2    Continuance of Litigation Trust for Winding Up.  During the Dissolution Process, the Litigation Trustee, solely for the purpose of liquidating and winding up the affairs of the Litigation Trust, shall continue to act as such until its duties have been fully performed.  During the Dissolution Process, the Litigation Trustee shall continue to be entitled to receive the Litigation Trustee Fees called for by Section 5.2(a) and subject to Section 2.3.  Upon distribution of all the Litigation Trust Assets, the Litigation Trustee shall retain the books, records and files that shall have been delivered or created by the Litigation Trustee to the extent not otherwise required to be handled by the Litigation Trustee in accordance with Section 2.2.  At the Litigation Trustee's discretion, but subject in all cases to Section 2.2, all of such records and documents may be destroyed no earlier than two (2) years following the Termination Date as the Litigation Trustee deems appropriate (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations hereunder).  Except as otherwise specifically provided herein, upon the Termination Date, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Litigation Trust Beneficiaries as provided herein, the Litigation Trust Interests shall be cancelled, and the Litigation Trust will be deemed to have dissolved.

---

[3]   **Note to Draft**: Tax counsel to discuss.

**ARTICLE IX**
**AMENDMENT AND WAIVER**

9.1     Subject to <u>Sections 9.2</u> and <u>9.3</u>, and following the provision of reasonable advance notice to the Reorganized Debtors and the Litigation Trust Beneficiaries, the Litigation Trustee may seek Bankruptcy Court approval of any amendment, supplement or waiver with respect to any provision of this Agreement; <u>provided</u>, <u>however</u>, that in no event shall any Party seek approval of any amendment, supplement, or waiver that would conflict with Article X of the Plan.  Technical amendments to this Agreement may be made, as necessary to clarify this Agreement or enable the Litigation Trustee to effectuate the terms of this Agreement, by the Litigation Trustee, but only following reasonable advance notice to the Litigation Trust Beneficiaries.

9.2     Notwithstanding <u>Section 9.1</u>, no amendment, supplement or waiver of or to this Agreement shall (a) affect the payments or distributions to be made under the Plan, the Confirmation Order or this Agreement, (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust" or (c) be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), unless each Litigation Trust Beneficiary consents to such amendment, supplement or waiver in writing, and in advance of such amendment supplement or waiver.

9.3     No failure by the Litigation Trust or the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**ARTICLE X**
**MISCELLANEOUS PROVISIONS**

10.1     <u>Governing Law</u>.    This Agreement shall be governed by and construed in accordance with the laws of the State of New York (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

10.2     <u>Jurisdiction</u>.  Subject to the proviso below, the Parties agree that the Bankruptcy Court shall have jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Litigation Claims and pursue any recoveries in respect of any Litigation Claims.  Each Party to this Agreement hereby irrevocably consents to the jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.  Each Party hereby irrevocably consents to the service by certified or registered mail, return

receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

    10.3    <u>Severability</u>.    In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

    10.4    <u>Notices</u>.    Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail, to the receiving party's address below:

      (a)    if to the Litigation Trustee, to:

        [●]
        [●]
        [●]
        Attn: [●]
        Email: [●]

      (b)    if to any Litigation Trust Beneficiary, to the last known address of such Litigation Trust Beneficiary according to the Litigation Trustee's records;

      (c)    if to the Company Parties, to:

        [●]
        [●]
        [●]
        Attn: [●]
        Email: [●]

        and a copy (which shall not constitute notice) to:

        [●]
        [●]
        [●]
        Attn: [●]
        Email: [●]

      (d)    if to the Reorganized Debtors:

        [●]
        [●]
        [●]

Attn: [●]
Email: [●]

and a copy (which shall not constitute notice) to:

[●]
[●]
[●]
Attn: [●]
Email: [●]

10.5    Headings.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6    Plan and Confirmation Order.  The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and, is subject to the provisions of the Plan and the Confirmation Order.  In the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan, on the other hand, the provisions of this Agreement shall govern and control.  In the event of any direct conflict or inconsistency between any provision in this Agreement, on the one hand, and the provisions of the Confirmation Order, on the other hand, the provisions of the Confirmation Order shall govern and control.

10.7    Entire Agreement.  This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.8    Successors in Interest.  This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Company Parties, including, but not limited to, the Reorganized Debtors (as limited by the Plan and the Confirmation Order), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof, including, specifically, the terms of Section 2.2.

10.9    Limitations.  Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Litigation Trust Beneficiaries any rights or remedies under or by reason of this Agreement and notwithstanding anything in this Agreement, the Parties hereby acknowledge and agree that nothing herein is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies or treatment (including any releases, exculpation, indemnification, or otherwise) of any Released Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

10.10   Further Assurances.  From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such

further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

      10.11  <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

CORNUCOPIA OIL & GAS COMPANY, LLC, as a settlor

By: _____
Name: [●]
Title: [●]

CORSAIR OIL & GAS LLC, as a settlor

By: _____
Name: [●]
Title: [●]

FURIE OPERATING ALASKA, LLC, as a settlor

By: _____
Name: [●]
Title: [●]

[●], as Litigation Trustee

By: _____
Name: [●]
Title: [●]

STATE OF                        )
                                  ss.:
COUNTY OF                 )

           On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of CORNUCOPIA OIL & GAS COMPANY, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF                        )
                                  ss.:
COUNTY OF                 )

           On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of CORSAIR OIL & GAS LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF                        )
                                  ss.:
COUNTY OF                 )

           On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of FURIE OPERATING ALASKA, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

STATE OF                   )

                                 ss.:

COUNTY OF             )

On _____, 2020 before me, the undersigned, personally appeared _____ (name), _____ (title) of _____ (NAME OF LITIGATION TRUSTEE), personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

(signature and office of individual taking acknowledgment)

## EXHIBIT A

**Form of Common Interest Agreement**

[To come.]

## EXHIBIT B

**Compensation of Litigation Trustee**

[To come.]

¶**Schedule 1**¶

*Ratable Shares Percentages* **and Claim Amounts**

~~I.~~ **Ratable Shares Percentages and Claim Amounts**¶

*I.* *Ratable Shares Percentages*¶

*a.* *Prior to the Melody Payment in Full*¶

| Litigation Trust Beneficiaries | Ratable Share Percentage |
|---|---|
| Melody Special Situations Offshore Credit Mini-Master Fund, L.P.; Melody Capital Partners Offshore Credit Mini-Master Fund, L.P.; Melody Capital Partners Onshore Credit Fund, L.P.; Melody Capital Partners FDB Credit Fund, L.P. (including their respective successors and permitted assigns), in each case in their capacity as "Tranche A Lenders" under and as defined in the Prepetition Term Loan Credit Agreement (collectively, the "Melody Beneficiaries")<br><br>*All distributions under this Agreement to the Melody Beneficiaries shall be paid to [●][2] for distribution to the Melody Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche A Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | 73.1% |
| Energy Capital Partners Mezzanine Opportunities Fund A, L.P.; Energy Capital Partners Mezzanine Opportunities Fund, L.P.; Energy Capital Partners Mezzanine Opportunities Fund B, L.P. (including their respective successors and permitted assigns), in each case in their capacity as "Tranche A Lenders" under and as defined in the Prepetition Term Loan Credit Agreement (collectively, the "ECP Tranche A Beneficiaries")<br><br>*All distributions under this Agreement to the ECP Tranche A Beneficiaries shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche A Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche A Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | 26.9% |

¶
*b.* *After the Melody Payment in Full, but prior to payment of the ECP Tranche B Claim Amount in full in cash*¶

| Litigation Trust Beneficiaries | Ratable Share Percentage |
|---|---|
| "Tranche B Lenders" under and as defined in the Prepetition Term Loan Credit Agreement, including their respective successors and permitted assigns (collectively, the "ECP Tranche B Beneficiaries") | 100% |

---

[2]   Note to Melody: Please provide relevant entity.

| | |
|---|---|
| *All distributions under this Agreement to the ECP Tranche B Beneficiaries shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche B Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche B Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | |

¶

   *c.  After payment of the ECP Tranche B Claim Amount in full in cash*

| Litigation Trust Beneficiaries | | Ratable Share Percentage |
|---|---|---|
| [Melody Beneficiaries] | [X]% | |
| [ECP "Tranche C Lenders" under and as defined in the Prepetition Term Loan Credit Agreement, including their respective successors and permitted assigns ("ECP Tranche C Beneficiaries")* <br><br> *All distributions under this Agreement to the ECP Tranche C Beneficiaries] shall be paid to Energy Capital Partners Mezzanine Opportunities Fund A, L.P. for distribution to the ECP Tranche C Beneficiaries in accordance with their respective Allowed Prepetition Term Loan Claims arising as a result of "Tranche C Loans" made under and as defined in the Prepetition Term Loan Credit Agreement.* | [X]100% | |

## II. Claim Amounts¶

[To come.]¶

| Litigation Trust Beneficiaries | Claim Amount[3] |
|---|---|
| Melody Beneficiaries | $[47,703,043] ("Melody Claim Amount") |
| ECP Tranche A Beneficiaries | $[17,527,086] ("ECP Tranche A Claim Amount") |
| ECP Tranche B Beneficiaries | $[49,825,828] ("ECP Tranche B Claim Amount") |
| ECP Tranche C Beneficiaries | $[346,899,667] ("ECP Tranche C Claim Amount") <br><br> "ECP Claim Amounts" shall mean the ECP Tranche A Claim Amount, the ECP Tranche B Claim Amount and/or the ECP Tranche C Claim Amount, as the context may require. |

---

[3] Note to Draft: Amount to be updated to reflect interest accrued and unpaid from June 9, 2020 to the day prior to the Effective Date.