# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11781 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: To be determined**<br>**Obj. Deadline: June 29, 2020 at 4:00 p.m. (ET)** |

### DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER (I) CLOSING CERTAIN CASES AND (II) AMENDING CAPTION OF REMAINING CASE

Furie Operating Alaska, LLC ("Furie"), Corsair Oil & Gas LLC ("Corsair" and, together with Furie, the "Closing Debtors"), and Cornucopia Oil & Gas Company, LLC (the "Remaining Debtor" and, together with the Closing Debtors, the "Debtors"), as debtors and debtors-in-possession (collectively, the "Debtors") in these Chapter 11 Cases (the "Chapter 11 Cases"), hereby submit this motion (the "Motion") pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an entry of a final decree and order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) closing the Closing Debtors' bankruptcy cases (Case Nos. 19-11781 and 19-11783) and (ii) amending the caption of the Remaining Debtor's bankruptcy case (Case No. 19-11782). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

**PRELIMINARY STATEMENT**

1.      The Debtors expect the effective date (the "Effective Date") of the Plan (as defined below) to occur on June 30, 2020, at which point the Plan will have been substantially consummated.  After that time, the only remaining matters anticipated to require resolution in connection with the Debtors' Chapter 11 Cases are final fee applications and claims objections.

2.      As set forth in greater detail in this Motion, the Debtors believe that their Chapter 11 Cases, other than the case filed by the Remaining Debtor, will have been fully administered upon the occurrence of the Effective Date.  Leaving the Closing Debtors' Chapter 11 Cases open past the Effective Date would impose significant costs on the Debtors' estates.  Accordingly, the Closing Debtors request entry of a final decree and an order closing such cases, subject to the occurrence of the Effective Date.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are Bankruptcy Code section 350(a), Bankruptcy Rule 3022), and Local Rule 3022-1.

6.      This is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

7. On August 9, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8. No trustee, examiner, or other committee has been appointed in these Chapter 11 Cases.

9. On August 12, 2019, the Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 50] (the "Joint Administration Order"), directing the joint administration of the Debtors' Chapter 11 Cases and designating Furie Operating Alaska, LLC (Case No. 19-11781) as the lead case (the "Lead Case").

10. On May 6, 2020, the Debtors filed *The Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 754].

11. On May 6, 2020, the Debtors filed the *Second Amended Disclosure Statement for the Second Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 755], which was approved on May 8, 2020 [Docket No. 761].

12. On June 7, 2020, the Debtors filed *The Third Amended Joint Plan of Reorganization for the Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 806] (the "Plan")[2], which was confirmed on June 11, 2020.

13. On June 12, 2020, the Court entered the *Order Confirming the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket

---

[2] All terms used but not defined herein shall have the meaning ascribed to them in the Plan.

No. 835] (the "Confirmation Order").  The Debtors anticipate that the Effective Date of the Plan will occur on June 30, 2020, at which time the Plan will be substantially consummated.

14. Following the Effective Date, the Debtors will focus on resolving any remaining claims and may file one or more claim objections as appropriate (the "Claims Objections"). The Debtors believe that the small number of proofs of claim will be resolved swiftly in the Remaining Debtor's Chapter 11 Case. Additionally, pursuant to the Plan, fee applications for retained professionals must be filed no later than 30 days after the Effective Date (the "Fee Applications")

15. Similarly, as of the Effective Date, the Closing Debtors' principal assets will have either been acquired by the Acquirer pursuant to the Acquisition by Foreclosure Agreement or are being transferred to and will vest in the Litigation Trust pursuant to the terms of the Plan and the Litigation Trust Agreement.  Accordingly, the Debtors' remaining assets will be litigated or administered by the Litigation Trust.

16. Finally, although the Debtors do not anticipate any further contested matters in the Closing Debtors' Chapter 11 Cases since such matters will, as of the Effective Date, have been transferred to the Litigation Trust for prosecution and resolution by the Litigation Trust, miscellaneous motions, applications, pleadings, objections, or other matters or proceedings may arise from time to time in respect of the Closing Debtors' Chapter 11 Cases or the Closing Debtors (together with the Claims Objections and the Fee Applications, the "Remaining Matters").

17. Accordingly, the Remaining Matters can be administered by the Remaining Debtor without any substantive impact on any party in interest.

## RELIEF REQUESTED

18. The Closing Debtors seek entry of a final decree and an order granting this Motion and closing the Closing Debtors' Chapter 11 Cases, contingent upon the occurrence of the

Effective Date and subject to the assignment and vesting of the Litigation Trust Assets of such applicable Closing Debtor in the Litigation Trust.  As part of the requested relief, the Debtors request that the Court amend the caption of the Remaining Debtor's Chapter 11 Case, and, to the extent required, the Joint Administration Order, to reflect that, from and after the Effective Date, all matters pertaining to the Chapter 11 Cases should be filed in the Remaining Debtor's Chapter 11 Case styled *In re Cornucopia Oil & Gas Company, LLC*, No. 19-11782.

## BASIS FOR RELIEF

**A.    The Closing Debtors' Chapter 11 Cases Will Be Fully Administered as of the Effective Date and Should Be Closed**

19.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

20.    The phrase "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

  d.  whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

  e.  whether payments under the plan have commenced; and

  f.  whether all motions, contested matters, and adversary proceedings have been finally resolved.

21. Bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors. "When to enter a final decree is within the discretion of the Bankruptcy Court." *In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) (internal citations omitted). This Court has adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers. Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1991)); *see also Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

22. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same). Substantial consummation is defined as the transfer of all or substantially all of the property proposed to be transferred pursuant to a plan; assumption by the debtor or its successor of the business or management of the property addressed by the plan; and commencement of distributions under the plan. *See* 11 U.S.C. § 1101; *Samson Energy Res. Co. v. Semcrude, L.P. (In re Semcrude, L.P.)*, 728 F.3d 314, 321 (3d Cir. 2013).

23. Moreover, a bankruptcy court's "entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act . . . ." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994). A final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the case file." *In re Indian Creek Ltd. P'Ship*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997).

24. Here, the foregoing factors weigh strongly in favor of closing the Closing Debtors' Chapter 11 Cases. As of the Effective Date, the Closing Debtors' Chapter 11 Cases will have been "fully administered" and the Plan will have been substantially consummated. Additionally, as of the Effective Date, the Debtors will have assigned or otherwise transferred to the Litigation Trust all Litigation Trust Assets, including any claims and causes of action that could have otherwise been pursued by any Debtor. While the Closing Debtors acknowledge that the payment of certain claims may still be pending in accordance with the Plan, the payment of these claims is not dependent upon the Closing Debtors' Chapter 11 Cases remaining open. Rather, such claims will be paid in accordance with applicable nonbankruptcy law and the Plan. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Furthermore, the entry of final decrees closing the Closing Debtors' Chapter 11 Cases is without prejudice to creditors' rights to petition the Court to reopen either of the Closing Debtors' Chapter 11 Cases pursuant to section 350(b) of the Bankruptcy Code.

25. Although the Debtors will continue working to resolve the Remaining Matters, subsequent issues will likely pertain to the Remaining Debtor. The limited number of issues that will pertain to the Closing Debtors can be handled under the Remaining Case without keeping the

Closing Debtors' Chapter 11 Cases open. Closing the Closing Debtors' Chapter 11 Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest. Accordingly, closing the Closing Debtors' Chapter 11 Cases is appropriate.

**B.**     **The Court Should Temporarily Waive the Final Report and Post-Confirmation Reporting Required by Local Rule 3022-1(c).**

26.     In accordance with Local Rule 3022-1(c), the Closing Debtors request permission to file a verified final report describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of the Chapter 11 Cases upon closing of the Remaining Debtor's Chapter 11 Case. The Closing Debtors further request that the requirement the Closing Debtors continue to file post-confirmation report be waived, as no further activity is anticipated in the bankruptcies of the Closing Debtors' Chapter 11 Cases.

**C.**     **The Caption of the Remaining Case Should be Modified**

27.     Pursuant to the Joint Administration Order, the Debtors' Chapter 11 Cases are being jointly administered in the Lead Case prior to the Effective Date. However, through this Motion, Furie is requesting entry of an order closing the Lead Case, with all Remaining Matters to be administered in the Chapter 11 Case of the Remaining Debtor.

28.     Accordingly, the Debtors propose that the new caption for the Remaining Case read as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CORNUCOPIA OIL & GAS COMPANY, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-11782 (LSS) |

[1] The last four digits of the remaining Debtor's federal tax identification number are 9914 and the location of the Debtor's corporate headquarters is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

29. Furthermore, the Debtors propose that the Clerk of the Court make a docket entry in each of the Closing Debtors' Chapter 11 Cases substantially as follows:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Cornucopia Oil & Gas Company, LLC, Case No. 19-11782. The docket in Case No. 19-11782 should be consulted for all matters affecting this case.

30. Based on the foregoing, the Closing Debtors request entry of a final decree to close the Closing Debtors' Chapter 11 Cases and reserve jurisdiction, as necessary, effective as of the date on which the Court enters the final decree.

### **NOTICE**

31. Notice of the Motion will be given to the following parties or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Prepetition Agents; (iii) counsel to the Melody Lenders; (iv) counsel to the McGinty Road Lender; (v) counsel to the Acquirer; (vi) the Internal Revenue Service; and (vii) all parties that have filed requests for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

32. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as the Court deems appropriate.

Dated: June 15, 2020
      Wilmington, Delaware

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/    Ericka F. Johnson
Matthew P. Ward (DE Bar No. 4471)
Ericka F. Johnson (DE Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 252-4320
Facsimile:    (302) 252-4330
Email:        matthew.ward@wbd-us.com
               ericka.johnson@wbd-us.com

-and-

**MCDERMOTT WILL & EMERY LLP**

Timothy W. Walsh (admitted *pro hac vice*)
Riley T. Orloff (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:   (212) 547-5400
Facsimile:    (212) 547-5444
Email:        twwalsh@mwe.com
               dazman@mwe.com
               rorloff@mwe.com

*Counsel to the Debtors and Debtors in Possession*