**EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FURIE OPERATING ALASKA, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11781 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos.: 842, \_\_\_** |

## ORDER APPROVING STIPULATION OF SETTLEMENT
## BETWEEN THE DEBTORS AND INFINITY

Upon the motion (the "Motion")[2] of the Debtors, pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 105(a), for an order (this "Order") approving the *Stipulation of Settlement* (the "Stipulation") dated as of June 10, 2020, between (i) Furie and (ii) Infinity Limited, trading as Infinity Alaska Limited, a corporation formed under the laws of Guernsey ("Infinity," and collectively with Furie, the "Settlement Parties"), a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and upon the Motion and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

2. Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code 105(a), the Stipulation is approved in its entirety and is incorporated herein by reference.

3. The Debtors are hereby authorized to take any and all actions necessary to effectuate the terms of this Order and the Stipulation.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Stipulation.

# EXHIBIT 1

<u>Stipulation of Settlement</u>

**Execution Version**

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT (the "*Stipulation*") dated June 10, 2020 (the "*Execution Date*") is entered into between Furie Operating Alaska, LLC, a Delaware limited liability company ("*Furie*") and Infinity Limited, trading as Infinity Alaska Limited, a corporation formed under the laws of Guernsey ("*Infinity*"). Each of Furie and Infinity are referred to from time to time as a "*Party*" and, collectively, as the "*Parties*".

## RECITALS

**WHEREAS**, Furie is the operator of certain unitized oil and gas leases known as the "Kitchen Lights Unit" located in the Cook Inlet in the State of Alaska (the "*KLU Leases*");

**WHEREAS**, Infinity holds an overriding royalty interest (an "*ORRI*") in certain of the KLU Leases, including, without limitation, the ORRI relating to the "Corsair Block Lease" with the legal description: T10N, R11W, SM, Sec. 2, Cook Inlet, Alaska, containing the KLU03 production well, which is identified in the *Division Order* dated as of December 13, 2015 attached hereto as **Exhibit A** (the "*Division Order*");

**WHEREAS**, on August 9, 2019 (the "*Petition Date*"), Furie and certain of its affiliates (collectively, the "*Debtors*") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*");

**WHEREAS**, on or about December 10, 2019 the Debtors began to withhold amounts otherwise payable to Infinity (the "*Suspended Funds*") subject to resolution of certain federal withholding obligations arising under the Internal Revenue Code and applicable regulations (collectively, "*Tax Statutes and Regulations*");

**WHEREAS**, subject to Bankruptcy Court approval, the Parties desire to resolve the disbursement of the Suspended Funds, and certain other matters, on the terms set forth in this Stipulation.

AND NOW, THEREFORE, subject to Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("*Rule 9019*"), the Parties mutually agree to settle all disputes outstanding as of the Execution Date on the following terms and conditions:

**Section 1.**   **ORRI Payments**. The Parties stipulate and agree as follows:

(a) As of the Petition Date, Furie had made all payments otherwise payable to Infinity on account of its ORRI, including without limitation those payments listed in **Exhibit B-1**, and no other payments on account of the ORRI were due and owing as of the Petition Date.

(b) Between the Petition Date and the Execution Date, Furie made or withheld payments otherwise payable to Infinity on account of its ORRI as set forth in **Exhibit B-2**, and no other payments on account of the ORRI are due and owing as of the Execution Date. As of the Execution Date, the Suspended Funds held by Furie are $648,029.74 in the aggregate

(c) From and after the Execution Date and prior to the effective date of the Debtors' confirmed plan of reorganization (the "*Effective Date*" and the period, the "*Pre-Effective Date Period*"), Furie will withhold all payments that come due and payable to Infinity on account

of its ORRI during the Pre-Effective Date Period with such amounts constituting "Suspended Funds" from and after the date such payments are withheld.

**Section 2.** **Acknowledgement of Withholding Obligation**. Infinity acknowledges and agrees as follows:

(a) Payments to Infinity on account of its ORRI constitute fixed determinable annual and periodic income subject to withholding obligations under applicable Tax Statutes and Regulations; and

(b) Other than the Suspended Funds, Infinity is not aware that any amounts due to it have been withheld by any other party from payments made to Infinity on account of its ORRI.

**Section 3.** **Withdrawal of Infinity Proof of Claim; Agreement to Remit Suspended Funds to IRS**. The Parties stipulate and agree as follows:

(a) Upon execution of this Stipulation, Furie shall promptly seek Bankruptcy Court approval of this Stipulation pursuant to Rule 9019;

(b) Upon entry of an order approving this Stipulation under Rule 9019 (or other similar rule or statutory authority) (the "*Approval Order*"), Furie shall promptly remit all Suspended Funds in its possession as of such date to the Internal Revenue Service ("*IRS*") for the benefit of Infinity, as the taxpayer, and Brutus AG (*f/k/a* Deutsche Oel & Gas, AG) ("*Brutus*"), as the statutory withholding agent, and continue to make similar remittances during the Pre-Effective Date Period as and when Furie comes into possession of additional Suspended Funds;

(c) From and after the Effective Date, reorganized Furie shall make such withholdings from amounts otherwise payable to Infinity on account of its ORRI as Furie reasonably determines is required under applicable Tax Statutes and Regulations until the total amount withheld by Furie (inclusive of the Suspended Funds) is equal to the sum of (i) $1,561,491.37 plus applicable fees and penalties (if any) and (ii) such other withholding amounts that come due and payable after the Execution Date; and

(d) The parties shall use commercially reasonable efforts to cause Brutus to file forms 1042 and 1042-S (or other similar filings) with the IRS relating to all amounts remitted to the IRS prior to the Effective Date.

**Section 4.** **Reservation of Rights**. Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to:

(a) Furie's right to take such other and further action with respect to the ORRI and related withholdings, including, without limitation, the right to (i) suspend all payments to Infinity on account of its ORRI in the event of a good faith dispute between Furie and the IRS (or other taxing authority) regarding such payments or (ii) demand indemnification from Infinity under the Division Order or other similar document evidencing Infinity's ORRI for obligations relating thereto;

(b) Infinity's right to file a tax return seeking a refund of amounts remitted to the IRS otherwise attributable to its ORRI; and

(c) Any rights of third parties other than successors and permitted assigns of Furie and Infinity.

**Section 5.** **Legal Capacity; Binding Effect**. The Parties represent and warrant that, subject to Bankruptcy Court approval, they are authorized to enter into and execute this Stipulation. This Stipulation will be binding on and inure to the benefit of (i) Infinity and its successors, permitted assigns, and beneficiaries on the Execution Date and (ii) Furie and its successors, permitted assigns, and beneficiaries upon entry of the Approval Order. All representations and covenants contained in the Stipulation will survive it, and will not be merged upon performance of the terms of this Stipulation.

**Section 6.** **Breach; Remedies**. Failure to perform any obligations set forth in this Stipulation in accordance with the terms hereof shall constitute a breach. Each Party agrees that irreparable damage would occur if any provision of this Stipulation were not performed in accordance with the terms hereof and that the Parties shall be entitled to an injunction or injunctions without the necessity of posting a bond to prevent breaches of this Stipulation or to enforce specifically the performance of the terms and provisions hereof, in addition to any other remedy to which they are entitled at law or in equity.

**Section 7.** **Termination**. This Stipulation shall terminate and have no further force and effect unless the Approval Order is entered within sixty (60) calendar days of the Execution Date.

**Section 8.** **Further Assurances**. Each of the Parties agrees to take all further actions and execute all further documents as may from time to time be reasonably requested to carry out the transactions contemplated by this Stipulation and all other agreements executed and delivered in connection herewith.

**Section 9.** **Notices**. All notices and other communications in connection with this Stipulation shall be in writing and shall be deemed given if delivered personally, sent via electronic facsimile (with confirmation), mailed by registered or certified mail (return receipt requested) or delivered by an express courier (with confirmation) to the Parties at the following addresses (or at such other address for a Party as may be specified by like notice):

**If to Furie:**

> Furie Operating Alaska, LLC
> 188 W. Northern Lights Blvd, Suite 620
> Anchorage, Alaska 99503
> Tel: (832) 260-4732
> Attn: David W. Elder, CFO
> Email: d.elder@furiealaska.com
>
> *with a copy (which shall not constitute notice) to:*
>
> McDermott Will & Emery LLP
> 340 Madison Ave.
> New York, New York 100173
> Tel: (212) 547-5400
> Attn: Timothy W. Walsh and Riley T. Orloff
> E-mail: twwalsh@mwe.com
>     rorloff@mwe.com

**If to Infinity:**

>Infinity Limited
>c/o Credit Suisse Trust Limited
>Attn: Dominic Cleveland
>Helvetia Court, South Esplanade, St. Peter Port
>P.O. Box 122
>Guernsey GY1 4EE
>Channel Islands

**Section 10.** **Entire Agreement; Amendments**. This Stipulation constitutes the complete agreement among the parties and supersedes any prior written or oral agreements, writings, communications or understandings of the parties with respect to the subject matter of the Stipulation. This Stipulation may not be amended except by written agreement executed by all of the Parties.

**Section 11.** **Headings** . Section headings used in this Stipulation are for convenience of reference only, are not part of this Stipulation, and are not to be taken into consideration in interpreting this Stipulation.

**Section 12.** **Recitals**. The recitals set forth at the beginning of this Stipulation are true and correct, and such recitals are incorporated into and are a part of this Stipulation.

**Section 13.** **Governing Law; Consent to Jurisdiction and Venue**. THIS STIPULATION SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE, WITHOUT REGARD TO THE PRINCIPLES THEREOF REGARDING CONFLICT OF LAWS. THE BANKRUPTCY COURT SHALL GOVERN ALL MATTERS ARISING OUT OF, IN CONNECTION WITH OR RELATING TO THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, ITS VALIDITY, INTERPRETATION, CONSTRUCTION, PERFORMANCE AND ENFORCEMENT (INCLUDING, WITHOUT LIMITATION, ANY CLAIMS SOUNDING IN CONTRACT OR TORT LAW ARISING OUT OF THE SUBJECT MATTER HEREOF). ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT SHALL BE BROUGHT EXCLUSIVELY IN THE BANKRUPTCY COURT. THE PARTIES HERETO HEREBY IRREVOCABLY WAIVE ANY OBJECTION, INCLUDING ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF FORUM NON CONVENIENS, THAT ANY OF THEM MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH JURISDICTIONS. EACH PARTY HEREBY IRREVOCABLY WAIVES PERSONAL SERVICE OF ANY AND ALL LEGAL PROCESS, SUMMONS, NOTICES AND OTHER DOCUMENTS AND OTHER SERVICE OF PROCESS OF ANY KIND AND CONSENTS TO SUCH SERVICE IN ANY SUIT, ACTION OR PROCEEDING BROUGHT IN THE UNITED STATES OF AMERICA WITH RESPECT TO OR OTHERWISE ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT BY ANY MEANS PERMITTED BY APPLICABLE REQUIREMENTS OF LAW, INCLUDING BY THE MAILING THEREOF (BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID) TO THE ADDRESS SPECIFIED HEREIN (AND SHALL BE EFFECTIVE WHEN SUCH MAILING SHALL BE EFFECTIVE, AS PROVIDED THEREIN). EACH PARTY AGREES THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

**Section 14.** **Construction**. This Stipulation and all other agreements and documents executed and/or delivered in connection herewith have been prepared through the joint efforts of all of the

parties hereto. Neither the provisions of this Stipulation or any such other agreements and documents nor any alleged ambiguity therein shall be interpreted or resolved against any party on the ground that such party or its counsel drafted this Stipulation or such other agreements and documents, or based on any other rule of strict construction. Each of the Parties hereto represents and declares that such party has carefully read this Stipulation and all other agreements and documents executed in connection therewith, and that such Party knows the contents thereof and signs the same freely and voluntarily. The Parties hereto acknowledge that they have been represented by legal counsel of their own choosing in negotiations for and preparation of this Stipulation and all other agreements and documents executed in connection herewith and that each of them has read the same and had their contents fully explained by such counsel and is fully aware of their contents and legal effect.

**Section 15.** **Severability**. The invalidity, illegality, or unenforceability of any provision in or obligation under this Stipulation in any jurisdiction shall not affect or impair the validity, legality, or enforceability of the remaining provisions or obligations under this Stipulation or of such provision or obligation in any other jurisdiction. If feasible, any such offending provision shall be deemed modified to be within the limits of enforceability or validity; however, if the offending provision cannot be so modified, it shall be stricken and all other provisions of this Stipulation in all other respects shall remain valid and enforceable.

**Section 16.** **Counterparts** This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument, and all signatures need not appear on any one counterpart. Any Party hereto may execute and deliver a counterpart of this Stipulation by delivering by facsimile or other electronic transmission (including by PDF) a signature page of this Stipulation signed by such Party, and any such facsimile or other electronic signature shall be treated in all respects as having the same effect as an original signature. Any Party delivering by facsimile or other electronic transmission a counterpart executed by it shall promptly thereafter also deliver a manually signed counterpart of this Stipulation; *provided that* the failure to deliver such manually signed counterpart shall not affect the validity or effectiveness of this Stipulation.

**Section 17.** **Waiver of Jury Trial Right and Other Matters**. EACH OF THE PARTIES EACH HEREBY WAIVES (A) ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING ARISING OUT OF, IN CONNECTION WITH OR RELATING TO, THIS STIPULATION AND ANY OTHER TRANSACTION CONTEMPLATED HEREBY, WHICH WAIVER APPLIES TO ANY ACTION, SUIT OR PROCEEDING WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE, AND (B) NOTICE OF ACCEPTANCE HEREOF, AND EACH OF THE PARTIES EACH ACKNOWLEDGES THAT THE FOREGOING WAIVERS ARE A MATERIAL INDUCEMENT TO THE PARTIES ENTERING INTO THIS STIPULATION AND THAT SUCH PARTIES ARE RELYING UPON THE FOREGOING WAIVERS IN THEIR FUTURE DEALINGS WITH EACH OF THE PARTIES. EACH OF THE PARTIES EACH WARRANTS AND REPRESENTS THAT IT HAS REVIEWED THE FOREGOING WAIVERS WITH ITS LEGAL COUNSEL AND HAS KNOWINGLY AND VOLUNTARILY WAIVED ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

**Section 18.** **Assignments; No Third-Party Beneficiaries**. This Stipulation shall be binding upon and inure to the benefit of each of the Parties and their respective successors and permitted assigns. No person other than the Parties hereto shall have any rights hereunder or be entitled to rely on this Stipulation and all third-party beneficiary rights are hereby expressly disclaimed.

- 6 -

**Section 19.**     <u>Legal Fees</u>.  Each Party agrees to bear its own all court costs, reasonable attorneys' fees and expenses incurred in connection with the negotiation and execution of this Stipulation. In the event any legal action is taken by either Party against the other Party to enforce any of the terms and conditions of this Stipulation, it is agreed that the unsuccessful Party to such action will pay to the prevailing Party all court costs, reasonable attorneys' fees and expenses incurred by the prevailing Party. Such legal fees, costs, and expenses are to be added to and made a part of any judgment entered in such action.

[Signature Page to Follow]

**IN WITNESS WHEREOF**, this Stipulation has been duly executed by the parties hereto as of the date first written above.

**FURIE OPERATING ALASKA, LLC**,
a Delaware limited liability company

By: _____
     Name: David W. Elder
     Title: Chief Financial Officer

**INFINITY LIMITED, TRADING AS INFINITY ALASKA LIMITED,**
a corporation formed under the laws of Guernsey

     By:
     Its:

By: _____
     Name:
     Title:

*[Signature Page to Infinity Stipulation of Settlement]*

IN WITNESS WHEREOF, this Stipulation has been duly executed by the parties hereto as of the date first written above.

**FURIE OPERATING ALASKA, LLC,**
a Delaware limited liability company

By: _____
    Name: David W. Elder
    Title: Chief Financial Officer

**INFINITY LIMITED, TRADING AS INFINITY ALASKA LIMITED,**
a corporation formed under the laws of Guernsey

    By: PRIMARY MANAGEMENT LIMITED
    Its: DIRECTOR.

By: _____
    Name: F.A LE POIPEVIN
    Title: AUTHORISED SIGNATORY

*[Signature Page to Infinity Stipulation of Settlement]*

# EXHIBIT A

<u>Division Order</u>

Furie Operating Alaska, LLC
100 Enterprise Ave
League City, TX  77573

# DIVISION ORDER

12/13/2015

Owner:

Infinity Alaska Limited
Helvetia Court
So. Esplanade
St. Peter Port, Gurnsey, Channel Islands
UK,

Owner Number: INF001
Type of Interest: O
Decimal Interest: 0.03749998

Property #:          KLU03
Property Name:       KLU #3 Kitchen Lights Unit
Effective Date:      11/01/2015
Operator:            FURIE OPERATING ALASKA, LLC

Legal Description:   T10N, R11W, SM, Sec. 2, Cook Inlet, Alaska
Corsair Block Lease

Production       GAS: Y      OIL: Y      PRD: Y

**THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.**

The undersigned certifies the ownership of their decimal interest in production or proceeds as described above.

**TERMS OF SALE:**   The undersigned will be paid in accordance with the division of interests as set above.  The payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this division order.  Payor shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENTS:**   From the effective date, payments are to be made by checks of payor, its successors or assigns, based on this division of interest, less taxes required by law to be deducted and remitted by payor as purchaser.  Payments of less than $100 will be accrued before disbursement until the total amount equals $100 or more, or December 31 of each year, whichever occurs first.  Owner agrees to refund payor any amounts attributable to an interest or part of an interest that owner does not own.

**INDEMNITY:** The owner agrees to indemnify and hold payor, its successors and assigns, and its agents, servants and employees harmless from all liability resulting from payments made to the owner in accordance with said division of interest, including but not limited to, attorney fees or judgments in connection with any suit that affects the owner's interest in which payor is made a party.

**DISPUTES-WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the owner, written notice shall be given to payor by the owner together with a copy of the complaint or petition filed. In the event of a claim or dispute that affects title to the division of interest credited herein, payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statue until the claim or dispute is settled.

**TERMINATION:** Termination of this agreement is effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** The owner agrees to notify payor in writing of any change in the division of interest, including changes of interest contingent on payment of money or expiration of time. No change of interest is binding on payor until the recorded copy of the instrument of change or documents satisfactorily evidencing such change are furnished to payor at the time the change occurs. Any change of interest shall be made effective on the first day of the month following receipt of such notice by payor. Any correspondence regarding this agreement shall be furnished to the addresses listed unless otherwise advised by either party.

**DEFAULT:** If a working interest owner is in default in the payment of its share of the lease expenses, operator of the above lease, may withhold payment of any monies due the undersigned until operator has recovered all monies it is due for lease expenses.

In addition to the terms and conditions of this Division Order, the undersigned and Payor may have certain statutory rights under the laws of the state in which the property is located.

Owner(s) Signature(s):     Owner(s) Tax ID Number(s):     Daytime Phone:

_____   _____       _____

_____   _____       _____

Witness Signature: _____

Witness Signature: _____

Owner Contact Email: _alec.bain@credit-suiss.com_

Federal Law requires you to furnish your Social Security or Taxpayer Identification Number. Failure to comply will result in 30.5% tax withholding and will not be refundable by Payor.

FOR AND ON BEHALF OF PRIMARY MANAGEMENT LIMITED
DIRECTOR OF INFINITY LIMITED

AUTHORISED SIGNATORIES
22 DECEMBER 2015

# EXHIBIT B-1

Prepetition ORRI Payments

| Date | Amount Paid to Infinity | Production Month |
|---|---|---|
| 01/21/2016 | $3,375.00 | 11/2015 |
| 02/16/2016 | 42,978.88 | 12/2015 |
| 03/23/2016 | 22,837.49 | 01/2016 |
| 04/26/2016 | 46,799.98 | 02/2016 |
| 05/26/2016 | 2,516.25 | 03/2016 |
| 06/13/2016 | 74,956.93 | 04/2016 |
| 07/19/2016 | 113,315.52 | 05/2016 |
| 08/17/2016 | 76,608.65 | 06/2016 |
| 09/16/2016 | 62,660.51 | 07/2016 |
| 10/12/2016 | 82,864.54 | 08/2016 |
| 11/02/2016 | 72,025.10 | 09/2016 |
| 12/09/2016 | 85,278.12 | 10/2016 |
| 01/09/2017 | 131,825.45 | 11/2016 |
| 02/09/2017 | 105,041.41 | 12/2016 |
| 03/08/2017 | 98,795.36 | 01/2017 |
| 04/11/2017 | 94,981.85 | 02/2017 |
| 05/11/2017 | 105,553.63 | 03/2017 |
| 06/06/2017 | 95,631.81 | 04/2017 |
| 07/10/2017 | 155,885.88 | 05/2017 |
| 08/10/2017 | 108,250.67 | 06/2017 |
| 09/08/2017 | 117,854.13 | 07/2017 |
| 10/10/2017 | 128,876.05 | 08/2017 |
| 11/10/2017 | 102,953.35 | 09/2017 |
| 12/11/2017 | 123,988.85 | 10/2017 |
| 01/10/2018 | 128,203.62 | 11/2017 |
| 02/09/2018 | 133,893.40 | 12/2017 |
| 03/08/2018 | 125,299.30 | 01/2018 |
| 04/09/2018 | 104,731.67 | 02/2018 |
| 05/10/2018 | 91,030.12 | 03/2018 |
| 06/11/2018 | 87,529.01 | 04/2018 |
| 07/10/2018 | 100,007.36 | 05/2018 |
| 08/10/2018 | 125,511.02 | 06/2018 |
| 09/10/2018 | 119,324.98 | 07/2018 |
| 10/11/2018 | 122,660.23 | 08/2018 |
| 11/12/2018 | 131,379.27 | 09/2018 |
| 12/10/2018 | 158,454.79 | 10/2018 |
| 01/10/2019 | 205,332.62 | 11/2018 |
| 02/11/2019 | 151,192.67 | 12/2018 |
| 03/11/2019 | 28,285.47 | 01/2019 |
| 05/10/2019 | 14,758.06 | 03/2019 |
| 06/10/2019 | 92,096.67 | 04/2019 |
| 07/10/2019 | 79,839.37 | 05/2019 |
| 08/07/2019 | 114,519.05 | 06/2019 |
| **Total:** | **$4,169,904.09** | |

# EXHIBIT B-2

Postpetition ORRI Payments

| Date | Amount Paid to Infinity | Amount Withheld | Production Month |
|---|---|---|---|
| 09/10/2019 | $142,951.98 | $0.00 | 07/2019 |
| 10/15/2019 | 123,487.54 | 0.00 | 08/2019 |
| 11/14/2019 | 120,597.89 | 0.00 | 09/2019 |
| 12/11/2019 | 0.00 | 123,317.74 | 10/2019 |
| 1/10/2020 | 0.00 | 100,828.60 | 11/2019 |
| 2/10/2020 | 0.00 | 118,356.46 | 12/2019 |
| 3/10/2020 | 0.00 | 105,757.05 | 1/2020 |
| 4/10/2020 | 0.00 | 97,875.72 | 2/2020 |
| 5/10/2020 | 0.00 | 101,894.18 | 3/2020 |
| **Totals:** | **$387,037.41** | **$648,029.74** | |