IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FURIE OPERATING ALASKA, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11781 (LSS) <br><br> (Jointly Administered) <br><br> **Re: Docket Nos. 843 & 865** |

**FINAL DECREE AND ORDER (I) CLOSING CERTAIN CASES
AND (II) AMENDING CAPTION OF REMAINING CASE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to Bankruptcy Code section 350, Bankruptcy Rule 3022, and Local Rule 3022-1 for entry of a final decree and order (this "Final Decree") (i) closing the Closing Debtors' bankruptcy cases (Case No. 19-11781 and Case No. 19-11783) and (ii) amending the caption of the Remaining Debtor's bankruptcy case (Case No. 19-11782), all as more fully set forth in the Motion; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and (c) notice of the Motion was due and proper under the circumstances; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Furie Operating Alaska, LLC (8721); Cornucopia Oil & Gas Company, LLC (9914); and Corsair Oil & Gas LLC (8012). The location of the Debtors' corporate headquarters and the service address for all Debtors is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases of Furie Operating Alaska, LLC (Case No. 19-11781) and Corsair Oil & Gas LLC (Case No. 19-11783) (collectively, the "Closed Cases") are hereby CLOSED, effective and enforceable upon the later of, (a) the entry of this Final Decree and (b) the occurrence of the Effective Date, without prejudice to the rights of the Closing Debtors or any other party in interest to seek to reopen such cases for good cause shown.

3. Notwithstanding anything to the contrary in this Final Decree, all of the terms and conditions of this Final Decree are subject to the occurrence of the Effective Date and the transfer of all Litigation Trust Assets to the Litigation Trust, which shall be conclusively and finally evidenced by the Closing Debtors' filing of a notice of the Effective Date on the docket as set forth in the Plan.

4. The Remaining Matters, whether or not they pertain to the Closed Cases, including any Claims Objections with respect to claims against the Closing Debtors, shall be filed, administered, and adjudicated in the Chapter 11 Case of Cornucopia Oil & Gas Company, LLC (Case No. 19-11782) (the "Remaining Case") or by the Litigation Trust, pursuant to the Litigation Trust Agreement, without the need to reopen the Closing Debtors' Chapter 11 Cases.

5. Entry of this Final Decree is without prejudice to the rights of: (a) the Closing Debtors or any party in interest to seek to reopen either of the Closed Cases for cause pursuant to section 350(b) of the Bankruptcy Code, (b) the Closing Debtors (and/or the Litigation Trust) to, in an appropriate non-bankruptcy forum, dispute all claims that were filed against the Closing Debtors in the Closed Cases as contemplated by the Plan and the Confirmation Order, or (c) the Litigation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the Litigation Trust Assets.

6. Within thirty (30) days after entry of this Order, the Closing Debtors will provide to the U.S. Trustee all quarterly reports not already filed, including reports for any partial quarter. The requirement that the Closing Debtors file a final report is hereby temporarily waived with such final report to be filed upon the closing of the Remaining Case.

7. All further reporting concerning the administration of the assets and liabilities of the Closing Debtors shall occur only in the Remaining Case. A docket entry shall be made in each of the Closed Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Cornucopia Oil & Gas Company, LLC, Case No. 19-11782. The docket in Case No. 19-11782 should be consulted for all matters affecting this case.

8. The Remaining Case caption shall be amended as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CORNUCOPIA OIL & GAS COMPANY, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-11782 (LSS) |

---

[1] The last four digits of the remaining Debtor's federal tax identification number are 9914 and the location of the Debtor's corporate headquarters is 188 W. Northern Lights Blvd. Suite 620, Anchorage, Alaska 99503.

9. The Closing Debtors shall, on or before thirty (30) days after entry of this Final Decree, pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) in connection with the Closed Cases. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen the Closed Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6).

10. The Debtors shall not be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closed Cases for any disbursement made in their cases after the date of the entry of this Final Decree.

11. Notwithstanding anything to the contrary contained in the Plan, any failure of the Closing Debtors to file an objection to any claim in the Closed Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Closing Debtor. Any objections to claims against or interests in the Closing Debtors may be filed, administered, and adjudicated in the Remaining Case including, without limitation, by the Litigation Trust to the extent applicable.

12. Notwithstanding the relief granted in this Final Decree and any action taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Closing Debtors (or the Litigation Trust), or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action held by the Closing Debtors which may exist against any entity; or (g) a waiver or limitation of the rights of the Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

13. The Debtors and their claims and noticing agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree.

Dated: July 1st, 2020
Wilmington, Delaware

*Laurie Selber Silverstein*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

- 5 -

49533263v2